**In Re: Nomination Paper of Ralph NADER and Peter Miguel Camejo as Candidates of an Independent Political Body for President and Vice President in the General Election of November 2, 2004.**

**Linda S. Serody, Roderick J. Sweets, Ronald Bergman, Richard Trinclisti, Terry Trinclisti, Bernie Cohen–Scott, Donald G. Brown and Julia A. O'Connell, Petitioners.**

Commonwealth Court of Pennsylvania.

Argued Sept. 27 through Oct. 12, 2004.

Decided Oct. 13, 2004.

Jeffrey J. Bresch, Pittsburgh, William S. Gordon, Philadelphia, Christopher K. Walters, Philadelphia, Daniel I. Booker, Pittsburgh, Ira S. Lefton, Philadelphia, Jeremy D. Feinstein, Pittsburgh, Milind Madhukar Shah, Philadelphia, Barbara Kiely, Philadelphia, Efrem M. Grail, Pittsburgh, Nicholas R. Sabatine, III, Wind Gap, Cynthia E. Kernick, Pittsburgh, James M. Doerfler, Pittsburgh, Andrea B. Simonson, Philadelphia, Melissa J. Oretsky, Philadelphia, Mark L. Tamburri, Pittsburgh, John M. McIntyre, Pittsburgh, Kim M. Watterson, Pittsburgh, Lisa M. Campoli, Pittsburgh, James P. Williamson, Philadelphia, Brian A. Gordon, Philadelphia and Gregroy M. Harvey, for Petitioners.

Michelle Stirman Pierson, Wexford, Marcus J. Lemon, Harrisburg, J. Matthew Wolfe, Philadelphia, Ronald L. Hicks Jr., Pittsburgh, Andrew L. Noble, Pittsburgh, Michael E. Barrett, Pittsburgh, Basil Culyba, Washington, DC, for Respondents.

Ross A. Dreyer, Sausalito, CA, Sujay Mooss, Brooklyn, NY, Jonah Paisner, Lake Oswega, OR, James L. Cook III, Pittsburgh and Louis L. Boyle, Harrisburg, for Respondents.

Before COLINS, President Judge, MCGINLEY, J., SMITH-RIBNER, J., PELLEGRINI, J., FRIEDMAN, J., LEADBETTER, J., COHN JUBELIRER, J., SIMPSON, J., KELLEY, S.J., FLAHERTY, S.J., MIRARCHI, S.J., and JIULIANTE, S.J.

## CONSOLIDATED FINDINGS, OPINION AND ORDER

COLINS, President Judge.

On September 20, 2004, the Supreme Court of Pennsylvania remanded this matter to this Court with directions to review every signature contained in the nomination papers of Ralph Nader and Peter Camejo (Candidates) to determine whether the Candidates had gathered a sufficient number of valid signatures to be listed on the Commonwealth's general election ballot. With the general election scheduled for November 2, 2004, and the 67 counties of this state waiting patiently to print their ballots, this Court, immediately upon receipt of the Supreme Court's directive,

dispatched 11 of its 13 judges[1] to various counties to review the challenges to the signatures submitted by the Candidates.

President Judge Colins, Judge Smith–Ribner, and Senior Judge Mirarchi[2] presided over the Philadelphia signature review, reviewing the signatures contained in Volumes A, B, C, D, E, and F of the Objections to the Candidates Nomination Papers. Judge McGinley and Judge Pellegrini presided in Allegheny County and reviewed the challenges involving Allegheny County. Senior Judge Kelley reviewed the challenges for the nomination papers circulated in the counties of Armstrong, Beaver, Blair, Butler, Cambria, Centre, Clearfield, Fayette, Fulton, Indiana, Jefferson, Somerset, Washington, and Westmoreland, and later assisted in the Philadelphia review. Senior Judge Jiuliante presided over the review of signatures for the nomination papers circulated in the counties of Clarion, Crawford, Elk, Erie, Lawrence, Mercer, Venango, and Warren; while Judge Friedman presided over the review of nomination papers circulated in Bucks County, and Judge Leadbetter presided over the nomination papers circulated in Montgomery County, later completing the review of Volume F of the Philadelphia challenges. Judge Cohn Jubelirer presided over the review of nomination papers circulated in Adams, Lancaster, Lebanon, Lehigh, Luzerne, Lycoming, Monroe, and Schuylkill Counties. Judge Simpson presided over the nomination papers circulated in Berks, Bradford, Columbia, Cumberland, Dauphin, and Lackawanna Counties, as well as those circulated in Montour, Northampton, Perry, Susquehanna, Wyoming, and York Counties. Senior Judge Flaherty presided over the signature review for those nomination papers circulated in Delaware and Chester Counties. There were four counties to which no challenges to the nomination papers were filed. Those counties are Carbon (total signatures 3), Franklin (total signatures 1), Greene (total signatures 3), and Bergen County, New Jersey [sic] (total signatures 1), for a total of 8 unchallenged signatures.

This line-by-line review of individual signatures was both exhaustive and exhausting. Several Judges of this Court worked nonstop, 16 hours a day in order to complete the Supreme Court's mandate within a reasonable timeframe. Our final review indicates that 1,183 pages of nomination papers were filed, containing a total of 51,273[3] signatures submitted by the candidates.

By this Court's Order of August 20, 2004, both sides were directed to be prepared to present their case in the various forums commencing Monday September 27, 2004 and were told that cooperation from both sides was necessary if the review were to be done in anything approaching a timely manner and that the Court would not tolerate intemperate or obstructionist conduct on the part of either the Candidates or the Objectors. The Candidates, through then counsel Samuel Stretton, Esq., were warned that a

1. Senior Judge McCloskey did not participate in this matter, since he was presiding over an election challenge involving a Congressional race. Judge Leavitt recused, and did not participate in the challenge to the Nader nomination papers.

2. Senior Judge Mirarchi reviewed signatures that were designated as duplicates. As a re-

sult, Judge Leadbetter and Senior Judge Kelley were later assigned portions of the Philadelphia objections. Judge Leadbetter reviewed Volume E. Senior Judge Kelley reviewed Volume F. Senior Judge Mirarchi reviewed pp. 231–257 of Volume B.

3. This number differs from the Department of State's tally of 52,398.

review of over 50,000 signatures was an ominous undertaking requiring a great deal of manpower and expense and that the Candidates' pre-hearing cooperation in examining challenged signatures with the Objectors, such that potentially valid and invalid signatures could be stipulated to, would be essential to an efficient and timely review. The Candidates chose to ignore this Court's warning and proceeded to do as little as possible prior to the hearings, in an initial attempt to prevent an accurate tally of the signatures.

The review of signatures in Philadelphia was conducted in three *ad hoc* courtrooms that were made available to the Court by the Philadelphia Voter Registration Division of the Philadelphia City Commissioners. With the assistance of Commonwealth Court's Computer Department, each courtroom contained three computer monitors on which could be displayed voter registration information and scanned copies of voter signatures contained in the voter registration database of the Voter Registration Division. A fourth courtroom was subsequently added. The voter registration data reviewed by the Court was a true and accurate record of voter information contained in the Voter Registration Division's database as attested to by the Commission's Urban Registration Administrator, Robert Lee. A civil service employee of the Voter Registration Division operated a computer terminal in each courtroom. The Objectors provided the Court and the Candidates with three exhibits filed with the petitions to strike exhibit 1, being a six volume document detailing the Philadelphia Objections; exhibit 2 set forth the "Global"[4] challenges; and exhibit 3 set forth the forgery challenges. Exhibit 1 was distributed among President Judge Colins, who was initially

assigned Volumes A and B, Judge Smith-Ribner, who was initially assigned Volumes C and D, and Senior Judge Mirarchi, who was initially assigned Volumes E and F. Prior to the hearing date of September 27, 2004, at the direction of this Court, Robert Lee, and members of his staff, prepared a detailed report of each signature challenged and prepared a detailed report setting forth their line-by-line findings regarding the Objectors' challenges to individual signatures. Copies of these reports were supplied to the candidates. The Court takes this opportunity to thank Mr. Lee and his entire staff for their tireless work on this project. Faced with an initial lack of cooperation from the Candidates, he and his staff produced records that were invaluable to this Court in resolving this matter.

When this Court's review began on September 27, 2004, the Candidates, in total disregard of this Court's order of August 20, 2004, were unprepared to respond to the allegations set forth in the Objectors Petition and chose instead to focus on delay and obfuscation. From the very outset of the Philadelphia hearings, the Candidates repeatedly, and without foundation, charged that this Court had improperly shifted the burden of proof from the Objectors to the Candidates, ignoring the fact that, at all times, the burden of proof would rest with the Objectors. Rather than focus on the task at hand, the Candidates raised groundless issues of due process violations and repeatedly challenged the validity of our Supreme Court's decisions in *In re Nomination Petition of Silcox*, 543 Pa. 647, 674 A.2d 224 (1996), and *In re Nomination Petition of Flaherty*, 564 Pa. 671, 770 A.2d 327 (2001), decisions that had been re-affirmed by our Supreme Court in opinions filed as late as Septem-

**4.** These "Global" challenges refer to challenges made to all of the signatures contained in one page for a single reason such as a faulty circulator's affidavit.

ber 29, 2004, two days after these hearings began. In that opinion, *In Re: Nomination Papers of Ralph Nader, et al.,* No. 154 MAP 2004, — Pa. —, 858 A.2d 1167, 2004 WL 2185351, Madame Justice Newman writing for a majority of the Supreme Court, (unanimous in reaffirming the holding of *Flaherty* and *Silcox*), held that

> The Commonwealth Court identified the correct standards that we have mandated in *Flaherty* and *Silcox*, regarding late registrations and the requirements for review of signatures and addresses. Further, Candidates' due process rights were not violated by the Secretary's rejection of signatures. Candidates' request for application of lesser standards may well portend their inability to meet the requirements we have established.

*Id.* at 32, at —, 858 A.2d at 1185.

After three weeks of hearings and the expenditure of nearly a quarter of a million dollars of the taxpayers' money, this Court concludes that the Candidates have submitted only 18,818 valid signatures, and are thus not eligible to have their names placed on the November 2004 ballot as candidates for President and Vice–President. The following procedures were employed to reach this conclusion.

The Candidates challenged the work product and methodology employed by the voter registration offices. Additionally, Candidates challenged the original election petitions, advancing the notion that there was no explanation for "black lines" and "red lines" that allegedly inexplicably appeared on the original nomination papers. In order to address these concerns, a joint hearing was held before President Judge Colins, Judge Smith–Ribner, and Senior Judge Mirarchi beginning on September 27, 2004.

The Court addressed the issue by placing on the record the procedures employed to maintain the chain of custody of the original nomination papers. The procedures are detailed as follows. The Department of State transported the nomination papers filed by the Candidates to the Harrisburg offices of the Commonwealth Court where the papers were immediately placed into the custody of an armed security officer of Commonwealth Court. That official transported the Philadelphia nomination papers to the office of this Judge. This Judge then caused the nomination papers to be distributed to both Judge Smith–Ribner and Senior Judge Mirarchi. At all times the papers have been in the custody and control of the Court. Having explained that procedure to the Candidates, Candidates continued to proffer the argument that there was no explanation of the black line or red markings on the nomination papers. This Judge then referenced the August 24, 2004 filing of the Department of State wherein the Department set forth that it reviewed the nomination papers and in instances where a defect was ascertained, the Department marked the signature with an "x" to the left of the line and circled the defect. This Court further noted that such is the Department of State's usual practice in reviewing all nomination petitions and papers it receives. (See Department of State August 24, 2004 filed title "Reply to the Order of the Court.") The Candidate continued to assert that there was no explanation for the black lines on the nomination petitions and sought to question Mr. Lee regarding the procedure employed for uploading information to the City of Philadelphia's voter registration database, and the manner employed to review signatures.

On direct examination by the Candidate, Mr. Lee testified as to his duties and qualifications as Urban Registration Administrator for the City of Philadelphia. Further, he described the procedures by which voter registration records are re-

ceived and maintained by the Division. Mr. Lee testified that he oversees the daily operations of the Voter Registration Division including maintaining the accuracy of the voter registration files. That process includes maintaining a file of eligible voters that is used at polling places for determining voter eligibility; a knowledge of and compliance with the National Voter Registration Act of 1993, P.L. 103–21, 42 U.S.C. §§ 1973gg–1—1973gg–10, Pennsylvania Voter Registration Act (PVRA), Act of June 30, 1995, P.L. 170, *as amended,* 25 P.S. §§ 961.101—961.5109; and the Voting Rights Act, Act of June 29, 1982, 42 U.S.C. § 1973aa–6. (Notes of Testimony September 27, 2004, pp. 8–9.) Regarding the technology employed by the Division, Mr. Lee testified that the system used is a CICS operation, with an installed imaging add-on that allows the Division to scan and index the signatures and affidavit images to the data record for each voter in the mainframe. This in turn eliminates paper documents. He further explained that the system is isolated and not on the City of Philadelphia's computer network or any other network. There is no outside access; the system is password protected at various levels. Only specific people in voter registration can access the system for maintenance and data input. (Notes of Testimony, September 27, 2004, pp. 9–12.) Finally, Mr. Lee testified that the system is designed so that once registrations have been entered; access is available to individual records by name, list of voters, and addresses. Mr. Lee testified that when preparing the reports for the Court, he did not use the original nomination papers but rather was working from copies of the nomination papers. The three Judges all found Mr. Lee's testimony 100% credible.

After it became obvious that the nomination papers were rife with forgeries, the campaign attorneys called Mr. Dominic Martino as a fact witness on September 29, 2004. Mr. Martino testified that he is the Campaign Coordinator for Pennsylvania. He testified that by June 2004 the campaign had gathered only 1,500 signatures on the nomination papers. (Notes of Testimony, September 29, 2004, p. 55.) John Sleven, proprietor of a professional "ballot access company", was called in to gather the remaining 24,000 signatures. That company prepared and distributed a flyer that stated:

**CASH NOW!**

**$100.00 to $200.00**

**per day**

**Petition to allow Ralph Nader on**

**The November Ballot**

\* \* \* \*

**We pay *Daily Cash Advances!*
Paid by Signature!**

*See* Exhibit marked "Objector –2", 9/29/04, appended hereto.

Mr. Martino further explained that he and John Sleven were both aware that individuals were repeatedly signing the petitions, and that many of the signatures were not authenticated. Further, he testified that he himself, and other campaign workers, in reviewing the petitions prior to filing, "black lined" signatures that were obviously deficient. (See Notes of Testimony, September 29, 2004, pp. 55–60.) These "blacklined" signatures were tabulated by President Judge Colins as "withdrawn by candidate prior to submission." (This was in direct contravention of Mr. Nader's attorney's previous statements regarding the "blacklined" signatures.)

Based on the testimony presented this Judge makes the following findings.

## FINDINGS OF FACT

1. This Judge finds Mr. Lee's testimony credible.

2. This Judge accepts the work papers prepared by Mr. Lee and presented to this Judge at the hearings held September 27, 28, 29, 30, October 1, 4, 5, 7, 8, and 12. The findings made by Mr. Lee were reviewed by this Judge and have been incorporated into the document appended to this opinion and order and labeled findings of President Judge Colins.

3. Further, as to those signatures found to be a forgery, this Judge's findings are based on the credible testimony of Objectors' handwriting expert Ms. Renee Martin, as well as the Court's physical examination of the nomination papers.

4. This Judge finds the testimony of Mr. Martino credible as it relates to the gathering of signatures, and the "black lining" of signatures by Martino.

5. This Judge finds credible Mr. Martino's testimony that the campaign had knowledge that false signatures were submitted on the nomination papers of Candidates.

6. This Judge personally reviewed every line of those Philadelphia Nomination Papers occurring on Pages 4 to 230 from the whole of the nominating papers filed by the Candidates (referred to as the Volumes A and B pages).

7. This Judge incorporates by reference the findings of fact of Senior Judge Mirarchi as set forth at length as to the duplicate signatures.

8. This Judge incorporates fully the conclusions of Senior Judge Mirarchi regarding the fraud and impropriety involved in the Objector's circulation process.

9. This Judge's findings regarding the striking of individual signatures by page numbers and lines is set forth in the document attached hereto and named President Judge Colins Nader Summary Totals. This Judge merged the category of "forgery" and "signatures signed in the hand of another." (*Silcox* issue). This Judge merged the categories of Data Omitted and Printed Signatures.

10. This Judge's findings regarding the striking of signatures, represented in totals, are as follows:

| | |
|---|---:|
| Total Signatures Reviewed | 10794 |
| Total Signatures Not Registered | 2304 |
| Total Signatures Not Registered at the Address | 2100 |
| Total Signatures Not Registered on the Date Signed | 714 |
| Total Signatures marked Non-Existent or Out of County | 271 |
| Total Signatures Illegible | 72 |
| Total Signatures where data omitted | 237 |
| Total Signatures deemed forgeries | 568 |
| Total Signatures marked duplicates | 168 |
| Total Signatures withdrawn by Candidate at hearing | 791 |
| Total Signatures Blacklined Prior to Submission by Candidate | 291 |
| Total Signatures Stricken | 7516 |
| Total Signatures Valid | 3278 |

## CONCLUSIONS

1. This Judge reviewed a total of 10,794 signatures.

2. After reviewing the 10,794 signatures this Judge finds that

10,794 Signatures Reviewed

7,516 Signatures Stricken

3,278 Signatures Valid

3. With respect to Mr. Justice Saylor's concurring opinion in *In re Nomination Papers of Nader*, (No. 171 MM 2004, filed October 1, 2004), directing that we consider grounds for striking signatures other than the fact that the electors are not registered, we report that the following signatures were stricken only on the grounds that the elector was not registered (2,304) (however, the Court does not make the corollary finding that all of the electors were subsequently validly registered), not registered at the address at the

time of signing (2,100), and was not registered at the time of signing (714). The specific page numbers and line numbers are set forth in the exhibit marked President Judge Colins Nader Summary Totals.

In addition, this Court wishes to commend Basil Culyba, Esquire, admitted *pro hac vice*, who represented candidates commencing October 1, 2004 for showing the highest standards of professionalism and integrity. Mr. Culyba's conduct, legal knowledge, and ethics, as well as those of objectors' attorney, Gregory Harvey, are of the highest caliber ever witnessed by this Judge.

### COURT CONSOLIDATED FINDINGS and CONCLUSIONS

1. The President Judge finds that the Candidates and Objectors, particularly in the nomination papers denominated the "Allegheny Petitions" entered various stipulations relating to withdrawn signatures. The President Judge finds that the total number of signatures submitted on the Candidates' nomination papers equals 51,-273, 1,119 less than the recorded by the Department of State.

2. The President Judge incorporates all findings and conclusions of the Judges of this Court which and sets forth that the totals for all nomination papers are as follows:

| | |
|---|---|
| Total Signatures Not Registered | 7506 |
| Total Signatures Registered After the Date of Signing | 1470 |
| Total Signatures Not Registered at the Address | 6411 |
| Total Signatures Data Omitted | 1869 |
| Total Signatures Information Written in the Hand of Another | 7851 |
| Total Signatures Printed | 8 |
| Total Signatures Illegible | 166 |
| Total Signatures Forged | 687 |
| Total Signatures Nicknames or Initials | 32 |
| Total Signatures Duplicates | 1087 |
| Total Signatures Affidavit Problems | 1855 |
| Total Signatures Other | 3513 |
| **Total Signatures Reviewed** | **51273** |
| **Total Signatures Stricken** | **32455** |
| **Total Signatures Valid** | **18818** |

3. After reviewing the 51,273 signatures this Court finds that

| | |
|---|---|
| 51,273 | Signatures Reviewed |
| 32,455 | Signatures Stricken |
| 18,818 | Signatures Valid |

4. With respect to Mr. Justice Saylor's concurring opinion in *In re Nomination Papers of Nader*, (No. 171 MM 2004, filed October 1, 2004), directing that we consider grounds for striking signatures other than the fact that the electors are not registered, we report that the following signatures were stricken solely on the grounds that the elector was not registered at the time of signing (1,470), and that adding this number to the valid signatures would still leave the candidates 5,409 short. The specific page numbers and line numbers are set forth in the exhibit marked President Judge Colins Nader Summary Totals.

### CONCLUSION

In conclusion, the President Judge must state that that he has served longer on the Commonwealth Court than any other Judge in the Court's history and, as a result thereof, has reviewed more nomination petitions than any other Judge in the Court's history. I am compelled to emphasize that this signature gathering process was the most deceitful and fraudulent exercise ever perpetrated upon this Court. The conduct of the Candidates, through their representatives (not their attorneys), shocks the conscience of the Court. In reviewing signatures, it became apparent that in addition to signing names such as "Mickey Mouse," "Fred Flintstone," "John Kerry," and the ubiquitous "Ralph Nader," there were thousands of names that were created at random and then randomly assigned either existent or non-existent addresses by the circulators.

A detailed line-by-line breakdown of the pages and lines reviewed and the reasons for disqualification has been prepared by each judge and follows. Accordingly, the Court enters the following

### ORDER

**AND NOW** this 13th day of October 2004, upon consideration of the Petitioner's Petition to set aside the nomination papers of Ralph Nader and Peter Miguel Camejo for the Office of President and Vice–President in the General Election of November 2, 2004 and the hearings related thereto conducted throughout the Commonwealth of Pennsylvania, we find as follows: that the number of signatures required on the nomination papers for the office of President and Vice–President is 25,697 (25 P.S. § 2911). The nomination papers consist of 51,273 signatures. Based on the evidence presented by Petitioner at the hearings, and the parties' various stipulations, the Court concludes that 18,818 valid signatures were submitted; therefore, the nomination papers contained 6,879 signatures less than the required 25,697 signatures. Accordingly, the petition to set aside is **GRANTED**.

Further, the Secretary of the Commonwealth is directed not to certify the names of Ralph Nader and Peter Miguel Camejo as candidates for President and Vice–President of the United States in the November 2, 2004 general election.

# *CASH NOW!*

# $100.00 to $200.00 per day

## Petition to allow Ralph Nader on the November Ballot

We're hiring RIGHT NOW! To qualify, you must be EITHER: Registered to Vote in Pennsylvania; **OR** you must have been a resident of the state for at least 30 days and otherwise be eligible to register to vote. (US Citizen--Pennsylvania Resident--at least 18 years old)

We pay Daily Cash Advances! Paid by signature!

We hire 7 days per week: Monday thru Friday 9am till 5pm; on Saturdays and Sundays 12noon till 5pm.

Call or just come in: 215-552-8572
1535 Chestnut Suite 100 (2nd floor)

COURT SUMMARIES

| | Not registered | Registered after date of sigining | Not registered at address | Omitted information | Information written in hand of another | Printed signature | Illegible signature | Forged signatures | Nicknames or initials | Duplicate signatures | Affidavit problems | Other | total stricken | Running total of valid signatures | total lines reviewed | Percent of reviewed lines stricken |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Colins | 2304 | 714 | 2100 | 237 | | | 72 | 568 | | 168 | | 1353 | 7516 | 3278 | 10794 | 69.63% |
| McGinley & Pellegrini | 1988 | 325 | 1425 | 1132 | 1317 | | | 111 | | 48 | | 426 | 6772 | 5672 | 12444 | 54.42% |
| Smith-Ribner | 1173 | 68 | 1548 | 180 | 4506 | | | | | 338 | 873 | 751 | 9437 | 3381 | 12818 | 73.62% |
| Friedman | 183 | 9 | 22 | 9 | 13 | 0 | 4 | 0 | | | 0 | 0 | 240 | 909 | 1149 | 20.89% |
| Leadbetter (Mont') | 342 | 13 | 16 | 21 | | 5 | 5 | 0 | | | 0 | 0 | 402 | 588 | 990 | 40.61% |
| Leadbetter (Phila) | 486 | 119 | 555 | 85 | 368 | 0 | 55 | 0 | 0 | 0 | 0 | 12 | 1680 | 2040 | 3720 | 45.16% |
| Cohn Jubelirer | 12 | 1 | 4 | 0 | | 0 | 1 | 3 | 0 | 0 | 22 | 5 | 48 | 162 | 210 | 22.86% |
| Simpson | 23 | 2 | 7 | 1 | 3 | 0 | 1 | 0 | 1 | 4 | 82 | 3 | 120 | 135 | 255 | 47.06% |
| Kelley | 121 | 9 | 36 | 23 | 17 | 0 | 21 | 0 | 2 | 7 | 51 | 10 | 259 | 632 | 891 | 29.07% |
| Kelley (Phila) | 238 | 142 | 394 | 10 | 0 | 0 | 0 | 0 | 5 | 0 | 222 | 914 | 1970 | 948 | 2713 | 72.61% |
| Flaherty | 358 | 1 | 23 | 18 | 0 | 3 | 0 | 0 | 13 | 0 | 14 | 0 | 430 | 522 | 952 | 45.17% |
| Mirarchi | 240 | 65 | 255 | 141 | 1627 | 0 | 7 | 5 | 0 | 521 | 554 | 23 | 3438 | 270 | 3708 | 92.72% |
| Jiuliante | 38 | 2 | 26 | 12 | | 0 | 0 | 0 | 11 | 1 | 37 | 16 | 143 | 273 | 416 | 34.38% |
| Unchallenged | | | | | | | | | | | | | 0 | 8 | 8 | 0.00% |
| TOTALS | 7506 | 1470 | 6411 | 1869 | 7851 | 8 | 186 | 687 | 32 | 1087 | 1855 | 3513 | 32455 | 18818 | 51273 | 63.30% |

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| # | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | |
| 4 | 16 | 21 | 10 | 0 | 0 | 7 | 0 | 0 | 1 | 55 | 49 | 104 | |
| 5 | 29 | 16 | 6 | 1 | 1 | 8 | 0 | 0 | | 61 | 49 | 110 | |
| 6 | 18 | 10 | 8 | 3 | 0 | 3 | 0 | 0 | 23 | 63 | 17 | 80 | |
| 7 | | | | | | | | | | 0 | | 0 | |
| 8 | 14 | 4 | 5 | 3 | 1 | 2 | 2 | 0 | | 31 | 16 | 47 | |
| 9 | 53 | 20 | 0 | 1 | 0 | 0 | 0 | 0 | 2 | 76 | 24 | 100 | |
| 10 | | | | | | | | | | 0 | | 0 | |
| 11 | 23 | 5 | 0 | 0 | 0 | 0 | 0 | 0 | | 28 | 20 | 48 | |
| 12 | 27 | 10 | 0 | 4 | 2 | 2 | 0 | 0 | | 45 | 55 | 100 | |
| 13 | 15 | 12 | 3 | 0 | 0 | 2 | 0 | 0 | | 32 | 18 | 50 | |
| 14 | 0 | 0 | 0 | 0 | 0 | 0 | 100 | 0 | | 100 | | 100 | |
| 15 | 43 | 34 | 7 | 3 | 0 | 1 | 0 | 0 | | 88 | 22 | 110 | |
| 16 | 0 | 0 | 0 | 0 | 0 | 0 | 100 | 0 | | 100 | | 100 | |
| 17 | 31 | 30 | 1 | 0 | 0 | 12 | 2 | 0 | 1 | 76 | 34 | 110 | |
| 18 | 28 | 26 | 14 | 0 | 0 | 2 | 0 | 0 | | 71 | 39 | 110 | |
| 19 | | | | | | | | | | 0 | | 0 | |
| 20 | | | | | | | | | | 0 | | 0 | |
| 21 | | | | | | | | | | 0 | | 0 | |
| 22 | 23 | 23 | 4 | 0 | 0 | 5 | 0 | 0 | 2 | 57 | 53 | 110 | |
| 23 | | | | | | | | | | 0 | | 0 | |
| 24 | | | | | | | | | | 0 | | 0 | |
| 25 | | | | | | | | | | 0 | | 0 | |
| 26 | | | | | | | | | | 0 | | 0 | |
| 27 | | | | | | | | | | 0 | | 0 | |
| 28 | | | | | | | | | | 0 | | 0 | |
| 29 | | | | | | | | | | 0 | | 0 | |
| 30 | | | | | | | | | | 0 | | 0 | |
| 31 | | | | | | | | | | 0 | | 0 | |
| 32 | | | | | | | | | | 0 | | 0 | |

*Individual Page and Line Review Follows as Appendix A (507 pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | 16 | 20 | 21 | 0 | 1 | 0 | 0 | 4 | 62 | 41 | 0 | | |
| 34 | | | | | | | | | | | | | |
| 35 | 25 | 1 | 5 | 0 | 5 | 0 | 0 | 1 | 37 | 66 | 103 | 103 | |
| 36 | | | | | | | | | 0 | | 0 | 0 | |
| 37 | | | | | | | | | 0 | | 0 | | |
| 38 | | | | | | | | | 0 | | 0 | | |
| 39 | | | | | | | | | 0 | | 0 | | |
| 40 | | | | | | | | | 0 | | 0 | | |
| 41 | | | | | | | | | 0 | | 0 | | |
| 42 | | | | | | | | | 0 | | 0 | | |
| 43 | 32 | 15 | 7 | 0 | 3 | 0 | 0 | 2 | 59 | 51 | 110 | | |
| 44 | | | | | | | | | 0 | | 0 | | |
| 45 | | | | | | | | | 0 | | 0 | | |
| 46 | | | | | | | | | 0 | | 0 | | |
| 47 | 16 | 25 | 2 | 3 | 3 | 3 | 0 | 1 | 50 | 60 | 110 | | |
| 48 | 45 | 14 | 15 | 10 | 0 | 0 | 0 | | 84 | 26 | 110 | | |
| 49 | 23 | 26 | 10 | 3 | 6 | 1 | 0 | 1 | 70 | 30 | 100 | | |
| 50 | | | | | | | | | 0 | | 0 | | |
| 51 | | | | | | | | | 0 | | 0 | | |
| 52 | | | | | | | | | 0 | | 0 | | |
| 53 | | | | | | | | | 0 | | 0 | | |
| 54 | | | | | | | | | 0 | | 0 | | |
| 55 | | | | | | | | | 0 | | 0 | | |
| 56 | | | | | | | | | 0 | | 0 | | |
| 57 | 11 | 18 | 4 | 1 | 1 | | | | 34 | 6 | 40 | | |
| 58 | 17 | 27 | 22 | 2 | 2 | 2 | | 1 | 71 | 34 | 105 | | |
| 59 | | | | | | | | | 0 | | 0 | | |
| 60 | | | | | | | | | 0 | | 0 | | |
| 61 | | | | | | | | | 0 | | 0 | | |
| 62 | | | | | | | | | 0 | | 0 | | |
| 63 | 18 | 48 | 9 | 1 | | 1 | | | 76 | 7 | 83 | | |
| 64 | | | | | | | | | 0 | | 0 | | |

*Individual Page and Line Review Follows as Appendix A (507 pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| # | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 65 | 15 | 38 | 4 | 3 | 2 | 3 | | | | | | 2 | 62 | 32 | 94 |
| 66 | 24 | 22 | 9 | 1 | 2 | 2 | | | | | | 2 | 60 | 40 | 100 |
| 67 | 18 | 30 | 11 | 1 | 1 | 1 | | | | | 1 | 1 | 62 | 38 | 100 |
| 68 | 35 | 19 | 11 | 3 | 1 | 5 | 14 | | | | 2 | 5 | 90 | 20 | 110 |
| 69 | 7 | 8 | 3 | 2 | | | | | | | | | 20 | 13 | 33 |
| 70 | 4 | 6 | 4 | 1 | | 2 | | | | 9 | | 2 | 26 | 20 | 46 |
| 71 | 11 | 36 | 8 | 6 | 3 | | | | | | | | 64 | 45 | 109 |
| 72 | 13 | 29 | 17 | 2 | 1 | 1 | | | | | | 1 | 63 | 47 | 110 |
| 73 | 9 | 12 | 6 | 3 | | | | | | | | | 30 | 14 | 44 |
| 74 | 22 | 29 | 10 | 7 | 4 | 3 | | | | 5 | | 3 | 80 | 30 | 110 |
| 75 | 10 | 5 | | | | 1 | | | | | | 1 | 16 | 34 | 50 |
| 76 | | | | | | | | | | | | | 0 | | 0 |
| 77 | 17 | 10 | 15 | 3 | 3 | 4 | 1 | 1 | | 19 | | 4 | 68 | 42 | 110 |
| 78 | 6 | 8 | 3 | | | | | | | | | | 18 | 12 | 30 |
| 79 | 8 | 11 | 2 | 0 | | 1 | 0 | 0 | | | | 1 | 30 | 5 | 35 |
| 80 | 27 | 9 | 6 | 0 | 1 | 2 | 0 | 0 | | 7 | | 2 | 44 | 22 | 86 |
| 81 | 9 | 18 | 7 | 6 | 0 | 1 | 0 | 1 | | | | 1 | 42 | 38 | 80 |
| 82 | 17 | 15 | 1 | 2 | 0 | 0 | 0 | 0 | | 6 | | 0 | 41 | 23 | 64 |
| 83 | 6 | 9 | 6 | 0 | 0 | 0 | 0 | 0 | | | | 0 | 21 | 32 | 53 |
| 84 | 7 | 5 | 1 | 1 | 0 | 2 | 1 | 0 | | | | 2 | 17 | 13 | 30 |
| 85 | | | | | | | 110 | | | | | | 110 | | 110 |
| 86 | | | | | | | | | | | | | 0 | | 0 |
| 87 | 7 | 20 | 17 | 2 | 0 | 1 | 0 | 0 | | 13 | | 1 | 47 | 30 | 77 |
| 88 | 9 | 16 | 2 | 1 | 0 | 3 | 0 | 0 | | 8 | | 3 | 44 | 24 | 68 |
| 89 | 29 | 17 | 10 | 11 | 4 | 6 | 0 | 0 | | | | 6 | 85 | 25 | 110 |
| 90 | 18 | 11 | 8 | 10 | 0 | 8 | 0 | 0 | | | | 8 | 53 | 49 | 102 |
| 91 | 8 | 5 | | | | | | | | | | | 13 | 37 | 50 |
| 92 | 28 | 18 | 8 | 3 | 0 | 1 | 0 | 0 | | | | 1 | 56 | 5 | 61 |
| 93 | | | | | | | 100 | | | | | | 100 | | 100 |
| 94 | 6 | 15 | 7 | 8 | 0 | 1 | 0 | 0 | | 2 | | 1 | 39 | 24 | 63 |
| 95 | 21 | 17 | 13 | 1 | 3 | 1 | 0 | 0 | | | | 1 | 56 | 47 | 103 |
| 96 | 26 | 8 | 12 | 4 | 0 | 2 | 1 | 0 | | 1 | | 2 | 54 | 19 | 73 |

*Individual Page and Line Review Follows as Appendix A (507 pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page No. | | | | | | | | Struck | | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 97 | | | | | | | | 0 | 86 | 66 |
| 98 | 32 | 9 | 1 | 0 | 0 | 1 | | | 43 | 10 | 53 |
| 99 | 35 | 24 | 8 | 4 | 1 | 5 | | | 79 | 22 | 101 |
| 100 | 13 | 21 | 2 | 0 | 0 | 2 | 1 | | 39 | 21 | 60 |
| 101 | | | | | | | 109 | | 109 | 1 | 110 |
| 102 | 12 | 14 | 12 | 4 | 0 | 4 | 0 | 0 | 46 | 24 | 70 |
| 103 | | | | | | | | | 0 | | 0 |
| 104 | | | | | | | | | 0 | | 0 |
| 105 | | | | | | | | | 0 | | 0 |
| 106 | | | | | | | | | 0 | | 0 |
| 107 | | | | | | | | | 0 | | 0 |
| 108 | | | | | | | | | 0 | | 0 |
| 109 | | | | | | | | | 0 | | 0 |
| 110 | | | | | | | | | 0 | | 0 |
| 111 | | | | | | | | | 0 | | 0 |
| 112 | | | | | | | | | 0 | | 0 |
| 113 | | | | | | | | | 0 | | 0 |
| 114 | | | | | | | | | 0 | | 0 |
| 115 | | | | | | | | 84 | 84 | 0 | 84 |
| 116 | 59 | 37 | 1 | 2 | 0 | 0 | | | 99 | 1 | 100 |
| 117 | 37 | 20 | 0 | 1 | 0 | 0 | | | 58 | 16 | 74 |
| 118 | 25 | 11 | 0 | 0 | 0 | 0 | | | 36 | 29 | 65 |
| 119 | 38 | 30 | 4 | 2 | 0 | 0 | | | 74 | 26 | 100 |
| 120 | 21 | 45 | 10 | 5 | 2 | 1 | 8 | 1 | 93 | 7 | 100 |
| 121 | 8 | 16 | 5 | 0 | 0 | 1 | | 1 | 31 | 22 | 53 |
| 122 | | | | | | | | | 0 | | 0 |
| 123 | | | | | | | | | 0 | | 0 |
| 124 | | | | | | | | | 0 | | 0 |
| 125 | | | | | | | | | 0 | | 0 |
| 126 | | | | | | | | | 0 | | 0 |
| 127 | 14 | 27 | 7 | 1 | 0 | 3 | | | 52 | 48 | 100 |
| 128 | | | | | | 4 | | | 4 | 106 | 110 |

*Individual Page and Line Review Follows as Appendix A (507 pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page No. | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 129 | 11 | 14 | 9 | 3 | 0 | 3 | 0 | 1 | | | | 35 | 75 | 110 |
| 130 | 13 | 27 | 16 | 0 | 0 | 0 | 0 | 3 | 0 | 0 | 0 | 62 | 48 | 110 |
| 131 | 13 | 10 | 6 | 0 | 0 | 0 | 0 | 0 | | | | 29 | 10 | 39 |
| 132 | | | | | | | | | | | | 0 | | 0 |
| 133 | | | | | | | | | | | | 0 | | 0 |
| 134 | | | | | | | | | | | | 0 | | 0 |
| 135 | | | | | | | | | | | | 0 | | 0 |
| 136 | | | | | | | | | | | | 0 | | 0 |
| 137 | | | | | | | | | | | | 0 | | 0 |
| 138 | 17 | 23 | 11 | 3 | 0 | 5 | 0 | 5 | 0 | 0 | 0 | 59 | 41 | 100 |
| 139 | 31 | 19 | 15 | 0 | 0 | 0 | 0 | 5 | 0 | 0 | 0 | 70 | 30 | 100 |
| 140 | | | | | | | | | | | | 0 | | 0 |
| 141 | | | | | | | | | | | | 0 | | 0 |
| 142 | | | | | | | | | | | | 0 | | 0 |
| 143 | | | | | | | | | | | | 0 | | 0 |
| 144 | | | | | | | | | | | | 0 | | 0 |
| 145 | | | | | | | | | | | | 0 | | 0 |
| 146 | | | | | | | | | | | | 0 | | 0 |
| 147 | | | | | | | | | | | | 0 | | 0 |
| 148 | | | | | | | | | | | | 0 | | 0 |
| 149 | | | | | | | | | | | | 0 | | 0 |
| 150 | | | | | | | | | | | | 0 | | 0 |
| 151 | | | | | | | | | | | | 0 | | 0 |
| 152 | | | | | | | | | | | | 0 | | 0 |
| 153 | | | | | | | | | | | | 0 | | 0 |
| 154 | | | | | | | | | | | | 0 | | 0 |
| 155 | | | | | | | | | | | | 0 | | 0 |
| 156 | | | | | | | | | | | | 0 | | 0 |
| 157 | | | | | | | | | | | | 0 | | 0 |
| 158 | | | | | | | | | | | | 0 | | 0 |
| 159 | | | | | | | | | | | | 0 | | 0 |
| 160 | 23 | 42 | 10 | 2 | 0 | 5 | 0 | 1 | 0 | 0 | 0 | 82 | 28 | 110 |

*Individual Page and Line Review Follows as Appendix A (507 pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page No. | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | 24 | 23 | | | | | | | 0 | 2 | 70 | 14 | 84 |
| 162 | | | | | | | | | 41 | | 41 | 0 | 41 |
| 163 | | | | | | | | | 76 | | 76 | 0 | 76 |
| 164 | | | | | | | | | 59 | | 59 | 0 | 59 |
| 165 | | | | | | | | | | | 0 | | 0 |
| 166 | | | | | | | | | | | 0 | | 0 |
| 167 | | | | | | | | | | | 0 | | 0 |
| 168 | | | | | | | | | | | 0 | | 0 |
| 169 | | | | | | | | | | | 0 | | 0 |
| 170 | | | | | | | | | | | 0 | | 0 |
| 171 | | | | | | | | | | | 0 | | 0 |
| 172 | | | | | | | | | | | 0 | | 0 |
| 174 | 5 | 0 | 0 | 2 | 0 | 0 | 0 | 3 | 0 | 1 | 8 | 37 | 45 |
| 173 | 23 | 20 | 5 | 0 | 0 | 9 | 0 | | | 0 | 60 | 50 | 110 |
| 175 | 10 | 4 | 2 | 0 | 0 | 0 | 0 | 1 | 0 | 1 | 15 | 18 | 33 |
| 176 | 6 | 12 | 12 | 1 | 0 | 0 | 0 | 12 | | | 21 | 10 | 31 |
| 177 | 34 | 23 | 8 | 0 | 5 | 2 | 0 | 2 | 0 | 6 | 88 | 17 | 105 |
| 178 | 24 | 24 | 4 | 1 | 0 | 0 | 0 | 2 | 0 | 2 | 67 | 33 | 100 |
| 179 | 22 | -10 | 9 | 1 | 2 | 2 | 4 | 2 | 0 | 1 | 42 | 12 | 54 |
| 180 | 34 | 35 | 1 | 12 | 0 | 0 | 1 | 3 | 0 | 0 | 97 | 13 | 110 |
| 181 | 8 | 4 | 4 | 4 | 0 | 1 | 1 | 3 | 0 | 0 | 21 | 10 | 31 |
| 182 | 7 | 9 | 4 | 3 | 5 | 0 | 0 | 4 | 0 | 4 | 31 | 19 | 50 |
| 183 | 31 | 25 | 8 | 5 | 1 | 4 | 0 | 15 | 0 | 6 | 91 | 10 | 101 |
| 184 | 19 | 35 | 14 | 4 | 6 | 3 | 1 | 2 | 0 | 5 | 77 | 33 | 110 |
| 185 | 35 | 16 | 1 | 6 | 0 | 0 | 0 | 11 | 0 | 0 | 80 | 10 | 100 |
| 186 | 12 | 7 | 7 | 2 | 0 | 2 | 0 | 2 | 0 | 0 | 24 | 10 | 34 |
| 187 | 3 | 17 | 7 | 2 | 0 | 2 | 0 | 7 | 0 | 4 | 42 | 13 | 55 |
| 188 | | | | | | | | | | | 0 | | 0 |
| 189 | 30 | 10 | 8 | 12 | 1 | 0 | 0 | 2 | 0 | 11 | 74 | 26 | 100 |
| 190 | 21 | 25 | 13 | 1 | | | | 15 | | 8 | 83 | 17 | 100 |
| 191 | 6 | 10 | 4 | | | | | | | 3 | 23 | 48 | 71 |
| 192 | 17 | 8 | 1 | 4 | | 3 | | | | 12 | 45 | 51 | 96 |

*Individual Page and Line Review Follows as Appendix A (507pages)

President Judge Collins Page Summary Totals for Ralph Nader Nomination Papers*

| Page No. | No. Registered/Others | Not Registered in that County | Not Signed/Address | No Such Address | Illegal Double Signature | Signature Copyied/Printed | Out of Limits/County | Review | Elector Prior to Signing | Total Striking | Total Review | Total Review Stricken |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 193 | 18 | 39 | 13 | 11 | | 6 | | | | 3 | 90 | 20 | 110 |
| 194 | 43 | 17 | 5 | 1 | | 1 | | | 12 | 14 | 93 | 14 | 107 |
| 195 | 11 | 24 | 6 | 6 | | 4 | | | 10 | 5 | 66 | 44 | 110 |
| 196 | 6 | 13 | 4 | 1 | | | | | 8 | 4 | 36 | 15 | 51 |
| 197 | 8 | 8 | 6 | 6 | | 2 | | | | 1 | 31 | 22 | 53 |
| 198 | | | | | | | | | | | 0 | | 0 |
| 199 | 25 | 30 | 1 | 1 | | 1 | | | 1 | | 58 | 52 | 110 |
| 200 | 1 | 15 | 6 | | | | | | 8 | 4 | 35 | 1 | 36 |
| 201 | 38 | 26 | 9 | 1 | | 1 | | | | | 72 | 38 | 110 |
| 202 | 51 | 20 | 4 | 10 | | 2 | | | 3 | 2 | 92 | 18 | 110 |
| 203 | 7 | 17 | 12 | 1 | | 4 | | | | | 41 | 69 | 110 |
| 204 | | | | | | | | 87 | | | 87 | 13 | 100 |
| 205 | 2 | 17 | 4 | 1 | | 7 | 0 | 0 | 2 | 5 | 38 | 31 | 69 |
| 206 | 8 | 26 | 4 | 1 | | 5 | 0 | 0 | 0 | 7 | 51 | 40 | 91 |
| 207 | 8 | 19 | 7 | 1 | | 3 | 0 | 0 | 5 | 7 | 50 | 53 | 103 |
| 208 | 17 | 19 | 2 | 0 | | 1 | 1 | 0 | 2 | 9 | 51 | 15 | 66 |
| 209 | 6 | 24 | 4 | 4 | | 4 | 0 | 0 | 2 | 1 | 45 | 15 | 60 |
| 210 | 37 | 23 | 11 | 0 | | 1 | 0 | 0 | 2 | 2 | 74 | 26 | 100 |
| 211 | 15 | 40 | -1 | 3 | | -4 | 0 | 0 | 0 | 1 | 36 | 5 | 41 |
| 212 | 27 | 12 | 1 | 1 | | 2 | 0 | 0 | 2 | 9 | 62 | 8 | 70 |
| 213 | | | | | | 3 | 21 | | 10 | 1 | 25 | 25 | 50 |
| 214 | | | | | | | | 64 | | | 64 | 0 | 64 |
| 215 | 53 | 39 | 1 | 2 | 0 | 0 | 0 | 0 | 3 | 0 | 98 | 7 | 105 |
| 216 | | | | | | 7 | | 13 | | | 20 | 5 | 25 |
| 217 | 4 | 19 | 9 | 1 | 1 | 1 | | | 1 | 22 | 58 | 13 | 71 |
| 218 | | | | | | | | 110 | | | 110 | 0 | 110 |
| 219 | 5 | 8 | 1 | | | | | | 3 | 1 | 18 | 6 | 24 |
| 220 | | | | | | | | | | | 0 | | 0 |
| 221 | | 2 | 1 | 8 | | 1 | | | | | 3 | 3 | 6 |
| 222 | 36 | 29 | 9 | 3 | 2 | 1 | | | | 4 | 87 | 23 | 110 |
| 223 | 44 | 21 | 14 | 1 | 5 | 5 | 0 | | | | 89 | 21 | 110 |
| 224 | 29 | 30 | 1 | 1 | 0 | 7 | 0 | 0 | 3 | 1 | 72 | 38 | 110 |

*Individual Page and Line Review Follows as Appendix A (507 pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 225 | | | | | | | | | | | 0 | 0 | 0 | |
| 226 | | | | | | | | 87 | | | 87 | 0 | 87 | |
| 227 | | | | | | | | 88 | | | 88 | 0 | 88 | |
| 228 | 41 | 20 | 2 | | | 8 | | | | | 71 | 29 | 100 | |
| 229 | 53 | 17 | | | | | | | | | 70 | 30 | 100 | |
| 230 | | | | | | | | 82 | | | 82 | 0 | 82 | |
| TOTAL | 2304 | 2100 | 714 | 271 | 72 | 237 | 568 | 168 | 791 | 291 | 7516 | 3278 | 10794 | 0.696313 |

*Individual Page and Line Review Follows as Appendix A (507 pages)

| | Not registered | Registered after date of signing | Not registered at address | Omitted information | Information written in hand of another | Printed signature | Illegible signature | Forged signatures | Nicknames or initials | Duplicate signatures | Affidavit problems | Other | Total stricken | Running total of valid signatures | Total lines reviewed | Percent of reviewed lines stricken |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Colins | 2304 | 714 | 2100 | 237 | | | 72 | 568 | 0 | 168 | | 1353 | 7516 | 3278 | 10794 | 69.63% |
| McGinley & Pellegrini | 1988 | 325 | 1425 | 1132 | 1317 | | | 111 | | 48 | | 426 | 6772 | 5672 | 12444 | 54.42% |
| Smith-Ribner | 1173 | 68 | 1548 | 180 | 4506 | | | | | 338 | 873 | 751 | 9437 | 3381 | 12818 | 73.62% |
| Friedman | 183 | 9 | 22 | 9 | 13 | 0 | 4 | 0 | | | 0 | 0 | 240 | 909 | 1149 | 20.89% |
| Leadbetter (Mont') | 342 | 13 | 16 | 21 | | 5 | 5 | 0 | | | 0 | 0 | 402 | 588 | 990 | 40.61% |
| Leadbetter (Phila') | 486 | 119 | 555 | 85 | 368 | 0 | 55 | 0 | 0 | 0 | 0 | 12 | 1680 | 2040 | 3720 | 45.16% |
| Cohn Jubelirer | 12 | 1 | 4 | 0 | | 0 | 1 | 3 | | | 22 | 5 | 48 | 162 | 210 | 22.86% |
| Simpson | 23 | 2 | 7 | 1 | 3 | 0 | 1 | 0 | 1 | | 82 | 0 | 120 | 135 | 255 | 47.06% |
| Kelley | 121 | 9 | 36 | 23 | | 0 | 0 | 0 | 2 | 7 | 51 | 10 | 259 | 632 | 891 | 29.07% |
| Kelley (Phila) | 238 | 142 | 394 | 10 | 17 | 3 | 21 | 0 | 5 | 4 | 222 | 914 | 1970 | 948 | 2713 | 72.61% |
| Flaherty | 358 | 1 | 23 | 18 | 0 | 0 | 0 | 0 | 13 | 0 | 14 | 3 | 430 | 522 | 952 | 45.17% |
| Mirarchi | 240 | 65 | 255 | 141 | 1627 | 0 | 7 | 5 | 0 | 521 | 554 | 23 | 3438 | 270 | 3708 | 92.72% |
| Jiuliante | 38 | 2 | 26 | 12 | | 0 | 0 | 0 | 11 | 1 | 37 | 16 | 143 | 273 | 416 | 34.38% |
| Unchallenged | | | | | | | | | | | | | 0 | 8 | 8 | 0.00% |
| | 7506 | 1470 | 6411 | 1869 | 7851 | 8 | 166 | 687 | 32 | 1087 | 1855 | 3513 | 32455 | 18818 | 51273 | 63.30% |

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | | | | | | | | | Withdrawn candidate | Reconciled struck | Sub-total | Total valid | Line review | Total struck |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | |
| 4 | 16 | 21 | 10 | 0 | 0 | 7 | 0 | 0 | | 1 | 55 | 49 | 104 | |
| 5 | 29 | 16 | 6 | 1 | 1 | 8 | 0 | 0 | | | 61 | 49 | 110 | |
| 6 | 18 | 10 | 6 | 3 | 0 | 3 | 0 | 0 | | 23 | 63 | 17 | 80 | |
| 7 | | | | | | | | | | | 0 | | 0 | |
| 8 | 14 | 4 | 5 | 3 | 1 | 2 | 2 | 0 | | | 31 | 16 | 47 | |
| 9 | 53 | 20 | 0 | 1 | 0 | 0 | 0 | 0 | | 2 | 76 | 24 | 100 | |
| 10 | | | | | | | | | | | 0 | | 0 | |
| 11 | 23 | 5 | 0 | 0 | 0 | 0 | 0 | 0 | | | 28 | 20 | 48 | |
| 12 | 27 | 10 | 0 | 2 | 2 | 2 | 0 | 0 | | | 45 | 55 | 100 | |
| 13 | 15 | 12 | 3 | 0 | 0 | 0 | 0 | 0 | | | 32 | 18 | 50 | |
| 14 | 0 | 0 | 0 | 0 | 0 | 0 | 100 | 0 | | | 100 | | 100 | |
| 15 | 43 | 34 | 7 | 3 | 0 | 1 | 0 | 0 | | | 88 | 22 | 110 | |
| 16 | 0 | 0 | 0 | 0 | 0 | 0 | 100 | 0 | | | 100 | | 100 | |
| 17 | 31 | 30 | 1 | 0 | 0 | 12 | 2 | 0 | | | 76 | 34 | 110 | |
| 18 | 28 | 26 | 14 | 0 | 0 | 2 | 0 | 0 | | 1 | 71 | 39 | 110 | |
| 19 | | | | | | | | | | | 0 | | 0 | |
| 20 | | | | | | | | | | | 0 | | 0 | |
| 21 | | | | | | | | | | | 0 | | 0 | |
| 22 | 23 | 23 | 4 | 0 | 0 | 5 | 0 | 0 | | 2 | 57 | 53 | 110 | |
| 23 | | | | | | | | | | | 0 | | 0 | |
| 24 | | | | | | | | | | | 0 | | 0 | |
| 25 | | | | | | | | | | | 0 | | 0 | |
| 26 | | | | | | | | | | | 0 | | 0 | |
| 27 | | | | | | | | | | | 0 | | 0 | |
| 28 | | | | | | | | | | | 0 | | 0 | |
| 29 | | | | | | | | | | | 0 | | 0 | |
| 30 | | | | | | | | | | | 0 | | 0 | |
| 31 | | | | | | | | | | | 0 | | 0 | |
| 32 | | | | | | | | | | | 0 | | 0 | |

*Individual Page and Line Review Follows as Appendix A (507pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| | | | | | | | | | | | | Total (Valid) | Total (Pages) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | | | | | | | | | | | 0 | | 0 | 0 |
| 34 | 16 | 20 | 21 | 0 | 1 | 0 | 0 | 0 | | 4 | 62 | 41 | 103 | 0 |
| 35 | 25 | 1 | 5 | 0 | 5 | 0 | 0 | 0 | | 1 | 37 | 66 | 103 | 0 |
| 36 | | | | | | | | | | | 0 | | 0 | 0 |
| 37 | | | | | | | | | | | 0 | | 0 | 0 |
| 38 | | | | | | | | | | | 0 | | 0 | 0 |
| 39 | | | | | | | | | | | 0 | | 0 | 0 |
| 40 | | | | | | | | | | | 0 | | 0 | 0 |
| 41 | | | | | | | | | | | 0 | | 0 | 0 |
| 42 | | | | | | | | | | | 0 | | 0 | 0 |
| 43 | 32 | 15 | 7 | 0 | 3 | 0 | 0 | 0 | | 2 | 59 | 51 | 110 | 0 |
| 44 | | | | | | | | | | | 0 | | 0 | 0 |
| 45 | | | | | | | | | | | 0 | | 0 | 0 |
| 46 | | | | | | | | | | | 0 | | 0 | 0 |
| 47 | 16 | 25 | 2 | 3 | 3 | 0 | 0 | 0 | | 1 | 50 | 60 | 110 | 0 |
| 48 | 45 | 14 | 15 | 10 | 0 | 0 | 0 | 0 | | | 84 | 26 | 110 | 0 |
| 49 | 23 | 26 | 10 | 3 | 6 | 1 | | | | 1 | 70 | 30 | 100 | 0 |
| 50 | | | | | | | | | | | 0 | | 0 | 0 |
| 51 | | | | | | | | | | | 0 | | 0 | 0 |
| 52 | | | | | | | | | | | 0 | | 0 | 0 |
| 53 | | | | | | | | | | | 0 | | 0 | 0 |
| 54 | | | | | | | | | | | 0 | | 0 | 0 |
| 55 | | | | | | | | | | | 0 | | 0 | 0 |
| 56 | | | | | | | | | | | 0 | | 0 | 0 |
| 57 | 11 | 18 | 4 | 1 | 1 | | | | | | 34 | 6 | 40 | 0 |
| 58 | 17 | 27 | 22 | 2 | 2 | 2 | | | | 1 | 71 | 34 | 105 | 0 |
| 59 | | | | | | | | | | | 0 | | 0 | 0 |
| 60 | | | | | | | | | | | 0 | | 0 | 0 |
| 61 | | | | | | | | | | | 0 | | 0 | 0 |
| 62 | | | | | | | | | | | 0 | | 0 | 0 |
| 63 | 18 | 48 | 9 | 1 | | | | | | | 76 | 7 | 83 | 0 |
| 64 | | | | | | | | | | | 0 | | 0 | 0 |

*Individual Page and Line Review Follows as Appendix A (507pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | Not Registered to Vote | Not Qualified Electors | Other Voter Addr. Not Same | Illegible | Date Missing | Signed... | William... By | Identical Electors Struck | Struck | Total Valid | Total Reject | Total Sign |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 65 | 15 | 38 | 4 | 3 | 2 | 2 | | | | 62 | 32 | 94 |
| 66 | 24 | 22 | 9 | 1 | 2 | 2 | | | | 60 | 40 | 100 |
| 67 | 18 | 30 | 11 | 1 | | 1 | | | 1 | 62 | 38 | 100 |
| 68 | 35 | 19 | 11 | 3 | 1 | 5 | 14 | | 2 | 90 | 20 | 110 |
| 69 | 7 | 8 | 3 | 2 | | | | | | 20 | 13 | 33 |
| 70 | 4 | 6 | 4 | 1 | | 2 | | | | 26 | 20 | 46 |
| 71 | 11 | 36 | 8 | 6 | 3 | | | | 9 | 64 | 45 | 109 |
| 72 | 13 | 29 | 17 | 2 | 1 | 1 | | | | 63 | 47 | 110 |
| 73 | 9 | 12 | 6 | 3 | | | | | | 30 | 14 | 44 |
| 74 | 22 | 29 | 10 | 7 | 4 | 3 | | | 5 | 80 | 30 | 110 |
| 75 | 10 | 5 | | | | 1 | | | | 16 | 34 | 50 |
| 76 | | | | | | | | | | 0 | | 0 |
| 77 | 17 | 10 | 15 | 3 | | 4 | | | 19 | 68 | 42 | 110 |
| 78 | 6 | 8 | 3 | | | 1 | 1 | 1 | | 18 | 12 | 30 |
| 79 | 8 | 11 | 2 | | 1 | 1 | 0 | 0 | 7 | 30 | 5 | 35 |
| 80 | 27 | 9 | 6 | 0 | 0 | 2 | 0 | 0 | | 44 | 22 | 66 |
| 81 | 9 | 18 | 7 | 6 | 0 | 1 | 0 | 1 | | 42 | 38 | 80 |
| 82 | 17 | 15 | 1 | 2 | 0 | 0 | 0 | 0 | 6 | 41 | 23 | 64 |
| 83 | 6 | 9 | 6 | 0 | 0 | 0 | 0 | 0 | | 21 | 32 | 53 |
| 84 | 7 | 5 | 1 | 1 | 0 | 2 | 1 | 0 | | 17 | 13 | 30 |
| 85 | | | | | | | 110 | | | 110 | | 110 |
| 86 | | | | | | | | | | 0 | | 0 |
| 87 | 7 | 20 | 17 | 2 | 0 | 1 | 0 | 0 | | 47 | 30 | 77 |
| 88 | 9 | 16 | 2 | 1 | 0 | 3 | 0 | 0 | 13 | 44 | 24 | 68 |
| 89 | 29 | 17 | 10 | 11 | 4 | 6 | 0 | 0 | 8 | 85 | 25 | 110 |
| 90 | 18 | 11 | 8 | 10 | 0 | 6 | 0 | 0 | | 53 | 49 | 102 |
| 91 | 8 | 5 | | | | | | | | 13 | 37 | 50 |
| 92 | 28 | 18 | 6 | 3 | 0 | 1 | 0 | 0 | | 56 | 5 | 61 |
| 93 | | | | | | | 100 | 100 | | 100 | | 100 |
| 94 | 6 | 15 | 8 | 8 | 0 | 1 | 0 | 0 | 2 | 39 | 24 | 63 |
| 95 | 21 | 17 | 13 | 1 | 3 | 1 | 0 | 0 | | 56 | 47 | 103 |
| 96 | 26 | 8 | 12 | 4 | 0 | 2 | 1 | 0 | 1 | 54 | 19 | 73 |

*Individual Page and Line Review Follows as Appendix A (507pages)

## President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | | | | | | | | | Withdrawn by Candidate | Objection filed after submission by voters | Remain | Total Valid | Total Review |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 32 | 9 | 1 | 0 | 0 | 1 | 0 | 0 | | | 0 | 66 | 66 |
| 98 | 35 | 24 | 8 | 4 | 1 | 5 | 0 | 0 | | | 43 | 10 | 53 |
| 99 | 13 | 21 | 2 | 0 | 0 | 2 | 1 | 1 | | 1 | 79 | 22 | 101 |
| 100 | | | | | | | 0 | | | | 39 | 21 | 60 |
| 101 | | | | | | 109 | | | | | 109 | 1 | 110 |
| 102 | 12 | 14 | 12 | 4 | 0 | 4 | 0 | 0 | | | 46 | 24 | 70 |
| 103 | | | | | | | | | | | 0 | 0 | 0 |
| 104 | | | | | | | | | | | 0 | 0 | 0 |
| 105 | | | | | | | | | | | 0 | 0 | 0 |
| 106 | | | | | | | | | | | 0 | 0 | 0 |
| 107 | | | | | | | | | | | 0 | 0 | 0 |
| 108 | | | | | | | | | | | 0 | 0 | 0 |
| 109 | | | | | | | | | | | 0 | 0 | 0 |
| 110 | | | | | | | | | | | 0 | 0 | 0 |
| 111 | | | | | | | | | | | 0 | 0 | 0 |
| 112 | | | | | | | | | | | 0 | 0 | 0 |
| 113 | | | | | | | | | | | 0 | 0 | 0 |
| 114 | | | | | | | | | | | 0 | 0 | 0 |
| 115 | | | | | | | | 84 | 84 | | 84 | 0 | 84 |
| 116 | 59 | 37 | 1 | 2 | 0 | 0 | 0 | 0 | 0 | | 99 | 1 | 100 |
| 117 | 37 | 20 | 0 | 1 | 0 | 0 | 0 | 0 | | | 58 | 16 | 74 |
| 118 | 25 | 11 | 0 | 0 | 0 | 0 | 0 | 0 | | | 36 | 29 | 65 |
| 119 | 38 | 30 | 4 | 2 | 0 | 0 | 0 | 0 | | | 74 | 26 | 100 |
| 120 | 21 | 45 | 10 | 5 | 2 | 1 | 0 | 1 | 0 | 8 | 93 | 7 | 100 |
| 121 | 8 | 16 | 5 | 0 | 0 | 1 | 0 | 0 | 0 | 1 | 31 | 22 | 53 |
| 122 | | | | | | | | | | | 0 | 0 | 0 |
| 123 | | | | | | | | | | | 0 | 0 | 0 |
| 124 | | | | | | | | | | | 0 | 0 | 0 |
| 125 | | | | | | | | | | | 0 | 0 | 0 |
| 126 | | | | | | | | | | | 0 | 0 | 0 |
| 127 | 14 | 27 | 7 | 1 | 0 | 3 | 0 | 0 | 0 | 0 | 52 | 48 | 100 |
| 128 | | | | | | 4 | | | | | 4 | 106 | 110 |

*Individual Page and Line Review Follows as Appendix A (507pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | Not Registered | Registered but address wrong | Not Registered at address | Signature mismatch | Illegible | Date Omitted | Duplicate | Candidate for same/other office | Circulator/Elector same person | Struck | Total Valid | Total on Page |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 129 | 11 | 14 | 9 | | | 1 | | | | 35 | 75 | 110 |
| 130 | 13 | 27 | 16 | 3 | 0 | 3 | 0 | 0 | 0 | 62 | 48 | 110 |
| 131 | 13 | 10 | 6 | 0 | 0 | 0 | 0 | 0 | 0 | 29 | 10 | 39 |
| 132 | | | | | | | | | | 0 | 0 | 0 |
| 133 | | | | | | | | | | 0 | 0 | 0 |
| 134 | | | | | | | | | | 0 | 0 | 0 |
| 135 | | | | | | | | | | 0 | 0 | 0 |
| 136 | | | | | | | | | | 0 | 0 | 0 |
| 137 | 17 | 23 | 11 | 3 | 0 | 5 | 0 | 0 | 0 | 59 | 41 | 100 |
| 138 | 31 | 19 | 15 | 0 | 0 | 5 | 0 | 0 | 0 | 70 | 30 | 100 |
| 139 | | | | | | | | | | 0 | 0 | 0 |
| 140 | | | | | | | | | | 0 | 0 | 0 |
| 141 | | | | | | | | | | 0 | 0 | 0 |
| 142 | | | | | | | | | | 0 | 0 | 0 |
| 143 | | | | | | | | | | 0 | 0 | 0 |
| 144 | | | | | | | | | | 0 | 0 | 0 |
| 145 | | | | | | | | | | 0 | 0 | 0 |
| 146 | | | | | | | | | | 0 | 0 | 0 |
| 147 | | | | | | | | | | 0 | 0 | 0 |
| 148 | | | | | | | | | | 0 | 0 | 0 |
| 149 | | | | | | | | | | 0 | 0 | 0 |
| 150 | | | | | | | | | | 0 | 0 | 0 |
| 151 | | | | | | | | | | 0 | 0 | 0 |
| 152 | | | | | | | | | | 0 | 0 | 0 |
| 153 | | | | | | | | | | 0 | 0 | 0 |
| 154 | | | | | | | | | | 0 | 0 | 0 |
| 155 | | | | | | | | | | 0 | 0 | 0 |
| 156 | | | | | | | | | | 0 | 0 | 0 |
| 157 | | | | | | | | | | 0 | 0 | 0 |
| 158 | | | | | | | | | | 0 | 0 | 0 |
| 159 | | | | | | | | | | 0 | 0 | 0 |
| 160 | 23 | 42 | 10 | 2 | 0 | 5 | 0 | 0 | 0 | 82 | 28 | 110 |

*Individual Page and Line Review Follows as Appendix A (507pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | | | | | | | | | | | Sub-total | Total Valid | Total Review |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | 24 | 23 | 6 | 5 | 3 | 0 | 0 | 7 | 0 | 2 | 70 | 14 | 84 |
| 162 | | | | | | | | | 41 | | 41 | 0 | 41 |
| 163 | | | | | | | | | 76 | | 76 | 0 | 76 |
| 164 | | | | | | | | | 59 | | 59 | 0 | 59 |
| 165 | | | | | | | | | | | 0 | | 0 |
| 166 | | | | | | | | | | | 0 | | 0 |
| 167 | | | | | | | | | | | 0 | | 0 |
| 168 | | | | | | | | | | | 0 | | 0 |
| 169 | | | | | | | | | | | 0 | | 0 |
| 170 | | | | | | | | | | | 0 | | 0 |
| 171 | | | | | | | | | | | 0 | | 0 |
| 172 | | | | | | | | | | | 0 | | 0 |
| 174 | 5 | 0 | 0 | 2 | 0 | 0 | 0 | 3 | 0 | 1 | 8 | 37 | 45 |
| 173 | 23 | 20 | 5 | 0 | 0 | 9 | 0 | 3 | 0 | 0 | 60 | 50 | 110 |
| 175 | 10 | 4 | | | | | | 1 | 0 | 1 | 15 | 18 | 33 |
| 176 | 6 | 12 | 2 | 0 | 0 | 0 | 0 | 1 | | | 21 | 10 | 31 |
| 177 | 34 | 23 | 12 | 1 | 0 | 0 | 0 | 12 | 0 | 6 | 88 | 17 | 105 |
| 178 | 24 | 24 | 8 | 0 | 5 | 2 | 0 | 2 | 0 | 2 | 67 | 33 | 100 |
| 179 | 22 | 10 | 4 | 1 | 0 | 0 | 4 | 0 | 0 | 1 | 42 | 12 | 54 |
| 180 | 34 | 35 | 9 | 12 | 2 | 1 | 1 | 3 | 0 | 0 | 97 | 13 | 110 |
| 181 | 8 | 4 | 1 | 4 | 0 | 1 | 0 | 3 | 0 | 0 | 21 | 10 | 31 |
| 182 | 7 | 9 | 4 | 3 | 0 | 0 | 0 | 3 | 0 | 4 | 31 | 19 | 50 |
| 183 | 31 | 25 | 4 | 5 | 5 | 0 | 0 | 15 | 0 | 6 | 91 | 10 | 101 |
| 184 | 19 | 35 | 6 | 4 | 1 | 4 | 1 | 2 | 0 | 5 | 77 | 33 | 110 |
| 185 | 35 | 15 | 14 | 6 | 6 | 3 | 0 | 11 | 0 | 0 | 90 | 10 | 100 |
| 186 | 12 | 7 | 1 | 2 | 0 | 0 | 0 | 2 | 0 | 0 | 24 | 10 | 34 |
| 187 | 3 | 17 | 7 | 2 | 0 | 2 | 0 | 7 | 0 | 4 | 42 | 13 | 55 |
| 188 | | | | | | | | | | | 0 | | 0 |
| 189 | 30 | 10 | 8 | 12 | 1 | 0 | 0 | 2 | 0 | 11 | 74 | 26 | 100 |
| 190 | 21 | 25 | 13 | 1 | | | | 15 | 0 | 8 | 83 | 17 | 100 |
| 191 | 6 | 10 | 4 | | | | | | | 3 | 23 | 48 | 71 |
| 192 | 17 | 8 | 1 | 4 | 3 | | | | | 12 | 45 | 51 | 96 |

*Individual Page and Line Review Follows as Appendix A (507pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page | | | | | | | | | | | By Candidate | | Total Page | Total Struck | Total Remaining | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 193 | 18 | 39 | 13 | 11 | | 6 | | 12 | | | 3 | 90 | 20 | 110 | |
| 194 | 43 | 17 | 5 | 1 | | 1 | | 10 | | | 14 | 93 | 14 | 107 | |
| 195 | 11 | 24 | 6 | 6 | | 4 | | 8 | | | 5 | 66 | 44 | 110 | |
| 196 | 6 | 13 | 4 | 1 | | | | | | | 4 | 36 | 15 | 51 | |
| 197 | 8 | 8 | 6 | 6 | | 2 | | | | | 1 | 31 | 22 | 53 | |
| 198 | | | | | | | | 1 | | | | 0 | | 0 | |
| 199 | 25 | 30 | 1 | 1 | | | | 8 | | | | 58 | 52 | 110 | |
| 200 | 1 | 15 | 6 | | | 1 | | | | | 4 | 35 | 1 | 36 | |
| 201 | 36 | 26 | 9 | 1 | | | | 3 | | | | 72 | 38 | 110 | |
| 202 | 51 | 20 | 4 | 10 | | 2 | | | | | 2 | 92 | 18 | 110 | |
| 203 | 7 | 17 | 12 | 1 | | 4 | | | | | | 41 | 69 | 110 | |
| 204 | | | | | | | | | 87 | | | 87 | 13 | 100 | |
| 205 | 2 | 17 | 4 | 1 | 0 | 7 | 0 | 2 | 0 | | 5 | 38 | 31 | 69 | |
| 206 | 8 | 26 | 4 | 1 | 0 | 5 | 0 | 0 | 0 | | 7 | 51 | 40 | 91 | |
| 207 | 8 | 19 | 7 | 1 | 0 | 3 | 1 | 5 | 0 | | 7 | 50 | 53 | 103 | |
| 208 | 17 | 19 | 2 | 0 | 0 | 1 | 0 | 2 | 0 | | 9 | 51 | 15 | 66 | |
| 209 | 6 | 24 | 4 | 4 | 0 | 4 | 0 | 2 | 0 | | 1 | 45 | 15 | 60 | |
| 210 | 37 | 23 | 11 | 0 | 0 | 1 | 0 | 0 | 0 | | 2 | 74 | 26 | 100 | |
| 211 | 15 | 10 | 1 | 3 | 0 | 4 | 0 | 2 | 0 | | 1 | 36 | 5 | 41 | |
| 212 | 27 | 12 | 1 | 1 | 0 | 2 | 0 | 10 | 0 | | 9 | 62 | 8 | 70 | |
| 213 | | | | | | 3 | 21 | | | | 1 | 25 | 25 | 50 | |
| 214 | | | | | | | | | 64 | | | 64 | 0 | 64 | |
| 215 | 53 | 39 | 1 | 2 | 0 | 0 | 0 | 3 | 0 | | 0 | 98 | 7 | 105 | |
| 216 | | | | | | 7 | | | 0 | | | 20 | 5 | 25 | |
| 217 | 4 | 19 | 9 | 1 | 1 | 1 | | 1 | 13 | | 22 | 58 | 13 | 71 | |
| 218 | | | | | | | | | 110 | | | 110 | 0 | 110 | |
| 219 | 5 | 8 | 1 | | | | | 3 | | | 1 | 18 | 6 | 24 | |
| 220 | | | | | | | | | | | | 0 | | 0 | |
| 221 | | 2 | 1 | | | 1 | | | | | | 3 | 3 | 6 | |
| 222 | 36 | 29 | 9 | 8 | 2 | 5 | | | | | 4 | 87 | 23 | 110 | |
| 223 | 44 | 21 | 14 | 3 | 0 | 7 | | 3 | | | | 89 | 21 | 110 | |
| 224 | 29 | 30 | 1 | 1 | | | | | 0 | | 1 | 72 | 38 | 110 | |

*Individual Page and Line Review Follows as Appendix A (507pages)

President Judge Colins Page Summary Totals for Ralph Nader Nomination Papers*

| Page No. | | | | | | | | | Windows Ex. candidate | Flagged Ex. Submission | | Valid Votes | Total Review | Total % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 225 | | | | | | | | | | | 0 | 0 | 0 | |
| 226 | | | | | | | | | 87 | | 87 | 0 | 87 | |
| 227 | 41 | | | | | | | | 88 | | 88 | 0 | 88 | |
| 228 | | 20 | 2 | | | 8 | | | | | 71 | 29 | 100 | |
| 229 | 53 | 17 | | | | | | | | | 70 | 30 | 100 | |
| 230 | | | | | | | | | 82 | | 82 | 0 | 82 | |
| TOTAL | 2304 | 2100 | 714 | 271 | 72 | 237 | 568 | 168 | 791 | 291 | 7516 | 3278 | 10794 | 0.696313 |

*Individual Page and Line Review Follows as Appendix A (507pages)

Filed: October 12, 2004

SMITH–RIBNER, J.

Eleven days of hearings were conducted from September 27, 2004 through and including Saturday, October 9, 2004 on challenges filed by Petitioners (hereafter Objectors) to the Nomination Papers of Ralph Nader and Peter Miguel Camejo as Candidates of an Independent Political Body for President and Vice President of the United States, respectively. Candidates seek Pennsylvania ballot status in the General Election scheduled for November 2, 2004. This writer heard challenges to signature lines in pages contained in Volumes C and D of Exhibit 1 to Objectors' petition to set aside the nomination papers (Philadelphia nomination pages). Volumes C and D contained 159 pages: 258—270, 300—353 (303 omitted), 355—374, 376—393, 395—417, 419—427, 429—430, 456—466 and 480—489, with appropriate gaps for those circulated elsewhere. The signature lines for these volumes totaled 12,818, including those struck by the Secretary of State.[1]

Hearings were conducted in Courtroom B created at the facilities of the Philadelphia County Board of Elections, Voter Registration Division, located at 540 Delaware Avenue, Philadelphia, Pennsylvania, from September 27, 2004 through October 7, and at the Commonwealth Court Courtroom located in the Widener Building, Philadelphia, Pennsylvania, on October 8 and 9. Hearings generally began at 9:30 a.m. and adjourned 9 to 12 hours later on any given day.

On Monday, September 27, 2004, a three-judge panel of the Court (President Judge Colins, Judge Smith–Ribner and Senior Judge Charles P. Mirarchi) convened a hearing for the sole purpose of taking testimony from Mr. Robert Lee, Voter Registration Administrator, in connection with his office's review of voter registration records pursuant to the September 20, 2004 order of this Court. On Wednesday, September 29, 2004, the three-judge panel convened another hearing, at Candidates' request, for the purpose of taking testimony from Mr. Dan Martino, who serves as the campaign coordinator for "Nader 2004." Their testimony was incorporated into all hearing transcripts for the Philadelphia nominating pages. Ms. Dale Fries, Acting Supervisor of the Imaging Unit of the Voter Registration Division, testified in Courtroom B on October 6 and on October 7, 2004 regarding her supervisory functions in connection with the review of voter records, including deleted data files, in connection with the Court's September 2004 order.

## FINDINGS AND CONCLUSIONS (PHILADELPHIA)

### (A)

1. Mr. Lee credibly testified regarding his office's review of all registration-related challenges to the nomination papers, and he indicated his availability along with other supervisory staff, Ms. Dale Fries and Mr. Gregory Irving, to testify in each of the courtrooms created for these hearings.

2. Mr. Lee credibly testified regarding the duties and functions of his office as well as his daily oversight of the operations of his office, the current status and accuracy of voter registration records maintained in the voter registration division's files, the determination of voter eligibility to vote and his knowledge of compliance with state and federal voting laws.

1. Volumes A and B were assigned to President Judge James Gardner Colins. Volume E was assigned to Judge Bonnie B. Leadbetter and Volume F to Senior Judge James R. Kelly.

3. Mr. Lee described in great detail the computer system that the voter registration division utilized as well as its date of installation and the stringent internal security controls in place, which limit access to voter registration records only to authorized personnel. He reviewed procedures for data entry of voter registration records and the multi-step process for completing this function and verifying the reliability and accuracy of the process.

4. Mr. Lee testified that he reviewed this Court's September 20, 2004 order directing a review of voter registration records in conjunction with the objections, and he explained the process for his office's review of voter records related to registration challenges to Philadelphia nominating pages. He noted the availability of 12 to 14 staff persons working in some cases of up to 18–hour days to facilitate the review of voter records with representatives of Objectors and Candidates.

5. Mr. Lee meticulously detailed the process followed by his office in preparing the Report identified as Court Exhibit 1, which included an Excel spread sheet prepared solely by Mr. Lee showing a compilation of the review of Philadelphia nominating pages' registration-related challenges, along with supporting worksheets. Court Exhibit 1 represents a compilation of the number of signers who listed a non-existent address or resided out of the county (NA/OC), who were not registered (NR), who were not registered at the address listed (NA), who were not registered at the date of signing (NRDS) or who were determined to be registered voters (RV). *See* Court Exhibit 1 (Volumes C/D), October 7, 2004. Mr. Lee described the added step of reviewing deleted data files for signers not registered on the date of signing.

6. Mr. Lee's testimony was credible as to the reliability of the voter registration record system that is maintained by his office, the procedures followed for complying with the Court's September 2004 order and his assessment of the accuracy of the Report that he prepared to comply with the order.

7. Candidates were given multiple opportunities to review voter registration records and to obtain assistance from Mr. Lee's staff during the review process. Mr. Lee and Ms. Fries reported to the Court and to counsel in open court on various occasions that staff would be made available to assist Candidates' counsel or any of their volunteers from 8:30 a.m. each day until 9:30 p.m. on most days and until midnight on several days. Staff was made available also to assist any of the parties or their representatives in reviewing deleted data files in an effort to ascertain the status of signers recorded as not registered on the date of signing.

8. Ms. Fries described the extensive multi-step process in place for data-entry staff verification of the accuracy of voter information entered into the computers and the process for assigning voter registration numbers to persons who register to vote. She explained the instructions given to staff for their review of voter records in this case, *see* Court Exhibit 2, and she detailed her review of deleted data files to ascertain whether further voter information existed regarding electors who were reported as not registered on the date of signing. Thereafter, Ms. Fries provided a thorough analysis of the results contained in Court Exhibit 1 for Volumes C and D.

9. Mr. Martino was engaged by the campaign on June 18, 2004, when the campaign had gathered only 1500 signatures. He provided testimony regarding the campaign's signature gathering process and the campaign's review of that process before filing the nomination papers with the Secretary of State. Regarding the review

of voter records, Mr. Martino asserted that the search was incomplete as he was unaware of the deleted data file and that a thorough search could not be performed if all of the signatures are not viewed in this file.

10. On July 5, 2004, at Mr. Martino's behest, the Washington, D.C. campaign headquarters engaged Mr. John Slevin, owner of a petition circulation company, to conduct the signature gathering process. Mr. Slevin paid individuals cash advances at the end of each day to gather signatures on the nomination pages, *see* Objector Exh. 2, and when it came to Mr. Martino's attention that fraud was occurring in this process he informed Mr. Slevin, who already was aware that problems existed with some of the circulators.

11. Mr. Martino actually observed circulators signing the pages multiple times, and he stated that the campaign attempted to get rid of some of the bad pages either by not filing them or by drawing lines through forged names and crossing out duplicates. *See, e.g.,* Objectors' Exhs. 4A–4B. In one instance, he crossed out 104 of 110 lines on page 558 because of forgeries. Objectors' Exh. 5A.

12. The Philadelphia nomination pages show in countless instances evidence of pervasive or massive and wholesale fraud and forgery and other irregularities throughout nomination pages. *See, e.g.,* Nomination page 267.

13. The evidence of fraud and forgery was established, *inter alia*, by testimony from Ms. J. Wright Leonard and Mr. William J. Kelly, experts in forensic document examination and handwriting analysis called as witness for Objectors.

14. The evidence included, among other things, evidence of individuals who evidently took turns signing names in cursive, printing the names in the printed name column and inserting addresses and dates; evidence of a series or pattern of cursive signatures, printed names, addresses and numerous telephone numbers inserted in one hand; evidence of obviously fictitious or non-existent residential addresses, including but not limited to downtown Philadelphia office buildings and other facilities; evidence of disguised signatures throughout numerous pages; evidence indicating that one person filled in all of the dates on an entire side or sides of a page; evidence of "frequent" signers throughout the pages; and evidence of specific circulators who submitted pages that clearly were the product of fraud.

15. Through various legal representatives, Candidates conceded on many occasions that Objectors' evidence demonstrated fraudulent conduct by some of the circulators or signers during the signature gathering process as well as forgeries and repetitive signing of the nomination papers by particular individuals.

16. Because Candidates' agents had notice of such conduct prior to filing the nomination papers, Candidates likewise had notice.

(B)

1. Senior Judge Mirarchi issued an interim adjudication and order on October 7, 2004 striking duplicate signatures from nomination pages included in Volumes C and D, more fully set forth below and adjusted accordingly in the final rulings made regarding these volumes.

2. Senior Judge Mirarchi issued another order on October 8, 2004 striking nomination pages 399 (83 lines) and 461 (58 lines) because they were not in the hand of the electors whose names appeared on the pages and nomination pages 322 (51 lines) and 489 (80 lines) because Candidates withdrew the nomination pages with preju-

dice due to the number of irregularities appearing in those pages.

### (C)

1. Objectors initially presented evidence of the global challenges raised to the nomination pages, including, *inter alia*, objections based on claims of defective notarization or circulator affidavit and on claims of fraud and forgery and other irregularities. The specific evidence related to these challenges is contained in the record.

2. Counsel stipulated many of the strikes by the Secretary of State where challenged, and when counsel could not stipulate the Court heard evidence on the challenge or took judicial notice where the defect was apparent on its face.

3. Once Mr. Lee's Report was completed for Volumes C and D and Court Exhibit 1 was formally moved for admission into the record, Objectors then presented their registration-related challenges to the nomination pages.

4. Counsel for Objectors and Candidates entered into a stipulation identified as "Joint Exhibit 1," admitted into the record on October 8, 2004. The Joint Exhibit includes a listing for the majority of the nomination pages of all of the registration-related challenges that Objectors raised. Several pages were not included either because the parties could not agree or because they decided not to review the pages in light of the extraordinary time constraints imposed upon all participants to these proceedings. The Joint Exhibit was formulated based upon counsel's review of Court Exhibit 1, and it includes another listing "IDF=NRA" intended by counsel to refer to voters who were located in the deleted data file but who Candidates acknowledge were not registered at the address listed.

5. Objectors then moved the Court to strike all registration-related challenges to the signature lines in the nomination pages from Volumes C and D that were identified in the Joint Exhibit, and upon review of the parties' stipulation as to the preparation of this document and the limitations therein along with the objections stated for the record by Candidates, the Court granted Objectors' motion to strike all of the lines so identified in the Joint Exhibit.

6. Candidates raised objections throughout the hearings, among other matters, to the Court's consideration of Objectors' challenges to lines where, for example, the elector was not registered on the date he or she signed the nomination page but was registered at some later date; where the elector listed an out-of-county residence but nevertheless resided in Pennsylvania; where the elector listed an address identified as a homeless shelter although clearly no signature was invalidated for that reason; where the elector appeared by his or her signature to be elderly or disabled; or where the elector's residence in the voter registration records did not match the address listed on the nomination page. Candidates raised global objections to the creation of the Report (Court Exhibit 1) by elections officials. Candidates also claimed that they were prevented from adequately reviewing voter registration records despite repeated offers made by Mr. Lee and by Ms. Fries to make themselves available along with many other staff as often as 7 days per week, beginning at 8:30 a.m. and ending as late as midnight on some days, to assist Candidates in their review of voter registration records in general and the deleted data files in particular.

### (D)

1. Based upon the credible evidence of record the Court concludes that Objectors

met their burden to prove a substantial portion of their challenges to Candidates' nomination pages as more fully set forth hereafter.

2. Where a particular signature line was struck at hearing and it was included as well in the Joint Exhibit or among the duplicates, it was counted only once as being struck. The listing hereafter uses underscoring [italics] to identify the entries that were *not* counted more than once. Due to time constraints, Objectors rested on the Joint Exhibit and/or duplicates for their remaining challenges to nomination pages not presented at hearing.

3. The rulings for each nomination page include the identification of each page number challenged, the total number of lines for each page, the lines struck at hearing based on the global and/or fraud and forgery related challenges or other irregularities, the lines struck due to registration-related challenges pursuant to the parties' Joint Exhibit, identification of the lines struck due to duplicate signatures pursuant to Senior Judge Mirarchi's October 7, 2004 order, the total tally for each category and, finally, the total tally for valid signatures remaining on each nomination page. The Court hereby makes the following rulings:

**Page 258** (50 lines) **21 valid**
*Struck at Hearing:* (9/28) 10, 11, 12, 13, 46, 47 (6)
(10/4) 1, 2, 5, 18, 28, 29, 30, 36, 37, 39-42, 47 (14)
*Joint Exhibit No. 1:*
NA/OC
NR *12*, 42
NRA *2, 4, 5, 18, 28, 29, 30, 36, 37, 39, 40*
NRDS 9 not otherwise listed
IDF = NRA 1 6 + 14 + 9 = 29 struck
*Duplicates:* 3, *4*, 6, 7, 19, 20 50 lines - 29 struck = 21 valid

**Page 259** (54 lines) **21 valid**
*Struck at Hearing:* 22, 24-27, 32-34, 36, 41, 48-50, 54, 55 (15)
2, 3, 5, 10, 12, 15, 21, 23, 30, 31, 37, 40, 43, 46, 47, 48, 52, 53 (15)
*Joint Exhibit No. 1:*
NA/OC *24, 25, 26, 32, 33, 34, 36, 54*
NR *3, 21, 23, 30*
NRA *2, 5, 12, 37, 40, 43, 46, 52, 55*
NRDS 19 3 not otherwise listed
IDF=NRA 15 + 15 + 3 = 33 struck
*Duplicates:* 1, 4 54 lines - 33 struck = 21 valid

**Page 260** (100 lines) **42 valid**
*Struck at Hearing:* 1, 2, 6, 11, 33, 34, 58, 61, 62, 64, 73-76, 82, 84, 85 (17)
3-5, 7-9, 14-17, 23, 24, 32, 38, 43-49, 51-53, 59, 67-69, 72, 78, 79, 82, 83, 87, 90, 91, 95, 97, 98, 100 (40)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS 1 not otherwise listed
IDF=NRA 17 + 40 + 1 = 58 struck
*Duplicates:* 31 100 lines - 58 struck = 42 valid

**Page 261** (52 lines) **20 valid**
*Struck at Hearing:* 1-3, 6, 7, 10, 31-32, 40, 41, 50 (11)

8, 12, 14, 15, 17, 19, 20, 21, 22, 25, 28, 29, 30, 33, 35, 43, 44, 46, 49 (19)

*Joint Exhibit No. 1:*
NA/OC *1, 2, 3, 8, 29, 30, 49*
NR *10, 12, 20, 21, 22, 31, 44*
NRA *14, 15, 17, 25, 28, 32, 33, 43, 46*
NRDS 2 not otherwise listed
IDF=NRA 11 + 19 + 2 = 32 struck
*Duplicates:* 23, 24 52 Lines - 32 struck = 20 valid

**Page 262** (102 lines) **36 valid**
*Struck at Hearing:* 24, 31, 35, 46, 51, 58, 59, 73, 81-84, 95, 96 (14)
1, 4, 5, 8, 9, 13, 15-22, 25, 27-29, 32, 34, 36, 39, 40, 45, 52, 55, 56,
61, 63, 65, 70-72, 75, 77, 78, 85-89, 91, 92, 101, 102 (47)

*Joint Exhibit No. 1:*
NA/OC
NR *5, 9, 16, 19, 21, 32, 39, 40, 55, 63, 65, 72, 77, 82, 86, 95, 98, 99,*
 *101, 102*
NRA *1, 4, 8, 13, 15, 17, 18, 20, 27, 28, 29, 36, 45, 52, 61, 70, 71, 75, 78,*
 *85, 87, 88, 91, 96*
NRDS 34, 56 5 not otherwise listed
IDF=NRA *22, 25, 35, 89, 92* 14 + 47 + 5 = 66 struck
*Duplicates:* 30 102 lines - 66 struck = 36 valid

**Page 263** (102 lines) **37 valid**
*Struck at Hearing:* 10, 25, 35, 36, 38, 39, 41, 48, 49, 57, 57, 84-86, 88, 98-100 (18)
7-9, 11-16, 20-23, 26-33, 37, 40, 44, 52, 53, 55, 56, 60, 62, 63, 65-
67, 69, 75, 78-80, 87, 90, 91, 92, 93, 102 (44)

*Joint Exhibit No. 1:*
NA/OC *37, 57*
NR *7, 11, 26, 55, 60, 78*
NRA *8, 9, 10, 15, 20, 21, 27, 30, 39, 40, 44, 49, 52, 54, 58, 65, 67, 75, 79,*
 *80, 85, 91, 93, 98, 99*
NRDS *62* 3 not otherwise listed
IDF=NRA *12, 28, 32, 33, 40, 87, 90, 96* 18 + 44 + 3 = 65 struck
*Duplicates:* 102 lines - 65 struck = 37 valid

**Page 264** (57 lines) **15 valid**
*Struck at Hearing:* 2, 6-9, 11, 13, 19-26, 31, 32, 34, 36, 39-44, 46, 51, 54, 55, 57 (30)
*Joint Exhibit No. 1:*
NA/OC 1, 2, 3, 8, 29, 30, 49
NR 10, 12, 20, 21, 22, 31, 44
NRA 14, 15, 17, 25, 28, 32, 33, 43, 46
NRDS
IDF=NRA
*Duplicates:*

**Page 265** (105 lines) **3 valid**
*Struck at Hearing:* 1-26, 28-51, 53-67, 69-105 (102)
*Joint Exhibit No. 1:*
NA/OC
NR *4, 5, 8, 10, 18, 19, 23, 24, 26, 28, 29, 30, 32, 33, 34, 36, 38, 50, 51,*
 *57, 58, 61, 63, 66, 67, 69, 70, 75, 76, 79, 80, 85, 86, 89, 90, 91, 94,*
 *95, 97, 99, 101, 102, 105*
NRA *9, 20, 31, 35, 37, 39, 40, 43, 46, 48, 64, 65, 72, 74, 82, 83, 92, 93,*
 *100*
NRDS 0 not otherwise listed
IDF=NRA *14* 105 lines - 102 struck = 3 valid
*Duplicates:* *1, 2, 7, 12, 49, 71, 77, 87, 103*

| | | |
|---|---|---|
| **Page 266** | (52 lines) | **21 valid** |
| *Struck at Hearing:* | 4, 8, 13, 26, 32, 39, 47 | (7) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 21, 28, 33, 40 | |
| NR | 11, 12, 24, 30, 52 | |
| NRA | 3, 5, 6, 10, 16, 20, 22, 38, 45, 46, 48, 50 | |
| NRDS | | 24 not otherwise listed |
| IDF=NRA | 2, 14, 15 | 7 + 24 = 31 struck |
| *Duplicates:* | | 52 lines - 31 struck = 21 valid |

| | | |
|---|---|---|
| **Page 267** | (51 lines) | **2 valid** |
| *Struck at Hearing:* | 7-9, 11-15, 17-29, 31-41, 45, 47-51 | (38) |
| | 3-6, 10, 16, 30, 42-44, 46 | (11) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | *3, 11, 12, 13, 15, 17, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 33, 34, 36, 37, 38, 40, 49, 51* | |
| NRA | *5, 6, 7, 8, 10, 14, 25, 32, 35, 39, 42, 44, 45, 47, 48, 50* | |
| NRDS | | |
| IDF = NRA | | 38 + 11 = 49 struck |
| *Duplicates:* | | 51 lines - 49 struck = 2 valid |

| | | |
|---|---|---|
| **Page 268** | (110 lines) | **0 valid** |
| *Struck at Hearing:* | 1-110 | (110) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | *6, 7, 10, 11, 12, 29, 22, 24, 26, 28, 29, 31, 32, 33, 38, 40, 42, 43, 54 59, 67, 70, 76, 77, 78, 79, 81, 82, 87, 89, 91, 102, 109* | |
| NRA | *2, 8, 13, 14, 27, 30, 35, 37, 45, 46, 47, 48, 49, 50, 51, 62, 63, 64, 71, 74, 75, 80, 83, 85, 86, 88, 92, 95, 96, 97, 101, 105, 108* | |
| NRDS | *18* | |
| IDF = NRA | *16, 36, 39, 44, 53, 56, 65* | 110 lines - 110 struck = 0 valid |
| *Duplicates:* | *1, 3, 4, 9, 15, 23, 41, 52, 100, 106, 110* | |

| | | |
|---|---|---|
| **Page 269** | (101 lines) | **5 valid** |
| *Struck at Hearing:* | 1-5, 7, 8, 10-13, 18-39, 41, 44, 46, 48-54, 56-59, 63-67, 69-71, 73, 75, 77-80, 83-94, 97, 98, 100 | (76) |
| | 6, 9, 14, 15, 42, 43, 47, 55, 60, 61, 68, 74, 76, 82, 95, 97-100 | (19) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | *2, 41, 42, 59, 63, 65, 67, 70, 71, 73, 77, 78, 79, 80, 83, 88, 89, 90, 91, 92, 97* | |
| NR | *24, 26, 31, 32, 37, 38* | |
| NRA | *4, 6, 13, 18, 20, 22, 29, 44, 50, 60, 61, 68, 74, 82, 87, 93, 95, 98, 99, 100* | |
| NRDS | *23, 56, 94* | 1 not otherwise listed |
| IDF = NRA | *7, 11, 19, 53, 55* | 76 + 19 + 1 = 96 struck |
| *Duplicates:* | *8, 9, 28, 72* | 101 lines - 96 struck = 5 valid |

| | | |
|---|---|---|
| **Page 270** | (110 lines) | **8 valid** |
| *Struck at Hearing:* | 1-7, 9-39, 41-47, 49-53, 55-87, 89-97, 99, 100, 102-108, 110 | (102) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | *2, 3, 13, 21, 28, 35, 37, 38, 42, 46, 79, 90, 94, 95, 102, 110* | |
| NRA | *4, 5, 6, 9, 11, 16, 17, 20, 25, 27, 33, 34, 39, 41, 44, 49, 55, 57, 66, 71, 77, 78, 83, 85, 89, 92, 97, 99, 100, 103* | |
| NRDS | *14, 32, 64, 65, 69* | |
| IDF=NRA | *45, 58* | |
| *Duplicates:* | *10, 15, 51* | 110 lines - 102 struck = 8 valid |

**Page 300** (110 lines) **3 valid**
*Struck at Hearing:* 7-10, 14-15, 16-17, 19-30, 44-52, 57, 62-63, 67, 69-70, 75-85, 87-90, 95, 97-103, 106-110 (63)

1-6, 11-13, 18, 31-42, 53-55, 58-61, 64-66, 71-74, 86, 91-94, 96, 104, 105 (44)

*Joint Exhibit No. 1:*
NA/OC
NR 4, 27, 34, 39, 40, 41, 45, 47, 48, 53, 55, 58, 62, 64, 70, 75, 79, 85, 86, 87, 89, 90, 93, 94, 95, 96, 99, 100, 102, 103, 106, 109, 110
NRA 8, 16, 17, 19, 20, 25, 26, 28, 30, 31, 32, 33, 35, 36, 37, 38, 42, 44, 49, 50, 52, 54, 60, 63, 66, 71, 72, 73, 76, 78, 80, 82, 92, 97, 101, 107
NRDS
IDF=NRA 51 63 + 44 = 107 struck
*Duplicates:* 2, 5, 7, 9, 84, 88, 98 110 lines - 107 struck = 3 valid

**Page 301** (100 lines) **1 valid**
*Struck at Hearing:* 1-7, 9-23, 25-60, 62-66, 69-73, 76-78, 80-83, 85-89, 91-93, 95-100 (88)
8, 24, 61, 67, 68, 74, 75, 79, 84, 90, 94 (11)
*Joint Exhibit No. 1:*
NA/OC 33, 34
NR 34, 36, 39, 40, 42, 57, 60, 61, 66, 67, 69, 70, 72, 73, 74, 76, 77, 87, 88, 90, 92, 95, 97
NRA 35, 37, 38, 44, 46, 49, 51, 54, 55, 58, 59, 64, 65, 75, 78, 82, 86, 91, 93, 94, 96, 98, 100
NRDS 47, 85 88 + 11 = 99 struck
IDF=NRA 100 lines - 99 struck = 1 valid
*Duplicates:* 20, 30, 46, 48, 56, 63, 78, 79, 81, 83

**Page 302** (110 lines) **5 valid**
*Struck at Hearing:* 6, 7, 10-14, 16, 20, 21, 28, 29, 36, 37, 41, 46, 47, 51-55, 59, 60, 63, 64, 70, 71, 76-79, 82, 89, 91, 92, 94, 95, 104 (39)

1, 2, 4, 5, 8, 9, 17, 19, 22-27, 30-35, 38-40, 42-45, 50, 56, 58, 61, 62, 65, 66, 72, 73, 80, 81, 83-88, 90, 93, 96-103, 105, 110 (60)

*Joint Exhibit No. 1:*
NA/OC
NR 13, 21, 22, 24, 27, 31, 32, 33, 34, 37, 44, 46, 53, 58, 59, 62, 63, 64, 65, 71, 72, 86, 90, 105
NRA 1, 7, 12, 17, 23, 26, 28, 29, 30, 36, 38, 39, 42, 47, 51, 52, 54, 56, 66, 78, 79, 81, 83, 85, 95, 97, 98, 107, 108, 110
NRDS 106
IDF=NRA 19, 35, 45, 70, 73, 84, 87, 89, 100
*Duplicates:* 5, 9, 19, 31, 35, 36, 37, 38, 40, 42, 43, 44, 48, 50, 54, 57, 58, 69, 73, 83, 88, 93, 98, 105, 107 6 not otherwise listed
 39 + 60 + 6 = 105 struck
 110 lines - 105 struck = 5 valid

**Page 304** (63 lines) **0 valid**
*Struck at Hearing:* 1-63 (63)
*Joint Exhibit No. 1:*
NA/OC 40
NR 4, 12, 15, 16, 23, 28, 39, 42, 43, 45, 48, 50, 63, 89
NRA 2, 3, 5, 7, 10, 17, 18, 19, 20, 21, 25, 44, 49, 51, 53, 55
NRDS
IDF=NRA 100 63 lines - 63 struck = 0 valid
*Duplicates:* 38

**Page 305** (100 lines) **0 valid**
*Struck at Hearing:* 1-100 (100)

*Joint Exhibit No. 1:*
NA/OC *18, 46*
NR *8, 10, 12, 15, 17, 19, 20, 21, 41, 47, 48, 49, 50, 51, 52, 54, 55, 57, 58, 60, 61, 63, 65, 68, 69, 70, 71, 72, 74, 75, 76, 82, 83, 84, 87, 88, 89, 90, 96, 97, 100*
NRA *4, 5, 6, 7, 9, 16, 25, 27, 28, 29, 31, 32, 34, 36, 40, 42, 43, 45, 53, 56, 59, 62, 64, 66, 67, 73, 77, 79, 80, 81, 85, 86, 92, 93, 94, 95 98, 99*
NRDS *51*
IDF=NRA *28, 43* 100 lines - 100 struck = 0 valid
*Duplicates:*

**Page 306** (54 lines) **1 valid**
*Struck at Hearing:* 1-24, 26-28, 30-53 (51)
*Joint Exhibit No. 1:*
NA/OC
NR *15, 21, 23, 26, 27, 36, 37, 41, 52*
NRA *2, 8, 9, 10, 11, 17, 18, 24, 30, 32, 32, 33, 34, 35, 42, 46, 48, 49*
NRDS *51*
IDF=NRA *28, 43*
*Duplicates:* *7, 8, 9, 10, 11, 12, 14, 19, 20, 21, 25, 26, 28, 29, 30, 39, 40, 44, 47, 51, 52* 2 not otherwise listed
 51 + 2 = 53 struck
 54 lines - 53 struck = 1 valid

**Page 307** (110 lines) **8 valid**
*Struck at Hearing:* 1-44, 47-49, 51-66, 69-95, 97, 98, 100, 102-107, 109, 110 (102)
*Joint Exhibit No. 1:*
NA/OC *63, 73*
NR *2, 4, 5, 8, 18, 29, 40, 66, 69, 75, 81, 82, 91, 93, 100, 102*
NRA *1, 6, 7, 9, 12, 16, 61, 71, 74, 76, 83, 84, 86, 87, 89, 94, 95, 109*
NRDS *23, 30*
IDF=NRA *15, 22, 33, 58, 77, 85* 110 lines - 102 struck = 8 valid
*Duplicates:*

**Page 308** (92 lines) **10 valid**
*Struck at Hearing:* 4, 5, 8-10, 12, 13, 15-18, 20-26, 29, 30, 34-36, 38-42, 48-51, 58-62, 67, 70, 76-80, 82, 86-92 (52)
*Joint Exhibit No. 1:*
NA/OC *90, 92*
NR *5, 7, 11, 16, 17, 24, 29, 52, 53, 55, 56, 60, 61, 62, 67, 68, 69, 76, 77, 80, 81, 83, 84, 86, 88*
NRA *2, 3, 12, 18, 23, 26, 30, 39, 43, 44, 48, 49, 51, 57, 58, 59, 64, 66, 70, 79, 82, 85, 89, 91* 30 not otherwise listed
NRDS *15* 52 + 30 = 82 struck
IDF=NRA *1, 6, 38, 50* 92 lines - 82 struck = 10 valid
*Duplicates:* *1, 2, 6, 7, 18,* 31, 32, 33, *36,* 37, *40, 41, 42, 43, 44,* 45, 46, 47, *50, 51,* 65

**Page 309** (49 lines) **6 valid**
*Struck at Hearing:* 9-26, 31, 36, 42, 48, 50, 51, 101, 102 (26)
*Joint Exhibit No. 1:*
NA/OC 10
NR *7, 15, 16, 17, 19, 20, 24,* 27, 40, 49
NRA *18, 22, 26,* 28, 30, 33, 38, 39, 43, 47, 52, 53
NRDS *25* 17 not otherwise listed
IDF=NRA 26 + 17 = 43 struck
*Duplicates:* 8, *9, 26,* 32, 35, 46, *52* 49 lines - 43 struck = 6 valid

**Page 310** (57 lines) **14 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 4, 6, 17, 19-21, 28, 36, 43, 44, 45, 47 | (12) |
| *Joint Exhibit No. 1:* | | 31 not otherwise listed |
| NA/OC | 31 | 12 + 31 = 43 struck |
| NR | 15, 16, 18, 57 | 57 lines - 43 struck = 14 valid |
| NRA | 2, 8, 9, 13, 14, 22, 26, 27, 30, 32, 33, 34, 38, 42, 46, 48, 56 | |
| NRDS | 25 | |
| IDF=NRA | | |
| *Duplicates:* | 1, 3, 4, 7, 8, 10, 19, 21, 24, 25, 28, 39, 41, 48 | |

**Page 311** (107 lines) **31 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 32, 46, 56, 83-85, 95, 98, 99, 107 | (10) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 79 | |
| NR | 1, 4, 5, 6, 9, 11, 12, 13, 15, 16, 17, 24, 26, 30, 33, 35, 38, 39, 41, 42, 43, 47, 49, 50, 53, 54, 55, 57, 59, 62, 64, 67, 69, 75, 76, 77, 78, 81, 86, 87, 88, 89, 90, 91, 92, 93, 94, 97, 100, 104, 106 | |
| NRA | 3, 8, 14, 19, 20, 21, 22, 25, 52, 58, 72, 73, 96, 102 | |
| NRDS | | 66 not otherwise listed |
| IDF=NRA | | 10 + 66 = 76 struck |
| *Duplicates:* | 6 | 107 lines - 76 struck = 31 valid |

**Page 312** (96 lines) **43 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 9, 13, 17, 19, 26-29, 35 36, 38-40, 42, 43, 68, 72, 82, 91, 94 | (21) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 7, 94 | |
| NR | 2, 6 10, 22, 37, 44, 51, 57, 61, 69, 79, 80, 88 | |
| NRA | 1, 3, 7, 11, 15, 16, 21, 49, 58, 63, 70, 75, 83, 84, 90 | |
| NRDS | 5 | 32 not otherwise listed |
| IDF=NRA | | 21 + 32 = 53 struck |
| *Duplicates:* | 86, 90, 93 | 96 lines - 53 struck = 43 valid |

**Page 313** (53 lines) **6 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 3-6, 14-16, 21, 22, 36, 37, 39-43, 49, 50-52 | (20) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | 2, 7, 10, 20, 23, 24, 25, 26, 28, 29, 30, 31, 33, 34, 35, 44, 46 53, 54 | |
| NRA | 8, 12, 17, 18, 19, 32, 38, 47 | |
| NRDS | | 27 not otherwise listed |
| IDF=NRA | | 20 + 27 = 47 struck |
| *Duplicates:* | | 53 lines - 47 struck = 6 valid |

**Page 314** (100 lines) **60 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 5, 6, 8, 9, 29, 41, 52, 65-68, 76, 86, 89, 99, 100 | (16) |
| | 35, 39 | (2) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 71, 79, 99 | |
| NR | 28, 45, 63, 87, 95 | |
| NRA | 1, 5, 6, 8, 9, 11, 15, 29, 37, 38, 40, 42, 50, 57, 60, 61, 64, 70, 76 | |
| NRDS | 56 | 22 not otherwise listed |
| IDF=NRA | 84 | 16 + 2 + 22 = 40 struck |
| *Duplicates:* | | 100 lines - 40 struck = 60 valid |

**Page 315** (101 lines) **5 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 2-5, 9-21, 23, 25-29, 32, 34-41, 43-47, 49-53, 55, 57, 58, 60-65, 67, 68, 70-101 | (88) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 16 | |
| NR | 1, 2, 19, 20, 35, 51, 52 | |
| NRA | 7, 8, 10, 14, 15, 17, 18, 21, 23, 26, 28, 31, 33, 38, 39, 41, 48, | |

| | | |
|---|---|---|
| | *49, 50* | 8 not otherwise listed |
| NRDS | *11*, 30 | 88 + 8 = 96 struck |
| IDF=NRA | 6, *12* | 101 lines - 96 struck = 5 valid |
| *Duplicates:* | *1, 3, 6, 9, 11, 16, 27, 29, 30, 31, 33, 36, 37, 39, 101* | |

**Page 316** (48 lines) **5 valid**
*Struck at Hearing:* 2-6, 14-18, 25, 26, 29, 34 (16)
*Joint Exhibit No. 1:*
NA/OC
NR 1, 8, 9, 19, 23, 30, 31, 33, 36, 38, 40, 41, 42, 45, 47
NRA 10, 11, *15*, 20, 22, 24, 27, 32, 35, 37 39, 48
NRDS 27 not otherwise listed
IDF≈NRA 13 16 + 27 = 43 struck
*Duplicates:* 48 lines - 43 struck = 5 valid

**Page 317** (92 lines) **76 valid**
*Struck at Hearing:* 4, 8, 9, 10, 16, 17, 24-26, 30, 34, 43, 57, 58, 76, 77 (16)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 92 lines - 16 struck = 76 valid
*Duplicates:*

**Page 318** (106 lines) **12 valid**
*Struck at Hearing:* 3-8, 10, 12-15, 17, 23, 25-32, 35, 38-43, 46, 47, 52, 53, 55-58, 60-63, 65, 67-69, 71-73, 75, 76, 79-106 (78)
*Joint Exhibit No. 1:*
NA/OC
NR 2, 19, 20, 21, 24, 34, 54, 64
NRA 16, 18, 36, 37, 45, 49, 66, 70
NRDS 16 not otherwise listed
IDF=NRA 78 + 16 = 94 struck
*Duplicates:* 106 lines - 94 struck = 12 valid

**Page 319** (100 lines) **14 valid**
*Struck at Hearing:* 15-17, 23, 27-29, 35-37, 47, 49, 50, 53, 55, 73, 74, 91, 96, 99, 100 (21)
*Joint Exhibit No. 1:*
NA/OC 22, 32, 60, 63, 71
NR 8, 25, 31, 34, 57, 58, 59, 61, 62, 69, 70, 80, 81, 82, 83, 85, 86, 87, 88, 90, 98, *100*
NRA 1, 2, 3, 5, 7, 9, 12, 13, 14, 19, 20, 21, 30, 39, 40, 41, 42, 43, 44, 45, 51, *53*, 54, 56, 65, 66, 68, 76, 78, 84, 89, 93, 94, 95
NRDS 65 not otherwise listed
IDF=NRA 21 + 65 = 86 struck
*Duplicates:* 4, 6, 9, 14, 33, *36, 37*, 38, *40*, 65 100 lines - 86 struck = 14 valid

**Page 320** (110 lines) **29 valid**
*Struck at Hearing:* 2-6, 14-18, 25, 26, 29, 34 (16)
*Joint Exhibit No. 1:* 65 not otherwise listed
NA/OC 16 + 65 = 81 struck
NR 110 lines - 81 struck = 29 valid
NRA 1, *2, 3, 6*, 8, 10, 11, 12, *14, 15, 16, 18*, 20, *25*, 28, *29*, 30, 35, 36, 39, 43, 46, 48, 49, 51, 54, 59, 60, 61, 64, 66, 67, 73, 74, 82, 84, 86, 87, 89, 90, 91, 92, 93, 95, 96, 98, 99, 100, 101, 106
NRDS 32, 57, 72
IDF=NRA 9, 33, 37, 38, 65, 69, 70, 71

*Duplicates:* 1, 2, 11, 12; 21, 23, *29, 33, 36,* 38, 44, *48,* 50, *51,* 53, 57, 63, *69,* 76, *93, 95, 98, 99, 100, 101 106*

| **Page 321** | (110 lines) | **12 valid** | |
|---|---|---|---|
| *Struck at Hearing:* | 17, 18, 27, 29, 49, 51, 54-110 | | (63) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | 3, 5, 6, 8, 11, 16, 19, 21, 24, 25, 28, 33, 34 | | |
| NR | 4, 7, 12, 13, 23, 35, 36, 41, 43 | | |
| NRA | 9, 10, 22, 26, 30, 31, 37, 38, 42, 44, 46, 47 | | |
| NRDS | | 35 not otherwise listed | |
| IDF=NRA | 14 | 63 + 35 = 98 struck | |
| *Duplicates:* | | 110 lines - 98 struck = 12 valid | |

| **Page 322** | (51 lines) | **0 valid** | |
|---|---|---|---|
| *Struck at Hearing:* | 1, 2, 4, 11, 13, 17, 23, 29, 30, 35, 36, 39, 40, 50 | | (14) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | | | |
| NR | | | |
| NRA | Not included in Joint Ex. 1 | | |
| NRDS | | | |
| IDF=NRA | | 51 lines - 51 struck = 0 valid | |
| *Duplicates:* | 27, 30, 36 | | |

**Page 322 struck in its entirety by stipulation per order of Judge Mirarchi.**

| **Page 323** | (60 lines) | **14 valid** | |
|---|---|---|---|
| *Struck at Hearing:* | 13, 18, 35, 39, 48, 54, 56 | | (7) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | 5, 6, 8, 15, 16, 27, 38, 42, 44, 50, 57 | | |
| NR | 6, 19, 22, 23, 28, 41, 42, 43, 46, 50, 55, 57, 58 | | |
| NRA | 9, 11, 12, 29, 30, 36, 37, 45, 47, 49, 59 | | |
| NRDS | | 39 not otherwise listed | |
| IDF=NRA | | 7 + 39 = 46 struck | |
| *Duplicates:* | 1, 2, 5, 7, *59* | 60 lines - 46 struck = 14 valid | |

| **Page 324** | (110 lines) | **32 valid** | |
|---|---|---|---|
| *Struck at Hearing:* | 12, 16, 17, 21, 32, 39, 40, 53, 63, 64, 90 | | (11) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | | | |
| NR | 7, 8, 10, 15, 23, 25, 26, 27, 30, 33, 48, 56, 60, 62, 73, 82, 85, 88, 95, 96, 97, 102, 103, 106, 107 | | |
| NRA | 2, 4, 9, 11, 13, 19, 22, 34, 36, 49, 51, 58, 66, 67, 70, 72, 74, 89, 91, 92, 93, 94, 99; 100, 101, 104, 105, 109 | | |
| NRDS | *17,* 20, 29, 31, 44 | | |
| IDF=NRA | 3, 41, 83 | | |
| *Duplicates:* | 5, *7, 19, 22, 36, 40,* 41, 42, 45, *48, 63,* 65, 70, 83, *96, 97, 99, 101* | 67 not otherwise listed<br>11 + 67 = 78 struck<br>110 lines - 78 struck = 32 valid | |

| **Page 325** | (110 lines) | **15 valid** | |
|---|---|---|---|
| *Struck at Hearing:* | 7, 13, 15, 17, 19, 20, 22, 24, 42, 45, 46, 57, 68, 70, 71, 76, 82, 103, 106 | | (19) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | | | |
| NR | 1, 3, 5, 6; 8, 9, 10, 11, 12, 14, 16, 25, 26, 27, 28, 31, 33, 34, 37, 40, 41, 43, 44, 47, 49, 51, 52, 53, 54, 55, 56, 60, 61, 62, 63, 65, 66, 67, 77, 79, 80, 84, 85, 87, 90, 91, 92, 95, 97, 98, 99, 100, 101, 102, 105, 107, 108, 110 | | |
| NRA | 48, 50, 59, 64, 69, 72, 73, 75, 78, 83, 86, 96, 109 | | |

| | | |
|---|---|---|
| NRDS | 29 | 76 not otherwise listed |
| IDF=NRA | 4 | 19 + 76 = 95 struck |
| *Duplicates:* | 58, *59*, *69*, 74, 78 | 110 lines - 95 struck = 15 valid |

**Page 326** (45 lines) **11 valid**

*Struck at Hearing:* 2, 3, 24, 27, 28, 36, 40 (7)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 27, 28 | |
| NR | 4, 5, 7, 17, 18, 19, 20, 31, 32, 33, 37, 39, 42, 45 | |
| NRA | 12, 14, 16, 21, 22, 35, 37, 39, 45 | |
| NRDS | 6, 11 | 27 not otherwise listed |
| IDF=NRA | 30, 34 | 7 + 27 = 34 struck |
| *Duplicates:* | | 45 lines - 34 struck = 11 valid |

**Page 327** (60 lines) **14 valid**

*Struck at Hearing:* 1-3, 10, 16, 28, 41, 51, 54, 55 (10)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | 5, 9, 11, 17, 18, 22, 24, 30, 32, 33, 34, 37, 39, 42, 43, 44, 46, 48, 49, 52, 59 | |
| NRA | 6, 7, 8, 13, 14, 23, 27, 31, 47, 56, 58, 60 | |
| NRDS | | |
| IDF=NRA | 15 | 36 not otherwise listed |
| *Duplicates:* | *2*, *3*, 4, *16*, 57 | 10 + 36 = 46 struck |
| | | 60 lines - 46 struck = 14 valid |

**Page 328** (65 lines) **5 valid**

*Struck at Hearing:* 1, 2, 11, 12, 15-17, 23, 26-28, 31, 36, 37, 39, 48, 57, 65 (18)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 4, 6, *31*, 34, 35, *36*, 42, 57, 62, 64, *65* | |
| NR | 6, 10, 29, 32, 33, 41, 43, 44, 45, 52, 53, 55, 56, 61 | |
| NRA | 5, 8, 13, 18, 21, 30, 40, 46, 47, 49, 60 | 42 not otherwise listed |
| NRDS | | 18 + 42 = 60 struck |
| IDF=NRA | 9 | 65 lines - 60 struck = 5 valid |
| *Duplicates:* | 3, 5, *12*, 13, 20, *21*, 25, *29*, 34, *36*, *37*, 38, *40*, *41*, *49*, 50 | |

**Page 329** (100 lines) **22 valid**

*Struck at Hearing:* 5, 6, 10-12, 21, 23, 24, 36, 37, 40, 42, 47, 51, 57, 59, 62, 68-70, 72, 75, 78, 79, 81, 83, 89, 95, 98, 100 (30)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 3, *47*, 63, 67 | |
| NR | 2, 43, 44, 45, 53, 54, 56, 58, 60, 64, 77, 88, 90, 91, 92, 93, 99 | |
| NRA | 1, 4, 7, 13, 15, 20, 22, 26, 29, 30, 35, 38, 46, 49, 76, 81 84, 94 | |
| NRDS | | 48 not otherwise listed |
| IDF=NRA | 31, 61, 73, 85, 96 | 30 + 48 = 78 struck |
| *Duplicates:* | *2*, *3*, *6*, 19, 28, 80, 85, 86 | 100 lines - 78 struck = 22 valid |

**Page 330** (100 lines) **16 valid**

*Struck at Hearing:* 1, 2, 7, 9, 10, 12, 16-19, 22, 24, 27-29, 32, 33, 38, 40, 42, 44, 45, 48, 52, 53, 69, 70, 72, 81, 88–90, 94, 96, 100 (35)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 11, *18* | |
| NR | 3, 5, 6, 41, 46, 49, 50, 58, 63, 67, 75, 77, 78, 82, 86, *90*, 93, 95, 98 | |
| NRA | 13, 14, 15, 23, 25, 34, 35, 36, 37, 39, 47, 57, 59, 60, 61, 62, 66, 68, 71, 73, 74, 76, 79, 85, 87, 92, 97 | |
| NRDS | | 49 not otherwise struck |
| IDF=NRA | 26, 83 | 35 + 49 = 84 struck |
| *Duplicates:* | 93 | 100 lines - 84 struck = 16 valid |

**Page 331** (53 lines) **5 valid**

*Struck at Hearing:* 1, 3, 4, 5, 10, 12-15, 17-19, 21, 24-26, 28, 30-32, 35, 37, 39-43, 48, 53 (30)

*Joint Exhibit No. 1:*

NA/OC 9, 11, 29

NR 6, 8, *9, 11*, 20, *31*, 34, *43*, 49, 50

NRA 7, 23, 33, 36, 44, 45, 51

NRDS 2 18 not otherwise listed

IDF=NRA 16 30 + 18 = 48 struck

*Duplicates:* 53 lines - 48 struck = 5 valid

**Page 332** (104 lines) **40 valid**

*Struck at Hearing:* 1-5, 8, 9, 11, 13, 20, 31, 32, 36, 37, 47, 53, 59, 63, 71, 81-84, 89, 91, 94, 99, 102, 104 (29)

*Joint Exhibit No. 1:*

NA/OC 99

NR 6, 23, 25, 48, 69, 96

NRA 10, 14, 15, 16, 17, 19, 24, 28, 35, 39, 40, 44, 46, 54, 55, 56, 67, 74, 77, 88, 92, 95, 97, 98

NRDS 29 35 not otherwise listed

IDF=NRA 22, 30, 50 29 + 35 = 64 struck

*Duplicates:* 101 104 lines - 64 struck = 40 valid

**Page 333** (103 lines) **49 valid**

*Struck at Hearing:* 26, 27, 37, 38, 44-47, 51, 54, 55, 65, 67-70, 73, 74, 79, 80, 83, 88-90, 93 (26)

*Joint Exhibit No. 1:*

NA/OC *65, 83, 90*

NR 8, 19, 35, 49, 78

NRA 4, 5, 7, 16, 18, 28, 33, 41, 43, 52, 75, 84, 87

NRDS 22, 24 28 not otherwise listed

IDF=NRA 13, 25, 59, 66 26 + 28 = 54 struck

*Duplicates:* 1, 2, 3, *4, 59, 67, 68*, 102 103 lines - 54 struck = 49 valid

**Page 334** (81 lines) **46 valid**

*Struck at Hearing:* 40, 50-53, 78-81 (9)

*Joint Exhibit No. 1:*

NA/OC

NR 1, 4, 12, 26, 29, 31, 32, 46, 47, 63, 73

NRA 20, 21, 28, 33, 34, 41, 43, 48, 65, 71, *81*

NRDS 27 26 not otherwise listed

IDF=NRA 16, 25, 80 9 + 26 = 35 struck

*Duplicates:* 10 81 lines - 35 struck = 46 valid

**Page 335** (93 lines) **30 valid**

*Struck at Hearing:* 9, 17, 18, 21-26, 30, 34, 35, 39, 53, 61, 65, 66, 74, 80, 82, 91 (21)

*Joint Exhibit No. 1:*

NA/OC *22, 82, 91*

NR 8, 10, 11, 12, *22, 23*, 28, 29, 37, 44, 55, 67, 84, 93

NRA 2, 3, 4, 5, 6, 14, 15, 19, *21*, 33, 38, 45, 52, 57, 58, 63, 64, 68, 70, 71, 79, 88, 90

NRDS 56, 78 42 not otherwise listed

IDF=NRA 41, 69, 92 21 + 42 = 63 struck

*Duplicates:* 77, 83, 89 93 lines - 63 struck = 30 valid

**Page 336** (110 lines) **47 valid**

*Struck at Hearing:* 1-3, 7-10, 15-17, 32-34, 37-40, 42, 44-49, 51, 52, 55-57, 72, 73,

| | | |
|---|---|---|
| | 75-78, 86-91, 96, 97 | (43) |

*Joint Exhibit No. 1:*
NA/OC
NR 59, 82
NRA 4, 12, 18, 19, 23, 29, 62, 84, 85, 92, 95, 105
NRDS 41 20 not otherwise listed
IDF=NRA 27, 58, 66, 79, 100 43 + 20 = 63 struck
*Duplicates:* 110 - 63 = 47 valid

**Page 337** (105 lines) **102 valid**
*Struck at Hearing:*
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 3 not otherwise listed
*Duplicates:* 1, 7, 22 105 lines - 3 struck = 102 valid

**Page 338** (51 lines) **20 valid**
*Struck at Hearing:*
*Joint Exhibit No. 1:*
NA/OC
NR 1, 11, 12, 13, 18, 39
NRA 5, 6, 8, 9, 10, 16, 17, 30, 32, 33, 44, 49, 50
NRDS 25 31 not otherwise listed
IDF=NRA 51 lines - 31 struck = 20 valid
*Duplicates:* 6, 11, 12, 16, 33, 35, 36, 37, 38, 42, 51

**Page 339** (53 lines) **51 valid**
*Struck at Hearing:*
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 2 not otherwise listed
*Duplicates:* 1, 41 53 lines - 2 struck = 51 valid

**Page 340** (45 lines) **15 valid**
*Struck at Hearing:*
*Joint Exhibit No. 1:*
NA/OC
NR 1, 2, 3, 8, 14, 15, 20, 29, 30, 33, 36, 45
NRA 4, 12, 18, 19, 22, 23, 26, 31
NRDS 30 not otherwise listed
IDF=NRA 11 45 - 30 struck = 15 valid
*Duplicates:* 8, 10, 11, 14, 16, 18, 19, 26, 28

**Page 341** (110 lines) **0 valid**
*Struck at Hearing:* 1-110 (110)
*Joint Exhibit No. 1:*
NA/OC *5*
NR
NRA *4*
NRDS 110 lines - 110 struck = 0 valid
IDF=NRA
*Duplicates:*

**Page 342** (71 lines) **0 valid**
*Struck at Hearing:* 1-71 (71)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS 71 lines − 71 struck = 0 valid
IDF=NRA
*Duplicates:*

**Page 343** (105 lines) **13 valid**
*Struck at Hearing:* 8, 12-17, 24-105 (89)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA 7
NRDS 3 not otherwise listed
IDF=NRA 4, 9 89 + 3 = 92 struck
*Duplicates:* 105 lines - 9 struck = 13 valid

**Page 344** (110 lines) **36 valid**
*Struck at Hearing:* 3, 7, 9, 11, 15, 18, 19, 30, 37, 39, 64, 65, 69, 74, 79, 80, 89, 90, 93, 95 (20)
*Joint Exhibit No. 1:*
NA/OC 7, 8, 46, 80, 83, 95
NR 13, 23, 24, 29, 32, 35, 38, 43, 45, 49, 57, 58, 62, 66, 67, 73, 84, 87, 105, 106, 110
NRA 4, 5, 6, 21, 25, 26, 27, 34, 42, 48, 50, 54, 59, 70, 75, 76, 78, 83, 88, 92, 96, 98, 100, 103
NRDS 54 not otherwise listed
IDF=NRA 36, 55, 56, 63, 91, 97 20 + 54 = 74 struck
*Duplicates:* 110 lines - 74 struck = 36 valid

**Page 345** (36 lines) **10 valid**
*Struck at Hearing:* 21, 23-26, 31, 32 (7)
*Joint Exhibit No. 1:*
NA/OC 2, 25
NR 1, 4, 13, 14, 16, 19, 20, 29, 33, 36
NRA 8, 10, 11, 12, 15, 22, 30
NRDS 19 not otherwise listed
IDF=NRA 7 7 + 19 = 26 struck
*Duplicates:* 36 lines = 26 struck = 10 valid

**Page 346** (100 lines) **0 valid**
*Struck at Hearing:* 1-100 (100)
*Joint Exhibit No. 1:*
NA/OC
NR *31, 34, 43, 49, 71, 75, 99, 100*
NRA *7, 8, 9, 11, 14, 16, 18, 19, 20, 21, 27, 29, 33, 38, 39, 40, 53, 59, 60, 74, 79, 88*
NRDS *28, 35*
IDF=NRA *17, 84* 100 lines - 100 struck = 0 valid
*Duplicates:* *6*

**Page 347** (110 lines) **71 valid**
*Struck at Hearing:* (0)
*Joint Exhibit No. 1:*
NA/OC 20, 21, 38, 40, 53, 88
NR 10, 19 30, 31, 21, 49, 57, 66, 72, 78, 83, 90, 104, 106

| | | |
|---|---|---|
| NRA | 16, 23, 26, 28, 34, 54, 56, 58, 59, 60, 65, 74, 75, 77, 97, 98 | |
| NRDS | 87 | |
| IDF=NRA | 29, 102 | 39 not otherwise listed |
| *Duplicates:* | | 110 lines - 39 struck = 71 valid |

**Page 348** (110 lines) **23 valid**

*Struck at Hearing:* 8, 13, 18, 24, 36, 37, 42, 44, 45, 50, 60–63, 65, 68, 69, 80, 83, 97, 100 (21)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | 1, 3, 5, 11, 14, 15, 27, 28, 32, 33, 34, 35, 36, 41, 43, 46, 49, 51, 52, 53, 57, 58, 66, 67, 73, 79, 81, 82, 84, 87, 89, 91, 92, 94, 99, 102, 103, 104, 106, 108, 109 | |
| NRA | 2, 4, 10, 21, 22, 29, 30, 31, 40, 47, 48, 70, 71, 75, 77, 86, 88, 93 | |
| NRDS | 16 | 66 not otherwise listed |
| IDF=NRA | 9, 90 | 21 + 66 = 87 struck |
| *Duplicates:* | 2, 6, 9, 38, 47, 48, 77, 93, 95 | 110 lines - 87 struck = 23 valid |

**Page 349** (64 lines) **14 valid**

*Struck at Hearing:* 4, 6, 7-14, 16, 17, 19, 20, 23, 24, 27, 30-32, 34, 38-40, 42, 43, 47, 48, 50-53, 59-62 (36)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 36, 40 | |
| NR | 7, 10, 21, 22, 35, 41, 43, 52, 63 | |
| NRA | 1, 3, 4, 9, 14, 15, 16, 20, 29, 31, 34, 55, 60 | |
| NRDS | | |
| IDF=NRA | 8, 13, 53, 58 | 14 not otherwise listed |
| *Duplicates:* | 1, 2, 3, 64 | 36 + 14 = 50 struck |
| | | 64 lines - 50 struck = 14 valid |

**Page 350** (103 lines) **2 valid**

*Struck at Hearing:* 1-63, 65-81, 83-103 (101)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | 3, 8, 9, 14, 15, 19, 23, 24, 32, 37, 38, 46, 48, 53, 58, 68, 69, 75, 76, 83, 98, 100 | |
| NRA | 12, 47, 67 | |
| NRDS | 77 | |
| IDF=NRA | | 103 lines - 101 struck = 2 valid |
| *Duplicates:* | | |

**Page 351** (25 lines) **2 valid**

*Struck at Hearing:* 2, 5, 6, 13, 22, 23 (6)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 19, 24 | |
| NR | 2, 3, 8, 10, 25 | |
| NRA | 4, 7, 9, 14, 15, 16, 17, 20, 21 | |
| NRDS | 11, 12 | 17 not otherwise listed |
| IDF=NRA | | 6 + 17 = 23 struck |
| *Duplicates:* | 12 | 25 - 23 struck = 2 valid |

**Page 352** (50 lines) **14 valid**

*Struck at Hearing:* 4-10, 12-15, 17, 19-24, 26-32, 34-38, 43-45, 47, 49, 50 (36)

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | | |
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | |
| IDF=NRA | | 50 lines - 36 struck = 14 valid |

*Duplicates:*

| | | |
|---|---|---|
| **Page 353** | (110 lines) | **67 valid** |

*Struck at Hearing:* 2, 3-6, 8, 10, 12, 14-16, 18-25, 28, 30, 33-41, 45, 46-48, 50, 59, 67, 76, 85, 95, 98, 104-107 (43)

*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 110 lines - 43 struck = 67 valid
*Duplicates:*

| | | |
|---|---|---|
| **Page 355** | (106 lines) | **14 valid** |

*Struck at Hearing:* 5, 15, 21, 22, 31, 32, 43, 44, 48, 51-53, 57-60, 62, 64-66, 74, 75, 77, 81-87, 103, 105, 106 (33)

*Joint Exhibit No. 1:*
NA/OC 10, *15*, 20, *21*, *22*, *31*, *32*, 42, *44*, 45, 50, *51*, *52*, *53*, 54, *57*, *58*, *59*, *60*, *62*, *64*, *65*, *66*, *74*, *75*, *77*, *78*, *81*, *82*, *83*, *84*, *85*, *86*, *87*, 93, 101, *103*, *105*, *106*
NR 3, 4, *5*, 6, 7, 11, 16, 23, 24, 25, 26, 27, 28, 29, 33, 35, 36, 39, 40, 41, *43*, *48*, 55, 61, 67, 68, 69, 71, 73, 88, 89, 91, 92, 95, 97, 100
NRA 1, 8, 12, 14, 19, 34, 38, 46, 47, 49, 63, 70, 90, 94, 99, 104
NRDS 13 59 not otherwise listed
IDF=NRA 33 + 59 = 92 struck
*Duplicates:* 106 lines - 92 struck = 14 valid

| | | |
|---|---|---|
| **Page 356** | (59 lines) | **54 valid** |

*Struck at Hearing:* (0)
*Joint Exhibit No. 1:*
NA/OC
NR Not included in Joint Ex. 1
NRA
NRDS 5 not otherwise listed
IDF=NRA 59 lines - 5 struck = 54 valid
*Duplicates:* 24, 25, 39, 58, 59

| | | |
|---|---|---|
| **Page 357** | (55 lines) | **28 valid** |

*Struck at Hearing:* (0)
*Joint Exhibit No. 1:*
NA/OC 14, 45, 50
NR 1, 10, 23, 40, 48
NRA 2, 5, 9, 13, 18, 22, 24, 25, 26, 28, 29, 30, 39, 44, 46, 47, 49, 55
NRDS
IDF=NRA 27 27 not otherwise listed
*Duplicates:* 55 lines - 27 struck = 28 valid

| | | |
|---|---|---|
| **Page 358** | (35 lines) | **7 valid** |

*Struck at Hearing:* 1, 6, 14, 23, 24 (5)
*Joint Exhibit No. 1:*
NA/OC 12, 18
NR 3, 7, 9, 10, 26, 27
NRA 5, 15, 16, 17, 19, 20, 25, 28, 30, 31
NRDS 8, 29 23 not otherwise listed
IDF=NRA 21 5 + 23 = 28 struck
*Duplicates:* 5, *23*, 35 35 lines - 28 struck = 7 valid

| | | |
|---|---|---|
| **Page 359** | (48 lines) | **9 valid** |

*Struck at Hearing:* 11, 13 (2)

*Joint Exhibit No. 1:*
NA/OC 7, 8, 12, 16, 18, 23, 24, 25, 26, 30, 31, 37, 40, 42, 46, 47
NR 2, 3, 4, 6, 10, 27, 34, 36, 38, 44, 48
NRA 5, 17, 20, 21, 33, 41, 43
NRDS 9, 22 37 not otherwise listed
IDF=NRA 29 2 + 37 = 39 struck
*Duplicates:* 48 lines - 39 struck = 9 valid

**Page 360** (50 lines) **0 valid**
*Struck at Hearing:* 1-50 (50)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 50 lines - 50 struck = 0 valid
*Duplicates:*

**Page 361** (50 lines) **29 valid**
*Struck at Hearing:* 1, 4-8, 15-17, 24-27, 32, 36, 38-43, 45 (20)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1 1 not otherwise listed
NRDS 20 + 1 = 21 struck
IDF=NRA 50 lines - 21 struck = 29 valid
*Duplicates:* 10, *45*

**Page 362** (50 lines) **32 valid**
*Struck at Hearing:* 1, 2, 7, 10-13, 17, 19, 21, 28, 29, 32, 34, 35, 43, 44, 50 (18)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 50 lines - 18 struck = 32 valid
*Duplicates:*

**Page 363** (58 lines) **11 valid**
*Struck at Hearing:* 6, 17–19, 21, 33, 34–36, 38, 42, 44, 46, 49 (14)
*Joint Exhibit No. 1:*
NA/OC
NR 7, 14, 22, 23, 45, 51, 53, 58
NRA 12, 23, 26, 28, 39, 40, 47, 48, 52, 54, 56
NRDS
IDF=NRA 4, 5, 15, 29 33 not otherwise listed
*Duplicates:* *6*, 8, 9, 10, 11, 13, 16, 24, 50, 14 + 33 = 47 struck
 55, 57
 58 lines - 47 struck = 11 valid

**Page 364** (34 lines) **11 valid**
*Struck at Hearing:* 1 (1)
*Joint Exhibit No. 1:*
NA/OC 9
NR 8, 11, 19, 26, 27, 34
NRA 7, 10, 12, 13, 14, 20, 29 22 not otherwise listed
NRDS 1 + 22 = 23 struck
IDF=NRA 34 lines - 23 struck = 11 valid
*Duplicates:* 15, 17, 18, 21, 22, 23, 25, 31

| | | |
|---|---|---|
| **Page 365** | (60 lines) | **34 valid** |
| *Struck at Hearing:* | 1-8, 11, 18, 23, 24, 34-36, 41-44, 47, 49, 50, 52, 55-57 | (26) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | | |
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | 60 lines - 26 struck = 34 valid |
| IDF=NRA | | |
| *Duplicates:* | | |

| | | |
|---|---|---|
| **Page 366** | (53 lines) | **33 valid** |
| *Struck at Hearing:* | 24, 30, 31, 33, 36, 37, 40, 49-51, 53 | (11) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | 19, 21, 23 | |
| NRA | 25, 32, 34, 38, 42, 48 | |
| NRDS | | 9 not otherwise listed |
| IDF=NRA | | 11 + 9 = 20 struck |
| *Duplicates:* | | 53 lines - 20 struck = 33 valid |

| | | |
|---|---|---|
| **Page 367** | (80 lines) | **0 valid** |
| *Struck at Hearing:* | 1-80 | (80) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | | |
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | |
| IDF=NRA | | 80 lines - 80 struck = .0 valid |
| *Duplicates:* | | |

| | | |
|---|---|---|
| **Page 368** | (61 lines) | **22 valid** |
| *Struck at Hearing:* | 2-5, 9, 12, 13, 16, 18-20, 24-31, 33-38, 40-44, 50-55, 58-60 | (39) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | | |
| NR | | |
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | |
| IDF=NRA | | 61 lines - 39 struck = 22 valid |
| *Duplicates:* | | |

| | | |
|---|---|---|
| **Page 369** | (95 lines | **29 valid** |
| *Struck at Hearing:* | 4, 24, 25, 29, 45, 58, 61, 69, 71, 76, 93, 94 | (13) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 15 | |
| NR | 19, 22, 27, 28, 40, 42, 43, 68, 72, 87 | |
| NRA | 3, 14, 16, 20, *25*, 26, 32, 33, 35, 41, 46, 47, 51, 53, *58*, 59, 64, 81, 89, 91, 95 | 53 not otherwise listed |
| NRDS | 18, 31, 36, 66, 80 | 13 + 53 = 66 struck |
| IDF=NRA | 8, 50, 60 | 95 lines - 66 struck = 29 valid |
| *Duplicates:* | 2, 7, 10, 30, 67, 74, 75, 78, 79, 82, 83, 84, 85, 86, 88 | |

| | | |
|---|---|---|
| **Page 370** | (110 lines) | **43 valid** |
| *Struck at Hearing:* | 53, 104 | (2) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 106 | |
| NR | 12, 18, 20, 33, 44, 45, 57, 70, 87, 93 | |

NRA 5, 6, 7, 8, 19, 22, 24, 26, 27, 28, 30, 31, 39, 40, 42, 46, 48, 54, 59, 60, 62, 63, 74, 66, 68, 69, 71, 72, 73, 74, 75, 76, 79, 82, 85, 88, 89, 90, 92, 97, 99, 100, 101, 103, 110

NRDS 65 not otherwise listed
IDF=NRA 2 + 65 = 67 struck
*Duplicates:* 2, 3, 4, 11, 13, 32, 51, 61, 91 110 lines - 67 struck = 43 valid

**Page 371** (35 lines) **13 valid**
*Struck at Hearing:* 8, 9, 10, 13, 23, 32, 35 (7)
*Joint Exhibit No. 1:*
NA/OC *8, 10, 23,* 27
NR 1, 5, 20
NRA 4, 7, 14, 15, 16, 18, 25, 26, 28, 31
NRDS 15 not otherwise listed
IDF=NRA 3 7 + 15 = 22 struck
*Duplicates:* 35 lines - 22 struck = 13 valid

**Page 372** (110 lines) **26 valid**
*Struck at Hearing:* 71, 75, 94, 99, 104 (5)
*Joint Exhibit No. 1:*
NA/OC 7
NR 3, 9, 14, 15, 18, 26, 27, 28, 33, 39, 44, 49, 52, 54, 60, 62, 64, 72, 74, 77, 78, 80, 84, 85, 87, 88, 93, 98
NRA 2, 5, 6, 8, 10, 17, 19, 21, 25, 29, 30, 35, 36, 38, 40, 43, 46, 47, 58, 61, 65, 66, 81, 82, 83, 86, 90, 95, 96, 97, 101, 102, 103, 105, 106, 107
NRDS 37 79 not otherwise listed
IDF=NRA 4, 20, 50, 51, 68, 79, 91 5 + 79 = 84 struck
*Duplicates:* 1, 2, 6, 22, 31, 59 110 lines - 84 struck = 26 valid

**Page 373** (40 lines) **25 valid**
*Struck at Hearing:* 2, 5, 6, 7, 28, 33, 39, 40 (8)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS 7 not otherwise listed
IDF=NRA 8 + 7 = 15 struck
*Duplicates:* 17, 21, 22, 31, 32, 34, 36 40 lines - 15 struck = 25 valid

**Page 374** (104 lines) **32 valid**
*Struck at Hearing:* 2, 8, 10, 18, 19, 21, 26, 30, 32, 42, 44, 51, 61, 62, 63, 72, 73, 78, 79, 80, 81, 94, 101 (23)
*Joint Exhibit No. 1:*
NA/OC 55
NR 16, 34, 39, 43, 48, 54, 59, 68, 85, 87, 96, 98, 100
NRA 9, 15, 17, 20, 22, 24, 27, 29, 40, 41, 45, 46, 56, 58, 60, 66, 70, 76, 77, 88, 99
 49 not otherwise listed
NRDS 4 23 + 49 = 72 struck
IDF=NRA 11, 23, 38, 90 104 lines - 72 struck = 32 valid
*Duplicates:* *44,* 50, *61, 62, 63,* 64, 65, 67, 69, 71, 72, 82, 93

**Page 376** (110 lines) **46 valid**
*Struck at Hearing:* 1, 13, 14, 15, 21, 23, 24, 26, 27, 33, 34, 36, 37, 38, 42, 58, 69, 70, 79, 100 (20)
*Joint Exhibit No. 1:*
NA/OC 35, 49, 53, 81, 86, 88, 99
NR 4, 8, 28, 30, 32, 60, 63, 76, 84, 85, 89, 104, 105, 106
NRA 12, 17, 44, 47, 54, 61, 72, 80, 87, 95, 97, 102, 103, 107, 109, 110

| | | |
|---|---|---|
| NRDS | 5 | 44 not otherwise listed |
| IDF=NRA | 10, 22, 25, 39, 64, 66 | 20 + 44 = 64 struck |
| *Duplicates:* | | 110 lines - 64 struck = 46 valid |

**Page 377** (110 lines) **0 valid**
*Struck at Hearing:* 1-110 (110)
*Joint Exhibit No. 1:*
NA/OC
NR Not included in Joint Ex. 1
NRA 110 lines - 110 struck = 0 valid
NRDS
IDF=NRA
*Duplicates:* 27, 30, 34, 35, 40, 55, 56, 58, 68, 70

**Page 378** (110 lines) **16 valid**
*Struck at Hearing:* 1, 9, 30, 31, 34, 35, 37, 46, 47, 49, 57, 62, 63, 68, 69, 78, 79, 80, 86, 87, 98, 101, 107 (23)

*Joint Exhibit No. 1:*
NA/OC
NR 6, 10, 11, 12, 15, 25, 28, 33, 36, 38, 43, 51, 52, 53, 56, 59, 60, 61, 65, 66, 67, 72, 73, 81, 82, 84, 85, 89, 90, 92, 95, 97, 100, 102, 103, 104, 108, 109
NRA 3, 8, 13, 14, 18, 22, 27, 29, 40, 41, 44, 48, 50, 55, 64, 70, 71, 74, 75, 77, 83, 91, 93, 94, 96, 105, 106, 110
NRDS 7 71 not otherwise listed
IDF=NRA 23 + 71 = 94 struck
*Duplicates:* 4, 17, 20, 23 110 lines - 94 struck = 16 valid

**Page 379** (100 lines) **100 valid**
*Struck at Hearing:*
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 100 lines - 0 struck = 100 valid
*Duplicates:*

**Page 380** (100 lines) **0 valid**
*Struck at Hearing:* 1-100 (100)
*Joint Exhibit No. 1:*
NA/OC
NR *2, 5, 8, 12, 14, 15, 19, 20, 28, 30, 31, 34, 41, 45, 46, 56, 58, 64, 68, 69, 73, 74, 75, 80, 86, 89, 91, 94, 95, 96, 99, 100*
NRA *4, 10, 18, 27, 43, 48, 57*
NRDS
IDF=NRA 100 lines - 100 struck = 0 valid
*Duplicates:*

**Page 381** (110 lines) **52 valid**
*Struck at Hearing:* 1, 3, 7, 8, 10, 20, 21, 33, 34, 36, 37, 64, 68, 81, 92, 99, 100, 106 (18)

*Joint Exhibit No. 1:*
NA/OC 101
NR 59, 75, 78, 86, 87
NRA 4, 16, 17, 18, 23, 28, 52, 58, 60, 62, 63, 65, 67, 69, 71, 76, 77, 79, 82, 83, 85, 89, 90, 91, 94, 98, 102, 104, 108, 109
NRDS 40 not otherwise listed
IDF=NRA 6, 19, 70, 88 18 + 40 = 58 struck

*Duplicates:* 110 lines - 58 struck = 52 valid

**Page 382** (100 lines) **30 valid**
*Struck at Hearing:* 9, 10, 11, 12, 16, 27, 3, 35, 37, 38, 39, 40, 41, 42, 43, 60, 61,
62, 63, 64, 65, 72, 81, 88, 89, 92, 94, 96, 97, 98, 99, 100 (33)

*Joint Exhibit No. 1:*
NA/OC 79, 84
NR 17, 47, 48, 54, 55, 56, 66, 83
NRA 15, 18, 20, 21, 23, 24, 30, 36, 44, 46, 50, 51, 52, 53, 67, 68, 69, 76,
78, 82, 85, 86, 87, 91
NRDS 37 not otherwise listed
IDF=NRA 13, 25, 73 33 + 37 = 70 struck
*Duplicates:* 100 lines - 70 struck = 30 valid

**Page 383** (60 lines) **36 valid**
*Struck at Hearing:* 5, 9, 16, 17, 18, 19, 20, 21, 22, 23, 30, 34, 37, 53 (14)
*Joint Exhibit No. 1:*
NA/OC
NR 15, 31, 42
NRA 33, 38, 40, 41, 45
NRDS 10 not otherwise listed
IDF=NRA 11, 44 14 + 10 = 24 struck
*Duplicates:* 60 lines - 24 struck = 36 valid

**Page 384** (110 lines) **7 valid**
*Struck at Hearing:* 2, 8-14, 17-53, 54-74, 75-78, 84, 86, 88-90, 96-100, 103,
105, 110 (86)

*Joint Exhibit No. 1:*
NA/OC *14*, 48
NR *2, 4*, 15, *18, 30, 38, 49, 58, 62, 69*, 80, *110*
NRA *3, 7, 19, 21, 27, 36, 42, 43, 46, 53, 60, 65, 68, 71*, 79, 81, 82, 83, *84,
85, 86*, 87, *88*, 91, *96, 98*, 107, 109
NRDS 17 not otherwise listed
IDF=NRA 6, *10*, 92, *97, 103* 86 + 17 = 103 struck
*Duplicates:* *45, 59* 110 lines - 103 struck = 7 valid

**Page 385** (110 lines) **8 valid**
*Struck at Hearing:* 2, 3, 11, 12, 15-53, 54-100, 101-107, 108, 109 (96)
*Joint Exhibit No. 1:*
NA/OC
NR *2, 5, 8*, 14, *18, 20, 22, 24, 27, 31, 33, 47, 52, 58, 59, 60, 63, 65, 67,
68, 69, 71, 72, 73*, 80, *88, 90, 97, 99, 103*
NRA 1, *3*, 4, 6, *15, 21, 26, 28, 29, 34, 40, 41, 44, 53, 55, 61, 104, 105, 106*
NRDS 6 not otherwise listed
IDF=NRA *43, 49, 62, 74, 92, 93* 96 + 6 = 102 struck
*Duplicates:* *32, 102* 110 lines - 102 struck = 8 valid

**Page 386** (82 lines) **58 valid**
*Struck at Hearing:* 5, 10-11, 13, 14, 26-30, 32, 33, 34, 35, 41, 42, 52, 53, 56, 57,
65, 67, 71, 72 (24)

*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 82 lines - 24 struck = 58 valid
*Duplicates:*

**Page 387** (55 lines) **25 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 23, 24, 26-28, 30-32, 34, 37, 45, 46, 53 | (11) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | *34* | |
| NR | 5, 7, 9, 11, 13, *31, 37,* 40, 44, *46* | |
| NRA | 6, 14, 15, 16, 19, 22, *23, 24,* 25, *27,* 38, 48, 49, 54 | |
| NRDS | | 19 not otherwise listed |
| IDF=NRA | 4 | 11 + 19 = 30 struck |
| *Duplicates:* | | 55 lines - 30 struck = 25 valid |

**Page 388** (110 lines) **29 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 8, 23, 35, 43, 44, 51, 53, 61, 74, 91, 95, 102 | (12) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 84 | |
| NR | 1, 5, 15, 20, 24, 36, 39, 41, 42, 45, 46, 54, 56, 72, 75, 78, 80, 90, 96, 100, 108, 109 | |
| NRA | 3, 4, 6, 11, 13, 14, 18, 25, 26, 27, 28, 29, 31, 34, 48, 49, 50, 59, 62, 63, 70, 79, 82, 83, 85, 93, 94, 104, 107 | |
| NRDS | | 69 not otherwise listed |
| IDF=NRA | 33, 40, 55, 58, 66, 67, 87, 98, 103 | 12 + 69 = 81 struck |
| *Duplicates:* | 16, 19, *35,* 37, *51,* 57, 60, 69, 76, 81 | 110 - 81 struck = 29 valid |

**Page 389** (53 lines) **10 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 20, 44 | (2) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 42 | |
| NR | 3, 8, 41, 45, 46, 47, 48, 52 | |
| NRA | 2, 5, 6, 9, 10, 11, 12, 16, 19, 21, 23, 24, 28, 29, 30, 32, 33, 35, 36, 37, 38, 40, 43, 50, 51, 53 | |
| NRDS | | 41 not otherwise listed |
| IDF=NRA | 1, 7, 26, 39, 49 | 2 + 41 = 43 struck |
| *Duplicates:* | 15 | 53 lines - 43 struck = 10 valid |

**Page 390** (110 lines) **28 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 5, 19, 21, 28, 29, 50, 52, 53, 66, 73, 85, 90, 95, 96 | (15) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 37 | |
| NR | 3, 11, 12, 18, 25, 35, 47, 48, 49, 54, 63, 67, 68, 70, 71, 77, 81, 84, 86, 91, 93, 94, 99, 100, 105, 109, 110 | |
| NRA | 9, 15, 17, 24, 26, 27, 31, 36, 41, 43, 44, 45, 56, 57, 59, 60, 62, 72, 74, 75, 79, 83, 87, 88, 89, 97, 101, 102, 107 | |
| NRDS | | |
| IDF=NRA | 7, 20, 23, 30, 51, 58, 61, 69, 82, 108 | 67 not otherwise listed<br>15 + 67 = 82 struck |
| *Duplicates:* | | 110 lines - 82 struck = 28 valid |

**Page 391** (110 lines) **38 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 10, 20, 26, 27, 28, 29, 30, 31, 42, 45, 46, 47, 48, 49, 50, 51, 52, 53, 61, 62, 63, 66, 68, 69, 72, 73, 76, 78, 80, 85, 86, 87, 88, 91, 92, 93, 95, 96, 97, 105, 109, 110 | (42) |
| *Joint Exhibit No. 1:* | | |
| NA/OC | 6, 12, 17 | |
| NR | 2, 7, 37, 41, 44, 57, 58, 106 | |
| NRA | 1, 9, 15, 32, 34, 35, 36, 54, 59, 60, 74, 75, 81, 82, 83, 84, 94 | |
| NRDS | | 30 not otherwise listed |
| IDF=NRA | 39, 98 | 42 + 30 = 72 struck |
| *Duplicates:* | | 110 lines - 72 struck = 38 valid |

**Page 392** (106 lines) **57 valid**
*Struck at Hearing:* 27, 28, 33, 38, 39, 55, 56, 57, 58, 59, 60, 68, 93, 94, 95, 96,
 98, 106, 108, 109, 110 (21)

*Joint Exhibit No. 1:*
NA/OC 18, 87, 99
NR 16, 19, 35, 67, 83, 90, 97, 104
NRA 9, 10, 12, 13, 17, 37, 46, 61, 88, 92, 101
NRDS 1 28 not otherwise listed
IDF=NRA 8, 21, 30, 42, 66 21 + 28 = 49 struck
*Duplicates:* 106 lines - 49 struck = 57 valid

**Page 393** (61 lines) **43 valid**
*Struck at Hearing:* 29, 30, 49, 50, 54 (5)
*Joint Exhibit No. 1:*
NA/OC
NR 13 not otherwise listed
NRA Not included in Joint Ex. 1 5 + 13 = 18 struck
NRDS 61 lines - 18 struck = 43 valid
IDF=NRA
*Duplicates:* 3, 6, 8, 18, 20, 23, 24, 26, 37, 38, 53, 56, 57

**Page 395** (60 lines) **34 valid**
*Struck at Hearing:* 30, 32, 39 (3)
*Joint Exhibit No. 1:*
NA/OC
NR 5, 13, 16, 24, 25, 27, 31, 36, 45, 58, 59
NRA 17, 18, 26, 28, 38, 43, 50, 53
NRDS 23 not otherwise listed
IDF=NRA 22, 41, 44, 52 3 + 23 = 26 struck
*Duplicates:* 60 lines - 26 struck = 34 valid

**Page 396** (52 lines) **26 valid**
*Struck at Hearing:* 13, 14, 25, 31, 37, 38, 43 (7)
*Joint Exhibit No. 1:*
NA/OC
NR 12, 15, 22, 27
NRA 3, 4, 11, 16, 17, 18, 20, 30, 40, 41, 47, 50
NRDS 19 not otherwise listed
IDF=NRA 9, 39 7 + 19 = 26 struck
*Duplicates:* 42 52 lines - 26 struck = 26 valid

**Page 397** (41 lines) **12 valid**
*Struck at Hearing:* 5, 34, 35 (3)
*Joint Exhibit No. 1:*
NA/OC 1
NR 10, 11, 18, 25, 29, 37, 38, 41
NRA 4, 7, 12, 13, 14, 17, 19, 21, 24, 26, 28, 30, 31, 40
NRDS
IDF=NRA 2
*Duplicates:* 32, 36

**Page 398** (53 lines) **3 valid**
*Struck at Hearing:* 2, 7-11, 14-19, 24-29, 31-40, 42-44, 47, 51 (33)
*Joint Exhibit No. 1:*
NA/OC 31, 49
NR 14, 15, 16, 50
NRA 2, 3, 5, *9, 10, 11,* 12, 13, *17, 18, 19,* 20, 21, *24, 25, 26, 29, 34, 35,*
 *37,* 41, 45, 48, *51,* 52
NRDS 17 not otherwise listed

| IDF=NRA | *42* | 33 + 17 = 50 struck |
| Duplicates: | | 53 lines—50 struck = 3 valid |

**Page 399** (83 lines) **0 valid**
*Struck at Hearing:* 1-83 (83)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 83 lines - 83 struck = 0 valid
*Duplicates:*

**Page 399 struck in its entirety by stipulation per order of Judge Mirarchi.**

**Page 400** (110 lines) **108 valid**
*Struck at Hearing:* 52, 53 (2)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 110 lines - 2 struck = 108 valid
*Duplicates:*

**Page 401** (88 lines) **0 valid**
*Struck at Hearing:* 1-88 (88)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 88 lines - 88 struck = 0 valid
*Duplicates:*

**Page 402** (53 lines) **0 valid**
*Struck at Hearing:* 1-53 (53)
*Joint Exhibit No. 1:*
NA/OC *19, 27, 34*
NR *2, 6, 14, 21, 22, 26, 28, 29*
NRA *1, 3, 4, 5, 7, 10, 11, 12, 16, 24, 25, 30, 32, 33*
NRDS
IDF=NRA 53 lines - 53 struck = 0 valid
*Duplicates:*

**Page 403** (110 lines) **24 valid**
*Struck at Hearing:* 32, 35, 39, 42, 83, 90, 91, 103 (8)
*Joint Exhibit No. 1:*
NA/OC 9, 10, 12, 20, 25, 80, 84
NR 1, 19, 30, 31, 41, 43, 47, 49, 50, 55, 64, 65, 68, 69, 71, 72, 73, 76, 77, 78, 79, 81, 82, 85, 87, 93, 95, 96, 105
NRA 2, 11, 21, 22, 26, 27, 28, 29, 33, 34, 36, 37, 38, 40, 44, 45, 46, 48, 51, 52, 53, 54, 56, 57, 58, 60, 61, 62, 63, 74, 75, 86, 88, 89, 92, 99, 100, 104, 106 109 78 not otherwise listed
NRDS 8 + 78 = 86 struck
IDF=NRA 110 lines - 86 struck = 24 valid
*Duplicates:* 13, 59

**Page 404** (53 lines) **38 valid**
*Struck at Hearing:* 3, 11, 12, 13, 15, 16, 27, 28, 51 (9)

*Joint Exhibit No. 1:*
NA/OC
NR
NRA . Not included in Joint Ex. 1
NRDS 6 not otherwise listed
IDF=NRA 9 + 6 = 15 struck
*Duplicates:* 1, 5, 10, 20, 21, 53 53 lines - 15 struck = 38 valid

**Page 405** (62 lines) **50 valid**
*Struck at Hearing:* 6, 9, 11, 13, 16, 30, 31, 32, 33, 34, 59, 60 (12)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 62 lines - 12 struck = 50 valid
*Duplicates:* 59

**Page 406** (110 lines) **30 valid**
*Struck at Hearing:* 3, 4, 5, 7, 12, 15, 35, 40, 48-51, 53, 56, 69, 70, 71, 72, 76, 103 (20)
*Joint Exhibit No. 1:*
NA/OC 109
NR 11, 39, 41, 42, 43, 44, 47, 64, 73, 74, 80, 83, 85, 86
NRA 2, 6, 13, 14, 16, 18, 20, 21, 24, 26, 30, 31, 33, 34, 36, 37, 45, 59, 60, 78, 79, 81, 82, 84, 87, 93, 94, 95, 96, 110
NRDS 57, 65
IDF=NRA 22, 62, 63, 75
*Duplicates:* *4, 5,* 8, 9, 10, 19, 38, *51,* 55, *56,* 99, 102, 105
 60 not otherwise listed
 20 + 60 = 80 struck
 110 lines - 80 struck = 30 valid

**Page 407** (100 lines) **6 valid**
*Struck at Hearing:* 1-3, 7, 11, 12, 14, 20, 22, 26, 29, 31, 42, 45, 48, 50, 51, 57, 58, 60, 70, 72, 86, 87 (25)
*Joint Exhibit No. 1:*
NA/OC 17, 18, 24, 25, 53, 69, 99
NR 8, 13, 19, 27, 30, 37, 40, 49, 55, 56, 61, 69, 83, 85, 90, 92, 94
NRA 4, 16, 21, 23, 28, 33, 34, 35, 38, 41, 44, 46, 47, 54, 64, 65, 67, 71, 75, 81, 84, 88, 89, 90, 93, 95, 96, 97
NRDS 5, 36, 73
IDF=NRA 32, 39, 52, 62, 63
*Duplicates:* *1,* 6, *7,* 9, 10, *12, 13, 22, 29, 57, 60, 72,* 76, 78, 79, 80, 91, 98
 69 not otherwise listed
 25 + 69 = 94 struck
 100 lines - 94 struck = 6 valid

**Page 408** (48 lines) **18 valid**
*Struck at Hearing:* 16, 17, 19, 22, 25, 33, 39, 41, 45 (9)
*Joint Exhibit No. 1:*
NA/OC 7
NR 4, 6, 8, 9, 11, 14, 29, 31, 35, 46
NRA 5, 30, 38, 43, 44
NRDS 21 not otherwise listed
IDF=NRA 9 + 21 = 30 struck
*Duplicates:* 1, 13, 26, 36, 42 48 lines - 30 struck = 18 valid

**Page 409** (106 lines) **7 valid**
*Struck at Hearing:* 6, 22, 30, 41, 46, 50, 105, 106 (8)

*Joint Exhibit No. 1:*
| | |
|---|---|
| NA/OC | 9, 33, 38, 39, 61, 76, 83 95 |
| NR | 3, 11, 15, 16, 17, 20, 21, 23, 24, 25, 28, 43, 45, 52, 54, 55, 57, 58, 62, 63, 65, 74, 75, 80, 82, 84, 87, 93, 98, 99, 100, 103 |
| NRA | 1, 2, 4, 8, 19, 26, 27, 29, 31, 33, 34, 36, 37, 40, 42, 44, 47, 48, 51, 53, 56, 59, 60, 64, 66, 67, 68, 69, 70, 71, 72, 73, 77, 78, 79, 81, 85, 88, 90, 92, 94, 96, 104 |

| | | |
|---|---|---|
| NRDS | | 91 not otherwise listed |
| IDF=NRA | 10, 49, 86, 97 | 8 + 91 = 99 struck |
| *Duplicates:* | 5, 7, 101, 102 | 106 lines - 99 struck = 7 valid |

**Page 410** (58 lines) **7 valid**
*Struck at Hearing:* 11, 14, 35, 50-52, 55, 56, 49 (9)
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | 2, 9, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 46, 48, 49, 53, 54, 57 | |
| NRA | 7, 12, 13, 29, 41, 44, 45, 47 | |
| NRDS | 4 | 42 not otherwise listed |
| IDF=NRA | 20 | 9 + 42 = 51 struck |
| *Duplicates:* | 6, 8 | 58 lines - 51 struck = 7 valid |

**Page 411** (84 lines) **0 valid**
*Struck at Hearing:* 1-84 (84)
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | | |
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | |
| IDF=NRA | | 84 Lines - 84 struck = 0 valid |
| *Duplicates:* | | |

**Page 412** (50 lines) **9 valid**
*Struck at Hearing:* 3, 6, 7, 8, 11, 13, 14, 16, 18, 20, 21, 23, 28, 37, 43, 44, 46-48 (19)
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | 9, 12, 17, 19, 24, 32, 33, 42, 49 | |
| NRA | 22, 29, 34, 35, 36, 39, 41, 50 | |
| NRDS | | 22 not otherwise listed |
| IDF=NRA | 30 | 19 + 22 = 41 struck |
| *Duplicates:* | 4, 5, 10, 15 | 50 lines - 41 struck = 9 valid |

**Page 413** (53 lines) **14 valid**
*Struck at Hearing:* 1, 5, 6, 9-12, 16, 21, 22, 25-30, 37, 38, 40-46, 58 (26)
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 36 | |
| NR | 31, 34, 35 | |
| NRA | 8, 17, 33, 57 | |
| NRDS | | 13 not otherwise listed |
| IDF=NRA | | 26 + 13 = 39 struck |
| *Duplicates:* | 3, 4, 19, 59, 60 | 53 lines - 39 struck = 14 valid |

**Page 414** (36 lines) **8 valid**
*Struck at Hearing:* 15, 16, 20, 28 (4)
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 4, 23, 24, 25, 31 | |
| NR | 6, 12, 30, 34 | |
| NRA | 19, 29, 32, 35 | |
| NRDS | | 14 not otherwise listed |

| | | |
|---|---|---|
| IDF=NRA | 33 | 4 + 14 = 28 struck |
| *Duplicates:* | | 36 lines - 28 struck = 8 valid |

**Page 415** (88 lines) **0 valid**

*Struck at Hearing:* 1-88 (88)

*Joint Exhibit No. 1:*

NA/OC *5, 14, 71, 78, 79, 80, 81, 87*

NR *18, 36, 39, 40, 52, 61, 64, 66, 67, 68, 72*

NRA *1, 13, 34, 41, 46, 47, 53, 54, 55, 57, 58, 62, 65, 69*

NRDS

IDF=NRA 88 lines - 88 struck = 0 valid

*Duplicates:*

**Page 416** (110 lines) **24 valid**

*Struck at Hearing:* 2, 3, 5, 17, 19-23, 34, 37, 41, 42, 44, 45, 47, 48, 50, 55-57, 60-62, 64-73, 80-82, 84-102, 105-110 (73)

*Joint Exhibit No. 1:*

NA/OC 12

NR 1, *2, 3*, 7, 8, 13, 15, 16, 35, 38, 39, *41, 42, 43, 44, 45,* 46, 83, *101, 107, 108*

NRA

NRDS *105* 13 not otherwise listed

IDF=NRA 73 + 13 = 86 struck

*Duplicates:* 110 lines - 86 struck = 24 valid

**Page 417** (30 lines) **5 valid**

*Struck at Hearing:* 2, 3, 5, 6, 12-21, 23-26, 28-30 (21)

*Joint Exhibit No. 1:*

NA/OC

NR 7, 11

NRA 8, 10

NRDS 4 not otherwise listed

IDF=NRA 21 + 4 = 25 struck

*Duplicates:* 30 lines - 25 struck = 5 valid

**Page 419** (53 lines) **0 valid**

*Struck at Hearing:* 1-53 (53)

*Joint Exhibit No. 1:*

NA/OC *52*

NR *6, 12, 14, 19, 21, 24, 28, 32, 34, 35, 37, 39, 40, 41*

NRA *2, 3, 4, 5, 10, 16, 17, 20, 26, 27, 30, 33, 36, 38, 47, 49, 51*

NRDS

IDF=NRA 53 lines - 53 struck = 0 valid

*Duplicates:*

**Page 420** (73 lines) **25 valid**

*Struck at Hearing:* 4, 5, 25, 26, 33, 48, 53, 68 (8)

*Joint Exhibit No. 1:*

NA/OC

NR 1, 2, 3, 14, 22, 29, 30, 32, 36, 45, 49, 51, 63

NRA 7, 10, 12, 13, 15, 31, 35, 40, 44, 47, 50, 55, 56, 57, 66, 69, 70, 73

NRDS 11, 64 40 not otherwise listed

IDF=NRA 16 8 + 40 = 48 struck

*Duplicates:* 18, 28, 34, 39, 58, 65 73 lines - 48 struck = 25 valid

**Page 421** (50 lines) **1 valid**

*Struck at Hearing:* 2, 5, 8-10, 19, 24-31, 33, 38, 39, 42, 45 (20)

*Joint Exhibit No. 1:*

NA/OC 1, 13, 14, 18

| NR | *13*, 15, 16, 17, 20, 21, 22, 34, 35, 43, 48, 49, 50 | |
|---|---|---|
| NRA | 3, 4, 7, 11, 12, 23, 32, 36, 37, 44, 46, 47 | |
| NRDS | 40 | 29 not otherwise listed |
| IDF=NRA | | 20 + 29 = 49 struck |
| *Duplicates:* | | 50 lines - 49 struck = 1 valid |

**Page 422** (100 lines) **10 valid**
*Struck at Hearing:* 4, 7, 13, 26-28, 33, 39, 42, 46, 54-100 (57)
*Joint Exhibit No. 1:*

| NA/OC | 20, 25, 41 | |
|---|---|---|
| NR | 2, 15, 17, 18, 22, 23, 32, 45, 48, 49, 50, 51, 53 | |
| NRA | 6, 14, 16, 21, 24, 30, 34, 35, 36, 37, 38, 40, 44, 47, 52 | |
| NRDS | *20* | 33 not otherwise listed |
| IDF=NRA | 3, 5 | 57 + 33 = 90 struck |
| *Duplicates:* | *28* | 100 lines - 90 struck = 10 valid |

**Page 423** (110 lines) **52 valid**
*Struck at Hearing:* 6, 12-14, 16-22, 24-28, 31, 36-38, 43, 44, 46, 55-59, 62, 65, 66, 68, 70, 74-76, 81, 84, 85, 87, 88, 90, 92-103 (54)
*Joint Exhibit No. 1:*

| NA/OC | | |
|---|---|---|
| NR | 5 | |
| NRA | 1, 2, 4 | |
| NRDS | | 4 not otherwise listed |
| IDF=NRA | | 54 + 4 = 58 struck |
| *Duplicates:* | | 110 - 58 struck = 52 valid |

**Page 424** (110 lines) **22 valid**
*Struck at Hearing:* 5, 6, 9, 11, 12, 14, 15, 17-20, 26-28, 30, 32, 36-38, 45, 52, 59, 64, 66, 83, 88, 106 (27)
*Joint Exhibit No. 1:*

| NA/OC | 34, 35, 54, 65, 67, 78, 92 | |
|---|---|---|
| NR | 7, 8, 16, 21, 22, 23, 29, 31, 33, 40, 55, 60, 70, 77, 79, 87, 89, 94, 99, 100, 101, 104, 105, 107 | |
| NRA | 2, 3, 4, 10, 13, 42, 44, 46, 47, 53, 57, 58, 62, 81, 82, 90, 93, 95, 97, 110 | |
| NRDS | 39, 48, 72, 84, 85, 98, 103 | 61 not otherwise listed |
| IDF=NRA | 1, 25 | 27 + 61 = 88 struck |
| | | 110 lines - 88 struck = 22 valid |
| *Duplicates:* | *30, 88*, 108 | |

**Page 425** (110 lines) **14 valid**
*Struck at Hearing:* 3, 7, 13-15, 25-27, 31, 36-110 (84)
*Joint Exhibit No. 1:*

| NA/OC | | |
|---|---|---|
| NR | 8, 12, 21, 22, 30, 32, *38, 43, 51, 52, 62,* 69, *71, 72,* 76, 87, *94, 104, 106, 110* | |
| NRA | 11, 24, *27,* 34, *38, 70, 86* | |
| NRDS | 9, 10, *44, 61* | 12 not otherwise listed |
| IDF=NRA | *50* | 84 + 12 = 96 struck |
| *Duplicates:* | | 110 lines - 96 struck = 14 valid |

**Page 426** (101 lines) **68 valid**
*Struck at Hearing:* 4, 6, 10, 12-14, 27, 29, 37, 38, 46-49, 52, 53, 62, 65, 73, 78, 83, 86, 87, 93 96 (25)
*Joint Exhibit No. 1:*

| NA/OC | | |
|---|---|---|
| NR | | |
| NRA | Not included in Joint Ex. 1 | 8 not otherwise listed |

| | | |
|---|---|---|
| NRDS | | 25 + 8 = 33 struck |
| IDF=NRA | | 101 lines - 33 struck = 68 valid |
| *Duplicates:* | 3, *10,* 67, 69, 71, 77, 79, 92, 99 | |

| | | | |
|---|---|---|---|
| **Page 427** | (103 lines) | **0 valid** | |
| *Struck at Hearing:* | 1-103 | | (103) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | | | |
| NR | | | |
| NRA | Not included in Joint Ex. 1 | | |
| NRDS | | | |
| IDF=NRA | | 103 lines - 103 struck = 0 valid | |
| *Duplicates:* | *19, 90* | | |

| | | | |
|---|---|---|---|
| **Page 429** | (103 lines) | **0 valid** | |
| *Struck at Hearing:* | 1-103 | | (103) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | | | |
| NR | | | |
| NRA | Not included in Joint Ex. 1 | | |
| NRDS | | | |
| IDF=NRA | | 103 lines - 103 struck = 0 valid | |
| *Duplicates:* | | | |

| | | | |
|---|---|---|---|
| **Page 430** | (100 lines) | **0 valid** | |
| *Struck at Hearing:* | 1-100 | | (100) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | | | |
| NR | *1, 3, 4, 12, 13, 14, 16, 17, 24, 29, 32, 33, 34, 42, 48, 49, 59, 65, 67, 70* | | |
| NRA | *2, 15, 19, 26, 35, 58, 60, 62, 69* | | |
| NRDS | | | |
| IDF=NRA | | 100 lines - 100 struck = 0 valid | |
| *Duplicates:* | | | |

| | | | |
|---|---|---|---|
| **Page 456** | (62 lines) | **11 valid** | |
| *Struck at Hearing:* | 2-4, 7-16, 20, 21, 24, 25, 54, 55 | | (19) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | 27, 28, 43, 44, 45, 57, 59 | | |
| NR | *2, 4,* 25, 29, 30, 31, 51, 52 | | |
| NRA | 1, 5, 6, 17, 22, 26, 33, 34, 35, 37, 38, 46, 47, 48, 49, 50, 53, 58, 60, 62 | | |
| NRDS | | 32 not otherwise listed | |
| IDF=NRA | | 19 + 32 = 51 struck | |
| *Duplicates:* | | 62 lines - 51 struck = 11 valid | |

| | | | |
|---|---|---|---|
| **Page 457** | (40 lines) | **3 valid** | |
| *Struck at Hearing:* | 2-6, 9-12, 16-33, 35-39 | | (32) |
| *Joint Exhibit No. 1:* | | | |
| NA/OC | | | |
| NR | *18, 20, 22,* 27, *29, 30, 31,* 40 | | |
| NRA | *12,* 13, 14, *21, 23, 24, 25, 28,* 32, 34, *38, 39* | | |
| NRDS | | 5 not otherwise listed | |
| IDF=NRA | | 32 + 5 = 37 struck | |
| *Duplicates:* | 1, *2,* 6, *14, 15, 16, 36, 39* | 40 lines - 37 struck = 3 valid | |

| | | | |
|---|---|---|---|
| **Page 458** | (53 lines) | **11 valid** | |
| *Struck at Hearing:* | 1, 4, 13, 14, 26, 28, 30, 31, 33, 35-38, 43, 45, 46, 52 | | (18) |
| *Joint Exhibit No. 1:* | | | |

| | | |
|---|---|---|
| NA/OC | 8, 9, 20 | |
| NR | 7, 11, 12, 15, 17, 25, 27, *28*, 32, *37*, 41, 47, 48, 50 | |
| NRA | 2, 5, 6, *13, 14*, 23, 24, 34, 49, 53 | |
| NRDS | | 24 not otherwise listed |
| IDF=NRA | 16, *36, 38* | 18 + 24 = 42 |
| *Duplicates:* | *43* | 53 lines - 42 struck = 11 valid |

**Page 459** (100 lines) **2 valid**

*Struck at Hearing:* 8-100 (93)
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | 37 | |
| NR | *6, 7, 9, 12, 13, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 35, 39, 40, 41, 42, 44, 45, 46, 48, 51, 61, 62, 63, 65, 67, 68, 69, 73, 76, 78, 79, 81, 82, 84, 87, 88, 89, 90, 92, 93, 95, 96, 98, 99, 100* | |
| NRA | *4, 5, 8, 10, 11, 14, 15, 19, 28, 34, 36, 38, 43, 47, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 64, 66, 70, 71, 72, 74, 75, 77, 80, 83, 85, 86, 91, 97* | |
| NRDS | | 5 not otherwise listed |
| IDF=NRA | | 93 + 5 =98 struck |
| *Duplicates:* | 3 | 100 lines - 98 struck = 2 valid |

**Page 460** (57 lines) **43 valid**

*Struck at Hearing:*
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | 6, 32, 50 | |
| NRA | 2, 4, 8, 14, 24, 27, 33, 52, 53 | |
| NRDS | | 14 not otherwise listed |
| IDF=NRA | 1 | 57 lines - 14 struck = 43 valid |
| *Duplicates:* | 7 | |

**Page 461** (58 lines) **0 valid**

*Struck at Hearing:*
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | | |
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | |
| IDF=NRA | | 58 lines - 58 struck = 0 valid |
| *Duplicates:* | *49* | |

**Page 461 struck in its entirety by stipulation per order of Judge Mirarchi.**

**Page 462** (51 lines) **30 valid**

*Struck at Hearing:* 2, 6, 11, 15, 16, 18, 23-27, 30, 31, 34-37, 40, 42, 48 (20)
*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | | |
| NR | | |
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | 1 not otherwise listed |
| IDF=NRA | | 20 + 1 = 21 struck |
| *Duplicates:* | 51 | 51 lines - 21 struck = 30 valid |

**Page 463** (72 lines) **0 valid**

*Struck at Hearing:* 1-72 (72)
*Joint Exhibit No. 1:*

| | |
|---|---|
| NA/OC | |
| NR | *13, 28, 32, 34, 35, 39, 43, 46, 55, 61, 65, 68* |

| | | |
|---|---|---|
| NRA | *2, 3, 9, 11, 14, 15, 16, 17, 19, 24, 25, 26, 37, 41, 49, 50, 53, 54, 60, 63* | |
| NRDS | | |
| IDF=NRA | *48* | 72 lines - 72 struck = 0 valid |
| *Duplicates:* | | |

**Page 464** (98 lines) **30 valid**
*Struck at Hearing:* 5, 15, 30, 44, 61-63, 79, 91 (9)
*Joint Exhibit No. 1:*
NA/OC 26, 80
NR 16, 17, 23, 25, 26, 27, 28, 29, 31, 32, 37, 38, 40, 41, 42, 45, 68, 72, 78, 85, 86, 87, 93, 94, 95, 97
NRA 2, 9, 10, 14, 18, 20, 24, 34, 35, 36, 39, 46, 52, 54, 69, 70, 77, 82, 83, 84, 92, 96, 98
NRDS 8 — 59 not otherwise listed
IDF=NRA 3, 6, 7, 21, 47 — 9 + 59 = 68 struck
*Duplicates:* 43, 55 — 98 lines - 68 struck = 30 valid

**Page 465** (61 lines) **14 valid**
*Struck at Hearing:* 4-8, 11, 14, 18, 28, 32, 48, 49, 55, 57, 59, 61 (16)
*Joint Exhibit No. 1:*
NA/OC 36
NR 15, 17, 23, 25, 26, 27, 29, 30, 34, 35, 37, 42, 43, 45, 56, 50
NRA 2, 3, 9, 24, 33, 40, 41, 44, 52, 53, 54
NRDS — 31 not otherwise listed
IDF=NRA — 16 + 31 = 47 struck
*Duplicates:* 1, 10, 12, *28, 32, 56,* 60 — 61 lines - 47 struck = 14 valid

**Page 466** (110 lines) **24 valid**
*Struck at Hearing:* 5, 7, 9, 10, 21, 27-32, 39-42, 47, 51, 54, 66, 69, 76, 84, 85, 95, 100, 103, 105, 110 (28)
*Joint Exhibit No. 1:*
NA/OC
NR 18, 19, 20, 23, 26, 35, 36, 44, 46, 48, 49, 50, 52, 53, 56, 67, 73, 77, 83, 86, 88, 102, 104, 108
NRA 2, 8, 11, 12, 13, 22, 59, 60, 61, 71, 72, 75, 78, 80, 81, 82, 87, 90, 91, 101, 106, 109
NRDS 57
IDF=NRA 107
*Duplicates:* 1, 6, *9, 10,* 14, 15, 16, 17, 25, 33, 34, 79
— 58 not otherwise listed
— 28 + 58 = 86 struck
— 110 lines - 86 struck = 24 valid

**Page 480** (102 lines) **24 valid**
*Struck at Hearing:* 9, 11-13, 23, 25, 27, 28, 32-36, 38-102 (78)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA — 102 lines - 78 struck = 24 valid
*Duplicates:*

**Page 481** (55 lines) **11 valid**
*Struck at Hearing:* 11, 13-55 (43)
*Joint Exhibit No. 1:*
NA/OC
NR Not included in Joint Ex. 1

NRA
NRDS
IDF=NRA
*Duplicates:* 12, *20, 23, 30, 32, 40, 47, 51, 52*

 1 not otherwise listed
 43 + 1 = 44 struck
 55 lines - 44 struck = 11 valid

**Page 482** (52 lines) **20 valid**
*Struck at Hearing:* 2, 6, 9, 10, 18, 25, 26, 31, 32, 34, 39, 43-46 (15)
*Joint Exhibit No. 1:*
NA/OC Not included in Joint Ex. 1
NR 17 not otherwise listed
NRA 15 + 17 = 32 struck
NRDS 52 lines - 32 struck = 20 valid
IDF=NRA
*Duplicates:* 1, 3, 4, 5, 7, 11, 12, 13, 15, 16, 17, 19, 35, 37, 47, 50, 52

**Page 483** (100 lines) **61 valid**
*Struck at Hearing:* 7, 8, 9, 10, 13, 16, 29, 30, 36, 37, 39, 40, 41, 43, 44, 45, 47, 48, 52, 57, 58, 63, 69, 70, 73, 74, 77-81, 87-89, 92, 93, 96, 98 (38)

*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS 1 not otherwise listed
IDF=NRA 38 + 1 = 39 struck
*Duplicates:* 1 100 lines - 39 struck = 61 valid

**Page 484** (71 lines) **36 valid**
*Struck at Hearing:* 2, 3, 5, 7, 8, 9, 16, 18, 22-24, 30-40, 43, 44, 47, 49, 51-53, 59, 62, 66, 67, 71 (34)

*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS 1 not otherwise listed
IDF=NRA 34 + 1 = 35 struck
*Duplicates:* 50 71 lines - 35 struck = 36 valid

**Page 485** (64 lines) **0 valid**
*Struck at Hearing:* 1-64 (64)
*Joint Exhibit No. 1:*
NA/OC
NR Not included in Joint Ex. 1
NRA
NRDS 64 lines - 64 struck = 0 valid
IDF=NRA
*Duplicates:* *1-5, 8, 9, 12, 14, 17, 19, 20, 22, 24, 26, 35, 38, 39, 42, 50, 53, 56, 59, 63*

**Page 486** (110 lines) **0 valid**
*Struck at Hearing:* 1-110 (110)
*Joint Exhibit No. 1:*
NA/OC
NR
NRA Not included in Joint Ex. 1
NRDS
IDF=NRA 110 lines - 110 struck = 0 valid
*Duplicates:*

**Page 487** (110 lines) **34 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 7, 8, 12, 16, 26-35, 38, 44-47, 49, 51, 54, 58, 59, 62-66, 68-72, 75, 81, 84, 93, 94, 104, 108-110 | (42) |

*Joint Exhibit No. 1:*
NA/OC

| | | |
|---|---|---|
| NR | 9, 11, 14, 23, 24, 40, 48, 50, 53, 73, 79, 83, 87, 95, 105, 106, 107 | |
| NRA | 1, 6, 39, 52, 56, 57, 61, 70, 85, 92, 96 | |
| NRDS | 20, 37, 41, 42, 103 | 34 not otherwise listed |
| IDF=NRA | 99 | 42 + 34 = 76 struck |
| *Duplicates:* | | 110 lines - 76 struck = 34 valid |

**Page 488** (110 lines) **20 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | 2, 4-7, 9-11, 13-22, 24-28, 30, 33, 34, 38, 40-53, 57, 59, 60-62, 65-79, 81, 83, 85, 86, 88-90, 94, 96, 98, 102-104, 106-110 | (81) |

*Joint Exhibit No. 1:*

| | | |
|---|---|---|
| NA/OC | Not included in Joint Ex. 1 | |
| NR | | 9 not otherwise listed |
| NRA | | 81 + 9 = 90 struck |
| NRDS | | 110 lines - 90 struck = 20 valid |
| IDF=NRA | | |
| *Duplicates:* | 3, 12, *16, 18, 19,* 23, 29, 31, 32, 39, 56, 64, *90* | |

**Page 489** (80 lines) **0 valid**

| | | |
|---|---|---|
| *Struck at Hearing:* | | (0) |

*Joint Exhibit No. 1:*
NA/OC
NR

| | | |
|---|---|---|
| NRA | Not included in Joint Ex. 1 | |
| NRDS | | |
| IDF=NRA | | 80 lines - 80 struck = 0 valid |
| *Duplicates:* | *4* | |

**Page 489 struck in its entirety by stipulation per order of Judge Mirarchi.**

4. The number of lines included in nomination pages ranging from 258—489 in Volumes C and D total **12,818,** the number of lines struck total **9,437** and the number of valid lines total **3,381.**

Heard Sept. 27–30 and Oct. 1–2, 4–5, 2004.

### INTERIM ADJUDICATION AND ORDER

MIRARCHI, Senior Judge.

AND NOW, this 7th Day of October 2004, after hearings held in the above-captioned matter before the undersigned on September 27th, 28th, 29th, 30th, and October 1st, 2nd, 4th and 5th, 2004 on Petitioners' objections to the Nomination Papers of Ralph Nader and Peter Miguel Camejo, Candidates of an Independent Po-litical Body for President and Vice President in the General Election of November 2, 2004 (Candidates), filed in the City of Philadelphia, and upon consideration of Petitioners' challenges to certain signatures, i.e., signatures which were signed by individuals more than once or affixed by someone other than those individuals, the Court makes the following findings.

1. At the hearings, counsel for the Candidates conceded that all the signatures challenged by Petitioners as duplicate signatures, except approximately 80 signatures, should be stricken as invalid.

2. Counsel for the Candidates further stipulated that the individuals who signed the Nomination Papers five times or more committed fraudulent acts and that all sig-

natures of those individuals should be stricken.

3. Based on the parties' concession and stipulation and the credible evidence presented at the hearing, this Court finds that the following signatures should be stricken as invalid duplicate signatures. In the event that the same signatures invalidated in this order have been or will be stricken on any other ground, they will be counted only once in calculating the total signatures stricken by this Court:

| Page Number | Line Number |
|---|---|
| 5 | 27 |
| 5 | 68 |
| 8 | 10 |
| 15 | 93 |
| 34 | 11 |
| 34 | 12 |
| 34 | 13 |
| 34 | 14 |
| 34 | 17 |
| 34 | 23 |
| 34 | 24 |
| 34 | 25 |
| 34 | 29 |
| 34 | 35 |
| 34 | 91 |
| 35 | 66 |
| 48 | 55 |
| 48 | 63 |
| 48 | 90 |
| 49 | 10 |
| 57 | 20 |
| 57 | 29 |
| 57 | 30 |
| 57 | 32 |
| 57 | 37 |
| 57 | 38 |
| 58 | 11 |
| 58 | 69 |
| 58 | 100 |
| 58 | 103 |
| 58 | 104 |
| 66 | 20 |
| 66 | 26 |
| 68 | 1 |
| 68 | 110 |
| 69 | 16 |
| 71 | 21 |
| 71 | 22 |
| 71 | 109 |
| 72 | 4 |
| 72 | 14 |
| 72 | 27 |
| 72 | 30 |
| 72 | 33 |
| 72 | 34 |
| 72 | 36 |
| 72 | 38 |
| 72 | 41 |
| 72 | 42 |
| 72 | 44 |
| 72 | 57 |
| 72 | 60 |
| 72 | 70 |
| 72 | 74 |
| 72 | 81 |
| 72 | 91 |
| 73 | 21 |
| 73 | 34 |
| 74 | 25 |
| 77 | 26 |
| 77 | 66 |
| 77 | 75 |
| 78 | 4 |
| 79 | 1 |
| 79 | 5 |
| 79 | 10 |
| 79 | 11 |
| 79 | 12 |
| 79 | 14 |
| 79 | 15 |
| 80 | 2 |
| 80 | 4 |
| 80 | 6 |
| 81 | 78 |
| 87 | 37 |
| 88 | 50 |
| 88 | 54 |
| 88 | 62 |
| 88 | 64 |
| 89 | 6 |
| 89 | 42 |
| 89 | 55 |
| 89 | 79 |
| 92 | 40 |
| 94 | 23 |
| 96 | 15 |
| 96 | 34 |
| 98 | 36 |
| 99 | 25 |
| 99 | 57 |
| 99 | 73 |
| 99 | 83 |
| 99 | 92 |
| 99 | 93 |
| 100 | 29 |
| 100 | 38 |
| 101 | 12 |
| 102 | 59 |
| 119 | 4 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 119 | 22 | 177 | 76 |
| 119 | 24 | 177 | 104 |
| 119 | 46 | 178 | 78 |
| 119 | 53 | 178 | 88 |
| 119 | 79 | 180 | 1 |
| 120 | 2 | 180 | 22 |
| 120 | 5 | 180 | 54 |
| 120 | 13 | 181 | 1 |
| 120 | 17 | 181 | 2 |
| 120 | 19 | 181 | 4 |
| 120 | 22 | 182 | 1 |
| 120 | 24 | 182 | 4 |
| 120 | 31 | 182 | 5 |
| 120 | 32 | 182 | 9 |
| 120 | 33 | 183 | 4 |
| 120 | 40 | 183 | 16 |
| 120 | 42 | 183 | 19 |
| 120 | 45 | 183 | 22 |
| 120 | 94 | 183 | 26 |
| 120 | 97 | 183 | 28 |
| 121 | 1 | 183 | 29 |
| 121 | 4 | 183 | 31 |
| 121 | 15 | 183 | 39 |
| 121 | 17 | 183 | 46 |
| 121 | 28 | 183 | 48 |
| 127 | 40 | 183 | 54 |
| 138 | 67 | 183 | 67 |
| 139 | 10 | 183 | 88 |
| 139 | 79 | 183 | 93 |
| 160 | 81 | 185 | 1 |
| 161 | 3 | 185 | 4 |
| 161 | 4 | 185 | 5 |
| 161 | 5 | 185 | 12 |
| 161 | 6 | 185 | 15 |
| 161 | 14 | 185 | 50 |
| 161 | 26 | 185 | 63 |
| 161 | 43 | 185 | 64 |
| 161 | 49 | 185 | 67 |
| 161 | 84 | 185 | 70 |
| 173 | 1 | 185 | 88 |
| 173 | 12 | 186 | 1 |
| 173 | 84 | 186 | 29 |
| 176 | 7 | 187 | 1 |
| 177 | 5 | 187 | 3 |
| 177 | 6 | 187 | 6 |
| 177 | 18 | 187 | 29 |
| 177 | 20 | 187 | 38 |
| 177 | 28 | 187 | 40 |
| 177 | 29 | 187 | 54 |
| 177 | 30 | 189 | 61 |
| 177 | 31 | 189 | 95 |
| 177 | 33 | 190 | 9 |
| 177 | 34 | 190 | 11 |
| 177 | 36 | 190 | 15 |
| 177 | 39 | 190 | 17 |
| 177 | 41 | 190 | 58 |
| 177 | 73 | 190 | 60 |
| | | 190 | 63 |
| | | 190 | 70 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 190 | 75 | 204 | 15 |
| 190 | 78 | 204 | 20 |
| 190 | 87 | 204 | 21 |
| 190 | 93 | 204 | 27 |
| 190 | 94 | 204 | 30 |
| 190 | 96 | 204 | 34 |
| 190 | 97 | 204 | 38 |
| 194 | 2 | 204 | 44 |
| 194 | 3 | 204 | 45 |
| 194 | 9 | 204 | 47 |
| 194 | 21 | 204 | 55 |
| 194 | 24 | 204 | 58 |
| 194 | 27 | 204 | 61 |
| 194 | 46 | 204 | 65 |
| 194 | 50 | 204 | 67 |
| 194 | 54 | 204 | 68 |
| 194 | 55 | 204 | 74 |
| 194 | 82 | 205 | 6 |
| 194 | 87 | 205 | 40 |
| 195 | 1 | 207 | 9 |
| 195 | 3 | 207 | 34 |
| 195 | 7 | 207 | 35 |
| 195 | 8 | 207 | 60 |
| 195 | 9 | 207 | 95 |
| 195 | 10 | 208 | 65 |
| 195 | 12 | 209 | 59 |
| 195 | 13 | 209 | 60 |
| 195 | 15 | 211 | 32 |
| 195 | 18 | 211 | 39 |
| 196 | 9 | 212 | 5 |
| 196 | 22 | 212 | 11 |
| 196 | 28 | 212 | 21 |
| 196 | 30 | 212 | 25 |
| 196 | 31 | 212 | 32 |
| 196 | 34 | 212 | 33 |
| 196 | 40 | 212 | 34 |
| 196 | 41 | 212 | 36 |
| 198 | 10 | 212 | 37 |
| 199 | 49 | 212 | 38 |
| 200 | 2 | 215 | 86 |
| 200 | 3 | 215 | 87 |
| 200 | 9 | 215 | 103 |
| 200 | 10 | 217 | 6 |
| 200 | 11 | 217 | 9 |
| 200 | 12 | 217 | 11 |
| 200 | 20 | 217 | 12 |
| 200 | 28 | 217 | 13 |
| 202 | 13 | 217 | 21 |
| 202 | 24 | 217 | 22 |
| 202 | 32 | 217 | 25 |
| 204 | 2 | 217 | 30 |
| 204 | 3 | 217 | 58 |
| 204 | 4 | 217 | 62 |
| 204 | 6 | 217 | 63 |
| 204 | 7 | 217 | 65 |
| 204 | 12 | 217 | 70 |
| 204 | 13 | 218 | 4 |
| | | 218 | 36 |
| | | 218 | 43 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 218 | 54 | 242 | 94 |
| 218 | 61 | 243 | 2 |
| 218 | 65 | 243 | 69 |
| 218 | 75 | 244 | 1 |
| 218 | 85 | 244 | 10 |
| 218 | 109 | 244 | 42 |
| 218 | 110 | 244 | 43 |
| 219 | 2 | 244 | 47 |
| 219 | 3 | 244 | 48 |
| 219 | 15 | 244 | 50 |
| 220 | 37 | 244 | 52 |
| 224 | 7 | 244 | 61 |
| 224 | 17 | 244 | 65 |
| 224 | 56 | 244 | 66 |
| 236 | 85 | 244 | 67 |
| 236 | 100 | 244 | 80 |
| 237 | 1 | 244 | 83 |
| 237 | 2 | 244 | 90 |
| 239 | 1 | 244 | 92 |
| 239 | 3 | 245 | 54 |
| 239 | 4 | 245 | 60 |
| 239 | 5 | 245 | 82 |
| 239 | 6 | 248 | 10 |
| 239 | 10 | 248 | 27 |
| 239 | 12 | 248 | 37 |
| 239 | 16 | 248 | 48 |
| 239 | 17 | 248 | 49 |
| 239 | 18 | 248 | 51 |
| 239 | 20 | 248 | 77 |
| 240 | 11 | 248 | 97 |
| 240 | 32 | 248 | 99 |
| 240 | 37 | 249 | 22 |
| 240 | 38 | 249 | 25 |
| 240 | 40 | 249 | 31 |
| 240 | 41 | 249 | 70 |
| 240 | 45 | 249 | 90 |
| 240 | 46 | 249 | 91 |
| 240 | 48 | 249 | 97 |
| 240 | 49 | 249 | 99 |
| 241 | 25 | 121 | 4 |
| 241 | 60 | 121 | 15 |
| 241 | 88 | 121 | 17 |
| 241 | 89 | 121 | 28 |
| 242 | 5 | 127 | 40 |
| 242 | 12 | 138 | 67 |
| 242 | 21 | 139 | 10 |
| 242 | 23 | 139 | 79 |
| 242 | 25 | 160 | 81 |
| 242 | 38 | 161 | 3 |
| 242 | 42 | 161 | 4 |
| 242 | 47 | 161 | 5 |
| 242 | 54 | 161 | 6 |
| 242 | 56 | 161 | 14 |
| 242 | 57 | 161 | 26 |
| 242 | 71 | 161 | 43 |
| 242 | 87 | 161 | 49 |
| 242 | 93 | 161 | 84 |
| | | 173 | 1 |
| | | 173 | 12 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 173 | 84 | 186 | 29 |
| 176 | 7 | 187 | 1 |
| 177 | 5 | 187 | 3 |
| 177 | 6 | 187 | 6 |
| 177 | 18 | 187 | 29 |
| 177 | 20 | 187 | 38 |
| 177 | 28 | 187 | 40 |
| 177 | 29 | 187 | 54 |
| 177 | 30 | 189 | 61 |
| 177 | 31 | 189 | 95 |
| 177 | 33 | 190 | 9 |
| 177 | 34 | 190 | 11 |
| 177 | 36 | 190 | 15 |
| 177 | 39 | 190 | 17 |
| 177 | 41 | 190 | 58 |
| 177 | 1 | 190 | 60 |
| 177 | 76 | 190 | 63 |
| 177 | 104 | 190 | 70 |
| 178 | 78 | 190 | 75 |
| 178 | 88 | 190 | 78 |
| 180 | 1 | 190 | 87 |
| 180 | 22 | 190 | 93 |
| 180 | 54 | 190 | 94 |
| 181 | 1 | 190 | 96 |
| 181 | 2 | 190 | 97 |
| 181 | 4 | 194 | 2 |
| 182 | 1 | 194 | 3 |
| 182 | 4 | 194 | 9 |
| 182 | 5 | 194 | 21 |
| 182 | 9 | 194 | 24 |
| 183 | 4 | 194 | 27 |
| 183 | 16 | 194 | 46 |
| 183 | 19 | 194 | 50 |
| 183 | 22 | 194 | 54 |
| 183 | 26 | 194 | 55 |
| 183 | 28 | 194 | 82 |
| 183 | 29 | 194 | 87 |
| 183 | 31 | 195 | 1 |
| 183 | 39 | 195 | 3 |
| 183 | 46 | 195 | 7 |
| 183 | 48 | 195 | 8 |
| 183 | 54 | 195 | 9 |
| 183 | 67 | 195 | 10 |
| 183 | 88 | 195 | 12 |
| 183 | 93 | 195 | 13 |
| 185 | 1 | 195 | 15 |
| 185 | 4 | 195 | 18 |
| 185 | 5 | 196 | 9 |
| 185 | 12 | 196 | 22 |
| 185 | 15 | 196 | 28 |
| 185 | 50 | 196 | 30 |
| 185 | 63 | 196 | 31 |
| 185 | 64 | 196 | 34 |
| 185 | 67 | 196 | 40 |
| 185 | 70 | 196 | 41 |
| 185 | 88 | 198 | 10 |
| 186 | 1 | 199 | 49 |
| | | 200 | 2 |
| | | 200 | 3 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 200 | 9 | 216 | 103 |
| 200 | 10 | 217 | 6 |
| 200 | 11 | 217 | 9 |
| 200 | 12 | 217 | 11 |
| 200 | 20 | 217 | 12 |
| 200 | 28 | 217 | 13 |
| 202 | 13 | 217 | 21 |
| 202 | 24 | 217 | 22 |
| 202 | 32 | 217 | 25 |
| 204 | 2 | 217 | 30 |
| 204 | 3 | 217 | 58 |
| 204 | 4 | 217 | 62 |
| 204 | 6 | 217 | 63 |
| 204 | 7 | 217 | 65 |
| 204 | 12 | 217 | 70 |
| 204 | 13 | 218 | 4 |
| 204 | 15 | 218 | 36 |
| 204 | 20 | 218 | 43 |
| 204 | 21 | 218 | 54 |
| 204 | 27 | 218 | 61 |
| 204 | 30 | 218 | 65 |
| 204 | 34 | 218 | 75 |
| 204 | 38 | 218 | 85 |
| 204 | 44 | 218 | 109 |
| 204 | 45 | 218 | 110 |
| 204 | 47 | 219 | 2 |
| 204 | 55 | 219 | 3 |
| 204 | 58 | 219 | 15 |
| 204 | 61 | 220 | 37 |
| 204 | 65 | 224 | 7 |
| 204 | 67 | 224 | 17 |
| 204 | 68 | 224 | 56 |
| 204 | 74 | 236 | 85 |
| 205 | 8 | 236 | 100 |
| 205 | 40 | 237 | 1 |
| 207 | 9 | 237 | 2 |
| 207 | 34 | 239 | 1 |
| 207 | 35 | 239 | 3 |
| 207 | 60 | 239 | 4 |
| 207 | 95 | 239 | 5 |
| 208 | 65 | 239 | 6 |
| 209 | 59 | 239 | 10 |
| 209 | 60 | 239 | 12 |
| 211 | 32 | 239 | 16 |
| 211 | 39 | 239 | 17 |
| 212 | 5 | 239 | 18 |
| 212 | 11 | 239 | 20 |
| 212 | 21 | 240 | 11 |
| 212 | 25 | 240 | 32 |
| 212 | 32 | 240 | 37 |
| 212 | 33 | 240 | 38 |
| 212 | 34 | 240 | 40 |
| 212 | 36 | 240 | 41 |
| 212 | 37 | 240 | 45 |
| 212 | 38 | 240 | 46 |
| 215 | 86 | 240 | 48 |
| 215 | 87 | 240 | 49 |
| | | 241 | 25 |
| | | 241 | 60 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 241 | 88 | 252 | 29 |
| 241 | 89 | 252 | 30 |
| 242 | 5 | 252 | 104 |
| 242 | 12 | 253 | · 42 |
| 242 | 21 | 254 | 14 |
| 242 | 23 | 256 | 24 |
| 242 | · 25 | 256 | 43 |
| 242 | 38 | 256 | 103 |
| 242 | 42 | 257 | 27 |
| 242 | 47 | 258 | 3 |
| 242 | 54 | 258 | 4 |
| 242 | 56 | 258 | 6 |
| 242 | 57 | 258 | 7 |
| 242 | 71 | 258 | 19 |
| 242 | 87 | 258 | 20 |
| 242 | 93 | 259 | 1 |
| 242 | 94 | 259 | 4 |
| 243 | 2 | 260 | 31 |
| 243 | 69 | 261 | 23 |
| 244 | 1 | 261 | 24 |
| 244 | 10 | 262 | 30 |
| 244 | 42 | 265 | 1 |
| 244 | 43 | 265 | 2 |
| 244 | 47 | 265 | 7 |
| 244 | 48 | 265 | 12 |
| 244 | 50 | 265 | 49 |
| 244 | 52 | 265 | 71 |
| 244 | 61 | 265 | 77 |
| 244 | 65 | 265 | 87 |
| 244 | 66 | 265 | 103 |
| 244 | 67 | 268 | 1 |
| 244 | 80 | 268 | 3 |
| 244 | 83 | 268 | 4 |
| 244 | 90 | 268 | 9 |
| 244 | 92 | 268 | 15 |
| 245 | 54 | 268 | 23 |
| 245 | 60 | 268 | 41 |
| 245 | 82 | 268 | 52 |
| 248 | · 10 | 268 | 100 |
| 248 | 27 | 268 | 106 |
| 248 | 37 | 268 | 110 |
| 248 | 48 | 269 | 8 |
| 248 | 49 | 269 | 9 |
| 248 | 51 | 269 | 28 |
| 248 | 77 | 269 | 72 |
| 248 | 97 | 270 | 10 |
| 248 | 99 | 270 | 15 |
| 249 | 22 | 270 | 51 |
| 249 | 25 | 300 | 2 |
| 249 | 31 | 300 | 5 |
| 249 | 70 | 300 | 7 |
| 249 | 90 | 300 | 9 |
| 249 | 91 | 300 | 84 |
| 249 | 97 | 300 | 88 |
| 249 | 99 | 300 | 98 |
| 251 | 35 | 301 | 20 |
| 252 | 5 | 301 | 30 |
| | | 301 | 46 |
| | | 301 | 48 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 301 | 58 | 308 | 18 |
| 301 | 63 | 308 | 31 |
| 301 | 78 | 308 | 32 |
| 301 | 79 | 308 | 33 |
| 301 | 81 | 308 | 36 |
| 301 | 83 | 308 | 37 |
| 302 | 5 | 308 | 40 |
| 302 | 9 | 308 | 41 |
| 302 | 19 | 308 | 42 |
| 302 | 31 | 308 | 43 |
| 302 | 35 | 308 | 44 |
| 302 | 36 | 308 | 45 |
| 302 | 37 | 308 | 46 |
| 302 | 38 | 308 | 47 |
| 302 | 40 | 308 | 50 |
| 302 | 42 | 308 | 51 |
| 302 | 43 | 308 | 85 |
| 302 | 44 | 309 | 8 |
| 302 | 48 | 309 | 9 |
| 302 | 50 | 309 | 26 |
| 302 | 54 | 309 | 32 |
| 302 | 57 | 309 | 35 |
| 302 | 58 | 309 | 46 |
| 302 | 69 | 309 | 52 |
| 302 | 73 | 310 | 1 |
| 302 | 83 | 310 | 3 |
| 302 | 88 | 310 | 4 |
| 302 | 93 | 310 | 7 |
| 302 | 98 | 310 | 8 |
| 302 | 105 | 310 | 10 |
| 302 | 107 | 310 | 19 |
| 304 | 38 | 310 | 21 |
| 306 | 7 | 310 | 24 |
| 306 | 8 | 310 | 25 |
| 306 | 9 | 310 | 28 |
| 306 | 10 | 310 | 39 |
| 306 | 11 | 310 | 41 |
| 306 | 12 | 310 | 48 |
| 306 | 14 | 311 | 6 |
| 306 | 19 | 312 | 86 |
| 306 | 20 | 312 | 90 |
| 306 | 21 | 312 | 93 |
| 306 | 25 | 315 | 1 |
| 306 | 26 | 315 | 3 |
| 306 | 28 | 315 | 8 |
| 306 | 29 | 315 | 9 |
| 306 | 30 | 315 | 11 |
| 306 | 39 | 315 | 16 |
| 306 | 40 | 315 | 17 |
| 306 | 44 | 315 | 29 |
| 306 | 47 | 315 | 30 |
| 306 | 51 | 315 | 31 |
| 306 | 52 | 315 | 33 |
| 308 | 1 | 315 | 36 |
| 308 | 2 | 315 | 37 |
| 308 | 6 | 315 | 39 |
| 308 | 7 | 315 | 101 |
| | | 319 | 4 |
| | | 319 | 6 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 319 | 9 | 324 | 97 |
| 319 | 14 | 324 | 99 |
| 319 | 33 | 324 | 101 |
| 319 | 36 | 325 | 58 |
| 319 | 37 | 325 | 59 |
| 319 | 38 | 325 | 69 |
| 319 | 40 | 325 | 74 |
| 319 | 65 | 325 | 78 |
| 320 | 1 | 327 | 2 |
| 320 | 2 | 327 | 3 |
| 320 | 11 | 327 | 4 |
| 320 | 12 | 327 | 16 |
| 320 | 21 | 327 | 57 |
| 320 | 23 | 328 | 3 |
| 320 | 29 | 328 | 5 |
| 320 | 33 | 328 | 12 |
| 320 | 36 | 328 | 13 |
| 320 | 38 | 328 | 20 |
| 320 | 44 | 328 | 21 |
| 320 | 48 | 328 | 25 |
| 320 | 50 | 328 | 28 |
| 320 | 51 | 328 | 34 |
| 320 | 53 | 328 | 36 |
| 320 | 57 | 328 | 37 |
| 320 | 63 | 328 | 38 |
| 320 | 69 | 328 | 40 |
| 320 | 76 | 328 | 41 |
| 320 | 93 | 328 | 49 |
| 320 | 95 | 328 | 50 |
| 320 | 98 | 329 | 2 |
| 320 | 99 | 329 | 3 |
| 320 | 100 | 329 | 6 |
| 320 | 101 | 329 | 19 |
| 320 | 106 | 329 | 28 |
| 322 | 27 | 329 | 80 |
| 322 | 30 | 329 | 85 |
| 322 | 36 | 329 | 86 |
| 323 | 1 | 330 | 93 |
| 323 | 2 | 332 | 101 |
| 323 | 5 | 333 | 1 |
| 323 | 7 | 333 | 2 |
| 323 | 59 | 333 | 3 |
| 324 | 5 | 333 | 4 |
| 324 | 7 | 333 | 59 |
| 324 | 19 | 333 | 67 |
| 324 | 22 | 333 | 68 |
| 324 | 36 | 333 | 102 |
| 324 | 40 | 334 | 10 |
| 324 | 41 | 335 | 77 |
| 324 | 42 | 335 | 83 |
| 324 | 45 | 335 | 89 |
| 324 | 48 | 337 | 1 |
| 324 | 63 | 337 | 7 |
| 324 | 65 | 337 | 22 |
| 324 | 70 | 338 | 6 |
| 324 | 83 | 338 | 11 |
| 324 | 96 | 338 | 12 |
| | | 338 | 16 |
| | | 338 | 33 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 338 | 35 | 364 | 22 |
| 338 | 36 | 364 | 23 |
| 338 | 37 | 364 | 25 |
| 338 | 38 | 364 | 31 |
| 338 | 42 | 369 | 2 |
| 338 | 51 | 369 | 7 |
| 339 | 1 | 369 | 10 |
| 339 | 41 | 369 | 30 |
| 340 | 8 | 369 | 67 |
| 340 | 10 | 369 | 74 |
| 340 | 11 | 369 | 75 |
| 340 | 14 | 369 | 78 |
| 340 | 16 | 369 | 79 |
| 340 | 18 | 369 | 82 |
| 340 | 19 | 369 | 83 |
| 340 | 26 | 369 | 84 |
| 340 | 28 | 369 | 85 |
| 346 | 6 | 369 | 86 |
| 348 | 2 | 369 | 88 |
| 348 | 6 | 370 | 2 |
| 348 | 9 | 370 | 3 |
| 348 | 38 | 370 | 4 |
| 348 | 47 | 370 | 11 |
| 348 | 48 | 370 | 13 |
| 348 | 77 | 370 | 32 |
| 348 | 93 | 370 | 51 |
| 348 | 95 | 370 | 61 |
| 349 | 1 | 370 | 91 |
| 349 | 2 | 372 | 1 |
| 349 | 3 | 372 | 6 |
| 349 | 64 | 372 | 22 |
| 351 | 12 | 372 | 31 |
| 356 | 24 | 372 | 59 |
| 356 | 25 | 373 | 2 |
| 356 | 39 | 373 | 17 |
| 356 | 58 | 373 | 21 |
| 356 | 59 | 373 | 22 |
| 356 | 5 | 373 | 31 |
| 358 | 23 | 373 | 32 |
| 358 | 35 | 373 | 34 |
| 361 | 10 | 373 | 36 |
| 361 | 45 | 374 | 44 |
| 363 | 6 | 374 | 50 |
| 363 | 8 | 374 | 61 |
| 363 | 9 | 374 | 62 |
| 363 | 10 | 374 | 63 |
| 363 | 11 | 374 | 64 |
| 363 | 13 | 374 | 65 |
| 363 | 16 | 374 | 67 |
| 363 | 24 | 374 | 69 |
| 363 | 50 | 374 | 71 |
| 363 | 55 | 374 | 72 |
| 363 | 57 | 374 | 82 |
| 364 | 15 | 374 | 93 |
| 364 | 17 | 377 | 27 |
| 364 | 18 | 377 | 30 |
| 364 | 21 | 377 | 34 |
| | | 377 | 35 |
| | | 377 | 40 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 377 | 55 | 406 | 55 |
| 377 | 56 | 406 | 56 |
| 377 | 58 | 406 | 99 |
| 377 | 68 | 406 | 102 |
| 377 | 70 | 406 | 105 |
| 378 | 4 | 407 | 1 |
| 378 | 17 | 407 | 6 |
| 378 | 20 | 407 | 7 |
| 378 | 23 | 407 | 9 |
| 384 | 45 | 407 | 10 |
| 384 | 59 | 407 | 12 |
| 385 | 32 | 407 | 13 |
| 385 | 102 | 407 | 22 |
| 388 | 16 | 407 | 29 |
| 388 | 19 | 407 | 57 |
| 388 | 35 | 407 | 60 |
| 388 | 37 | 407 | 72 |
| 388 | 51 | 407 | 76 |
| 388 | 57 | 407 | 78 |
| 388 | 60 | 407 | 79 |
| 388 | 69 | 407 | 80 |
| 388 | 76 | 407 | 91 |
| 388 | 81 | 407 | 98 |
| 389 | 15 | 408 | 1 |
| 393 | 3 | 408 | 13 |
| 393 | 6 | 408 | 26 |
| 393 | 8 | 408 | 36 |
| 393 | 18 | 408 | 42 |
| 393 | 20 | 409 | 5 |
| 393 | 23 | 409 | 7 |
| 393 | 24 | 409 | 101 |
| 393 | 26 | 409 | 102 |
| 393 | 37 | 410 | 6 |
| 393 | 38 | 410 | 8 |
| 393 | 53 | 412 | 4 |
| 393 | 56 | 412 | 5 |
| 393 | 57 | 412 | 10 |
| 396 | 42 | 412 | 15 |
| 397 | 32 | 413 | 3 |
| 397 | 36 | 413 | 4 |
| 403 | 13 | 413 | 19 |
| 403 | 59 | 413 | 59 |
| 404 | 1 | 413 | 60 |
| 404 | 5 | 420 | 18 |
| 404 | 10 | 420 | 28 |
| 404 | 20 | 420 | 34 |
| 404 | 21 | 420 | 39 |
| 404 | 53 | 420 | 58 |
| 405 | 59 | 420 | 65 |
| 406 | 4 | 422 | 28 |
| 406 | 5 | 424 | 30 |
| 406 | 8 | 424 | 88 |
| 406 | 9 | 424 | 108 |
| 406 | 10 | 426 | 3 |
| 406 | 19 | 426 | 10 |
| 406 | 38 | 426 | 67 |
| 406 | 51 | 426 | 69 |
| | | 426 | 71 |
| | | 426 | 77 |

| Page Number | Line Number | Page Number | Line Number |
| --- | --- | --- | --- |
| 426 | 79 | 482 | 16 |
| 426 | 92 | 482 | 17 |
| 426 | 99 | 482 | 19 |
| 427 | 19 | 482 | 35 |
| 427 | 90 | 482 | 37 |
| 457 | 1 | 482 | 47 |
| 457 | 2 | 482 | 50 |
| 457 | 6 | 482 | 52 |
| 457 | 14 | 483 | 19 |
| 457 | 15 | 483 | 88 |
| 457 | 16 | 484 | 50 |
| 457 | 36 | 485 | 1 |
| 457 | 39 | 485 | 3 |
| 458 | 43 | 485 | 2 |
| 459 | 3 | 485 | 4 |
| 460 | 7 | 485 | 5 |
| 461 | 49 | 485 | 8 |
| 462 | 51 | 485 | 9 |
| 464 | 43 | 485 | 12 |
| 464 | 55 | 485 | 14 |
| 465 | 1 | 485 | 17 |
| 465 | 10 | 485 | 19 |
| 465 | 12 | 485 | 20 |
| 465 | 28 | 485 | 22 |
| 465 | 32 | 485 | 24 |
| 465 | 56 | 485 | 26 |
| 465 | 60 | 485 | 35 |
| 466 | 1 | 485 | 38 |
| 466 | 6 | 485 | 39 |
| 466 | 9 | 485 | 42 |
| 466 | 10 | 485 | 50 |
| 466 | 14 | 485 | 53 |
| 466 | 15 | 485 | 56 |
| 466 | 16 | 485 | 59 |
| 466 | 17 | 485 | 63 |
| 466 | 25 | 488 | 3 |
| 466 | 33 | 488 | 12 |
| 466 | 34 | 488 | 16 |
| 466 | 79 | 488 | 18 |
| 481 | 12 | 488 | 19 |
| 481 | 20 | 488 | 23 |
| 481 | 23 | 488 | 29 |
| 481 | 30 | 488 | 31 |
| 481 | 32 | 488 | 32 |
| 481 | 40 | 488 | 39 |
| 481 | 47 | 488 | 56 |
| 481 | 51 | 488 | 64 |
| 481 | 52 | 488 | 90 |
| 482 | 1 | 489 | 4 |
| 482 | 3 | 514 | 6 |
| 482 | 4 | 514 | 15 |
| 482 | 5 | 514 | 16 |
| 482 | 7 | 514 | 18 |
| 482 | 11 | 514 | 21 |
| 482 | 12 | 514 | 23 |
| 482 | 13 | 514 | 24 |
| 482 | 15 | 514 | 27 |
| | | 514 | 34 |
| | | 514 | 35 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 514 | 44 | 523 | 63 |
| 517 | 12 | 523 | 81 |
| 518 | 1 | 523 | 97 |
| 518 | 2 | 523 | 99 |
| 518 | 5 | 523 | 105 |
| 518 | 6 | 523 | 106 |
| 518 | 7 | 524 | 3 |
| 518 | 8 | 524 | 5 |
| 518 | 9 | 524 | 6 |
| 518 | 10 | 524 | 7 |
| 518 | 12 | 524 | 11 |
| 518 | 14 | 524 | 12 |
| 518 | 15 | 524 | 13 |
| 518 | 18 | 524 | 14 |
| 518 | 19 | 524 | 16 |
| 518 | 20 | 524 | 38 |
| 519 | 16 | 524 | 54 |
| 519 | 17 | 524 | 59 |
| 519 | 35 | 524 | 62 |
| 519 | 43 | 524 | 64 |
| 519 | 61 | 524 | 65 |
| 519 | 79 | 524 | 66 |
| 520 | 2 | 524 | 67 |
| 520 | 3 | 524 | 69 |
| 520 | 7 | 524 | 82 |
| 520 | 9 | 525 | 1 |
| 520 | 17 | 525 | 34 |
| 520 | 81 | 525 | 47 |
| 520 | 109 | 525 | 57 |
| 522 | 12 | 526 | 12 |
| 522 | 29 | 526 | 36 |
| 522 | 38 | 526 | 39 |
| 523 | 3 | 526 | 82 |
| 523 | 4 | 526 | 84 |
| 523 | 6 | 526 | 85 |
| 523 | 8 | 526 | 88 |
| 523 | 9 | 526 | 89 |
| 523 | 10 | 526 | 91 |
| 523 | 11 | 526 | 95 |
| 523 | 12 | 526 | 96 |
| 523 | 14 | 527 | 2 |
| 523 | 23 | 527 | 19 |
| 523 | 24 | 527 | 42 |
| 523 | 25 | 527 | 48 |
| 523 | 26 | 527 | 52 |
| 523 | 28 | 527 | 59 |
| 523 | 34 | 527 | 63 |
| 523 | 38 | 529 | 5 |
| 523 | 39 | 531 | 63 |
| 523 | 43 | 531 | 74 |
| 523 | 44 | 531 | 83 |
| 523 | 46 | 533 | 30 |
| 523 | 47 | 535 | 5 |
| 523 | 52 | 535 | 6 |
| 523 | 56 | 535 | 21 |
| 523 | 57 | 535 | 53 |
| 523 | 58 | 535 | 107 |
| | | 536 | 6 |
| | | 537 | 82 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 538 | 2 | 556 | 13 |
| 538 | 3 | 556 | 19 |
| 538 | 12 | 556 | 29 |
| 538 | 13 | 557 | 3 |
| 538 | 19 | 557 | 5 |
| 538 | 23 | 557 | 10 |
| 538 | 30 | 557 | 49 |
| 538 | 37 | 557 | 59 |
| 543 | 67 | 559 | 38 |
| 543 | 71 | 559 | 50 |
| 545 | 1 | 559 | 52 |
| 545 | 4 | 559 | 53 |
| 545 | 5 | 559 | 83 |
| 545 | 6 | 560 | 37 |
| 545 | 62 | 567 | 16 |
| 545 | 68 | 571 | 1 |
| 545 | 76 | 571 | 4 |
| 547 | 75 | 571 | 5 |
| 548 | 4 | 571 | 6 |
| 548 | 5 | 571 | 25 |
| 549 | 2 | 571 | 28 |
| 549 | 54 | 571 | 54 |
| 549 | 55 | 572 | 2 |
| 549 | 57 | 572 | 4 |
| 549 | 60 | 572 | 5 |
| 549 | 81 | 572 | 7 |
| 549 | 85 | 572 | 8 |
| 549 | 86 | 572 | 10 |
| 549 | 89 | 572 | 11 |
| 549 | 92 | 572 | 12 |
| 549 | 94 | 572 | 31 |
| 549 | 95 | 572 | 38 |
| 550 | 1 | 572 | 74 |
| 552 | 11 | 573 | 13 |
| 552 | 13 | 573 | 14 |
| 552 | 15 | 573 | 37 |
| 552 | 23 | 574 | 4 |
| 552 | 38 | 574 | 5 |
| 552 | 41 | 574 | 15 |
| 552 | 46 | 574 | 18 |
| 552 | 47 | 574 | 21 |
| 552 | 48 | 574 | 24 |
| 552 | 50 | 574 | 25 |
| 552 | 51 | 574 | 26 |
| 552 | 53 | 574 | 27 |
| 552 | 54 | 574 | 28 |
| 552 | 55 | 574 | 31 |
| 552 | 57 | 578 | 2 |
| 552 | 68 | 578 | 9 |
| 552 | 71 | 583 | 10 |
| 552 | 95 | 583 | 12 |
| 555 | 14 | 583 | 13 |
| 556 | 1 | 583 | 36 |
| 556 | 2 | 583 | 41 |
| 556 | 3 | 583 | 45 |
| 556 | 8 | 583 | 46 |
| 556 | 12 | 583 | 47 |
| | | 583 | 52 |
| | | 586 | 1 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 586 | 2 | 697 | 8 |
| 586 | 5 | 697 | 12 |
| 586 | 7 | 697 | 15 |
| 586 | 9 | 697 | 17 |
| 586 | 11 | 697 | 18 |
| 586 | 21 | 697 | 20 |
| 586 | 29 | 697 | 21 |
| 586 | 38 | 697 | 22 |
| 586 | 40 | 697 | 23 |
| 586 | 41 | 697 | 24 |
| 586 | 45 | 697 | 26 |
| 587 | 3 | 697 | 31 |
| 587 | 8 | 697 | 35 |
| 587 | 10 | 697 | 36 |
| 587 | 11 | 697 | 38 |
| 587 | 12 | 697 | 40 |
| 587 | 14 | 697 | 43 |
| 587 | 16 | 697 | 48 |
| 587 | 18 | 697 | 50 |
| 587 | 20 | 697 | 69 |
| 587 | 21 | 697 | 86 |
| 587 | 22 | 697 | 88 |
| 587 | 23 | 697 | 90 |
| 587 | 24 | 698 | 1 |
| 587 | 25 | 698 | 20 |
| 587 | 30 | 698 | 22 |
| 587 | 33 | 698 | 30 |
| 587 | 34 | 698 | 40 |
| 587 | 35 | 698 | 41 |
| 587 | 36 | 698 | 42 |
| 587 | 37 | 752 | 22 |
| 597 | 3 | 753 | 3 |
| 597 | 5 | 753 | 4 |
| 597 | 10 | 753 | 5 |
| 597 | 11 | 765 | 10 |
| 597 | 18 | 765 | 13 |
| 606 | 28 | 765 | 15 |
| 607 | 2 | 855 | 14 |
| 634 | 1 | 855 | 16 |
| 634 | 5 | 855 | 44 |
| 634 | 8 | 856 | 3 |
| 634 | 9 | 856 | 4 |
| 634 | 24 | 856 | 15 |
| 686 | 1 | 856 | 24 |
| 686 | 3 | 856 | 25 |
| 686 | 5 | 856 | 27 |
| 686 | 8 | 856 | 31 |
| 686 | 15 | 856 | 33 |
| 686 | 16 | 856 | 34 |
| 686 | 26 | 856 | 42 |
| 689 | 4 | 856 | 47 |
| 689 | 6 | 856 | 51 |
| 689 | 7 | 856 | 54 |
| 694 | 32 | 856 | 55 |
| 694 | 44 | 856 | 81 |
| 695 | 1 | 856 | 82 |
| 695 | 3 | 856 | 86 |
| 697 | 7 | 856 | 92 |
| | | 970 | 1 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 970 | 16 | 1032 | 76 |
| 978 | 42 | 1032 | 79 |
| 978 | 85 | 1032 | 84 |
| 978 | 88 | 1032 | 87 |
| 978 | 91 | 1032 | 96 |
| 978 | 92 | 1032 | 101 |
| 978 | 95 | 1032 | 102 |
| 978 | 105 | 1032 | 103 |
| 978 | 106 | 1032 | 104 |
| 978 | 110 | 1032 | 105 |
| 982 | 6 | 1032 | 106 |
| 984 | 3 | 1032 | 108 |
| 1000 | 26 | 1034 | 1 |
| 1000 | 27 | 1034 | 2 |
| 1000 | 31 | 1034 | 10 |
| 1000 | 32 | 1034 | 18 |
| 1000 | 33 | 1034 | 25 |
| 1002 | 78 | 1034 | 32 |
| 1008 | 14 | 1034 | 35 |
| 1012 | 7 | 1035 | 1 |
| 1028 | 13 | 1035 | 2 |
| 1029 | 11 | 1035 | 3 |
| 1029 | 12 | 1035 | 4 |
| 1029 | 14 | 1035 | 5 |
| 1029 | 23 | 1035 | 8 |
| 1029 | 43 | 1035 | 9 |
| 1029 | 53 | 1035 | 11 |
| 1031 | 43 | 1035 | 13 |
| 1031 | 56 | 1035 | 14 |
| 1031 | 63 | 1035 | 16 |
| 1032 | 2 | 1035 | 17 |
| 1032 | 3 | 1035 | 18 |
| 1032 | 7 | 1035 | 23 |
| 1032 | 8 | 1035 | 28 |
| 1032 | 10 | 1035 | 29 |
| 1032 | 11 | 1035 | 31 |
| 1032 | 12 | 1035 | 38 |
| 1032 | 16 | 1035 | 42 |
| 1032 | 17 | 1035 | 45 |
| 1032 | 21 | 1035 | 46 |
| 1032 | 23 | 1035 | 49 |
| 1032 | 26 | 1036 | 41 |
| 1032 | 28 | 1036 | 42 |
| 1032 | 30 | 1036 | 43 |
| 1032 | 31 | 1037 | 33 |
| 1032 | 33 | 1037 | 41 |
| 1032 | 34 | 1037 | 43 |
| 1032 | 35 | 1037 | 45 |
| 1032 | 36 | 1037 | 46 |
| 1032 | 38 | 1037 | 47 |
| 1032 | 43 | 1037 | 51 |
| 1032 | 47 | 1037 | 53 |
| 1032 | 48 | 1037 | 54 |
| 1032 | 49 | 1037 | 61 |
| 1032 | 50 | 1037 | 62 |
| 1032 | 66 | 1037 | 68 |
| 1032 | 68 | 1037 | 70 |
| 1032 | 69 | 1037 | 71 |
| 1032 | 70 | 1037 | 74 |

| Page Number | Line Number | Page Number | Line Number |
|---|---|---|---|
| 1037 | 78 | 1159 | 3 |
| 1037 | 79 | 1159 | 10 |
| 1037 | 81 | 1159 | 11 |
| 1126 | 13 | 1159 | 12 |
| 1156 | 3 | 1159 | 14 |
| 1156 | 4 | 1159 | 17 |
| 1156 | 12 | 1188 | 21 |

## ORDER

AND NOW, this 8th day of October, 2004, pursuant to stipulation of the parties made during the hearing on October 7, 2004, the Nomination Papers of Ralph Nader and Peter Miguel Camejo of an Independent Political Body for President and Vice President in the November 2, 2004 General Election (Candidates) filed in the County of Philadelphia are disposed of as follows:

1. The following Nomination Papers are stricken for the reason that they are in the hand of the circulators or other persons, not in the electors whose names appear in the Nomination Papers: # 117 (74 lines); # 162 (41 lines); # 163 (75 lines); # 164 (59 lines); # 244 (101 lines); # 248 (101 lines); # 249 (100 lines); # 251 (84 lines); # 253 (49 lines); # 399 (83 lines); # 461 (58 lines); # 681 (110 lines); # 1000 (33 lines); # 1031 (80 lines); # 1032 (110 lines); and # 1042 (75 lines).

2. The following Nomination Papers are stricken for the reason that the circulators filled in the electors' information: # 245 (100 lines); # 246 (110 lines); # 682 (110 lines); # 683 (100 lines); and # 643 (100 lines).

3. The signatures on lines 7 through 110 of the Nomination Paper # 1112 are stricken for the reason that the circulator filled in the electors' information.

4. The following Nomination Papers are withdrawn by the Candidates with prejudice due to a number of irregularities including the electors' information filled in by the circulators: # 198 (44 lines); # 218 (110 lines); # 322 (51 lines); # 489 (80 lines); # 536 (60 lines); # 571 (105 lines); # 580 (109 lines); and # 583 (53 lines).

Heard Sept. 27–30 and Oct. 1, 2, 4, 5, 7 and 8, 2004.

## FINDINGS AND CONCLUSIONS

MIRARCHI, Senior Judge.

Linda S. Serody, Roderick J. Sweets, Ronald Bergman, Richard Trinclisti, Terry Trinclisti, Bernie Cohen–Scott, Donald G. Brown and Julia A. O'Connell (Petitioners) have filed objections to the Nomination Papers of Ralph Nader and Peter Miguel Camejo (Candidates) as Candidates of an Independent Political Body for President and Vice President of the United States in the General Election scheduled for November 2, 2004. This opinion disposes of challenges to nomination papers circulated in the City of Philadelphia (Philadelphia Nominating Pages) assigned to this Judge, as more particularly described in the Findings of Fact.

## INTRODUCTION

On September 29, 2004, Dominic Daniel Martino, the 2004 Campaign Coordinator in Pennsylvania for the Candidates testified before a three-judge panel of this Court, including the undersigned. With great passion, he explained his belief in the necessity of third-party participation in the national and local political process to insure that competitive and innovative views

are available to the electorate. These are indeed laudatory ends. Mr. Martino and the Candidates, however, should take heed that in a genuine, mature, and functioning democracy, the ends are not justified by the means; rather the ends are *inherent* in the means.

During ten days of hearing before the undersigned, evidence has come to light of fraudulent and/or other improper behavior in the "creation" of many if not most of the nominating papers pertaining to Philadelphia electors submitted by the Candidates, in a scale, boldness, and transparency never before witnessed by this Judge in his thirty-three years on the bench. On October 7, 2004, the undersigned entered an Interim Adjudication and Order striking as void from the Philadelphia Nominating Papers, 1549 duplicate signatures, that is, signatures which were signed by individuals more than once or affixed by someone other than those individuals (Duplicate Signatures). What that Interim Adjudication and Order did not set forth, for reasons of brevity, is the fact that many of these Duplicate Signatures were signed in great numbers by persons who were also circulators for the Candidates, at least 37 times by one individual alone. Moreover, evidence established that certain circulators and other individuals set forth by their hand, on many of the Philadelphia Nominating Papers, the critical data required to be written by the electors pursuant to the Pennsylvania Election Code (Election Code).[1] An interim Order entered by the undersigned on October 8, 2004, and Court rulings from the bench voided many Philadelphia Nominating Papers on these grounds, as more particularly described in the below Findings of Fact. Some signatures were clearly forged. The following Findings of Fact detail *only some* of the fraudulent activity by persons procuring signatures for the Candidates revealed during the hearing.

### FINDINGS OF FACT

1) Hearings were held by the undersigned on September 27, 28, 29, and 30, and October 1, 2, 4, 5, 7 and 8, 2004 in the above matter.

2) Three witnesses testified before the undersigned. Dale Fries, Supervisor of the Motor Vehicle Division of the County Board of Elections for the City and County of Philadelphia (Board of Elections), testified regarding the procedures taken by the Board of Elections to review the Petitioners' challenges to the Philadelphia Nominating Pages and the creation by the Board of Elections of Petition Page Worksheets, which set forth the records of the Board of Elections pertaining to each elector whose signature the Petitioners had challenged. William T. Dolbow III, Voter Registration Trades Helper of the County Board of Elections, brought forth computer data from the records of the County Board of Elections in the undersigned's courtroom during the ten days of hearings and testified with respect to the data requested by the Court and the parties. William J. Kelly, a handwriting expert employed by the Petitioners, testified with respect to whether certain electors completed signature lines in their hands or whether information was supplied by other hands. He further testified as to whether circulators supplied or completed information that was required by the Election Code to be set forth by the electors on such pages.

3) The undersigned finds the testimony of Ms. Fries, Mr. Dolbow, and Mr. Kelly to be credible and persuasive.

---

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.

4) Robert Lee, Voter Registration Administrator of the County Board of Elections, and the aforesaid Mr. Martino testified before a three-judge panel consisting of President Judge Colins, Judge Smith–Ribner, and the undersigned. Mr. Lee testified with respect to the security system and procedures regarding the voter registration records of the County Board of Elections and further testified with respect to the review by the County Board of Elections of the challenges made to the Philadelphia Nominating Pages and the creation of the aforesaid Worksheets setting forth the data regarding electors whose signatures had been challenged. The undersigned finds the testimony of Mr. Lee to be credible and persuasive.

5) The undersigned was originally assigned to review those Philadelphia Nominating Pages occurring on Pages 514 to 1189 from the whole of the nominating papers filed by the Candidates (sometimes referred to as the Volumes E and F pages).[2]

6) The undersigned made rulings on several Volume E and F pages, as described in subsequent Findings of Fact. The balance of the Volume E pages was thereafter assigned to Judge Leadbetter, and the balance of the Volume F pages was subsequently assigned to Senior Judge Kelley for disposition.[3]

7) On the afternoon of the first day of hearing, September 27, 2004, the undersigned was directed by our President Judge to postpone a page and line review of Pages 514 to 1189 of the Philadelphia Nominating Pages and to immediately undertake an examination of Duplicate Signatures occurring within all of the Philadelphia Nominating Pages originally assigned not only to the undersigned (those Philadelphia Nominating Pages found from Pages 514 to 1189) but also to those Philadelphia Nominating Pages originally assigned to President Judge Colins and Judge Smith–Ribner (those Philadelphia Nominating Pages found collectively from Pages 1 to 513, or sometimes referred to as the Volumes A, B, C, and D pages).

8) An exhaustive review of signatures challenged as invalid Duplicate Signatures resulted in the striking as void of 1549 Duplicate Signatures, pursuant to the undersigned's Interim Adjudication and Order filed in this matter on October 7, 2004. The Page and Line numbers for each stricken Duplicate Signature are set forth in the undersigned's Interim Adjudication and Order filed on October 7, 2004.

9) All but approximately 80 of the Duplicate Signatures were conceded by the Candidates to be invalid Duplicate Signatures. Many of the stricken Duplicate Signatures were stipulated by the parties to be invalid Duplicate Signatures, and the Court accepted such stipulation. Further, credible evidence of record supported the striking as invalid of all of the 1549 Duplicate Signatures set forth in the undersigned's Interim Adjudication and Order filed in this matter on October 7, 2004. All but approximately 10 of the Duplicate Signature challenges made by Petitioners were sustained by the undersigned.

**2.** The challenges made by Petitioners from Western Pennsylvania were divided into six volumes for convenience of the parties and the Court: Volumes A, B, C, D, E, and F. For convenience, this Court has referred to the Philadelphia Nominating Pages in relation to the Volume in which such pages appear.

Thus, challenges to pages 514 to 1189 of the Philadelphia Nominating Pages are set forth in Volumes E. and F.

**3.** The Volume F pages commence on Philadelphia Nominating Page 686.

10) Although the undersigned was striking Duplicate Signatures throughout the whole of the Philadelphia Nominating Pages contemporaneously with the voiding by President Judge Colins and Judge Smith–Ribner of some of these same signatures on other grounds, the tabulation of stricken signatures maintained by this Court (Court Daily Tallies) only registered the striking of a page and line number *one time*.

11) Thus, the undersigned recorded in the Court Daily Tallies only those Duplicate Signatures stricken against Pages 514 to 1189 of the Philadelphia Nominating Pages, and only if such page and line numbers had not been previously stricken on other grounds.

12) When Judge Leadbetter and Senior Judge Kelley thereafter, commencing October 7 and 8, 2004, respectively, conducted their page and line review of these Volume E & F signatures, they did not record in the Court Daily Tallies those Duplicate Signatures previously stricken by the undersigned.

13) Many individuals signed, or their names appeared on the Philadelphia Nominating Pages more than one time. Many individuals signed five or more times (Serial Signers).

14) In an effort to distance themselves from the evidence of fraudulent activity that was emerging from the undersigned's review of the Philadelphia Nominating Pages, counsel for the Candidates agreed that the signatures of all persons signing five or more times, the Serial Signers, should be stricken as void.

15) Forty-four Serial Signers, and those who merely signed the Philadelphia Nominating Pages four times, were also circulators of the Philadelphia Nominating Pages. Their identities are set forth below, setting forth the number of times they signed

Philadelphia Nominating Pages, the page numbers of the Philadelphia Nominating Pages they circulated, and whether they also signed a page or pages that they circulated:

Alan Andrews (signed 21 Philadelphia Nominating Page Lines), Circulated pages 1000, 1031, and 1032 (signed L. 47)

Daryl Baird (signed 13 Philadelphia Nominating Page Lines), Circulated page 194

Earl Boone (signed 11 Philadelphia Nominating Page Lines), Circulated pages 217 and 219

Edward Chappell (signed 19 Philadelphia Nominating Page Lines), Circulated pages 177 and 189

LeRoy Curtis (signed 12 Philadelphia Nominating Page Lines), Circulated page 196

James Bennett (signed 8 Philadelphia Nominating Page Lines), Circulated page 374

Ravenna Bey (signed 4 Philadelphia Nominating Page Lines), Circulated pages 978 and 1001

Michael Costner (signed 9 Philadelphia Nominating Page Lines), Circulated pages 98, 119, 300, 306, 318, 321, 552, and 856

Yolanda DeLeon (signed 9 Philadelphia Nominating Page Lines), Circulated pages 386 and 387

Kevin Dickson (signed 12 Philadelphia Nominating Page Lines), Circulated pages 198 and 583

Kim Dow (signed 7 Philadelphia Nominating Page Lines), Circulated pages 301, 302, and 1037

Terri Glenn (signed 12 Philadelphia Nominating Page Lines), Circulated page 244 (signed L. 66)

James Glover (signed 20 Philadelphia Nominating Page Lines), Circulated pages 309 and 310

Michael Gross (signed 11 Philadelphia Nominating Page Lines), Circulated pages 242, 696, 697, and 991

Gregory Hamlett (signed 8 Philadelphia Nominating Page Lines), Circulated page 524

Janet Hawkins (signed 5 Philadelphia Nominating Page Lines), Circulated pages 457, 458, 459, and 522

Donzel Henderson (signed 4 Philadelphia Nominating Page Lines), Circulated pages 72, 90, 263, 520, 529, 530, 531, and 970

Juan Hill (signed 7 Philadelphia Nominating Page Lines), Circulated pages 239 (signed L. 1) and 391

George Hunt (signed 9 Philadelphia Nominating Page Lines), Circulated pages 182 and 240 (signed L. 49)

Quintincy Hunt (signed 7 Philadelphia Nominating Page Lines), Circulated pages 97, 342, and 597

Thomas Jimenez (signed 15 Philadelphia Nominating Page Lines), Circulated page 523 (signed L. 8)

Anthony Johnson (signed 11 Philadelphia Nominating Page Lines), Circulated page 356 (signed L. 50)

Bobby Johnson (signed 11 Philadelphia Nominating Page Lines), Circulated pages 356 and 357

Nuri Jones (signed 5 Philadelphia Nominating Page Lines), Circulated pages 95, 203, 204, 206, 210, 753, and 1166

Anthony Kearse (signed 5 Philadelphia Nominating Page Lines), Circulated pages 48, 175, 257 (signed L. 29), 351, 369, and 601

Dan Lindsey (signed 23 Philadelphia Nominating Page Lines), Circulated pages 67 and 333

Malik Harper (signed 4 Philadelphia Nominating Page Lines), Circulated pages 525, 526, and 527

Willis Petty (signed 6 Philadelphia Nominating Page Lines), Circulated pages 329 and 413

Michael Reed, Sr. and Michael Reed, Jr., (together signed a total of 67 Philadelphia Nominating Page Lines),[4]

Circulated pages 338, 339, 404, 405, 481, 482, 514, 579, 586, 1035, and Michael Reed, Jr. signed Page 338 at Line 12.

Roosevelt Rivers (signed 12 Philadelphia Nominating Page Lines), Circulated page 485 (signed L. 4)

Valerie Rogers (signed 6 Philadelphia Nominating Page Lines), Circulated pages 68, 70, 80, and 633

Larry Russell (signed 5 Philadelphia Nominating Page Lines), Circulated pages 578 and 587

Andrew Shaw (signed 15 Philadelphia Nominating Page Lines), Circulated page 328

Note: Andrew Shaw was not registered to vote when he circulated Page 328 or affixed his signature to 15 Philadelphia Nominating Page Lines.

Barry Shaw (signed 6 Philadelphia Nominating Page Lines), Circulated pages 308, 315, 532, 560, 567, and 573

Note: Barry Shaw was not registered to vote at the address he set forth when he signed or circulated the Philadelphia Nominating Pages.

4. Michael Reed, Sr. signed approximately 37 times, and Michael Reed, Jr. signed approximately 30 times. These individuals did not always affix the "Sr." or "Jr." to their signatures, however. They are both registered at the same address, and they are by far our "champion" Serial Signers.

Annette Smith (signed 23 Philadelphia Nominating Page Lines), Circulated page 556 (signed L. 29)

Troy A. Smith (signed 9 Philadelphia Nominating Page Lines), Circulated pages 131 and 984 (signed L. 3)

Lola Thompson (signed 11 Philadelphia Nominating Page Lines), Circulated page 551

Hector Torres (signed 7 Philadelphia Nominating Page Lines), Circulated pages 16, 268 (signed L. 23), 557 (signed L. 10), 559

William Ward (signed 17 Philadelphia Nominating Page Lines), Circulated page 686 (signed L. 15)

Chris Watson (signed 14 Philadelphia Nominating Page Lines), Circulated pages 207 (signed L. 14), 400, and 401

Earl Watson (signed 12 Philadelphia Nominating Page Lines), Circulated page 420

Gregory White (signed 28 Philadelphia Nominating Page Lines), Circulated pages 79 and 218 (signed L. 11)

Note: Gregory White signed as circulator at a different address than as an elector on the same date. In fact, he signed petitions under three different addresses all within a three-day period.

Daniel Williams (signed 5 Philadelphia Nominating Page Lines), Circulated pages 58 and 550 (signed L. 1)

16) The undersigned personally viewed each of the signatures of the Serial Signers/Circulators identified in the preceding Finding of Fact, further noting that the address set forth by their signatures matched, except in the case of Gregory White. His signature, however, matched for all 28 times he signed Philadelphia Nominating Page Lines.[5]

17) Other individuals, not circulators, signed five or more times, as well. The following is a partial list of these individuals:

Lavelle Campbell (signed 10 Philadelphia Nominating Page Lines)

Carl Fletcher (signed 19 Philadelphia Nominating Page Lines)

Keith Grant (signed 23 Philadelphia Nominating Page Lines)

Lindsey Mackie (signed 14 Philadelphia Nominating Page Lines)

Samuel Johnson (signed 15 Philadelphia Nominating Page Lines)

Sanniyyah Jones (signed 8 Philadelphia Nominating Page Lines)

Charles Martin (signed 5 Philadelphia Nominating Page Lines)

Charles McCready (signed 5 Philadelphia Nominating Page Lines)

James Poindexter (signed 10 Philadelphia Nominating Page Lines)

Charles Ray (signed 5 Philadelphia Nominating Page Lines)

Ricardo Rivera (signed 5 Philadelphia Nominating Page Lines)

Brian Rosell (signed 8 Philadelphia Nominating Page Lines)

Donniece Roundtree (signed 11 Philadelphia Nominating Page Lines)

Charles Sarlo (signed 9 Philadelphia Nominating Page Lines)

Robert Simmons (signed 8 Philadelphia Nominating Page Lines)

Leon Spann (signed 5 Philadelphia Nominating Page Lines)

Jasmine Speller (signed 5 Philadelphia Nominating Page Lines)

Thomas Spruill (signed 5 Philadelphia Nominating Page Lines)

---

**5.** The Page and Line numbers for each of these individuals, together with all other Serial Signers, are set forth in detail in the Notes of Testimony from the hearing before the undersigned occurring September 27—October 4, 2004.

Aaron Taylor (signed 6 Philadelphia Nominating Page Lines)

Robert Terrell (signed 8 Philadelphia Nominating Page Lines)

Anthony Walker (signed 12 Philadelphia Nominating Page Lines)

Alex Walley (signed 11 Philadelphia Nominating Page Lines)

Darren Wardlaw (signed 8 Philadelphia Nominating Page Lines)

Chris Watson (signed 14 Philadelphia Nominating Page Lines)

Darnell Webb (signed 5 Philadelphia Nominating Page Lines)

Ray Williams (signed 17 Philadelphia Nominating Page Lines)

Marc Wise (signed 11 Philadelphia Nominating Page Lines)

18) A review of the Duplicate Signatures revealed that many of the Serial Signer/Circulators and other Serial Signers signed many of the same Philadelphia Nominating Pages, giving evidence that such pages were "manufactured" rather than circulated among the electorate, at least in significant part, if not in whole. *See, e.g.,* Philadelphia Nominating Pages 34, 58, 72, 80, 81, 88, 102, 120, 177, 181, 190, 195, 200, 204, 212, 239, 244, 306, 308, 310, 327, 328, 333, 369, 480, 485, 514, 519, 523, 559, 1029, 1032, and 1035.[6]

19) Evidence at the hearing, based on the credible testimony of Mr. Kelly, also established that data required to be filled out by the electors was filled out in the hand of certain circulators or other unknown individuals. This led to the *withdrawal* of many of the Philadelphia Nominating Pages by the Candidates or their stipulation on the record that many other such pages should be stricken.[7]

20) The Philadelphia Nominating Pages withdrawn, on record, at the hearings before the undersigned on October 7 and 8, 2004 by the Candidates, are as follows: Pages 12, 101, 115, 198, 218, 226, 227, 230, 322, 489, 536, 552, 571, 580, and 583.

21) Because these pages were under assignment to Judges other than the undersigned, the undersigned did not report the stricken lines in the Court Daily Tallies, but supplied the information to the Judges assigned to dispose of these pages for proper accounting.

22) The Philadelphia Nominating Pages stricken for fraud or other irregularities, based on the stipulation of the parties on record before the undersigned at the hearings on October 5 and 7, 2004 by the Candidates, are as follows: 117, 162, 163, 164, 239, 244, 245, 246, 248, 249, 251, 253, 399, 461, 519, 643, 681, 682, 683, 1000, 1031, 1032, and 1042. Additionally, Lines 7 through 110 of Page 112 were stricken by stipulation because the circulator filled in the electors' information.

23) The undersigned accepted the stipulations of the parties to strike the Philadel-

6. Reference is sometimes made in the Petitioners' challenges to Philadelphia Nominating Page 1033. Evidence deduced at our hearings revealed that there is no Page 1032. Rather, Petitioners' challenges are more accurately to Page 1032. It appeared that when the Candidates were numbering their nominating pages for submission to the Department of State, they inadvertently marked side 2 and side 4 of Page 1032 as "1033" and thereafter marked the immediately following page "1034." Thus, this Court permitted the Petitioners to amend their challenges to Page 1032, transferring those challenges originally lodged against Page 1033. Candidates' counsel agreed to this amendment.

7. Please refer to the Notes of Testimony of the hearings held before the undersigned on October 4, 5, 7 and 8, 2004 for testimony describing the evidence that certain circulators and others affixed information required on the Philadelphia Nominating Pages to be set forth by the electors pursuant to the Election Code.

phia Nominating Pages set forth in the immediately preceding Finding of Fact. Further, the undersigned's review of these pages clearly establishes that the stipulations to strike these pages were appropriate.

24) On October 8, 2004, the undersigned filed an Order in this matter disposing of Philadelphia Nominating Pages 117, 162, 163, 164, 244, 245, 246, 248, 249, 251, 253, 399, 461, 643, 681, 682, 683, 1000, 1031, 1032, and 1042, and Lines 7 through 110 of Page 112. Prior to filing this order, the undersigned requested that counsel for the parties review the order for accuracy as to its representation. Counsel for both parties consented to the filing of this order.

25) Because some of the pages stricken by stipulation were under assignment to Judges other than the undersigned, the undersigned reported only the number of signature lines stricken pertaining to those Philadelphia Nominating Pages assigned to him in the Court Daily Tallies, and supplied information regarding the other pages to the respective Judge assigned to dispose of these pages for proper accounting.

26) The Philadelphia Nominating Pages stricken by stipulation that were assigned to the undersigned are as follows: 239, 244, 245, 246, 248, 249, 251, 253, and 519.[8] A subsequent Finding of Fact will detail the number of signature lines stricken by the undersigned.

27) Because the proceedings before the undersigned established a broad picture of pervasive fraud in the creation of the Philadelphia Nominating Pages, which involved (1) many serial signers, (2) circulators that were also serial signers, and (3) circulators and others who literally filled in

the blanks on many Philadelphia Nominating Pages, the Candidates agreed to withdraw or have stricken many thousands of signature lines and whole pages.

28) Although the following "Rulings on Pages Assigned to Senior Judge Mirarchi" reflect a review and disposal of 2970 signature lines, the undersigned in actuality reviewed and disposed of many thousands' more signature lines, as indicated by the preceding Findings of Fact. The signature lines not addressed in the following "Rulings on Pages Assigned to Senior Judge Mirarchi" are dealt with under the Findings and Conclusions of the other four Judges assigned to review the Philadelphia Nominating Pages.

## RULINGS ON PAGES ASSIGNED TO SENIOR JUDGE MIRARCHI

29) The following Philadelphia Nominating Papers are struck as invalid because the Affidavit of Qualified Elector (Circulator's Affidavit) on such papers lacked the acknowledgment by a notary public or another person qualified to take acknowledgments. Counsel for the Candidates *conceded* that these Philadelphia Nominating Papers be stricken on that ground.

Page 518: 21 signature lines

Page 534: 36 signature lines

Page 537: 110 signature lines

Page 598: 26 signature lines

Page 681: 110 signature lines

**Running Total: 303 signatures reviewed; 303 signatures stricken, 0 valid signatures**

30) For informational purposes only, the Philadelphia Nominating Papers described in the immediately preceding Finding of Fact contained numerous Duplicate Signa-

---

8. On October 4, 2004, the President Judge assigned to the undersigned Philadelphia Nominating Pages found among the nominat-

ing pages 231–257 for review and disposition of challenges made thereto.

tures, which were not reported for the Court Daily Tallies, as the page and line numbers were already stricken for the reasons set forth in the immediately preceding Finding of Fact. These Duplicate Signatures are as follows:

On Page 518: Lines 1, 2, 5, 6, 7, 8, 9, 10, 12, 14, 15, 18, 19, 20

On Page 534: 0 Duplicate Signatures

On Page 537: Line 82

On Page 598: 0 Duplicate Signatures

On Page 681: 0 Duplicate Signatures

31) The number of Duplicate Signatures appearing on pages 514 through 1189 of the Philadelphia Nominating Pages, and stricken as invalid by the undersigned as such, except where such signatures had been previously stricken, is 476.

**Running Total: 779 signatures reviewed; 779 signatures stricken, 0 valid signatures**

32) The following Philadelphia Nominating Papers were struck as invalid by the undersigned on the basis of fraudulent activity of the circulators or Serial Signers of such pages, based upon credible evidence placed on the record:

Page 515: 100 signature lines

Page 556: 30 signature lines

Page 557: 70 signature lines

Page 686: 28 signature lines

33) The Court previously struck as invalid Duplicate Signatures on the pages described in the immediately preceding Finding of Fact as follows:

Page 515: 0 Duplicate Signatures

Page 556: 8 Duplicate Signatures (Lines 1–3, 8, 12, 13, 19, and 29)

Page 557: 5 Duplicate Signatures (Lines 3, 5, 10, 49, and 59)

Page 686: 7 Duplicate Signatures (Lines 1, 3, 5, 8, 15, 16, and 26)

34) Accordingly the signatures stricken for the pages described in the two immedi-

ately preceding Finding of Fact are as follows:

Page 515: 100 signature lines

Page 556: 22 signature lines

Page 557: 65 signature lines

Page 686: 21 signature lines

**Running Total: 987 signatures reviewed; 987 signatures stricken, 0 valid signatures**

35) Lines 1, 2, and 4 on Page 556 are also invalid on the grounds that the individuals who signed on those lines set forth a date one day *after* the circulator and notary completed the Circulator's Affidavit on this Page.

36) With respect to Page 515, handwriting expert Edward J. Kelly credibly testified that information concerning the address, date of signing, and even printed name of the electors appearing on numerous lines on this page were either set forth in the hand of the circulator, David Otero, or in the hand of other individuals rather than the elector. These lines are as follows: 2, 5, 6, 8, 9, 10, 12, 13, 14, 15, 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 55, 57, 60, and 90. Other lines probably had such defects as well. Counsel for the Candidates conceded that Page 515, Lines 2, 5, 8, 9, 10, 13, 14, 23, 24, 25, 31, and 32 should be stricken on the grounds that the evidence established that either the circulator, David Otero or other individuals, not the electors, set forth information regarding address, date, or, in some instances, the name of the elector.

37) Because the circulator, David Otero, and other unknown individuals clearly affixed information represented to be that of many of the electors on Page 515, Mr. Otero's Circulator Affidavit is rendered unreliable, a violation of his sworn affidavit, and fraudulent. Accordingly, the en-

tire Philadelphia Nominating Page 515 is invalid.

38) With respect to Page 556, credible evidence established that the circulator and affiant of this page, Annette Smith not only swore to the Circulator's Affidavit, but also signed Line 29 of Page 556 as an elector. She also affixed her signature to 22 other Philadelphia Nominating Pages all generally within the four-day period from July 20—24, 2004.[9] She signed two Philadelphia Nominating Pages twice (Page 409, Line 7, and Page 409, Line 101; and Page 556, Line 3, and Page 556, Line 29). Further, Ms. Smith set forth on Page 556 one address as an elector and another address as a circulator. She was not registered to vote at either address on the date of her signing.

39) When Annette Smith completed her Circulator's Affidavit for Page 556, it was done with the knowledge that she had signed numerous other Philadelphia Nominating Pages and with the knowledge that she was not registered to vote at the different addresses she set forth for herself in this document.[10] Her Circulator's Affidavit is therefore rendered unreliable, a violation of her sworn affidavit, and fraudulent. Accordingly, the entire Philadelphia Nominating Page 556 is invalid.

40) With respect to Page 557, credible evidence established that the circulator of this page, Hector Torres, was also a Serial Signer, having signed at least 7 Philadelphia Nominating Pages, including Line 10 of Page 557 as an elector.[11]

41) When Hector Torres completed his Circulator's Affidavit for Page 557, it was done with the knowledge that he had signed numerous other Philadelphia Nominating Pages. His Circulator's Affidavit is therefore rendered unreliable, a violation of his sworn affidavit, and fraudulent. Accordingly, the entire Philadelphia Nominating Page 557 is invalid.

42) With respect to Page 686, credible evidence established that the circulator of this page, William Ward, was also a Serial Signer, having signed at least 17 Philadelphia Nominating Pages.[12] He also signed Line 15 of Page 686 as an elector. Further, Mr. Ward set forth on Page 686 one address as an elector and another address as a circulator, and he signed Page 177 two times, at Lines 5 and 34.

43) Because William Ward completed his Circulator's Affidavit for Page 686 with the knowledge that he had signed numerous other Philadelphia Nominating Pages, and because he failed to set forth in his

9. Ms. Smith signed the following Philadelphia Nominating Pages: P. 99, L. 93; P. 181, L. 2; P. 185, L. 70; P. 198, L. 10; P. 204, L. 55; P. 217, L. 12; P. 218, L. 110; P. 239, L. 17; P. 252, L. 29; P. 348, L. 48; P. 377, L. 58; P. 407, L. 78; P. 409, L. 7; P. 409, L. 101; P. 518, L. 10; P. 523, L. 11; P. 552, L. 68; P. 556, L. 3; P. 556, L. 29; P. 698, L. 42; P. 1033, L. 101; P. 1037, L. 79.

10. The affiant of a Circulator's Affidavit swears or affirms, among other things, that the affiant is a qualified elector, that he or she has affixed her *residence* to the affidavit, that the signers of the page all signed with full knowledge of the contents thereof, and that to the best of the affiant's knowledge and belief, the signers are all qualified electors of the

district designated in the paper. Form DSBE 210A PB Department of State (rev.1/04), Side 4.

11. The other Philadelphia Nominating Pages signed by Hector Torres were P. 268, L. 23; P. 356, L. 27; P. 378, L. 20; P. 549, L. 92; P. 694, L. 44; and P. 1034, L. 32.

12. William Ward signed the following Philadelphia Nominating Pages: P. 34, L. 29; P. 88, L. 62; P. 177, L. 5; P. 177, L. 34; P. 240, L. 41; P. 328, L. 25; P. 356, L. 25; P. 363, L. 8; P. 388, L. 19; P. 393, L. 6; P. 485, L. 12; P. 574, L. 4; P. 587, L. 18; P. 686, L. 15; P. 1000, L. 32; P. 1035, L. 4; and P. 1037, L. 43.

Circulator's Affidavit the address for which he is a registered voter, his Circulator's Affidavit is rendered unreliable, a violation of his sworn affidavit, and fraudulent. Accordingly, the entire Philadelphia Nominating Page 686 is invalid.

44) Counsel for the Candidates conceded to strike as void the crossed-out portions of Page 527, consisting of Line 53 and Lines 64—110, for a total of 48 stricken lines. It is apparent that Lines 64—110 of Page 527 are forgeries, where two or three individuals signed and filled out all of these lines.

45) The undersigned did not review the balance of the signature lines for Page 527. Judge Leadbetter was assigned to perform that review.

**Running Total: 1035 signatures reviewed; 1035 signatures stricken, 0 valid signatures**

46) The parties stipulated that the following Philadelphia Nominating Pages should be stricken for the reason that they are in the hand of the circulators or other persons, not in the electors whose names appear in the Nomination Papers or for the reason that the circulators filled in the electors' information:

Page 239: 110 signature lines

Page 244: 101 signature lines

Page 245: 100 signature lines

Page 246: 110 signature lines

Page 248: 101 signature lines

Page 249: 100 signature lines

Page 251: 84 signature lines

Page 253: 49 signature lines

Page 519: 100 signature lines

47) The undersigned accepted the stipulation of the parties to strike the Philadelphia Nominating Pages set forth in the immediately preceding Finding of Fact.

Further, the undersigned's review of these pages clearly establishes that the stipulation to strike these pages is appropriate.

48) Philadelphia Nominating Page 519 contains 6 Duplicate Signatures that were previously stricken by this Court.[13] No Duplicate Signatures were stricken from the other Philadelphia Nominating Pages set forth in Finding of Fact No. 46. Accordingly, the signature lines struck from the Philadelphia Nominating Pages set forth in Finding of Fact No. 46 are as follows:

Page 239: 110 signature lines

Page 244: 101 signature lines

Page 245: 100 signature lines

Page 246: 110 signature lines

Page 248: 101 signature lines

Page 249: 100 signature lines

Page 251: 84 signature lines

Page 253: 49 signature lines

Page 519: 94 signature lines

**Running Total: 1884 signatures reviewed; 1884 signatures stricken, 0 valid signatures**

49) Page 237, consisting of 43 signature lines, lacked the signature of the circulator in the Circulator's Affidavit. The Court permitted Candidates to amend this defect by producing the circulator to affix his signature by noon, October 8, 2004. The circulator failed to appear before the Court to effectuate the amendment. At the hearing held before the undersigned on October 8, 2004, Counsel for the Candidates conceded that because he was unable to produce the affiant to amend the Circulator's Affidavit, Page 237 should be stricken as void. The undersigned accordingly struck Page 237, with its 43 signature lines as void.

**13.** Lines 16, 17, 35, 43, 61, and 79.

Running Total: 1927 signatures reviewed; 1927 signatures stricken, 0 valid signatures

50) The undersigned conducted a page and line review of the following Philadelphia Nominating Pages: Pages 231 (100 signature lines), 234 (110 signature lines), 236 (110 signature lines), 240 (50 signature lines), 241 (110 signature lines), 242 (110 signature lines), 243 (100 signature lines), 252 (110 signature lines), 254 (77 signature lines), 256 (87 signature lines), and 257 (41 signature lines).

51) The following designations will be used to describe the disposition of the signature lines for the above Philadelphia Nominating Pages:

a) Valid signatures ("Valid Signatures").

b) Signatures stricken because the signature is a Duplicate Signature ("Dup").

c) Signatures stricken because the elector is not registered to vote and was not registered at the date of signing the Philadelphia Nominating Page ("NR").

d) Signatures stricken because the elector registered to vote after the date of signing the Philadelphia Nominating Page ("NRDS").

e) Signatures stricken because the elector is not registered to vote at the address set forth in the Philadelphia Nominating Page ("NRA").

f) Signatures stricken because the elector omitted required information, such as signature, address, printed name, and date signed ("DO").

g) Signatures stricken because some or all of the information required by the Election Code pertaining to an elector was written by an individual or individuals other than the elector ("Information Written by Others").

h) Signatures stricken as forged ("Forged").

i) Signatures stricken as illegible ("Illegible").

j) Signatures stricken because the "electors" affixed addresses that are not in the City and County of Philadelphia ("NA/OC").[14]

52) With respect to Page 231, with 100 signature lines, based on credible evidence, the following disposition was made:

a) 36 lines stricken as NR: Lines 6, 7, 8, 9, 10, 11, 12, 15, 18, 23, 24, 27, 29, 30, 31, 32, 34, 37, 39, 42, 43, 46, 48, 49, 53, 54, 56, 62, 63, 64, 67, 76, 79, 80, 99, 95 and 97.

b) 25 lines stricken as NRA: Lines 2, 4, 12, 13, 19, 25, 33, 41, 45, 50, 51, 52, 58, 59, 65, 66, 74, 81, 84, 87, 88, 91, 92, 94 and 96.

c) 13 lines stricken for DO: Lines 16, 22, 35, 38, 40, 44, 55, 57, 61, 69, 71, 73 and 83.

d) 5 lines stricken as Forged: Lines 72, 78, 86, 89 and 97.

e) 2 lines stricken as NA/OC: Lines 47 and 67.

f) 19 Valid Signatures.

Running Total: 2027 signatures reviewed; 2008 signatures stricken, 19 valid signatures

53) With respect to Page 234, with 110 signature lines, based on credible evidence, the following disposition was made:

a) 16 lines stricken as NR: Lines 1, 9, 13, 21, 41, 45, 55, 64, 67, 70, 71, 78, 79, 88, 89 and 105.

b) 26 lines stricken as NRA: Lines 3, 8, 12, 16, 17, 27, 31, 32, 40, 42, 43, 49, 50, 52,

14. The Board of Elections uses the designation "NA/OC" to signify "non-existent address or out of county address."

58, 65, 83, 86, 87, 90, 91, 92, 95, 97, 108 and 109.

c) 8 lines stricken as NRDS: Lines 2, 7, 16, 19, 69, 77, 100 and 101.

d) 6 lines stricken for DO: Lines 5, 19, 28, 29, 75 and 107.

d) 1 line stricken for having Information Written by Others: Line 4.

e) 1 line stricken as Illegible: Line 93.

f) 52 Valid Signatures.

**Running Total: 2137 signatures reviewed; 2066 signatures stricken, 71 valid signatures**

54) With respect to Page 236, with 110 signature lines, based on credible evidence, the following disposition was made:

a) 2 lines stricken as Dup: Lines 85 and 100.

b) 30 lines stricken as NR: Lines 5, 13, 15, 18, 24, 26, 29, 32, 35, 40, 43, 44, 48, 53, 54, 59–62, 67, 71, 72, 80, 83, 86, 91, 96, 101, 102 and 107.

c) 15 lines stricken as NRA: Lines 3, 9, 10, 14, 31, 39, 45, 52, 63, 65, 79, 87, 90, 93 and 106.

d) 10 lines stricken as NRDS: Lines 16, 22, 36, 47, 57, 68, 82, 94, 108 and 109.

d) 7 lines stricken for DO: Lines 7, 11, 12, 58, 64, 75 and 77.

e) 1 line stricken for having Information Written by Others: Line 17.

f) 1 line stricken as Illegible: Line 89.

g) 7 lines stricken for being NA/OC: Lines 4, 30, 47, 70, 98, 99 and 103.

h) 37 Valid Signatures.

**Running Total: 2247 signatures reviewed; 2139 signatures stricken, 108 valid signatures**

55) With respect to Page 240, with 50 signature lines, based on credible evidence, the following disposition was made:

a) 10 lines stricken as Dup: Lines 11, 32, 37, 38, 40, 41, 45, 46, 48 and 49.

b) 12 lines stricken as NR: Lines 3, 4, 8, 10, 14, 17, 19, 20, 23, 30, 34 and 36.

c) 12 lines stricken as NRA: Lines 6, 9, 12, 16, 18, 21, 26, 27, 33, 39, 43 and 47.

d) 2 lines stricken as NRDS: Lines 22 and 26.

e) 4 lines stricken for DO: Lines 1, 24, 28 and 29.

f) 1 line stricken as Illegible: Line 42.

g) 1 line stricken for being NA/OC: Line 31.

h) 8 Valid Signatures.

**Running Total: 2297 signatures reviewed; 2181 signatures stricken, 116 valid signatures**

56) With respect to Page 241, with 110 signature lines, based on credible evidence, the following disposition was made:

a) 4 lines stricken as Dup: Lines 25, 60, 88 and 89.

b) 26 lines stricken as NR: Lines 2, 5, 7, 13, 15, 22, 35, 38, 50, 51, 56, 61, 68, 82, 85, 87, 90, 91, 98, 100, 102 and 105.

c) 42 lines stricken as NRA: Lines 3, 6, 8, 11, 17–20, 22, 25, 32, 34, 36, 37, 41, 42, 44, 45, 47, 52, 53, 54, 58, 62, 67, 70–72, 73, 78, 83, 84, 86, 92–96, 99, 104, 106 and 107.

d) 11 lines stricken as NRDS: Lines 14, 27, 29, 57, 59, 64, 65, 75, 77, 79 and 109.

e) 2 lines stricken as Illegible: Line 30 and 33.

f) 25 Valid Signatures.

**Running Total: 2407 signatures reviewed; 2266 signatures stricken, 141 valid signatures**

57) With respect to Page 242, with 110 signature lines, based on credible evidence, the following disposition was made:

a) 18 lines stricken as Dup: Lines 5, 12, 21, 23, 25, 38, 42, 47, 54, 56, 57, 71, 87, 93 and 94.[15]

b) 24 lines stricken as NR: Lines 24, 28, 39, 45, 49, 58, 60, 62, 63, 66, 70, 72–74, 77, 80, 89, 91, 92, 95, 96, 99, 107 and 108.

c) 21 lines stricken as NRA: Lines 1–4, 6, 16, 18, 19, 30, 32, 35, 40, 44, 64, 68, 82, 86, 91, 104 and 110.

d) 1 line stricken as NRDS: Line 48.

e) 31 lines stricken for DO: Lines 7–9, 11, 13–15, 17, 22, 26, 27, 29, 31, 34, 36, 37, 41, 43, 46, 50–53, 55, 59, 61, 81, 85, 88, 97, 98 and 105.[16]

f) 1 line stricken as Illegible: Line 38.

g) 14 Valid Signatures.

**Running Total: 2517 signatures reviewed; 2362 signatures stricken, 155 valid signatures**

58) With respect to Page 243, with 100 signature lines, based on credible evidence, the following disposition was made:

a) 2 lines stricken as Dup: Lines 2 and 69.

b) 14 lines stricken as NR: Lines 6, 32, 37, 38, 40, 41, 47, 53, 67, 76, 77, 78, 97 and 98.

c) 37 lines stricken as NRA: Lines 1, 3, 4, 7, 8, 10, 11–13, 16, 17, 22–24, 26, 28, 30, 33, 35, 39, 42, 48, 51, 57, 61, 62–65, 79, 82, 88, 90, 93, 94, 96 and 100.

d) 7 lines stricken as NRDS: Lines 14, 25, 66, 68, 80, 81 and 95.

e) 3 lines stricken for DO: Lines 49, 59 and 73.

f) 1 line stricken as Illegible: Line 83.

g) 1 line stricken for being NA/OC: Line 74.

h) 35 Valid Signatures.

**Running Total: 2617 signatures reviewed; 2427 signatures stricken, 190 valid signatures**

59) With respect to Page 252 with 110 lines, based on credible evidence, the following disposition was made:

a) 4 lines stricken as Dup: Lines 5, 29, 30 and 104.

b) 25 lines are stricken as NR: 7, 14, 18, 27, 32, 33, 35, 36, 39, 44, 45, 46, 49, 63, 67, 79, 80, 82, 88, 93, 94, 95, 96, 105 and 109.

c) 28 lines are stricken as NRA: 3, 9 through 16, 21, 54, 55, 59, 61, 65, 68, 70, 73, 74, 76, 80, 83, 84, 92, 97, 99, 107, 108 and 110.

d) 7 lines for NRDS: 41, 48, 51, 60, 66, 90 and 98.

e) 13 lines are stricken for DO: 1, 2, 6, 19, 20, 37, 42, 56, 57, 71, 72, 91 and 100.

f) 4 lines are stricken for being NA/OC: 17, 40, 43 and 89.

g) 29 valid signatures.

**Running Total: 2727 signatures reviewed; 2508 signatures stricken, 219 valid signatures**

60) With respect to Page 254 with 77 lines, based on credible evidence, the following disposition was made:

a) 1 line stricken as Dup: Line 14.

b) 30 lines are stricken as NR: 1, 6, 8, 10, 12, 13, 15, 17, 20, 22, 24–29, 34, 35, 40, 42, 46, 48, 49, 54, 55, 57, 59, 62, 67 and 71.

c) 9 lines are stricken as NRA: 5, 7, 23, 33, 37–39, 43 and 68.

---

15. Evidence established that Page 242 contained three Duplicate Signatures more than set forth in the Interim Adjudication and Order filed October 7, 2004, *i.e.*, Lines 67, 78, and 79.

16. Line 97 lacked a signature, and the remaining lines were crossed out by the Candidates in ink. One can detect under the crossed-out names, the signatures of a number of Serial Signers.

d) 4 lines are stricken as NRDS: 30, 44, 64 and 69.

e) 4 lines are stricken for DO: 9, 26, 31 and 60.

f) 8 lines stricken for being NA/OC: 2–4, 58, 61, 65, 66 and 72.

g) 21 valid signatures.

**Running Total: 2804 signatures reviewed; 2564 signatures stricken, 240 valid signatures**

61) With respect to Page 256, with 87 signature lines,[17] based on credible evidence, the following disposition was made:

a) 3 lines stricken as Dup: Lines 24, 43 and 103.

b) 20 lines stricken as NR: Lines 10, 13, 15, 17, 21, 39, 42, 47–51, 55, 56, 60, 62, 64, 68, 76 and 77.

c) 34 lines stricken as NRA: Lines 8, 11, 14, 16, 18, 19, 22, 23, 29, 30, 31, 38, 40, 41, 44, 45, 46, 52, 59, 61, 63, 65–67, 69, 70–72, 79, 81, 82, 101, 104 and 105.

d) 3 lines stricken as NRDS: Lines 1, 12 and 73.

e) 11 lines stricken for DO: Lines 2–4, 9, 27, 28, 57, 58, 75, 78 and 102.

f) 16 Valid Signatures.

**Running Total: 2891 signatures reviewed; 2635 signatures stricken, 256 valid signatures**

62) With respect to Page 257, with 41 signature lines, based on credible evidence, the following disposition was made:

a) 1 line stricken as Dup: Line 27.

b) 7 lines stricken as NR: Lines 2–4, 15, 26, 31 and 40.

c) 6 lines stricken as NRA: Lines 13, 25, 29, 30, 32 and 35.

d) 12 lines stricken as NRDS: Lines 5–7, 9, 11, 12, 19, 28, 33, 34, 38 and 39.

e) 1 line stricken for DO: Line 1.

f) 14 Valid Signatures.

**Running Total: 2932 signatures reviewed; 2662 signatures stricken, 270 valid signatures**

63) Philadelphia Nominating Page 247, consisting of 38 signature lines, was withdrawn by counsel for the Candidates because of irregularities appearing throughout the page, based on clear evidence that the affiant had completed most if not all of the information set forth therein. This evidence was corroborated by the credible testimony of Mr. Kelly. Counsel for the Candidates moved for the withdrawal of Page 247, and the Court granted this unopposed motion.

**Running Total: 2970 signatures reviewed; 2700 signatures stricken, 270 valid signatures**

## CONCLUSIONS

1) The undersigned reviewed the following Philadelphia Nominating Pages for which he reported numbers in the Court Daily Tallies: 231, 234, 236, 237, 239–249, 251–254, 256, 257, 515, 518, 519, 534, 537, 556, 557, 598, 681, and 686. Further, the undersigned reviewed Duplicate Signatures occurring on Philadelphia Nominating Pages 514–1189.

2) After review of these Pages and the Duplicate Signatures occurring on Philadelphia Nominating Pages 51–1189, the undersigned reports the following:

**2970 Signatures Reviewed**

**2700 Signatures Stricken**

**270 Signatures Remain Valid**

3) The undersigned made a page and line review of Philadelphia Nominating Pages 231, 234, 236, 240–243, 252, 254, 256,

---

**17.** On Page 256, signature lines were filled from Lines 1–82, and from Lines 101–105 only. Lines 83–100 were left blank, as were Lines 106–110.

and 257, in accordance with the standards of review for same set forth in *In re Nomination Papers of Nader*, —— Pa. ——, 858 A.2d 1167, 2004 WL 2185351 (No. 154 MAP 2004, filed September 29, 2004).

4) With respect to Justice Saylor's concurring opinion in *In re Nomination Papers of Nader*, (No. 171 MM 2004, filed October 1, 2004), directing that we consider grounds for striking signatures other than the fact that the electors are not registered, we report that the following signatures were stricken only on the grounds that the elector was not registered at the time of signing or by the time of the hearing (NR: 240 signatures), was not registered at the address affixed to the nominating page (NRA: 255 signatures), and was not registered at the time of signing (NRDS: 65 signatures). The page and line numbers of these individuals are set forth in Findings of Fact Nos. 52–62.

5) The Candidates conceded to the striking of the great majority of all other signature lines stricken by the undersigned.

6) The review of the Philadelphia Nominating Pages set forth in Conclusion No. 1, together with many other Philadelphia Nominating Pages as partially described in the Findings of Fact, revealed extensive impropriety and/or fraudulent activity in the creation of many Philadelphia Nominating Pages.

7) The evidence established that many Philadelphia Nominating Pages were simply manufactured, in whole or in part, by Serial Signer/Circulators, other Serial Signers, and other Circulators.

8) The evidence does not link the activities of the individuals described in the preceding Conclusion with the Candidates themselves, but the efforts of the Candidates to be on the ballot in November are clearly negatively impacted by this activity.

9) The legitimacy and integrity of the electoral process is negatively impacted by the activities of the Serial Signer/Circulators, other Serial Signers, and other Circulators, who, with obvious intent, attempted to pad the numbers for their Candidates in the Philadelphia Nominating Pages by fraud, deceit, and dishonesty.

10) Thus, the legal argument of the Candidates that the strict requirements of the Election Code and a thorough and timely review of their nominating pages is somehow fundamentally, and thus constitutionally unfair to them and serves to "disenfranchise" their supporters, is proven a clear farce.

11) On the contrary, the whole of the electorate is disenfranchised when the thorough and outrageous assault on the legitimacy and integrity of the electoral process, as revealed during our hearings on the Philadelphia Nominating Pages, is not prevented by judicial review based on firmly established standards of law.

12) In an effort to distance themselves from the clear evidence of fraud and impropriety that began emerging from the evidence deduced at the hearings, counsel for the Candidates ultimately agreed to withdraw a number of Philadelphia Nominating Pages in their entirety and conceded to the striking as void of many others and to the Duplicate Signatures.

13) Although legal counsel for the Candidates has not always been forthright and cooperative with the Court (*see, e.g.,* the Memorandum Opinion and Order of President Judge Colins entered in this matter on September 23, 2004), there were attorneys for the Candidates who met or rose above the standards of their profession during the hearings. The undersigned would particularly wish to commend B.

Patrick Costello, Jr., Esquire, who acquitted himself with scrupulous honesty, integrity, and candor. While advocating with vigor for the Candidates, he nevertheless recognized his duty as an officer of the Court when faced with undeniable evidence of the fraud and other impropriety set forth in the Philadelphia Nominating Papers, and performed with great expeditiousness to aid the Court in properly disposing of these matters while maintaining the signatures of electors not tainted by the fraud and impropriety.

### ORDER

AND NOW, this 13th day of October, 2004, the Court having been informed that Philadelphia Nominating Pages 536, 552, 566, 571, 580, 583, 643, 682, and 683, and the disposition of challenges, motions, and stipulations made thereto, were never previously counted in the Court Daily Tallies or in the Findings and Conclusions of the Judge to whom they had been assigned, and in an effort to ensure an accurate counting and disposition of all nominating pages filed by the Candidates, the undersigned, who received and accepted the motions to withdraw some of these Pages and the stipulations to strike the others, as more particularly described in the undersigned's Findings and Conclusions in this matter filed on October 12, 2004, hereby amends his Findings and Conclusions filed on October 12, 2004, as follows:

1) Finding of Fact No. 20 is amended to include Philadelphia Nominating Page *566* among those Philadelphia Nominating Pages withdrawn on the record by counsel for the Candidates on October 7 and 8, 2004.

2) Finding of Fact No. 22, second sentence, is amended to read, with the amended portion in bold and underline, as follows:

Additionally, Lines 7 through 110 of Page *1112* were stricken by stipulation because the circulator filled in the electors' information.

3) Finding of Fact No. 24, first sentence, is amended to read, with the amended portion in bold and underline, as follows:

On October 8, 2004, the undersigned filed an Order in this matter disposing of Philadelphia Nominating Pages 117, 162, 163, 164, 244, 245, 246, 248, 249, 251, 253, 399, 461, 643, 681, 682, 683, 1000, 1031, 1032, and 1042, and Lines 7 through 110 of Page *1112*.

4) Finding of Fact No. 64 is added to find:

64) **Because the following Philadelphia Nominating Pages, withdrawn by counsel for the Candidates, as set forth in Finding of Fact No. 20, or stipulated by the parties to be stricken as set forth in Finding of Fact No. 22, have not been previously counted in either the Court Daily Tallies as reviewed, withdrawn, or stricken, nor counted as reviewed, withdrawn or stricken in the Findings and Conclusions of the Judge to whom such pages were assigned at the time of their withdrawal or striking, the undersigned adds to his total of Reviewed and Stricken Signatures, the following Pages:**

**Page 536: 80 signature lines**

**Page 552: 101 signature lines**

**Page 566: 15 signature lines**

**Page 571: 105 signature lines**

**Page 580: 109 signature lines**

**Page 583: 53 signature lines**

**Page 643: 100 signature lines**

**Page 682: 110 signature lines**

**Page 683: 100 signature lines**

5) Finding of Fact No. 65 is added to find:

65) The Court previously struck as invalid Duplicate Signatures on the pages described in the immediately preceding Finding of Fact as follows:

Page 536: 1 Duplicate Signature (Line 6)

Page 552: 18 Duplicate Signatures (Lines 11, 13, 15, 23, 38, 41, 46–48, 50, 51, 53–55, 57, 68, 71 and 95)

Page 566: 0 Duplicate Signatures

Page 571: 7 Duplicate Signatures (Lines 1, 4–6, 25, 28 and 54)

Page 580: 0 Duplicate Signatures

Page 583: 9 Duplicate Signatures (Lines 10, 12, 13, 36, 41, 45–47 and 52)

Page 643: 0 Duplicate Signatures

Page 682: 0 Duplicate Signatures

Page 683: 0 Duplicate Signatures

6) Finding of Fact No. 66 is added to find:

66) Accordingly, the signatures stricken for the pages described in the two immediately preceding Findings of Fact are as follows:

Page 536: 79 signature lines

Page 552: 83 signature lines

Page 566: 15 signature lines

Page 571: 98 signature lines

Page 580: 109 signature lines

Page 583: 44 signature lines

Page 643: 100 signature lines

Page 682: 110 signature lines

Page 683: 100 signature lines

Running Total: 3708 signatures reviewed; 3438 signatures stricken; 270 valid signatures

7) Conclusion No. 1 is amended to read, with the added portions in bold and underline, as follows:

1) The undersigned reviewed the following Philadelphia Nominating Pages for which he reported numbers in the Court Daily Tallies: 231, 234, 236, 237, 239–249, 251–254, 256, 257, 515, 518, 519, 534, *536*, 537, *552*, 556, 557, *566*, *571*, *580*, *583*, 598, *643*, 681, *682*, *683*, and 686. Further, the undersigned reviewed Duplicate Signatures occurring on Philadelphia Nominating Pages 514–1189.

8) Conclusion No. 2 is amended to read, with the added portions in bold and underline, as follows:

2) After review of these Pages and the Duplicate Signatures occurring on Philadelphia Nominating Pages 51–1189, the undersigned reports the following:

*3708* Signatures Reviewed

*3438* Signatures Stricken

270 Signatures Remain Valid

Oct. 12, 2004.

FINDINGS AND CONCLUSIONS RE: CHALLENGES TO PHILADELPHIA COUNTY NOMINATION PAPERS CONTAINED IN EXHIBIT 1, VOLUME E

LEADBETTER, Judge.

On October 7–11, 2004, a hearing was held to rule on certain challenges to nomination papers circulated in Philadelphia County on behalf of the candidacies of Ralph Nader and Peter Miguel Camejo. Both sides were represented by counsel. Assigned to this venue were those nomination papers from Philadelphia County challenged in Objectors' Exhibit No. 1, Volume E, excluding pages and lines struck by Judge Mirarchi as duplicate signatures. Between sessions in open court both counsel, James Cook and Ira Lefton, worked tirelessly and diligently to review voter registration records and work out stipulations. Their efforts were greatly aided, indeed made possible, by the willingness of representatives of the Voter Registration

Division, Philadelphia City Commissioners and of our court officer, Robert Snook, to work from early morning until late at night and through the weekend in order to complete this task in a timely manner. When counsel could not agree on an issue, it was submitted to the court for a ruling on the record, but because of the professionalism of counsel, such disputes were kept to a minimum. The court wishes to thank all involved for their professional and tireless work while tired, hungry and, undoubtedly, suffering eyestrain.

Based upon the stipulations presented and my rulings as described above, I find the following [1]:

1. The nomination papers from Philadelphia County assigned for my review contained a total of 4171 signature lines, not counting those struck by Judge Mirarchi as duplicates.

2. 441 of those lines were struck out by the candidates before filing the nomination papers with the Secretary of State, leaving a total of 3720 lines submitted.

3. 441 of those signature lines listed an address in Philadelphia County, but the name did not match that of any registered voter in the county. These lines must be stricken. *In re Nomination Papers of Nader*, —— Pa. ——, ——–——, 858 A.2d 1167, 1182–84 (2004) (No. 154 MAP 2004, filed September 29, 2004) (2004 WL 2185351, *12–13); *In re Nomination Petition of Flaherty*, 564 Pa. 671, 682, 770 A.2d 327, 333 (2001).[2]

4. 555 of those signature lines listed an address in Philadelphia County, and an elector by that name was registered in the county, but at a different address. Examination of the registration records of those electors did not reflect that any of them had previously lived at the address on the nomination paper. These lines must be stricken. *In re Nomination Papers of Nader*, —— Pa. ——, ——–——, 858 A.2d 1167, 1182–84 (2004) (No. 154 MAP 2004, filed September 29, 2004) (2004 WL 2185351, *12–13); *In re Nomination Petition of Flaherty*, 564 Pa. 671, 682, 770 A.2d 327, 333 (2001).[3] Where lines were signed by persons who were reg-

1. In light of the admonition of Mr. Justice Saylor [see *In re Nomination Paper of Ralph Nader*, (No. 171 MM 2004, filed October 1, 2004)(Saylor, J., concurring)] that we keep account of whether, as to signatures or affidavits stricken because of registration requirements, the signers or affiants otherwise possess the constitutional and legal qualifications of electors set forth in Article VII, Section 1 of our Pennsylvania Constitution and incorporated by reference in Section 102(t) of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2602(t) findings relevant to this issue appear as footnotes herein.

2. All signatures were dated August 1, 2004, or earlier. Therefore, since there was no evidence to suggest that the Philadelphia addresses listed were inaccurate, all signers resided in the state more than 90 days immediately preceding the election. While it would seem unlikely that very many were non-citizens or minors, no evidence was pre- sented as to the age or citizenship of any of them, other than the affiants' affidavits stating that the signers are qualified electors. To the extent that the burden of persuasion lies with objectors to establish that the signers are not qualified electors, they have established only that the signers are not registered to vote, but have failed to establish that they lack the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution. To the extent that lack of registration is deemed to satisfy objectors' *prima facie* case, candidates have failed to rebut that case with evidence that the signers nonetheless possess the age and citizenship qualifications of Article VII, Section 1.

3. Since these signers were registered to vote in the county, albeit at another address, I find that they possess the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution.

istered voters at a different address in Philadelphia County on the date of signing the nomination paper, but before the hearing had notified the Registration Division of a change of address to that stated on the nomination papers in compliance with the Voter Registration Act,[4] I ruled that these persons were qualified electors, and their signatures were not stricken.

5. 119 of the signature lines were signed by persons not registered to vote in Philadelphia County at the time of signing the nomination papers. No evidence was presented as to the date that any of them postmarked or delivered an application to register. I therefore find that these persons were not qualified electors when they signed the nomination papers and, therefore, these lines must be stricken. *Nader,* —— Pa. at ——–——, 858 A.2d at 1182–83 (2004·WL 2185351, *12).[5]

6. 85 lines on the nomination papers omitted information required by the Election Code,[6] and therefore must be stricken. Section 951 of the Election Code, *as amended,* 25 P.S. § 2911.[7] In their stipulations, counsel included in this category lines which had printed names rather than the signatures required by law. *Nader,* —— Pa. at ——–——, 858 A.2d at 1183–84 (2004 WL 2185351, *13); *Flaherty,* 564 Pa. at 679, 770 A.2d at 332 (2001); *In re Nomination Petition of Silcox,* 543 Pa. 647, 650, 674 A.2d 224, 225 (1996).

7. 55 lines on the nomination papers were so illegible that neither the Registration Division nor counsel were able to ascertain whether they were signed by qualified electors. These must be stricken. *In re Nomination Petition of Delle Donne,* 779 A.2d 1, 11—12 (Pa.Cmwlth.2001).

8. 368 lines were stricken as forgeries.

9. One line was stricken because the signature and the printed name were entirely different names.

10. 45 lines were stricken because the address listed did not exist.[8]

---

4. In 2002, the legislature enacted a new Voter Registration Act, 25 Pa.C.S. §§ 1101—3302. Section 1501(b) provides for the process to be used where an elector changes address. *See* 25 Pa.C.S. § 1501.

5. Since these 13 signers were registered to vote in the county, albeit after the date of signing, I find that they possess the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution.

6. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600—3591.

7. Section 951 of the Election Code directs that a qualified elector signing a nomination paper "shall add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers...."

8. All signatures were dated August 1, 2004, or earlier. Although these signers listed addresses purporting to be in Philadelphia, since the addresses did not exist, it is impossible to determine their residency. In addition, no evidence was presented as to the age or citizenship of any of them, other than the affiants' affidavits stating that the signers are qualified electors. To the extent that the burden of persuasion lies with objectors to establish that the signers are not qualified electors, they have established only that the signers are not registered to vote, but have failed to establish that they lack the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution. To the extent that lack of registration is deemed to satisfy objectors' *prima facie* case, candidates have failed to rebut that case with evidence that the signers nonetheless possess the age and citizenship qualifications of Article VII, Section 1.

11. 11 lines were stricken because the signer resided outside the Commonwealth.[9]

12. Finally, 74 signatures on these nomination papers, challenged on the basis that the signers were not qualified electors, were of persons listing an address within the Commonwealth but in a county other than Philadelphia. Accordingly, the Registration Division had no way of ascertaining whether or not they were registered voters, and made no attempt to do so. No other evidence was presented on the point, and I find that objectors have failed to establish a *prima facie* case that these persons are not qualified electors. Section 951 of the Election Code provides, in pertinent part, that: "different sheets [of the nomination papers] must be used for signers resident in different counties." *See* 25 P.S. § 2911(d). These out-of-county signatures appeared on pages which purport, in both the Preamble and the concluding Affidavit, to contain signatures of persons residing in Philadelphia County. I need not decide here, however, whether a violation of Section 2911 invalidates all out of county signatures, as Objectors argue, or even the entire page, on the ground that the affidavit is false. No objection on any such ground was made in the Objections to the Nomination Papers, the lines were challenged, if at all, only on the ground that the signer was not registered.[10] Objectors failed to meet their burden of proof on the ground challenged.

13. Based upon the following, of the 3720 signatures before the court, 1680 must be stricken upon grounds specifically stated in the Objections to the Nomination Papers. They are itemized in the attached Appendix. 2040 valid signatures remain in support of Candidates' nomination.

An order will follow in due course.

9. Such persons are not qualified voters under our Constitution or the Election Code.

10. Our Supreme Court has "uniformly held that new substantive objections are barred by the expiration of the seven-day time period [established in Section 977 of the Election Code, 25 P.S. § 2937], despite the timely filing of a challenge based upon substantively distinct grounds to set aside a nomination petition." *In re. Nomination Petition of Bryant*, 578 Pa. 421, 424 n. 4, 852 A.2d 1193, 1195 n. 4 (2004).

APPENDIX

Appendix to Findings Conclusions
Philadelphia/Leadbetter

| Page Par 1 | Total Lines Par 1 | X'd by campaign Par 2 | Lines submitted | Data omitted Par 6 | No such ad Par 10 | out of PA Par 11 | NR Par 3 | NRA Par 4 | NRDS Par 5 | Illegible Par 7 | misc strikes Par 8, 9 | reason | total strikes Par 13 | total valid | out of Phila Par 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 514 | 39 | 6 | 33 | | | | | | | | 1 | | 17 | 17 | 16 |
| 515 | 82 | 0 struck CPM | | | | | | | | | | | | 0 | 0 |
| 516 | 82 | 2 | 80 | | | | | | | | | | | 0 | 80 |
| 517 | 108 | 6 | 102 | 1 | | | 45 | 15 | 4 | 2 | | | 67 | 35 | 35 |
| 518 | | 0 struck CPM | | | | | | | | | | | | 0 | 0 |
| 519 | | 0 struck CPM | | | | | | | | | | | | 0 | 0 |
| 520 | 103 | 3 | 100 | 7 | 3 | | 8 | 15 | 6 | 3 | | | 42 | 58 | 5 |
| 521 | 107 | 2 | 105 | | | | 3 | | 1 | | | | 4 | 101 | |
| 522 | 47 | 7 | 40 | 1 | | | 10 | 8 | 3 | | | | 22 | 18 | 2 |
| 523 | 79 | 6 | 73 | 2 | | | 19 | 13 | 8 | | | | 42 | 31 | |
| 524 | 82 | 2 | 80 | 8 | 0 | | 11 | 15 | 1 | 1 | 38 forgery | | 65 | 15 | |
| 525 | 82 | 0 | 53 | 8 | 0 | | 8 | 8 | 2 | 1 | | | 27 | 26 | 12 |
| 526 | 99 | 10 | 89 | 5 | 1 | 0 | 21 | 21 | 2 | 1 | 5 forgery | | 56 | 33 | 6 |
| 527 | 103 | 48 | 55 | 2 | 1 | | 6 | 13 | 8 | 1 | 4 forgery | | 35 | 20 | 0 |
| 528 | 110 | 0 | 110 | 0 | 1 | | 5 | 13 | 6 | 1 | | | 26 | 84 | 1 |
| 529 | 99 | 2 | 97 | 6 | 2 | 1 | 8 | 13 | 3 | 3 | | | 45 | 52 | 13 |
| 530 | 100 | 1 | 99 | 2 | | 3 | 19 | 11 | 2 | 3 | 9 forgery | | 37 | 62 | 5 |
| 531 | 80 | 6 | 74 | 1 | | | 5 | 8 | 6 | | | | 20 | 54 | 4 |
| 532 | 36 | 1 | 35 | | | | | | | | | | | 35 | |
| 533 | 33 | | 33 | | | | 2 | 13 | 1 | 1 | | | 17 | 16 | 1 |
| 534 | 104 | 0 struck CPM | 104 | 3 | | | 17 | 18 | 4 | 2 | | | 44 | 60 | |
| 535 | | | | | | | | | | | | | | 0 | |
| 536 | | 0 struck CPM | | | | | | | | | | | | 0 | |
| 537 | | 0 struck CPM | | | | | | | | | | | | 0 | |
| 538 | 54 | | 54 | | 11 | | 3 | 33 | | | | | 47 | 7 | |
| 539 | 32 | 1 | 31 | | | | 1 | 1 | 1 | | 12 names | | 3 | 28 | |
| 540 | 47 | 2 | 45 | | | | 5 | | | | | | 6 | 39 | |
| 541 | 39 | | 39 | | | | | | | | | | | 39 | |
| 542 | 67 | 1 | 66 | | | | | | | | | | | 66 | |
| 543 | 70 | 2 | 68 | | | | 6 | 9 | 1 | 1 | 1 | | 17 | 51 | |
| 544 | 110 | 1 | 109 | 1 | 1 | 0 | 9 | 14 | 5 | 5 | 9 | | 39 | 70 | 0 |
| 545 | 93 | 4 | 89 | 1 | 2 | | 7 | 12 | 3 | 3 | | | 25 | 64 | 5 |
| 546 | 55 | 1 | 54 | 1 | | | 3 | | 1 | 1 | | | 6 | 48 | |
| 547 | 109 | 0 | 109 | 15 | | | 17 | 8 | 1 | 1 | 1 | | 41 | 68 | 1 |

as of 10/12/2004 3:55 PM

Page 1

Appendix to Findings Conclusions
Philadelphia/Leadbetter

| Page | Total Lines | X'd by campaign | Lines submitted | Data omitted | No such ad | out of PA | NR | NRA | NROS | Illegible | ? strikes | ? reason | total strikes | total valid | out of Phila |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 548 | 49 | 10 | 39 | | | | | | | | | | 3 | 36 | |
| 549 | 87 | 8 | 79 | | | | | | | | | | 23 | 56 | |
| 550 | 109 | 10 | 99 | | 2 | | 1 | 3 | 12 | 5 | | 1 forgery | 36 | 63 | 1 |
| 551 | 91 | 2 | 89 | | | | | 22 | 12 | 1 | | 19 forgery | 33 | 56 | 0 |
| 552 | 0 | 0 struck CPM | | | | | | | | | | | 0 | 0 | |
| 553 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 554 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 555 | 15 | 2 | 13 | | | | | 2 | 2 | | | | 5 | 8 | |
| 556 | 0 | 0 struck CPM | | | | | | | | | | | 0 | 0 | |
| 557 | 0 | 0 struck CPM | | | | | | | | | | | 0 | 0 | |
| 558 | 110 | 104 | 6 | 1 | | | | 1 | 1 | | 1 | | 3 | 3 | 1 |
| 559 | 105 | | 105 | 1 | | | | 7 | 19 | 1 | | | 28 | 77 | |
| 560 | 64 | | 64 | 1 | | 1 | | 7 | 11 | 1 | 3 | 2 forgery | 24 | 40 | 1 |
| 561 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 562 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 563 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 564 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 565 | 15 | 3 struck CPM | 12 | | | | | | | | | | 0 | 12 | |
| 566 | 0 | 0 struck CPM | | | | | | | | | | | 0 | 0 | |
| 567 | 37 | 9 | 28 | 2 | | 3 | 1 | 1 | 6 | 3 | 1 | | 17 | 11 | 1 |
| 568 | 20 | | 10 | | | | | | | | | | 0 | 10 | |
| 569 | 1 | | 1 | | | | 1 | | | | | | 1 | 0 | |
| 570 | 1 | | 1 | | | | | | | | | | 0 | 1 | |
| 571 | 0 | 0 struck CPM | | | | | | | | | | | 0 | 0 | |
| 572 | 65 | 3 | 62 | 10 | 2 | | 7 | 20 | 5 | 1 | 1 | 1 forgery | 45 | 17 | 1 |
| 573 | 50 | 16 | 34 | | | | 3 | 15 | 3 | 2 | 1 | | 21 | 13 | 1 |
| 574 | 24 | 4 | 20 | 1 | 2 | | 4 | 3 | 4 | | 2 | | 17 | 3 | |
| 575 | 21 | 9 | 12 | | | | | 10 | 2 | | | 1 forgery | 12 | 0 | |
| 576 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 577 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 578 | 108 | 3 | 105 | 4 | | | 3 | 42 | 5 | | 4 | | 58 | 47 | |
| 579 | 0 | 0 out of county | | | | | | | | | | | 0 | 0 | |
| 580 | 0 | 0 struck CPM | | | | | | | | | | | 0 | 0 | |
| 581 | 110 | | 109 | 2 | | 1 | 34 | 36 | | | | | 73 | 36 | |
| 582 | 110 | 1 | 110 | | | | | | | | | 107 forgery | 107 | 3 | |

112

## Appendix to Findings Conclusions
### Philadelphia/Leadbetter

| Page | Total Lines | X'd by campaign | Lines submitted | Data omitted | No such ad | out of PA | NR | NRA | NRDS | illegible | ? strikes | ? reason | total strikes | total valid | out of Phila |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 583 | 0 | struck CPM | 0 | | | | | | | | | | 0 | 0 | 0 |
| 584 | 110 | 2 | 108 | | | | | | | | | 99 forgery | 103 | 5 | |
| 585 | 110 | 0 | 110 | 3 | | | | | | | | 38 forgery | 38 | 72 | |
| 586 | 40 | 12 | 28 | | | 8 | | 10 | | 2 | | | 20 | 8 | 2 |
| 587 | 27 | 8 | 19 | | | | 8 | 2 | | 1 | 3 | | 14 | 5 | 1 |
| 588 | 43 | 5 | 38 | | | | 18 | 13 | | | 3 | | 34 | 4 | |
| 589 | 78 | 6 | 72 | 2 | 1 | | 12 | 10 | | 1 | 1 | 2 forgery | 29 | 43 | |
| 590 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 591 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 592 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 593 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 594 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 595 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 596 | 110 | 1 | 109 | | | | 2 | 2 | | | | 38 forgery | 40 | 69 | 1 |
| 597 | 24 | 1 | 23 | | | | 2 | 5 | | 2 | 3 | | 12 | 11 | |
| 598 | 0 | struck CPM | 0 | | | | | | | | | | 0 | 0 | 0 |
| 599 | 0 | no such page | | | | | | | | | | | 0 | 0 | 0 |
| 600 | 43 | 32 | 11 | | | | 2 | 2 | | | | 2 forgery | 7 | 4 | 1 |
| 601 | 9 | 9 | 9 | | | | 3 | 2 | | | | | 5 | 4 | |
| 602 | | out of county | | | | | | | | | | | | 0 | 0 |
| 603 | 4 | 1 | 3 | | | | | 1 | | 1 | | | 2 | 1 | |
| 604 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 605 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 606 | 34 | 34 | 34 | | | | 17 | 10 | | 1 | 3 | | 31 | 3 | 1 |
| 607 | 17 | 17 | 17 | | | | 1 | 7 | | 3 | . | | 11 | 6 | |
| 608 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 609 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 610 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 611 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 612 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 613 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 614 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 615 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 616 | 0 | out of county | | | | | | | | | | | | 0 | 0 |
| 617 | 0 | out of county | | | | | | | | | | | | 0 | 0 |

as of 10/12/2004 3:56 PM

Appendix to Findings Conclusions
Philadelphia/Leadbetter

| | A Page | B Total Lines | C Xfr by campaign | D Lines submitted | E Data omitted | F No such ad | G out of PA | H NR | I NRA | J NRDS | K illegible | L ? strikes | M ? reason | N total strikes | O total valid | P out of Phila |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 618 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 619 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 620 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 621 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 622 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 623 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 624 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 625 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 626 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 627 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 628 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 629 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 630 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 631 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 632 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 633 | 1 | 0 out of county | | 1 | | | | | | | | | | 0 | 1 |
| | 634 | 20 | 20 out of county | 20 | 20 | | | 2 | 2 | 2 | 2 | 2 | | 8 | 8 | 12 |
| | 635 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 636 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 637 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 638 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 639 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 640 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 641 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 642 | 35 | 7 out of county | 28 | 28 | 1 | | 3 | 1 | 9 | 7 | | 1 forgery | 22 | 22 | 6 |
| | 643 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 644 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 645 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 646 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 647 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 648 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 649 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 650 | 54 | 47 out of county | 7 | 7 | | | 2 | 2 | 2 | | | | | 4 | 3 |
| | 651 | | 0 out of county | | | | | | | | | | | | 0 | 0 |
| | 652 | 44 | 20 out of county | 24 | 24 | 3 | | 4 | 8 | 1 | 1 | 1 | 2 forgery | 19 | 19 | 5 |

as of 10/12/2004 3:56 PM

## Appendix to Findings Conclusions
### Philadelphia/Leadbetter

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Page | Total Lines | X'd by campaign | Lines submitted | Data omitted | No such ad | out of PA | NR | NRA | NRDS | illegible | ? strikes | ? reason | total strikes | total valid | out of Phila |
| | 653 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 654 | 18 | out of county 1 | 17 | | | | 3 | 7 | 1 | | | | 11 | 6 | 1 |
| | 655 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 656 | 12 | out of county | 12 | | | | 6 | 5 | | | | | 11 | 0 | 1 |
| | 657 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 658 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 659 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 660 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 661 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 662 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 663 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 664 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 665 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 666 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 667 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 668 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 669 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 670 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 671 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 672 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 673 | 0 | out of county | | | | | | | | | | | 0 | 0 | 0 |
| | 674 | 6 | | 6 | | | 1 | | 1 | | | | | 3 | 3 | 1 |
| | Totals | 4171 | 441 | 3720 | 85 | 45 | 11 | 441 | 555 | 119 | 55 | 369 | 0 | 1680 | 2040 | 74 |

Heard Oct. 8 & 9, 2004.

Decided Oct. 13, 2004.

OPINION BY Senior Judge KELLEY.

Pursuant to this Court's September 20, 2004 order, hearings commenced before the undersigned on October 8, 2004 on the Objectors' challenges to certain Nomination Papers of Ralph Nader and Peter Miguel Camejo (Candidates), as Candidates of an Independent Political Body for President and Vice President in the General Election of November 2, 2004, circulated in the County of Philadelphia. The hearings in this matter concluded on October 9, 2004.

1. This total includes the signatures initially struck by the Secretary of the Commonwealth because, as our Supreme Court in its September 29, 2004 opinion stated, Objectors have assumed the Secretary's burden to prove the invalidity of those signatures. *See In re: Nomination Papers of Ralph Nader and Miguel Camejo*, —— Pa. ——, 858 A.2d 1167, 2004 WL 2185351 (No. 154 MAP 2004, filed September 29, 2004). This total does not include duplicate signatures appearing on these petitions which were struck by Senior Judge Charles P. Mirarchi, Jr. in the Interim Adjudication and Order of October 6, 2004.

2. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2911.

3. With respect to the use of the term "qualified elector" in Section 951, as the Pennsylvania Supreme Court has noted, "[w]e think the legislature used the word 'elector' in both the Liquor Control Act and the Beverage License Act in the sense of one qualified to vote at the election and therefore one who, at the time of signing the petition for the referendum, was a registered voter. The alternative holding might result in a referendum on the demand of persons not qualified to vote, a result which we think would have been expressed, if intended. To the suggestion that non-registered signers of a petition might register before the election, a complete answer is that by requiring registration as a condition of participating in an election, the legislature, by the word 'electors', intended petitioners to be per-

The Nomination Papers that were circulated in the aforementioned county and considered by the undersigned contain a total of 2713 signatures.[1] Based upon this Court's review of the aforementioned Nomination Papers and the evidence presented, the Court finds as follows.

## I. NOT REGISTERED

Section 951 of the Pennsylvania Election Code (Election Code).[2] provides, in pertinent part, that "[e]ach person signing a nomination paper shall declare therein that he is a qualified elector of the State or district, as the case may be. . . ." The following signatures are stricken because the signators were not registered to vote in Philadelphia County:[3]

sons at that time registered. . . ." *Aukamp v. Diehm*, 336 Pa. 118, 121, 8 A.2d 400, 401 (1939). As a result, in this Court's September 16, 2004 order that was later amended to September 20, 2004, we stated that signatures must be stricken where the signator was not a registered voter at the time he or she signed the nomination paper. *See also In re Nomination Paper of Cooper*, 102 Pa.Cmwlth. 133, 516 A.2d 1285, *aff'd*, 505 Pa. 529, 481 A.2d 1314 (1984) (A signature on a nominating petition must be stricken if the signator is not a registered voter at the time he or she signed the petition.)

In their Application for Extraordinary Relief filed in the Supreme Court the Candidates alleged that this Court erred in our interpretation of Section 951 of the Election Code, and in directing that the names of signators who were not registered at the time that they signed the papers be stricken. Specifically, the Candidates cited to *Morrill v. Weaver*, 224 F.Supp.2d 882 (E.D.Pa.2002), to support the proposition that Section 951's use of "qualified electors" should be interpreted to include those who possess the constitutional and statutory requirements for electors but who have not yet registered to vote. However, the Candidates' reliance on *Morrill* is misplaced.

As this Court has previously noted:

In [*Morrill*], the district court considered a constitutional challenge to Section 951(d) . . . by Green Party candidates and activists who sought injunctive relief restraining the

| PAGE# | LINE # | PAGE# | LINE # |
|-------|--------|-------|--------|
| 687 | 2 | 697 | 76 |
| 687 | 10 | 697 | 77 |
| 687 | 17 | 697 | 83 |
| 687 | 18 | 697 | 87 |
| 687 | 20 | 697 | 89 |
| 687 | 21 | 698 | 17 |
| 687 | 24 | 698 | 29 |
| 690 | 2 | 698 | 31 |
| 694 | 5 | 698 | 38 |
| 694 | 9 | 698 | 50 |
| 694 | 10 | 699 | 1 |
| 694 | 20 | 699 | 10 |
| 694 | 22 | 699 | 14 |
| 694 | 31 | 699 | 19 |
| 694 | 37 | 699 | 20 |
| 694 | 41 | 699 | 26 |
| 696 | 24 | 699 | 29 |
| 696 | 49 | 701 | 2 |
| 697 | 6 | 746 | 1 |
| 697 | 9 | 749 | 11 |
| 697 | 10 | 749 | 15 |
| 697 | 14 | 749 | 16 |
| 697 | 19 | 749 | 20 |
| 697 | 37 | 749 | 25 |
| 697 | 49 | 752 | 3 |
| 697 | 52 | 752 | 6 |
| 697 | 53 | 752 | 7 |
| 697 | 61 | 752 | 9 |
| 697 | 65 | 752 | 13 |
| 697 | 67 | 752 | 18 |
| 697 | 72 | 752 | 24 |
| | | 752 | 27 |

enforcement of Section 951(d), which requires that election nomination petition affiants be registered voters and residents of the electoral district where the candidate is running for office. The court found that requiring nominating petition affiants to be registered voters of the candidate's electoral district would impose severe burdens on the plaintiffs' constitutional freedoms of political expression and association under the First and Fourteenth Amendments and, as a consequence, that "qualified electors" who serve as nominating petition affiants are not required to be registered voters or to be residents of the district in which the candidate is running for office. This case, while relevant to nomination petition proceedings, is not binding on the Court. . . .
*In re Petition for Agenda Initiative*, 821 A.2d 203, 211 n. 7 (Pa.Cmwlth.2003). Thus, in *Morrill*, the court addressed the constitutionality of requiring *circulator/affiants* to be registered voters at the time nomination papers are circulated.

In contrast, in the instant case, this Court is requiring that the *signators* be registered at the time that they signed the nomination papers. Such a requirement in no way offends the constitutional guarantees at issue in *Morrill*. *See, e.g., Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291 (6th Cir.) (Michigan's reasonable, nondiscriminatory procedures for checking signatures on initiative petitions were reasonably related to legitimate government interest of keeping elections fair; requiring full address with signature, warning and correct date on petition and that signatures be dated within six months of filing date helped ensure that false signatures were not put on petition, that unregistered voters did not sign it, that petitions were quickly and accurately processed and that signatories still supported petition at time it was submitted.). Thus, this Court quite properly ordered that signatures must be stricken where the signator was not a registered voter at the time he or she signed the nomination paper. *Aukamp; In re Nomination Paper of Cooper*.

| PAGE# | LINE # | | PAGE# | LINE # |
|-------|--------|---|-------|--------|
| 752 | 32 | | 978 | 5 |
| 752 | 35 | | 978 | 6 |
| 752 | 39 | | 978 | 17 |
| 765 | 6 | | 978 | 21 |
| 765 | 11 | | 978 | 45 |
| 767 | 6 | | 978 | 58 |
| 767 | 16 | | 978 | 63 |
| 806 | 5 | | 978 | 72 |
| 806 | 8 | | 978 | 73 |
| 806 | 10 | | 978 | 77 |
| 810 | 4 | | 978 | 80 |
| 810 | 14 | | 979 | 1 |
| 810 | 16 | | 979 | 11 |
| 855 | 6 | | 979 | 12 |
| 855 | 19 | | 979 | 13 |
| 855 | 35 | | 979 | 21 |
| 855 | 45 | | 979 | 28 |
| 856 | 18 | | 979 | 31 |
| 856 | 35 | | 979 | 40 |
| 856 | 37 | | 979 | 45 |
| 856 | 46 | | 979 | 46 |
| 856 | 48 | | 979 | 47 |
| 856 | 49 | | 979 | 48 |
| 856 | 53 | | 979 | 51 |
| 856 | 78 | | 979 | 54 |
| 856 | 88 | | 979 | 55 |
| 856 | 89 | | 979 | 58 |
| 856 | 90 | | 979 | 60 |
| 856 | 94 | | 979 | 62 |
| 856 | 98 | | 979 | 63 |
| 856 | 99 | | 979 | 64 |
| 856 | 102 | | 979 | 68 |
| 856 | 103 | | 979 | 69 |
| 856 | 104 | | 979 | 72 |
| 856 | 106 | | 979 | 74 |
| 856 | 107 | | 982 | 1 |
| 856 | 108 | | 984 | 5 |
| 856 | 110 | | 987 | 17 |
| 883 | 9 | | 987 | 23 |
| 883 | 10 | | 987 | 27 |
| 907/909 [4] | 7 | | 989 | 5 |
| 929 | 2 | | 989 | 16 |
| 929 | 4 | | 989 | 17 |
| 953 | 1 | | 991 | 4 |
| 969 | 28 | | 991 | 5 |
| 977 | 3 | | 991 | 6 |
| 977 | 5 | | 1001 | 9 |
| 978 | 1 | | 1001 | 14 |
| 978 | 2 | | 1001 | 30 |
| 978 | 3 | | 1001 | 43 |
| 978 | 4 | | 1002 | 8 |
| | | | 1002 | 26 |
| | | | 1002 | 54 |

4. Although the initial objections filed by Objectors referred to separate Pages numbered 907 and 909, upon examination of the original Nomination Papers submitted to the Secretary, it is clear that Pages 907 and 909 are, in fact, the same page, which will hereinafter be referred to as page "907/909."

| PAGE# | LINE # | | PAGE# | LINE # |
|-------|--------|---|-------|--------|
| 1002 | 56 | | 1036 | 28 |
| 1002 | 81 | | 1036 | 32 |
| 1002 | 82 | | 1036 | 34 |
| 1002 | 84 | | 1036 | 35 |
| 1002 | 88 | | 1037 | 2 |
| 1002 | 93 | | 1037 | 5 |
| 1002 | 95 | | 1037 | 7 |
| 1002 | 97 | | 1037 | 17 |
| 1012 | 1 | | 1037 | 20 |
| 1014 | 1 | | 1037 | 31 |
| 1014 | 2 | | 1037 | 44 |
| 1022 | 5 | | 1037 | 52 |
| 1028 | 2 | | 1037 | 56 |
| 1029 | 4 | | 1037 | 59 |
| 1029 | 7 | | 1037 | 60 |
| 1029 | 34 | | 1037 | 64 |
| 1029 | 35 | | 1039 | 5 |
| 1029 | 40 | | 1116 | 3 |
| 1029 | 42 | | 1116 | 4 |
| 1029 | 44 | | 1116 | 5 |
| 1029 | 46 | | 1129 | 1 |
| 1029 | 55 | | 1129 | 19 |
| 1029 | 56 | | 1153 | 3 |
| 1029 | 57 | | 1153 | 11 |
| 1029 | 59 | | 1153 | 13 |
| 1035 | 6 | | 1153 | 15 |
| 1035 | 15 | | 1157 | 2 |
| 1035 | 19 | | 1157 | 3 |
| 1035 | 25 | | 1157 | 6 |
| 1035 | 26 | | 1163 | 4 |
| 1035 | 30 | | 1176 | 1 |
| 1036 | 2 | | 1188 | 7 |
| 1036 | 11 | | 1188 | 13 |
| 1036 | 13 | | 1188 | 18 |
| 1036 | 17 | | 1188 | 19 |
| 1036 | 23 | | | |

## II. REGISTERED AFTER DATE OF SIGNING

Objectors challenged a number of the Nomination Papers on the basis that the signators signed the Nomination Papers before he or she became a registered voter in Philadelphia County.[5] Our Supreme Court, in its September 29, 2004 opinion in this matter, states that it agrees with this Court's determination, as stated in our August 30, 2004 opinion, that transmittal of a registration application is necessary to effectuate registration. *In re: Nomination Papers of Nader,* —— Pa. at ——, 858 A.2d at 1183–84. Our Supreme Court agreed further with this Court that the signature of any individual whose application was delivered or postmarked after the day that he or she signed the Nomination Papers must be stricken. *Id.* In making this determination, this Court relied upon a case in which there was direct evidence of when the electors had signed voter registration cards. *See In re: Nomination Papers of Nader,* —— Pa. at ——, 858 A.2d at 1174–75 (citing *Nomination Petition of*

5. *See* Footnote 3.

*Roth* (Pa.Cmwlth., No. 121 M.D.2004, filed March 8, 2004) (single judge opinion by Feudale, S.J.)).

Herein, there was no evidence offered which showed the date that the relevant signators signed his or her voter registration cards or any evidence which showed when his or her voter registration cards/applications were received by the election officials in Philadelphia County. Thus, absent evidence to the contrary, this Court must accept the official voter registration date as found in the official voter registration record as the date these signators were registered to vote in Philadelphia County. The following signatures are stricken because the signators signed the Nomination Papers prior to the date he or she became a registered voter in Philadelphia County:

| PAGE # | LINE # |
| --- | --- |
| 687 | 5 |
| 687 | 7 |
| 687 | 8 |
| 687 | 9 |
| 687 | 15 |
| 688 | 15 |
| 688 | 16 |
| 689 | 1 |
| 689 | 5 |
| 690 | 3 |
| 694 | 14 |
| 695 | 6 |
| 695 | 8 |
| 695 | 19 |
| 695 | 26 |
| 696 | 26 |
| 696 | 28 |
| 696 | 50 |
| 697 | 29 |
| 697 | 30 |
| 697 | 32 |
| 697 | 42 |
| 697 | 54 |
| 697 | 81 |
| 698 | 9 |
| 698 | 18 |
| 698 | 21 |
| 698 | 24 |
| 698 | 25 |
| 698 | 26 |

| PAGE # | LINE # |
| --- | --- |
| 699 | 2 |
| 699 | 15 |
| 699 | 17 |
| 699 | 18 |
| 699 | 24 |
| 746 | 3 |
| 746 | 12 |
| 749 | 3 |
| 749 | 4 |
| 749 | 7 |
| 749 | 22 |
| 752 | 1 |
| 752 | 25 |
| 767 | 2 |
| 809 | 2 |
| 855 | 7 |
| 855 | 20 |
| 855 | 30 |
| 855 | 37 |
| 855 | 51 |
| 856 | 19 |
| 856 | 21 |
| 856 | 36 |
| 856 | 40 |
| 856 | 41 |
| 856 | 62 |
| 856 | 79 |
| 856 | 80 |
| 907/909 | 2 |
| 969 | 1 |
| 970 | 17 |
| 977 | 1 |
| 977 | 9 |
| 978 | 61 |
| 978 | 93 |
| 978 | 99 |
| 982 | 5 |
| 987 | 29 |
| 989 | 1 |
| 989 | 7 |
| 989 | 9 |
| 989 | 10 |
| 989 | 14 |
| 992 | 2 |
| 1001 | 3 |
| 1001 | 11 |
| 1001 | 12 |
| 1001 | 20 |
| 1001 | 23 |
| 1001 | 26 |
| 1001 | 41 |
| 1002 | 12 |
| 1002 | 13 |
| 1002 | 19 |
| 1002 | 29 |
| 1002 | 37 |
| 1002 | 40 |
| 1002 | 50 |
| 1002 | 52 |

| PAGE # | LINE # | PAGE # | LINE # |
| --- | --- | --- | --- |
| 1002 | 55 | 1035 | 21 |
| 1002 | 66 | 1035 | 40 |
| 1002 | 86 | 1035 | 50 |
| 1002 | 89 | 1036 | 26 |
| 1002 | 104 | 1036 | 27 |
| 1003 | 2 | 1036 | 38 |
| 1008 | 9 | 1036 | 40 |
| 1008 | 10 | 1037 | 50 |
| 1008 | 18 | 1037 | 66 |
| 1012 | 12 | 1037 | 69 |
| 1012 | 13 | 1037 | 75 |
| 1021 | 2 | 1037 | 82 |
| 1028 | 1 | 1039 | 4 |
| 1028 | 14 | 1094 | 6 |
| 1029 | 8 | 1129 | 2 |
| 1029 | 16 | 1129 | 21 |
| 1029 | 17 | 1129 | 22 |
| 1029 | 20 | 1153 | 6 |
| 1029 | 24 | 1156 | 6 |
| 1029 | 26 | 1156 | 7 |
| 1029 | 27 | 1156 | 9 |
| 1029 | 36 | 1157 | 5 |
| 1034 | 8 | 1157 | 9 |
| 1034 | 23 | 1164 | 10 |
| 1034 | 26 | 1164 | 12 |
| 1035 | 7 | 1188 | 3 |

## III. NOT REGISTERED AT ADDRESS

Section 951 of the Election Code provides, in pertinent part, that "[e]ach person signing a nomination paper ... shall add to his signature his ... residence, giving city, borough or township, with street and number, if any...." The following signatures are stricken because the signators' addresses as each appears on the Nomination Papers do not correspond to the addresses found on their official voter registration, and the Candidates failed to show that the signators moved before signing the Nomination Papers and that the signators' change of address notices have not yet been recorded: [6]

6. *See In re Nomination of Flaherty*, 564 Pa. 671, 682, 770 A.2d 327, 333 (2001) ("[A] person is required to indicate, under penalty of perjury, his or her place of residence in order to register as an elector. Furthermore, when electors move either within the same county or to another county within the Commonwealth, they must notify the registration commission of their new address by filing a removal notice generally no later than 30 days preceding an election. Indeed, the registration commission must verify the residences of registered electors to insure that the qualified elector actually resides at the address listed on his voter registration card. Thus, absent extraordinary circumstances, electors who declare a residence at an address different than the address listed on their voter registration card are not qualified electors at the time they sign a nomination petition unless they have completed the removal notice required by the Voter Registration Act.") (citations omitted); *In re Nomination Petition of Delle Donne*, 779 A.2d 1, 11 (Pa.Cmwlth.), *aff'd*, 565 Pa. 561, 777 A.2d 412 (2001) ("[T]he next group of challenges concerned situations where the signature was alleged not to have been that of a registered elector in the district or as not being that of a registered elector at the address given. [The Director of Elections] generally testified that the addresses of the signers did not provide sufficient information for her to search them, or that there was no registered voter by that name at the address given. The Candidate

| PAGE # | LINE # | PAGE # | LINE # |
|--------|--------|--------|--------|
| 687 | 13 | 699 | 9 |
| 688 | 23 | 699 | 16 |
| 689 | 2 | 699 | 21 |
| 689 | 3 | 699 | 22 |
| 690 | 1 | 699 | 23 |
| 694 | 4 | 699 | 25 |
| 694 | 8 | 699 | 27 |
| 694 | 17 | 699 | 30 |
| 694 | 23 | 699 | 32 |
| 694 | 27 | 746 | 2 |
| 694 | 33 | 746 | 10 |
| 694 | 43 | 746 | 11 |
| 695 | 4 | 746 | 13 |
| 695 | 12 | 749 | 2 |
| 695 | 14 | 749 | 10 |
| 695 | 21 | 749 | 12 |
| 695 | 24 | 749 | 14 |
| 695 | 27 | 749 | 17 |
| 695 | 34 | 749 | 18 |
| 696 | 30 | 749 | 19 |
| 696 | 39 | 749 | 24 |
| 696 | 42 | 749 | 26 |
| 696 | 44 | 752 | 4 |
| 696 | 47 | 752 | 12 |
| 697 | 5 | 752 | 23 |
| 697 | 13 | 752 | 26 |
| 697 | 16 | 752 | 31 |
| 697 | 33 | 753 | 2 |
| 697 | 34 | 765 | 3 |
| 697 | 44 | 767 | 4 |
| 697 | 46 | 767 | 14 |
| 697 | 51 | 806 | 1 |
| 697 | 55 | 806 | 11 |
| 697 | 56 | 806 | 12 |
| 697 | 60 | 810 | 3 |
| 697 | 62 | 810 | 5 |
| 697 | 63 | 810 | 8 |
| 697 | 70 | 810 | 13 |
| 697 | 71 | 855 | 2 |
| 697 | 74 | 855 | 4 |
| 697 | 75 | 855 | 5 |
| 697 | 79 | 855 | 8 |
| 697 | 82 | 855 | 11 |
| 697 | 85 | 855 | 12 |
| 698 | 7 | 855 | 13 |
| 698 | 13 | 855 | 15 |
| 698 | 27 | 855 | 23 |
| 698 | 32 | 855 | 27 |
| 698 | 33 | 855 | 28 |
| 698 | 46 | 855 | 29 |
| 699 | 4 | 855 | 32 |
| | | 855 | 34 |
| | | 855 | 42 |

attempted to establish that allegations that the signers were not registered may have been based upon a misreading of the signatures, but without any rebuttal evidence being submitted by the Candidate, and based on this Court's inspection of the challenged signatures, the Court finds that the following must be struck.'').

| PAGE # | LINE # | PAGE # | LINE # |
|--------|--------|--------|--------|
| 855 | 46 | 978 | 64 |
| 855 | 47 | 978 | 68 |
| 855 | 48 | 978 | 69 |
| 855 | 52 | 978 | 82 |
| 855 | 54 | 978 | 84 |
| 856 | 2 | 978 | 87 |
| 856 | 5 | 978 | 102 |
| 856 | 11 | 978 | 103 |
| 856 | 17 | 978 | 109 |
| 856 | 22 | 979 | 16 |
| 856 | 23 | 979 | 18 |
| 856 | 30 | 979 | 19 |
| 856 | 32 | 979 | 22 |
| 856 | 43 | 979 | 23 |
| 856 | 50 | 979 | 24 |
| 856 | 52 | 979 | 29 |
| 856 | 56 | 979 | 30 |
| 856 | 61 | 979 | 32 |
| 856 | 63 | 979 | 33 |
| 856 | 64 | 979 | 35 |
| 856 | 85 | 979 | 37 |
| 856 | 87 | 979 | 38 |
| 856 | 91 | 979 | 39 |
| 856 | 93 | 979 | 41 |
| 856 | 95 | 979 | 42 |
| 856 | 97 | 979 | 44 |
| 856 | 100 | 979 | 49 |
| 856 | 101 | 979 | 50 |
| 856 | 105 | 979 | 52 |
| 856 | 109 | 979 | 53 |
| 907/909 | 3 | 979 | 56 |
| 907/909 | 4 | 979 | 57 |
| 907/909 | 5 | 979 | 59 |
| 907/909 | 6 | 979 | 65 |
| 907/909 | 10 | 979 | 66 |
| 961 | 5 | 979 | 67 |
| 969 | 2 | 979 | 70 |
| 969 | 15 | 979 | 71 |
| 969 | 23 | 979 | 73 |
| 969 | 27 | 979 | 75 |
| 969 | 30 | 982 | 2 |
| 970 | 2 | 984 | 1 |
| 970 | 4 | 984 | 2 |
| 970 | 5 | 984 | 6 |
| 970 | 7 | 987 | 1 |
| 970 | 9 | 987 | 9 |
| 970 | 10 | 987 | 18 |
| 970 | 11 | 989 | 3 |
| 970 | 12 | 989 | 8 |
| 970 | 13 | 989 | 13 |
| 970 | 14 | 989 | 15 |
| 970 | 15 | 991 | 1 |
| 970 | 20 | 991 | 3 |
| 970 | 21 | 1001 | 5 |
| 978 | 56 | 1001 | 10 |
| 978 | 60 | 1001 | 28 |
| 978 | 62 | 1001 | 36 |
| | | 1001 | 37 |
| | | 1001 | 39 |

| PAGE # | LINE # | PAGE # | LINE # |
|--------|--------|--------|--------|
| 1001 | 45 | 1029 | 22 |
| 1002 | 3 | 1029 | 25 |
| 1002 | 5 | 1029 | 28 |
| 1002 | 7 | 1029 | 29 |
| 1002 | 14 | 1029 | 32 |
| 1002 | 15 | 1029 | 33 |
| 1002 | 18 | 1029 | 39 |
| 1002 | 21 | 1029 | 45 |
| 1002 | 23 | 1029 | 49 |
| 1002 | 27 | 1029 | 54 |
| 1002 | 31 | 1029 | 58 |
| 1002 | 35 | 1029 | 60 |
| 1002 | 41 | 1034 | 4 |
| 1002 | 44 | 1034 | 5 |
| 1002 | 46 | 1034 | 11 |
| 1002 | 53 | 1034 | 12 |
| 1002 | 58 | 1034 | 14 |
| 1002 | 59 | 1034 | 16 |
| 1002 | 60 | 1034 | 17 |
| 1002 | 61 | 1034 | 19 |
| 1002 | 77 | 1034 | 20 |
| 1002 | 90 | 1034 | 21 |
| 1002 | 96 | 1034 | 22 |
| 1002 | 98 | 1034 | 24 |
| 1002 | 99 | 1034 | 27 |
| 1002 | 100 | 1034 | 28 |
| 1002 | 102 | 1034 | 33 |
| 1002 | 106 | 1034 | 34 |
| 1002 | 108 | 1034 | 36 |
| 1003 | 1 | 1034 | 37 |
| 1008 | 1 | 1035 | 12 |
| 1008 | 11 | 1035 | 20 |
| 1008 | 12 | 1035 | 27 |
| 1008 | 13 | 1035 | 32 |
| 1012 | 2 | 1035 | 33 |
| 1012 | 3 | 1035 | 34 |
| 1012 | 4 | 1035 | 35 |
| 1012 | 9 | 1035 | 39 |
| 1012 | 14 | 1035 | 41 |
| 1012 | 15 | 1035 | 44 |
| 1012 | 16 | 1036 | 3 |
| 1021 | 1 | 1036 | 4 |
| 1021 | 3 | 1036 | 12 |
| 1022 | 1 | 1036 | 18 |
| 1028 | 3 | 1036 | 19 |
| 1028 | 6 | 1036 | 24 |
| 1028 | 11 | 1036 | 29 |
| 1028 | 12 | 1036 | 31 |
| 1028 | 15 | 1036 | 33 |
| 1028 | 17 | 1036 | 36 |
| 1028 | 20 | 1036 | 37 |
| 1029 | 2 | 1037 | 1 |
| 1029 | 3 | 1037 | 3 |
| 1029 | 9 | 1037 | 4 |
| 1029 | 18 | 1037 | 6 |
| 1029 | 19 | 1037 | 16 |
| 1029 | 21 | 1037 | 21 |
| | | 1037 | 24 |
| | | 1037 | 25 |

| PAGE # | LINE # | | PAGE # | LINE # |
|--------|--------|---|--------|--------|
| 1037 | 27 | | 1134 | 6 |
| 1037 | 28 | | 1148 | 2 |
| 1037 | 30 | | 1156 | 8 |
| 1037 | 36 | | 1156 | 10 |
| 1037 | 38 | | 1157 | 4 |
| 1037 | 40 | | 1157 | 7 |
| 1037 | 48 | | 1164 | 1 |
| 1037 | 49 | | 1164 | 2 |
| 1037 | 55 | | 1164 | 4 |
| 1037 | 57 | | 1164 | 5 |
| 1037 | 58 | | 1164 | 7 |
| 1037 | 65 | | 1164 | 8 |
| 1037 | 67 | | 1164 | 9 |
| 1039 | 9 | | 1164 | 11 |
| 1039 | 12 | | 1164 | 13 |
| 1041 | 2 | | 1164 | 14 |
| 1041 | 3 | | 1164 | 16 |
| 1041 | 5 | | 1168 | 2 |
| 1094 | 5 | | 1176 | 3 |
| 1095 | 1 | | 1176 | 4 |
| 1095 | 2 | | 1188 | 5 |
| 1095 | 6 | | 1188 | 6 |
| 1116 | 2 | | 1188 | 11 |
| 1129 | 13 | | 1188 | 12 |
| 1129 | 14 | | 1188 | 14 |
| 1129 | 17 | | 1188 | 15 |
| 1129 | 26 | | 1188 | 16 |
| 1129 | 27 | | 1188 | 17 |
| 1134 | 2 | | 1188 | 20 |

## IV. OMITTED INFORMATION

Section 951 of Election Code provides, in pertinent part, that "[e]ach person signing a nomination paper shall . . . add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers. . . ." The following signatures are stricken because the signator failed to include the information required under Section 951: [7]

| PAGE # | LINE # |
|--------|--------|
| 699 | 28 |
| 970 | 18 |
| 978 | 46 |
| 1034 | 6 |
| 1094 | 1 |
| 1094 | 2 |
| 1094 | 3 |
| 1164 | 15 |

7. *See In re Nomination Petition of Silcox*, 543 Pa. 647, 650, 674 A.2d 224, 225 (1996) ("[S]ection 908 of the Election Code provides, in pertinent part, that in addition to signing the nomination petition each elector *'shall add* his occupation and residence, giving city, borough or township, with street and number, if any, and *shall also add* the date of signing, expressed in words or numbers. . . .' 25 P.S. § 2868 (emphasis added). The language of this statute clearly requires the elector to sign the petition, add his occupation and residence, and also add the date of signing. When the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). Therefore, until the legislature chooses to amend section 908, we are constrained to find that the elector shall sign the petition as well as add his occupation, residence, and date of signing.").

## V. INFORMATION WRITTEN IN THE HAND OF ANOTHER

As noted above, Section 951 of Election Code provides, in pertinent part, that "[e]ach person signing a nomination paper shall ... add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers...." The following signatures are stricken because the required information was written in the hand of another:[8]

| PAGE # | LINE # |
| --- | --- |
| 688 | 2 |
| 688 | 3 |
| 688 | 4 |
| 688 | 5 |
| 688 | 6 |
| 688 | 7 |
| 688 | 9 |
| 688 | 10 |
| 688 | 11 |
| 688 | 12 |
| 688 | 13 |
| 688 | 14 |
| 688 | 17 |
| 688 | 18 |
| 688 | 19 |
| 688 | 20 |
| 688 | 21 |
| 688 | 22 |

## VI. ILLEGIBLE SIGNATURES

Section 951 of the Election Code provides, in pertinent part, that "[e]ach person signing a nomination paper shall ... add to his signature his **legibly printed name and residence,** giving city, borough or township, with street and number...." (emphasis added). The following signatures are stricken because the signator failed to legibly provide the information required under Section 951:[9]

| PAGE # | LINE # |
| --- | --- |
| 697 | 27 |
| 697 | 41 |
| 697 | 47 |
| 697 | 58 |
| 697 | 84 |
| 856 | 13 |
| 856 | 14 |
| 856 | 28 |
| 856 | 39 |
| 856 | 44 |
| 856 | 45 |
| 856 | 57 |
| 856 | 96 |
| 978 | 40 |
| 978 | 54 |
| 978 | 70 |
| 987 | 7 |
| 1001 | 17 |
| 1012 | 5 |
| 1034 | 3 |
| 1034 | 31 |

## VII. NONEXISTENT ADDRESS/OTHER COUNTY

8. *See In re Nomination Petition of Silcox*, 543 Pa. at 650–651, 674 A.2d at 225 ("[A]dditionally, it has been held that section 908 requires that an elector signing a nomination petition also add his occupation, residence, and date of signing and that this information must be written by the elector himself.... Thus, ... we hold that section 908 of the Pennsylvania Election Code requires the elector who signs the nomination petition to add his occupation, residence, and date of signing. The Commonwealth Court therefore correctly invalidated the fifty signatures on page four because the occupation, residence and date of signing were added by someone other than the elector.") (citations omitted).

9. *See In re Nomination Petition of Delle Donne*, 779 A.2d at 11–12 ("[T]he next category of signatures were challenged on the basis of illegibility. [The Objector] alleged that five signatures were so illegible as to preclude verification. We agree. As the Candidate did not present any rebuttal evidence by which we would allow an amendment to these signatures, we must strike these also from Candidate's nomination petition.").

Section 951 of the Election Code provides, in pertinent part:

> [N]omination papers may be on one or more sheets and different sheets must be used for signers resident in different counties.... Each sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth ... that they all reside in the county named in the affidavit....

The following signatures are stricken because the signators did not reside at addresses in Philadelphia County: [10]

| PAGE # | LINE # |
|--------|--------|
| 694 | 24 |
| 695 | 9 |
| 695 | 15 |
| 695 | 29 |
| 695 | 31 |
| 696 | 34 |
| 697 | 25 |
| 697 | 73 |
| 699 | 13 |
| 699 | 31 |
| 752 | 30 |
| 765 | 12 |
| 883 | 4 |

| PAGE # | LINE # |
|--------|--------|
| 923 | 1 |
| 961 | 102 |
| 961 | 107 |
| 969 | 4 |
| 969 | 10 |
| 969 | 25 |
| 978 | 94 |
| 978 | 97 |
| 978 | 98 |
| 979 | 15 |
| 979 | 17 |
| 979 | 25 |
| 979 | 26 |
| 979 | 27 |
| 979 | 34 |
| 979 | 43 |
| 979 | 61 |
| 1001 | 4 |
| 1001 | 15 |
| 1001 | 32 |
| 1002 | 57 |
| 1002 | 62 |
| 1002 | 87 |
| 1002 | 92 |
| 1008 | 8 |
| 1008 | 16 |
| 1008 | 17 |
| 1028 | 4 |
| 1029 | 1 |
| 1029 | 6 |
| 1034 | 30 |
| 1035 | 24 |

10. *See, e.g., In re Nomination Petition of McDermott*, 60 Pa.Cmwlth. 486, 431 A.2d 1180, 1182 (1981) wherein this Court stated the following, in pertinent part:

> Our study of the [Election] Code has convinced us that 'political district', although not expressly defined in the definition section, Section 102, 25 P.S. § 2602, is consistently used by the legislature to refer to the constituency as to which nomination or election is sought, and not as a term synonymous with political subdivision. That meaning is made clear by study of the use of the phrase "political district" in connection with describing the qualifications of the elector signers of petitions. Section 908 of the Code, 25 P.S. § 2868, states that each signer of a nomination petition must declare therein that he is a qualified elector of the county therein named, and in case the nomination is not to be made or candidates are not to be elected by electors of the State at large, *of the political district therein named, in which the nomination is to be made or the election is to be held.* (Emphasis added.)
>
> Section 909, the section first quoted above, also uses "political district" with respect to the signers, requiring the circulator to make affidavit that those signers are "qualified electors and duly registered and enrolled members of the designated party of the State, or of the political district, as the case may be." That is the same section which, in item (a), likewise requires the circulator to be a "qualified elector duly registered and enrolled as a member of the designated party of the State, or of the political district, as the case may be ....."
>
> Thus, if the effect of the Code's use of "political district" with respect to nomination petition signers is to require them to reside within the constituency as its effect is universally agreed to be then it must have the same effect when the same words are used to describe the necessary qualifications of the circulator.

| PAGE # | LINE # |
|--------|--------|
| 1037 | 39 |
| 1037 | 72 |

| PAGE # | LINE # |
|--------|--------|
| 1037 | 76 |
| 1039 | 7 |
| 1041 | 4 |
| 1134 | 4 |

## VIII. NICKNAMES OR INITIALS

Section 951 of the Election Code provides, in pertinent part, that "[e]ach person signing a nomination paper ... shall add to his signature his legibly printed name..." The following signatures are stricken because the signators used a nickname that differs from their name listed in the voter registration records: [11]

| PAGE # | LINE # |
|--------|--------|
| 698 | 16 |
| 979 | 3 |
| 979 | 6 |
| 979 | 7 |
| 979 | 8 |

## IX. DUPLICATE SIGNATURES [12]

Section 951 of the Election Code provides, in pertinent part, that "[n]o elector shall sign more than one nomination paper for each office to be filled, unless there are two or more persons to be elected to the same office...." The following signatures are stricken because the signators signed more than one of the Nomination Papers: [13]

| PAGE # | LINE # |
|--------|--------|
| 695 | 1 |
| 698 | 35 |
| 814 | 1 |
| 856 | 60 |
| 1037 | 22 |
| 1037 | 42 |
| 1095 | 4 |

## X. DEFECTIVE AFFIDAVIT

Section 951 of the Election Code provides, in pertinent part:

[E]ach sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth—(1) that the affiant is a qualified elector of the State ... referred to in the nomination paper; (2) his residence, giving city, borough or township with street and number, if any; (3) that the signers signed with full knowledge of the contents of the nomination paper; (4) that their respective residences are correctly stated therein; (5) that they all reside in the county named in the affidavit; (6) that each signed on the date set opposite his name; and (7) that, to the best of affiant's knowledge and belief,

11. *See, e.g., In re Petition for Agenda Initiative* (Voter signatures on initiative petition that used nicknames or initials that differed from the voter registration cards were not valid signatures and were to be stricken from petition.).

12. We note that, in his Interim Adjudication and Order of October 6, 2004, Senior Judge Charles P. Mirarchi, Jr. has also stricken 199 signatures appearing in the relevant Nomination Papers as duplicate signatures.

13. *See In re Petition to Set Aside the Nomination of Fitzpatrick*, 822 A.2d 859, 861 (Pa. Cmwlth.), *petition for allowance of appeal de-*

nied, 573 Pa. 700, 825 A.2d 1262 (2003) ("[E]ach signer of a nomination petition shall sign one such petition for each office to be filled. Section 908 of the Election Code, 25 P.S. § 2868. If a person shall sign any nomination petitions for a greater number of candidates than permitted under the provisions of this act, and 'if said signatures bear the same date, they shall, upon objections filed thereto, not be counted on any petition.' Section 977 of the Election Code, 25 P.S. § 2937. Here, because the signatures on the two petitions bear the same date, they shall not be counted on either petition.").

the signers are qualified electors of the State....

The following pages are stricken in their entirety because the Nomination Papers contained a defective affidavit as required by Section 951 which is a facial defect and for which no evidence to support amendment was introduced:[14]

| PAGE # | TOTAL LINES # |
|---|---|
| 1118 | 14 |
| 1122 | 7 |
| 1128 | 12 |
| 1127 | 13 |
| 1126 | 15[15] |
| 1125 | 21 |
| 1159 | 21[16] |
| 1189 | 50 |
| 1161 | 70 |

## XI. STIPULATED STRIKES

Counsel for Objectors and counsel for the Candidates stipulated on the record that the following signatures should be stricken because they are facially invalid. Therefore, the following signatures are stricken:

| PAGE # | LINE # |
|---|---|
| 694 | 1 |
| 694 | 2 |
| 694 | 25 |
| 694 | 26 |
| 694 | 29 |
| 694 | 34 |

| PAGE # | LINE # |
|---|---|
| 694 | 36 |
| 698 | 39 |
| 749 | 9 |
| 752 | 20 |
| 752 | 28 |
| 752 | 29 |
| 752 | 33 |
| 752 | 34 |
| 767 | 1 |
| 767 | 3 |
| 767 | 5 |
| 806 | 4 |
| 810 | 7 |
| 855 | 1 |
| 855 | 9 |
| 855 | 10 |
| 855 | 21 |
| 855 | 22 |
| 855 | 25 |
| 855 | 31 |
| 855 | 56 |
| 855 | 57 |
| 856 | 1 |
| 856 | 7 |
| 856 | 9 |
| 856 | 10 |
| 856 | 12 |
| 856 | 20 |
| 856 | 26 |
| 856 | 58 |
| 856 | 59 |
| 856 | 65 |
| 856 | 66 |
| 856 | 67 |
| 856 | 68 |
| 856 | 69 |
| 856 | 70 |
| 856 | 71 |

14. *See In re Nominating of Kloiber,* 26 Pa. Cmwlth. 50, 362 A.2d 484 (1976) (Nomination petitions with improperly completed affidavits are amendable at the discretion of the court, and the absence of the required affidavit renders that page of the nomination petition fatally defective.). *See also* Section 976 of the Election Code, 25 P.S. § 2936 ("[W]hen any ... nomination paper is presented in the office of the Secretary of the Commonwealth ... for filing within the period limited by this act, it shall be the duty of the said officer ... to examine the same. No ... nomination paper ... shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits...."); Section 977 of the Election Code, 25 P.S. § 2937 ("[I]f the court shall find that said nomination ... paper is defective under the provisions of section 976 ... it shall be set aside....").

15. Page 1126 contained a total of 16 signatures; however one signature was previously stricken as a duplicate as set forth in the Interim Adjudication and Order of October 6, 2004 filed by Senior Judge Charles P. Mirarchi, Jr.

16. Page 1159 contained a total of 21 signatures; however six signatures were previously stricken as duplicates as set forth in the Interim Adjudication and Order of October 6, 2004 filed by Senior Judge Charles P. Mirarchi, Jr.

| PAGE # | LINE # | PAGE # | LINE # |
|--------|--------|--------|--------|
| 856 | 72 | 961 | 54 |
| 856 | 73 | 961 | 55 |
| 856 | 74 | 961 | 56 |
| 856 | 75 | 961 | 57 |
| 856 | 76 | 961 | 58 |
| 856 | 77 | 961 | 59 |
| 856 | 83 | 961 | 60 |
| 856 | 84 | 961 | 61 |
| 907/909 | 8 | 961 | 62 |
| 929 | 6 | 961 | 63 |
| 961 | 7 | 961 | 64 |
| 961 | 8 | 961 | 65 |
| 961 | 9 | 961 | 66 |
| 961 | 10 | 961 | 67 |
| 961 | 11 | 961 | 68 |
| 961 | 12 | 961 | 69 |
| 961 | 13 | 961 | 70 |
| 961 | 14 | 961 | 71 |
| 961 | 15 | 961 | 72 |
| 961 | 16 | 961 | 73 |
| 961 | 17 | 961 | 74 |
| 961 | 18 | 961 | 75 |
| 961 | 19 | 961 | 76 |
| 961 | 20 | 961 | 77 |
| 961 | 21 | 961 | 78 |
| 961 | 22 | 961 | 79 |
| 961 | 23 | 961 | 80 |
| 961 | 24 | 961 | 81 |
| 961 | 25 | 961 | 82 |
| 961 | 26 | 961 | 83 |
| 961 | 27 | 961 | 84 |
| 961 | 28 | 961 | 85 |
| 961 | 29 | 961 | 86 |
| 961 | 30 | 961 | 87 |
| 961 | 31 | 961 | 88 |
| 961 | 32 | 961 | 89 |
| 961 | 33 | 961 | 90 |
| 961 | 34 | 961 | 91 |
| 961 | 35 | 961 | 92 |
| 961 | 36 | 961 | 93 |
| 961 | 37 | 961 | 94 |
| 961 | 38 | 961 | 95 |
| 961 | 39 | 961 | 96 |
| 961 | 40 | 961 | 97 |
| 961 | 41 | 961 | 98 |
| 961 | 42 | 961 | 99 |
| 961 | 43 | 961 | 100 |
| 961 | 44 | 969 | 3 |
| 961 | 45 | 969 | 6 |
| 961 | 46 | 969 | 7 |
| 961 | 47 | 969 | 20 |
| 961 | 48 | 970 | 19 |
| 961 | 49 | 978 | 7 |
| 961 | 50 | 978 | 8 |
| 961 | 51 | 978 | 9 |
| 961 | 52 | 978 | 10 |
| 961 | 53 | 978 | 11 |
| | | 978 | 12 |
| | | 978 | 13 |

| PAGE # | LINE # | | PAGE # | LINE # |
|--------|--------|---|--------|--------|
| 978 | 14 | | 984 | 27 |
| 978 | 15 | | 984 | 28 |
| 978 | 16 | | 984 | 29 |
| 978 | 18 | | 984 | 30 |
| 978 | 19 | | 984 | 31 |
| 978 | 22 | | 984 | 32 |
| 978 | 23 | | 984 | 33 |
| 978 | 24 | | 984 | 34 |
| 978 | 25 | | 984 | 35 |
| 978 | 26 | | 984 | 36 |
| 978 | 27 | | 984 | 37 |
| 978 | 28 | | 984 | 38 |
| 978 | 29 | | 984 | 39 |
| 978 | 30 | | 984 | 40 |
| 978 | 31 | | 984 | 41 |
| 978 | 32 | | 984 | 42 |
| 978 | 33 | | 984 | 43 |
| 978 | 34 | | 984 | 44 |
| 978 | 35 | | 984 | 45 |
| 978 | 36 | | 984 | 46 |
| 978 | 37 | | 984 | 47 |
| 978 | 38 | | 984 | 48 |
| 978 | 39 | | 984 | 49 |
| 978 | 41 | | 984 | 50 |
| 978 | 43 | | 984 | 51 |
| 978 | 44 | | 984 | 52 |
| 978 | 47 | | 984 | 53 |
| 978 | 48 | | 984 | 54 |
| 978 | 49 | | 984 | 55 |
| 978 | 50 | | 984 | 56 |
| 978 | 51 | | 984 | 57 |
| 978 | 52 | | 984 | 58 |
| 978 | 83 | | 984 | 59 |
| 978 | 86 | | 984 | 60 |
| 978 | 89 | | 984 | 61 |
| 978 | 90 | | 984 | 62 |
| 984 | 4 | | 984 | 63 |
| 984 | 7 | | 984 | 64 |
| 984 | 8 | | 984 | 65 |
| 984 | 9 | | 984 | 66 |
| 984 | 10 | | 984 | 67 |
| 984 | 11 | | 984 | 68 |
| 984 | 12 | | 984 | 69 |
| 984 | 13 | | 984 | 70 |
| 984 | 14 | | 984 | 71 |
| 984 | 15 | | 984 | 72 |
| 984 | 16 | | 984 | 73 |
| 984 | 17 | | 984 | 74 |
| 984 | 18 | | 984 | 75 |
| 984 | 19 | | 984 | 76 |
| 984 | 20 | | 984 | 77 |
| 984 | 21 | | 984 | 78 |
| 984 | 22 | | 984 | 79 |
| 984 | 23 | | 984 | 80 |
| 984 | 24 | | 984 | 81 |
| 984 | 25 | | 987 | 8 |
| 984 | 26 | | 987 | 10 |
| | | | 987 | 15 |
| | | | 987 | 20 |

| PAGE # | LINE # | | PAGE # | LINE # |
|--------|--------|---|--------|--------|
| 987 | 30 | | 1030 | 22 |
| 987 | 31 | | 1030 | 23 |
| 989 | 11 | | 1030 | 43 |
| 989 | 12 | | 1030 | 51 |
| 989 | 18 | | 1030 | 52 |
| 991 | 8 | | 1030 | 69 |
| 991 | 10 | | 1030 | 73 |
| 991 | 12 | | 1030 | 74 |
| 991 | 13 | | 1030 | 86 |
| 991 | 18 | | 1030 | 90 |
| 991 | 19 | | 1030 | 92 |
| 991 | 23 | | 1030 | 95 |
| 991 | 24 | | 1030 | 97 |
| 991 | 25 | | 1030 | 99 |
| 991 | 26 | | 1035 | 51 |
| 991 | 29 | | 1036 | 5 |
| 991 | 30 | | 1036 | 6 |
| 991 | 31 | | 1036 | 7 |
| 991 | 32 | | 1036 | 9 |
| 991 | 35 | | 1036 | 10 |
| 991 | 36 | | 1036 | 14 |
| 991 | 38 | | 1036 | 15 |
| 991 | 39 | | 1036 | 16 |
| 991 | 40 | | 1036 | 20 |
| 991 | 41 | | 1037 | 8 |
| 991 | 42 | | 1037 | 9 |
| 991 | 46 | | 1037 | 10 |
| 991 | 50 | | 1037 | 11 |
| 991 | 51 | | 1037 | 12 |
| 991 | 52 | | 1037 | 13 |
| 991 | 53 | | 1037 | 14 |
| 992 | 4 | | 1037 | 15 |
| 992 | 5 | | 1037 | 18 |
| 992 | 7 | | 1037 | 19 |
| 992 | 8 | | 1037 | 23 |
| 992 | 12 | | 1037 | 37 |
| 1001 | 1 | | 1037 | 73 |
| 1001 | 13 | | 1037 | 77 |
| 1001 | 19 | | 1041 | 1 |
| 1001 | 40 | | 1041 | 7 |
| 1001 | 42 | | 1041 | 8 |
| 1002 | 4 | | 1041 | 9 |
| 1002 | 85 | | 1041 | 10 |
| 1003 | 4 | | 1041 | 11 |
| 1012 | 11 | | 1041 | 12 |
| 1022 | 2 | | 1041 | 13 |
| 1022 | 3 | | 1093 | 2 |
| 1028 | 7 | | 1093 | 3 |
| 1028 | 16 | | 1093 | 4 |
| 1029 | 13 | | 1093 | 5 |
| 1029 | 47 | | 1093 | 6 |
| 1029 | 50 | | 1093 | 17 |
| 1029 | 51 | | 1093 | 18 |
| 1029 | 52 | | 1093 | 19 |
| 1030 | 9 | | 1093 | 20 |
| 1030 | 10 | | 1093 | 21 |
| 1030 | 20 | | 1093 | 22 |
| | | | 1093 | 23 |
| | | | 1093 | 24 |

| PAGE # | LINE # | PAGE # | LINE # |
|---|---|---|---|
| 1093 | 25 | 1095 | 40 |
| 1093 | 26 | 1095 | 41 |
| 1093 | 27 | 1095 | 42 |
| 1093 | 28 | 1095 | 43 |
| 1093 | 29 | 1095 | 44 |
| 1093 | 30 | 1095 | 45 |
| 1093 | 31 | 1095 | 46 |
| 1093 | 32 | 1095 | 47 |
| 1093 | 33 | 1095 | 48 |
| 1093 | 34 | 1095 | 49 |
| 1093 | 35 | 1095 | 50 |
| 1093 | 36 | 1095 | 51 |
| 1093 | 37 | 1095 | 52 |
| 1093 | 38 | 1095 | 53 |
| 1093 | 39 | 1119 | 6 |
| 1093 | 40 | 1129 | 8 |
| 1093 | 41 | 1129 | 9 |
| 1093 | 42 | 1129 | 10 |
| 1093 | 43 | 1129 | 11 |
| 1093 | 44 | 1129 | 12 |
| 1093 | 45 | 1129 | 16 |
| 1093 | 46 | 1129 | 30 |
| 1093 | 47 | 1134 | 12 |
| 1093 | 48 | 1148 | 17 |
| 1095 | 22 | 1153 | 2 |
| 1095 | 23 | 1153 | 4 |
| 1095 | 24 | 1153 | 10 |
| 1095 | 25 | 1153 | 16 |
| 1095 | 26 | 1156 | 11 |
| 1095 | 27 | 1157 | 10 |
| 1095 | 28 | 1164 | 6 |
| 1095 | 29 | 1164 | 17 |
| 1095 | 30 | 1164 | 20 |
| 1095 | 31 | 1164 | 21 |
| 1095 | 32 | 1164 | 22 |
| 1095 | 33 | 1164 | 23 |
| 1095 | 34 | 1188 | 1 |
| 1095 | 35 | 1188 | 2 |
| 1095 | 36 | 1188 | 4 |
| 1095 | 37 | 1188 | 8 |
| 1095 | 38 | 1188 | 9 |
| 1095 | 39 | 1188 | 10 |

## XII. SIGNATURES STRICKEN BY THE SECRETARY

In *In re: Nomination Papers of Nader,* the Supreme Court stated the following, in pertinent part:

Where as here, the Secretary accepts Nomination Papers, the Commonwealth Court recognized the potential for signatures stricken by the Secretary to become a deciding factor in a later objection hearing. When this occurs, the court recognized that bringing a mandamus petition to reinstate the stricken signatures may not be practical due to time constraints. Instead, it approved the approach taken by Objectors, who included the signatures already rejected by the Secretary in their Objections to

the Nomination Papers. Because the Objectors utilized this procedure, the Candidates had notice of the stricken signatures, and the Objectors assumed the Secretary's burden to prove the invalidity of the signatures.

*In re Nomination Papers of Nader,* —— Pa. at ——, 858 A.2d at 1184, 2004 WL 2185351 (footnote omitted).

As a result, with respect to the signatures challenged by Objectors on the basis that they were rejected by the Secretary, this Court has reviewed the signatures on the Nomination Papers for any facial defects which would require their rejection. The following signatures are stricken on the basis that they were properly stricken by the Secretary as facially invalid:[17]

| PAGE # | LINE # |
| --- | --- |
| 687 | 25 |
| 687 | 26 |
| 687 | 27 |
| 695 | 5 |
| 695 | 36 |
| 696 | 7 |
| 697 | 1 |
| 697 | 2 |
| 697 | 3 |
| 697 | 4 |
| 697 | 11 |
| 697 | 28 |
| 697 | 39 |
| 697 | 57 |
| 698 | 2 |
| 698 | 3 |
| 698 | 4 |
| 698 | 5 |
| 698 | 6 |
| 698 | 8 |
| 698 | 10 |
| 698 | 11 |
| 698 | 14 |
| 698 | 15 |
| 698 | 28 |
| 698 | 36 |
| 698 | 37 |
| 698 | 43 |
| 698 | 44 |
| 698 | 45 |
| 698 | 48 |
| 698 | 49 |

## XIII. CONCLUSION

Therefore, of the 2713 total signatures found on the relevant Nomination Papers

---

**17.** *See* Section 976 of the Election Code, 25 P.S. § 2936 ("[W]hen any … nomination paper is presented in the office of the Secretary of the Commonwealth … for filing within the period limited by this act, it shall be the duty of the said officer … to examine the same. No … nomination paper … shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits…."); Section 977 of the Election Code, 25 P.S. § 2937 ("[I]f the court shall find that said nomination … paper is defective under the provisions of section 976 … it shall be set aside…."). *See also Ochman Appeal,* 364 Pa. 525, 528–529, 73 A.2d 34, 36 (1950) ("[T]he court's power is no less under the one statutory provision than under the other. The two sections[, Sections 976 and 977 of the Election Code,] are *in pari materia* and are to be construed coextensively. The legislative intent to provide a remedy against alleged erroneous action of a county board of elections (or the Secretary of the Commonwealth) is plain. Where such a board (or the Secretary) *rejects* nominating petitions because of alleged defects therein, the judicial remedy available to those claiming to be aggrieved thereby is under Section 976 of the [Election Code]. On the other hand, when the board (or the Secretary) *accepts and files* nominating petitions over objections thereto, the judicial relief available to those claiming to be aggrieved thereby is under Sec. 977 of the [Election Code]. The power of the court to amend nominating petitions in amendable respects is the same in the one instance as in the other. And, Sec. 977 expressly authorizes the court's amending, in its discretion after hearing, for material errors or defects appearing on the face of the affidavits accompanying or appended to nominating petitions. Where the court acts under Sec. 976 with respect to the board's or the Secretary's rejection of nominating petitions for alleged defects, its power is no different….").

circulated in Philadelphia County, the Court finds that a total of 1964 signatures are invalid leaving a total of 948 valid signatures.

## FINDINGS AND CONCLUSIONS RE: CHALLENGES TO ALLEGHENY COUNTY NOMINATION PAPERS

### I. Preliminary Procedure

On September 22, 2004, pursuant to this Court's order of September 20, 2004, counsel for Ralph Nader, Candidate of an Independent Political Party for President and Peter Miguel Camejo, Candidate of an Independent Political Party for Vice–President (Candidate/Candidates) and counsel for Linda S. Serody, Roderick J. Sweets, Ronald Bergman, Richard Trinclisti, Terry Trinclisti, Bernie Cohen–Scott, Donald G. Brown, and Julia A. O'Connell (Objectors) met with election staff under the supervision of Mark Wolosik, Director of Elections for Allegheny County, to compare Candidates' Nomination Papers with the official voter registration records of Allegheny County for the purpose of reporting to the Court, "by stipulation or evidence" as to the results of their review.

The review was conducted in two court-rooms located in the City–County Building, Pittsburgh, Pennsylvania, Allegheny County. In each court-room, there were two computer terminals (a total of four) and each computer terminal was operated by an election staff member. The voter registration data was a true and accurate record of voter information contained in the Statewide Uniform Registry of Electors (SURE) for Allegheny County as attested to by Pedro A. Cortes, Secretary of the Commonwealth of Pennsylvania, received and transmitted by John Moyer,

Esquire, Staff Attorney for Commonwealth Court, and as found by this Court. The voter information contained the name, residential address and date of registration for each registered voter in Allegheny County. This voter registration data was reviewed at each computer terminal by an election staff member and counsel for Objectors and Candidates (or his/her designated representatives). After examination of the challenged signature lines on the nomination papers, the election staff member determined which signatures were defective based upon the criteria enumerated in this Court's September 20, 2004, order. The review commenced on September 22, 2004, at approximately 9:45 A.M. and concluded at 7:30 P.M. The review then continued each day from 8:30 A.M. until 7:30 P.M.[1] until its conclusion on September 30, 2004.

### II. Hearings.

Hearings were held before Judge McGinley on October 1, 2004, October 4, 2004, and October 5, 2004, to rule on challenges to the nomination papers circulated in Allegheny County on behalf of the candidacies of Ralph Nader and Peter Miguel Camejo other than challenges based upon alleged forgeries, illegibility, and also signatures struck by the Secretary of State at or about the time of filing. Hearings were also held before Judge Pellegrini on October 1, 2004, and October 4, 2004, to rule on challenges based upon alleged forgeries, illegibility, and signatures struck by the Secretary of State at or about the time of filing.

### A. Before Judge McGinley.

Counsel for the Objectors called as a witness Mark Wolosik (Wolosik), Director of Elections, Allegheny County, who testi-

---

1. On September 26, 2004, the review was conducted from 9:30 A.M. until 7:30 P.M. and from 8:30 A.M. until 9:45 P.M. on September 29, 2004.

fied and identified numerous exhibits. Pursuant to this Court's September 20, 2004, order, Wolosik and staff members of the Election Division, under his supervision, compared challenged signature lines on nomination papers against the Allegheny County voter registration records viewed on the four computer terminals located in each respective courtroom with respect to the categories listed in Paragraph 2 of this Court's September 20, 2004, order. Wolosik identified review sheets which Objectors compiled pursuant to this Court's September 20, 2004, order and which listed the determinations by the election staff, under Wolosik's supervision, of the challenged signature lines. Wolosik was found to be credible, and based upon his testimony, the Court found that that the review sheets [Objectors' Exhibits 1–105] accurately reflected the results of his examination of the original nomination papers and the Allegheny County voter registration records.

Candidates presented the testimony of Karen Mitchell (Mitchell) and Elizabeth Johnson (Johnson), temporary election staff employees who participated in the review process.

Mitchell testified that she received SURE training under the supervision of the Election Division for approximately one-half hour on September 20 or 21, 2004, her date of hire. Mitchell testified that on September 22, 2004, she operated a computer terminal whose data base contained only the registered voter's first and last name. She stated that she was able to search addresses in addition to the names the following day, September 23, 2004. On cross-examination, Mitchell testified that she made every effort to determine whether the challenged signature was a registered voter and when in doubt determined that the challenged failed. Johnson corroborated Mitchell's testimony. She, too, was a temporary employee who received SURE training and that she made every effort to determine the validity of the challenged signature line.

In addition to review of the signature lines by the Allegheny County Election Division, rulings were made from the bench on several additional challenges raised at hearing by counsel for the Objectors and counsel for the Candidates.

Based upon the testimony presented and Court review, as described above, the Court found the following:

1. Candidates moved to exclude Objectors' Exhibits 1–105 which consisted of the review sheets on the basis that a proper foundation for their admission into evidence. Specifically, Candidates argued that no one from Harrisburg authenticated the accuracy of the data base that was used for the preparation of the review sheets and/or the SURE system itself. This Court found the Objectors' foundation was adequate and Objectors' Exhibits were properly authenticated and admitted into evidence.

2. Candidates argued that the Court's focus should have been on whether a signature on a nomination paper was by someone who would be eighteen years old on the date of the election and a resident of the Commonwealth of Pennsylvania for thirty days rather than whether the person signing the nomination paper was a registered voter. The Court rejected this argument and found that the review process was proper.

## B. Before Judge Pellegrini.

Ms. Michelle Dresbold testified as an expert witness as to whether certain signatures were forgery or information was added to a signature line not in the same hand. Her testimony was credible.

### III. Summary of the Court's Determinations.

Based upon this Court's review of the challenged signature lines, its credibility determinations, and legal arguments, the Court makes the following conclusions:

1. The nomination papers submitted by Candidates in Allegheny County contained a total of 12,444 signatures, not including any signatures that were struck through prior to filing with the Secretary of State.

2. 1,988 signature lines listed an address in Allegheny County but the name did not match that of any registered voter in Allegheny County. This total includes thirty-six names for which Candidates alleged that a person signed with a married name and the Election Division records indicated a maiden name. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 5, Not Registered, at 1–52. No evidence was offered in support of the Candidates' allegations.

3. 1,425 signature lines listed an address in Allegheny County, but the name did not match that of any registered voter in Allegheny County. No evidence was proffered that the registered elector and the person signing the nomination paper were the same, let alone that (s)he had moved from one address to the other and was within the statutory window to notify the Election of the change. These lines must be stricken. *In re Nomination Papers of Nader,* —— Pa. ——–——, 858 A.2d 1182–84 (2004) (No. 154 MAP 2004, filed September 29, 2004) (2004 WL 2185351, *12–13); *In re Nomination Petition of Flaherty,* 564 Pa. 671, 682, 770 A.2d 327, 333 (2001). *See* Post–Hearing Report, October 7, 2004, Tab No. 7, Not Registered at the Address, at 1–37.

4. 1,132 signature lines omitted information required by the Election Code.[2] Section 951 of the Election Code, 25 P.S. § 2911, directs that a qualified elector signing a nomination paper "shall add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers...." This category includes signature lines which contained no zip code or no zip code and no municipality. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 6, Data Omitted, at 1–30. No evidence was offered to cure these omissions.

5. 325 signature lines were signed by persons who were registered voters at the address given but not on or before the date he or she signed the nomination paper. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 8, Not Registered on Date Signed, at 1–9. Except for Sheena M. Merchant and Melvin L. Jones, *See* Respondent's Exhibits C and D, whose signatures were found to be by voters registered at the time the nomination paper was signed.

6. 77 signature lines were on nomination papers in which it was found that the affiant listed an address within Allegheny County and was a person for whom the registration records under review indicated an address other than that stated in the affidavit. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 9, Affiant Address Not Voting Address, at 1–3.

7. 48 signature lines were duplicates of another signature by the same elector. These lines must be stricken. *See* Post–

2. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.

Hearing Report, October 7, 2004, Tab No. 10, Duplicate Entry, at 1–2.

8. 1,317 signature lines had the city, borough, or township information written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 1, Line Completed by Another, at 1–34.

9. 253 signature lines were struck by the Secretary of State at or about the time of filing. The parties have agreed that each of those lines contain defects. *See* Post–Hearing Report, October 7, 2004, Tab No. 2, Originally Struck by Secretary of State, at 1–7. Accordingly, all 253 lines are stricken.

10. 96 signature lines contained a date of signing written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 3, Date Forgery, at 1–3.

11. 111 signature lines where the elector's signature was written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 4, Signature or Name Forgery, at 1–3.

12. 6,772 signatures must be stricken.[3]

/s/ Bernard L. McGinley
BERNARD L. MCGINLEY, Judge
/s/ Dan Pellegrini
DAN PELLEGRINI, Judge

***AMENDED***

### FINDINGS AND CONCLUSIONS RE: CHALLENGES TO ALLEGHENY COUNTY NOMINATION PAPERS

*I. Preliminary Procedure*

On September 22, 2004, pursuant to this Court's order of September 20, 2004, counsel for Ralph Nader, Candidate of an Independent Political Party for President and Peter Miguel Camejo, Candidate of an Independent Political Party for Vice–President (Candidate/Candidates) and counsel for Linda S. Serody, Roderick J. Sweets, Ronald Bergman, Richard Trinclisti, Terry Trinclisti, Bernie Cohen–Scott, Donald G. Brown, and Julia A. O'Connell (Objectors) met with election staff under the supervision of Mark Wolosik, Director of Elections for Allegheny County, to compare Candidates' Nomination Papers with the official voter registration records of Allegheny County for the purpose of reporting to the Court, "by stipulation or evidence" as to the results of their review.

The review was conducted in two courtrooms located in the City–County Building, Pittsburgh, Pennsylvania, Allegheny County. In each court-room, there were two computer terminals (a total of four) and each computer terminal was operated by an election staff member. The voter registration data was a true and accurate record of voter information contained in the Statewide Uniform Registry of Electors (SURE) for Allegheny County as attested to by Pedro A. Cortes, Secretary of the Commonwealth of Pennsylvania, received and transmitted by John Moyer, Esquire, Staff Attorney for Commonwealth Court, and as found by this Court. The voter information contained the name, residential address and date of registration for each registered voter in Allegheny County. This voter registration data was reviewed at each computer terminal by an election staff member and counsel for Objectors and Candidates (or his/her designated representatives). After examination of the challenged signature lines on the

---

**3.** Each stricken signature line is indicated by its nomination paper and line number and is located in the Post–Hearing Report, October 7, 2004, Tab No. 11, Summary of Sustained Challenges at 1–244.

nomination papers, the election staff member determined which signatures were defective based upon the criteria enumerated in this Court's September 20, 2004, order. The review commenced on September 22, 2004, at approximately 9:45 A.M. and concluded at 7:30 P.M. The review then continued each day from 8:30 A.M. until 7:30 P.M.[1] until its conclusion on September 30, 2004.

## II. Hearings.

Hearings were held before Judge McGinley on October 1, 2004, October 4, 2004, and October 5, 2004, to rule on challenges to the nomination papers circulated in Allegheny County on behalf of the candidacies of Ralph Nader and Peter Miguel Camejo other than challenges based upon alleged forgeries, illegibility, and also signatures struck by the Secretary of State at or about the time of filing. Hearings were also held before Judge Pellegrini on October 1, 2004, and October 4, 2004, to rule on challenges based upon alleged forgeries, illegibility, and signatures struck by the Secretary of State at or about the time of filing.

### A. Before Judge McGinley.

Counsel for the Objectors called as a witness Mark Wolosik (Wolosik), Director of Elections, Allegheny County, who testified and identified numerous exhibits. Pursuant to this Court's September 20, 2004, order, Wolosik and staff members of the Election Division, under his supervision, compared challenged signature lines on nomination papers against the Allegheny County voter registration records viewed on the four computer terminals located in each respective courtroom with respect to the categories listed in Paragraph 2 of this Court's September 20,

2004, order. Wolosik identified review sheets which Objectors compiled pursuant to this Court's September 20, 2004, order and which listed the determinations by the election staff, under Wolosik's supervision, of the challenged signature lines. Wolosik was found to be credible, and based upon his testimony, the Court found that that the review sheets [Objectors' Exhibits 1–105] accurately reflected the results of his examination of the original nomination papers and the Allegheny County voter registration records.

Candidates presented the testimony of Karen Mitchell (Mitchell) and Elizabeth Johnson (Johnson), temporary election staff employees who participated in the review process.

Mitchell testified that she received SURE training under the supervision of the Election Division for approximately one-half hour on September 20 or 21, 2004, her date of hire. Mitchell testified that on September 22, 2004, she operated a computer terminal whose data base contained only the registered voter's first and last name. She stated that she was able to search addresses in addition to the names the following day, September 23, 2004. On cross-examination, Mitchell testified that she made every effort to determine whether the challenged signature was a registered voter and when in doubt determined that the challenge failed. Johnson corroborated Mitchell's testimony. She, too, was a temporary employee who received SURE training and that she made every effort to determine the validity of the challenged signature line.

In addition to review of the signature lines by the Allegheny County Election Division, rulings were made from the bench on several additional challenges

---

1. On September 26, 2004, the review was conducted from 9:30 A.M. until 7:30 P.M. and from 8:30 A.M. until 9:45 P.M. on September 29, 2004.

raised at hearing by counsel for the Objectors and counsel for the Candidates.

Based upon the testimony presented and Court review, as described above, the Court found the following:

1. Candidates moved to exclude Objectors' Exhibits 1–105 which consisted of the review sheets on the basis that a proper foundation was not laid for their admission into evidence. Specifically, Candidates argued that no one from Harrisburg authenticated the accuracy of the data base that was used for the preparation of the review sheets and/or the SURE system itself. This Court found the Objectors' foundation was adequate and Objectors' Exhibits were properly authenticated and admitted into evidence.

2. Candidates argued that the Court's focus should have been on whether a signature on a nomination paper was by someone who would be eighteen years old on the date of the election and a resident of the Commonwealth of Pennsylvania for thirty days rather than whether the person signing the nomination paper was a registered voter. The Court rejected this argument and found that the review process was proper.

### B. Before Judge Pellegrini.

Ms. Michelle Dresbold testified as an expert witness as to whether certain signatures were forgery or information was added to a signature line not in the same hand. Her testimony was credible.

### III. Summary of the Court's Determinations.

Based upon this Court's review of the challenged signature lines, its credibility determinations, and legal arguments, the Court makes the following conclusions:

1. The nomination papers submitted by Candidates in Allegheny County contained a total of 12,444 signatures, not including any signatures that were struck through prior to filing with the Secretary of State.

2. 1,988 signature lines listed an address in Allegheny County but the name did not match that of any registered voter in Allegheny County. This total includes thirty-six names for which Candidates alleged that a person signed with a married name and the Election Division records indicated a maiden name. These lines must be stricken. See Post–Hearing Report, October 7, 2004, Tab No. 5, Not Registered, at 1–52. No evidence was offered in support of the Candidates' allegations.

3. 1,425 signature lines listed an address in Allegheny County, but the name did not match that of any registered voter in Allegheny County. No evidence was proffered that the registered elector and the person signing the nomination paper were the same, let alone that (s)he had moved from one address to the other and was within the statutory window to notify the Election of the change. These lines must be stricken. *In re Nomination Papers of Nader*, —— Pa. ——–——, 858 A.2d 1182–84 (2004) (No. 154 MAP 2004, filed September 29, 2004) (2004 WL 2185351, *12–13); *In re Nomination Petition of Flaherty*, 564 Pa. 671, 682, 770 A.2d 327, 333 (2001). See Post–Hearing Report, October 7, 2004, Tab No. 7, Not Registered at the Address, at 1–37.

4. 1,132 signature lines omitted information required by the Election Code.[2] Section 951 of the Election Code, 25 P.S. § 2911, directs that a qualified elector signing a nomination paper "shall add to his signature his legibly printed name and

---

**2.** Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3591.

residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers...." This category includes signature lines which contained no zip code or no zip code and no municipality. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 6, Data Omitted, at 1–30. No evidence was offered to cure these omissions.

5. 325 signature lines were signed by persons who were registered voters at the address given but not on or before the date he or she signed the nomination paper. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 8, Not Registered on Date Signed, at 1–9. Except for Sheena M. Merchant and Melvin L. Jones, *See* Respondent's Exhibits C and D, whose signatures were found to be by voters registered at the time the nomination paper was signed.

6. 77 signature lines were on nomination papers in which it was found that the affiant listed an address within Allegheny County and was a person for whom the registration records under review indicated an address other than that stated in the affidavit. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 9, Affiant Address Not Voting Address, at 1–3.

7. 48 signature lines were duplicates of another signature by the same elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 10, Duplicate Entry, at 1–2.

8. 1,317 signature lines had the city, borough, or township information written by someone other than the signing elector.

These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 1, Line Completed by Another, at 1–34.

9. 253 signature lines were struck by the Secretary of State at or about the time of filing. The parties have agreed that each of those lines contain defects. *See* Post–Hearing Report, October 7, 2004, Tab No. 2, Originally Struck by Secretary of State, at 1–7. Accordingly, all 253 lines are stricken.

10. 96 signature lines contained a date of signing written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 3, Date Forgery, at 1–3.

11. 111 signature lines where the elector's signature was written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 4, Signature or Name Forgery, at 1–3.

12. The nomination papers submitted by Candidates in Allegheny County contained a total of 12,697 signatures (including the signatures stricken by the Secretary of State) of which 6,772 signatures are stricken[3] leaving a total of 5,925 valid signatures.

/s/ Bernard L. McGinley
BERNARD L. MCGINLEY, Judge
/s/ Dan Pellegrini
DAN PELLEGRINI, Judge

### SECOND AMENDED FINDINGS AND CONCLUSIONS RE: CHALLENGES TO ALLEGHENY COUNTY NOMINATION PAPERS

#### I. Preliminary Procedure

On September 22, 2004, pursuant to this Court's order of September 20, 2004, coun-

---

3. The above tally does not indicate certain signatures that were stricken for multiple reasons. Each stricken signature line is indicated by its nomination paper and line number and all the reasons they were stricken are set forth in the Stipulated Post–Hearing Report, October 7, 2004, Tab No. 11, Summary of Sustained Challenges at 1–244.

sel for Ralph Nader, Candidate of an Independent Political Party for President and Peter Miguel Camejo, Candidate of an Independent Political Party for Vice–President (Candidate/Candidates) and counsel for Linda S. Serody, Roderick J. Sweets, Ronald Bergman, Richard Trinclisti, Terry Trinclisti, Bernie Cohen–Scott, ·Donald G. Brown, and Julia A. O'Connell (Objectors) met with election staff under the supervision of Mark Wolosik, Director of Elections for Allegheny County, to compare Candidates' Nomination Papers with the official voter registration records of Allegheny County for the purpose of reporting to the Court, "by stipulation or evidence" as to the results of their review.

The review was conducted in two court-rooms located in the City–County Building, Pittsburgh, Pennsylvania, Allegheny County. In each court-room, there were two computer terminals (a total of four) and each computer terminal was operated by an election staff member. The voter registration data was a true and accurate record of voter information contained in the Statewide Uniform Registry of Electors (SURE) for Allegheny County as attested to by Pedro A. Cortes, Secretary of the Commonwealth of Pennsylvania, received and transmitted by John Moyer, Esquire, Staff Attorney for Commonwealth Court, and as found by this Court. The voter information contained the name, residential address and date of registration for each registered voter ·in Allegheny County. This voter registration data was reviewed at each computer terminal by an election staff member and counsel for Objectors and Candidates (or his/her designated representatives). After examination of the challenged signature lines on the nomination papers, the election staff member determined which signatures were de-

fective based upon the criteria enumerated in this Court's September 20, 2004, order. The review commenced on September 22, 2004, at approximately 9:45 A.M. and concluded at 7:30 P.M. The review then ·continued each day from· 8:30 A.M. until 7:30 P.M.[1] until its conclusion on September 30, 2004.

## II. Hearings.

Hearings were held before Judge McGinley on October 1, 2004, October 4, 2004, and October 5, 2004, to rule on challenges to the nomination papers circulated in Allegheny County on behalf of the candidacies of Ralph Nader and Peter Miguel Camejo other than challenges based upon alleged forgeries, illegibility, and also signatures struck by the Secretary of State at or about the ·time of filing. Hearings were also held before Judge Pellegrini on October 1, 2004, and October 4, 2004, to rule on challenges based upon alleged forgeries, illegibility, and signatures struck by the Secretary of State at or about the time of filing.

### A. Before Judge McGinley.

Counsel for the Objectors called as a witness Mark Wolosik (Wolosik), Director of ·Elections, Allegheny County, who testified and identified numerous exhibits. Pursuant to this Court's September 20, 2004, order, Wolosik and staff members of the Election Division, under his supervision, compared challenged signature lines on nomination papers against the Allegheny County voter registration records viewed on the four computer terminals located in each respective courtroom with respect to the categories listed in Paragraph 2 of this Court's September 20, 2004, order. Wolosik identified review sheets which Objectors compiled pursuant

---

1. On September 26, 2004, the review was conducted from 9:30 A.M. until 7:30 P.M. and from 8:30 A.M. until 9:45 P.M. on September 29, 2004.

to this Court's September 20, 2004, order and which listed the determinations by the election staff, under Wolosik's supervision, of the challenged signature lines. Wolosik was found to be credible, and based upon his testimony, the Court found that that the review sheets [Objectors' Exhibits 1–105] accurately reflected the results of his examination of the original nomination papers and the Allegheny County voter registration records.

Candidates presented the testimony of Karen Mitchell (Mitchell) and Elizabeth Johnson (Johnson), temporary election staff employees who participated in the review process.

Mitchell testified that she received SURE training under the supervision of the Election Division for approximately one-half hour on September 20 or 21, 2004, her date of hire. Mitchell testified that on September 22, 2004, she operated a computer terminal whose data base contained only the registered voter's first and last name. She stated that she was able to search addresses in addition to the names the following day, September 23, 2004. On cross-examination, Mitchell testified that she made every effort to determine whether the challenged signature was a registered voter and when in doubt determined that the challenge failed. Johnson corroborated Mitchell's testimony. She, too, was a temporary employee who received SURE training and testified that she made every effort to determine the validity of the challenged signature line.

In addition to review of the signature lines by the Allegheny County Election Division, rulings were made from the bench on several additional challenges raised at hearing by counsel for the Objectors and counsel for the Candidates.

Based upon the testimony presented and Court review, as described above, the Court found the following:

1. Candidates moved to exclude Objectors' Exhibits 1–105 which consisted of the review sheets on the basis that a proper foundation was not laid for their admission into evidence. Specifically, Candidates argued that no one from Harrisburg authenticated the accuracy of the data base that was used for the preparation of the review sheets and/or the SURE system itself. This Court found the Objectors' foundation was adequate and Objectors' Exhibits were properly authenticated and admitted into evidence.

2. Candidates argued that the Court's focus should have been on whether a signature on a nomination paper was by someone who would be eighteen years old on the date of the election and a resident of the Commonwealth of Pennsylvania for thirty days rather than whether the person signing the nomination paper was a registered voter. The Court rejected this argument and found that the review process was proper.

### B. Before Judge Pellegrini.

Ms. Michelle Dresbold testified as an expert witness as to whether certain signatures were forgery or information was added to a signature line not in the same hand. Her testimony was credible.

### III. Summary of the Court's Determinations.

Based upon this Court's review of the challenged signature lines, its credibility determinations, and legal arguments, the Court makes the following conclusions:

1. The nomination papers submitted by Candidates in Allegheny County contained a total of 12,444 signatures, not including any signatures that were struck through prior to filing with the Secretary of State.

2. 1,988 signature lines listed an address in Allegheny County but the name did not match that of any registered voter in Allegheny County. This total includes thirty-six names for which Candidates alleged that a person signed with a married name and the Election Division records indicated a maiden name. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 5, Not Registered, at 1–52. No evidence was offered in support of the Candidates' allegations.

3. 1,425 signature lines listed an address in Allegheny County, but the name did not match that of any registered voter in Allegheny County. No evidence was proffered that the registered elector and the person signing the nomination paper were the same, let alone that (s)he had moved from one address to the other and was within the statutory window to notify the Election Division of the change. These lines must be stricken. *In re Nomination Papers of Nader*, —— Pa. —— ——, 858 A.2d 1182–84 (2004) (No. 154 MAP 2004, filed September 29, 2004) (2004 WL 2185351, *12–13); *In re Nomination Petition of Flaherty*, 564 Pa. 671, 682, 770 A.2d 327, 333 (2001). *See* Post–Hearing Report, October 7, 2004, Tab No. 7, Not Registered at the Address, at 1–37.

4. 1,132 signature lines omitted information required by the Election Code.[2] Section 951 of the Election Code, 25 P.S. § 2911, directs that a qualified elector signing a nomination paper "shall add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers...." This category includes signature lines which contained no zip code or no zip code and

no municipality. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 6, Data Omitted, at 1–30. No evidence was offered to cure these omissions.

5. 325 signature lines were signed by persons who were registered voters at the address given but not on or before the date he or she signed the nomination paper. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 8, Not Registered on Date Signed, at 1–9. Except for Sheena M. Merchant and Melvin L. Jones, *See* Respondent's Exhibits C and D, whose signatures were found to be by voters registered at the time the nomination paper was signed.

6. 77 signature lines were on nomination papers in which it was found that the affiant listed an address within Allegheny County and was a person for whom the registration records under review indicated an address other than that stated in the affidavit. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 9, Affiant Address Not Voting Address, at 1–3.

7. 48 signature lines were duplicates of another signature by the same elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 10, Duplicate Entry, at 1–2.

8. 1,317 signature lines had the city, borough, or township information written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 1, Line Completed by Another, at 1–34.

9. 253 signature lines were struck by the Secretary of State at or about the time of filing. The parties have agreed that each of those lines contain defects. *See*

**2.** Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.

Post–Hearing Report, October 7, 2004, Tab No. 2, Originally Struck by Secretary of State, at 1–7. Accordingly, all 253 lines are stricken.

10. 96 signature lines contained a date of signing written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 3, Date Forgery, at 1–3.

11. 111 signature lines where the elector's signature was written by someone other than the signing elector. These lines must be stricken. *See* Post–Hearing Report, October 7, 2004, Tab No. 4, Signature or Name Forgery, at 1–3.

12. The nomination papers submitted by Candidates in Allegheny County contained a total of 12,444 signatures of which 6,772 signatures are stricken[3] leaving a total of 5,672 valid signatures.

/s/ Bernard L. McGinley
BERNARD L. MCGINLEY, Judge
/s/ Dan Pellegrini
DAN PELLEGRINI, Judge

Heard Sept. 27, 2004

Decided Oct. 6, 2004

OPINION BY Senior Judge KELLEY

Pursuant to this Court's September 20, 2004 order, hearings commenced before the undersigned on September 27, 2004 on the Objectors' challenges to the Nomination Papers of Ralph Nader and Peter Miguel Camejo (Candidates), as Candidates of an Independent Political Body for President and Vice President in the General Election of November 2, 2004, circulated in the counties of Armstrong, Beaver, Blair, Butler, Cambria, Centre, Clearfield, Fayette, Fulton, Indiana, Jefferson, Somerset, Washington, and Westmoreland. The hearings in this matter concluded on September 29, 2004.

The Nomination Papers circulated in the aforementioned fourteen counties contain a total of 891 signatures.[1] Objectors did not present any evidence with respect to their challenges to the Nomination Papers circulated in Blair, Fayette and Jefferson counties. Therefore, the total number of valid signatures contained on the Nomination Papers circulated in those counties is 15. Based upon this Court's review of the Nomination Papers circulated in the remaining eleven counties and the evidence presented, the Court finds as follows.

I. ARMSTRONG COUNTY

Ms. Wendy J. Buzard testified as to the registration records for the County of Armstrong. Ms. Buzard is the Director of Elections and Chief Registrar for Armstrong County. Ms. Buzard testified that the official voter registration records for Armstrong County are the records contained in and maintained by SURE— Statewide Uniform Registry of Electors. Ms. Buzard testified further that she utilized the SURE system when she conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Armstrong

---

3. The above tally does not indicate certain *signatures that were stricken for multiple reasons.* Each stricken signature line is indicated by its nomination paper and line number and all the reasons they were stricken are set forth in the Stipulated Post–Hearing Report, October 7, 2004, Tab No. 11, Summary of Sustained Challenges at 1–244.

1. This total includes the signatures initially struck by the Secretary of the Commonwealth

because, as our Supreme Court in its September 29, 2004 opinion stated, Objectors have assumed the Secretary's burden to prove the invalidity of those signatures. *See In re: Nomination Papers of Ralph Nader and Miguel Camejo,* —— Pa. ——, 858 A.2d 1167, 2004 WL 2185351 (No. 154 MAP 2004, filed September 29, 2004).

**146**

County. This Court finds Ms. Buzard's testimony credible. Based on the credible testimony of Ms. Buzard and examination of the original documents, the Court makes the following rulings for the stated reasons.

2. Section 951 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2911, provides, in pertinent part, that "[e]ach person signing a nomination paper shall declare therein that he is a qualified elector of the State or district, as the case may be...." With respect to the use of the term "qualified elector" in Section 951, as the Pennsylvania Supreme Court has noted, "[w]e think the legislature used the word 'elector' in both the Liquor Control Act and the Beverage License Act in the sense of one qualified to vote at the election and therefore one who, at the time of signing the petition for the referendum, was a registered voter. The alternative holding might result in a referendum on the demand of persons not qualified to vote, a result which we think would have been expressed, if intended. To the suggestion that non-registered signers of a petition might register before the election, a complete answer is that by requiring registration as a condition of participating in an election, the legislature, by the word 'electors', intended petitioners to be persons at that time registered...." *Aukamp v. Diehm*, 336 Pa. 118, 121, 8 A.2d 400, 401 (1939). As a result, in this Court's September 16, 2004 order that was later amended to September 20, 2004, we stated that signatures must be stricken where the signator was not a registered voter at the time he or she signed the nomination paper. *See also In re Nomination Paper of Cooper*, 102 Pa.Cmwlth. 133, 516 A.2d 1285, *aff'd*, 505 Pa. 529, 481 A.2d 1314 (1984) (A signature on a nominating petition must be stricken if the signator is not a registered voter at the time he or she signed the petition.)

In their Application for Extraordinary Relief filed in the Supreme Court, and at the hearing on the objections to the nomination papers, the Candidates alleged that this Court erred in our interpretation of Section 951 of the Election Code, and in directing that the names of signators who were not registered at the time that they signed the papers be stricken. Specifically, the Candidates cited to *Morrill v. Weaver*, 224 F.Supp.2d 882 (E.D.Pa. 2002), to support the proposition that Section

## A. NOT REGISTERED

■ The following signatures are stricken because the signators were not registered to vote in Armstrong County: [2]

951's use of "qualified electors" should be interpreted to include those who possess the constitutional and statutory requirements for electors but who have not yet registered to vote. However, the Candidates' reliance on *Morrill* is misplaced.

As this Court has previously noted:

In [*Morrill*], the district court considered a constitutional challenge to Section 951(d) ... by Green Party candidates and activists who sought injunctive relief restraining the enforcement of Section 951(d), which requires that election nomination petition affiants be registered voters and residents of the electoral district where the candidate is running for office. The court found that requiring nominating petition affiants to be registered voters of the candidate's electoral district would impose severe burdens on the plaintiffs' constitutional freedoms of political expression and association under the First and Fourteenth Amendments and, as a consequence, that "qualified electors" who serve as nominating petition affiants are not required to be registered voters or to be residents of the district in which the candidate is running for office. This case, while relevant to nomination petition proceedings, is not binding on the Court....

*In re Petition for Agenda Initiative*, 821 A.2d 203, 211 n. 7 (Pa.Cmwlth.2003). Thus, in *Morrill*, the court addressed the constitutionality of requiring *circulator/affiants* to be registered voters at the time nomination papers are circulated.

In contrast, in the instant case, this Court is requiring that the *signators* be registered at the time that they signed the nomination papers. Such a requirement in no way offends the constitutional guarantees at issue in *Morrill*. *See, e.g., Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291 (6th Cir.) (Michigan's reasonable, nondiscriminatory procedures for checking signatures on initiative petitions were reasonably related to legitimate government interest of keeping elections fair; requiring full address with signature, warning and correct date on petition and that signatures be dated within six months of filing date

| PAGE # | LINE # |
| --- | --- |
| 735 | 1 |
| 750 | 7 |
| 792 | 2 |
| 949 | 1, 2 |

## B. OMITTED INFORMATION

The following signature is stricken because the signator failed to include the information required under Section 951 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2911, ("Each person signing a nomination paper shall ... add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers...."):

| PAGE # | LINE # |
| --- | --- |
| 735 | 4 |

## C. NICKNAMES

The following signatures are stricken because the signators used a nickname that differs from their voter registration records: [3]

| PAGE # | LINE # |
| --- | --- |
| 750 | 4, 6 |

Accordingly, of the 23 total signatures found on the Nomination Papers circulated in Armstrong County, the Court finds that 8 are invalid leaving a total of 15 valid signatures.

## II. BEAVER COUNTY

Ms. Dorene Mandity testified as to the registration records for the County of Beaver. Ms. Mandity is the Director of Elections for Beaver County. Ms. Mandity testified that the official voter registration records for Beaver County are the records contained in and maintained by SURE. Ms. Mandity testified further that she utilized the SURE system when she conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Beaver County. This Court finds Ms. Mandity's testimony credible. Based on the credible testimony of Ms. Mandity and examination of the original documents, the Court makes the following rulings for the stated reasons.

## A. DEFECTIVE AFFIDAVIT

Page 23 of the Nomination Papers, which contains 51 purported signatures, was stricken by the Secretary of the Commonwealth because the affidavit differed as to the county of the signers. Specifically, the affidavit affixed to Page 23 states that the county of the Nomination Paper signers' residence is Allegheny County and the front of Page 23 of the Nomination Papers states that the county of signers is Beaver County. In *In re: Nomination Papers of Nader*, the Supreme Court stated the following, in pertinent part:

Where as here, the Secretary accepts Nomination Papers, the Commonwealth Court recognized the potential for signatures stricken by the Secretary to become a deciding factor in a later objection hearing. When this occurs, the court recognized that bringing a mandamus petition to reinstate the stricken signatures may not be practical due to time constraints. Instead, it approved the approach taken by Objectors, who included the signatures already rejected by the Secretary in their Objections to

helped ensure that false signatures were not put on petition, that unregistered voters did not sign it, that petitions were quickly and accurately processed and that signatories still supported petition at time it was submitted.). Thus, this Court quite properly ordered that

signatures must be stricken where the signator was not a registered voter at the time he or she signed the nomination paper. *Aukamp; In re Nomination Paper of Cooper.*

3. *See In re Petition for Agenda Initiative.*

the Nomination Papers. Because the Objectors utilized this procedure, the Candidates had notice of the stricken signatures, and the Objectors assumed the Secretary's burden to prove the invalidity of the signatures.

*In re Nomination Papers of Nader*, —— Pa. at ——, 858 A.2d at 1184 (footnote omitted).

As a result, with respect to the signatures challenged by Objectors on the basis that they were rejected by the Secretary, this Court has reviewed the signatures on the Nomination Papers for any facial defects which would require their rejection. *See* Section 976 of the Election Code, 25 P.S. § 2936 ("[W]hen any ... nomination paper is presented in the office of the Secretary of the Commonwealth ... for filing within the period limited by this act, it shall be the duty of the said officer ... to examine the same. No ... nomination paper ... shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof...."); Section 977 of the Election Code, 25 P.S.

§ 2937 ("[I]f the court shall find that said nomination ... paper is defective under the provisions of section 976 ... it shall be set aside....").[4]

Herein, Objectors presented a global challenge to Page 23 of the Nomination Papers in their Petition to Set Aside the Nomination Papers on the basis that it was rejected by the Secretary. Upon review, this Court finds that the defective affidavit is a facial defect and all 51 signatures contained thereon, for which no motion to amend was interposed, must be stricken.[5]

### B. NOT REGISTERED

The following signatures are stricken because the signators are not registered to vote in Beaver County:

| PAGE # | LINE # |
|---|---|
| 296 [6] | 10, 16, 19, 23, 24, 32 |
| 659 | 2, 4 |
| 714 | 1, 5 |
| 719 | 3, 5, 8, 9, 10, 16 |
| 722 | 1 |
| 728 | 2, 3 |
| 773 | 6, 8 |

4. *See also Ochman Appeal*, 364 Pa. 525, 528–529, 73 A.2d 34, 36 (1950) ("[T]he court's power is no less under the one statutory provision than under the other. The two sections[, Sections 976 and 977 of the Election Code,] are *in pari materia* and are to be construed coextensively. The legislative intent to provide a remedy against alleged erroneous action of a county board of elections (or the Secretary of the Commonwealth) is plain. Where such a board (or the Secretary) *rejects* nominating petitions because of alleged defects therein, the judicial remedy available to those claiming to be aggrieved thereby is under Section 976 of the [Election Code]. On the other hand, when the board (or the Secretary) *accepts and files* nominating petitions over objections thereto, the judicial relief available to those claiming to be aggrieved thereby is under Sec. 977 of the [Election Code]. The power of the court to amend nominating petitions in amendable respects is the same in the one instance as in the other. And, Sec. 977 expressly authorizes the court's amending, in its discretion after hearing, for material errors or defects appearing on the face of the affidavits accompanying or appended to nominating petitions. Where the court acts under Sec. 976 with respect to the board's or the Secretary's rejection of nominating petitions for alleged defects, its power is no different....").

5. *See In re Nominating of Kloiber*, 26 Pa. Cmwlth. 50, 362 A.2d 484 (1976) (The absence of the required affidavit renders that page of the nomination petition fatally defective.).

6. At the time that Ms. Mandity testified before the Court in this matter, the original of Page 296 of the Nomination Papers was not available to the Court or the parties. However, the Court had in its possession, a Court provided copy, which the Court believed to be a true and correct copy of the original. While the Court normally would not have proceeded without the original, the Court was expressly

## C. NOT REGISTERED AT ADDRESS ON VOTER RECORD

The following signatures are stricken because the signators' addresses as each appears on the Nomination Papers do not correspond to the addresses found on their voter registration card and Candidates failed to show that the signators moved before signing the Nomination Papers and that the signators' change of address notices have not yet been recorded: [7]

| PAGE # | LINE # |
|--------|--------|
| 296 | 1, 2, 22, 29, 30 |
| 636 | 2 |
| 684 | 5 |
| 719 | 2, 14 |
| 722 | 2 |
| 773 | 1, 4 |

## D. SIGNATOR REGISTERED AFTER DATE OF SIGNING

Objectors challenged line 9 of Page 296 of the Nomination Papers and line 2 of Page 1054 of the Nomination Papers on the basis that the signators signed the Nomination Papers before he or she became a registered voter in Beaver County.[8] With respect to line 9 of Page 296, the signator signed the Nomination Papers on July 25, 2004 and his voter registration record shows that he became registered to vote in Beaver County on July 30, 2004. *See* Objectors' Exhibit 28. With respect to line 2 of Page 1054, the signator signed the Nomination Paper on July 31, 2004 and her voter registration record shows that she became a registered voter in Beaver County on August 13, 2004. *See* Objectors' Exhibit 49.

Our Supreme Court in its September 29, 2004 opinion in this matter states that it agrees with this Court's determination, as stated in our August 30, 2004 opinion, that transmittal of a registration application is necessary to effectuate registration. *In re: Nomination Papers of Nader,* —— Pa. at ——, 858 A.2d at 1183–84. Our Supreme Court agreed further with this Court that the signature of any individual whose application was delivered or postmarked after the day that he or she signed the Nomination Papers must be stricken. *Id.* In making this determination, this Court relied upon a case in which there was direct evidence of when the electors had signed voter registration cards. *See In re: Nomination Papers of Nader,* —— Pa. at ——, 858 A.2d at 1174–75 (citing *Nomination Petition of Roth* (Pa.Cmwlth., No. 121 M.D.2004, filed March 8, 2004) (single judge opinion by Feudale, S.J.)).

Herein, there was no evidence offered which showed the date that the aforementioned signators signed his or her voter registration cards or any evidence which showed when his or her voter registration cards/applications were received by the

---

aware of our Supreme Court's mandate, as set forth in its September 20, 2004 order in this matter, that this Court proceed immediately with expedited hearings. Therefore, this Court proceeded without the original which was later provided to the Court and to counsel for the Candidates for review albeit after the witness from Beaver County was discharged. The Court notes that counsel for Candidates preserved his objections in the record.

**7.** *See In re Nomination of Flaherty,* 564 Pa. 671, 770 A.2d 327 (2001) (The address stated on the petition must correspond to that on the

voter registration card. When an elector changes his address and fails to timely notify authorities of the change, that person is no longer a qualified elector. To the extent that candidates can show that the elector has moved before signing the petition and his or her change of address notice has not yet been recorded, or some similar extraordinary circumstance, they can present such evidence during their case. Absent such evidence, however, an inconsistency between the registration address and that listed on the petition mandates striking of the signature.).

**8.** *See* Footnote 2.

election officials in Beaver County. Ms. Mandity testified that, based on the signators' dates of registration and the ten day waiting period required by the National Voter Registration Act,[9] that the signators' applications would have been in her office ten days prior to each signator's official registration date. However, Ms. Mandity could not testify as to the exact date that her office received the signators' voter registration applications. Thus, since the SURE system is the official voter registration record for Beaver County, absent evidence to the contrary, this Court must accept the official voter registration date as found in SURE as the date these signators were registered to vote in Beaver County.

Accordingly, the following signatures are stricken because the signators signed the Nomination Papers prior to the date he or she became a registered voter in Beaver County:

| PAGE # | LINE # |
|--------|--------|
| 296 | 9 |
| 1054 | 2 |

### E. OMITTED INFORMATION

The following signatures are stricken because the signators failed to include the information required under Section 951 of the Election Code:

| PAGE # | LINE # |
|--------|--------|
| 659 | 8 |
| 684 | 12 |
| 1054 | 1 |

### F. ILLEGIBLE DATA

The following signatures are stricken due to the signators' failure to legibly print their "city, borough or township" as required by Section 951 of the Election Code:

9. 42 U.S.C. § 1973–gg.

| PAGE # | LINE # |
|--------|--------|
| 714 | 6 |
| 719 | 13 |

Accordingly, of the 196 total signatures found on the Nomination Papers circulated in Beaver County, the Court finds that 91 are invalid leaving a total of 105 valid signatures.

### III. BUTLER COUNTY

Mr. Regis L. Young testified as to the registration records for the County of Butler. Mr. Young is the Registrar for Butler County. Mr. Young testified that the official voter registration records for Butler County are the records contained in and maintained by SURE. Mr. Young testified further that he utilized the SURE system when he conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Butler County. This Court finds Mr. Young's testimony credible. Based on the credible testimony of Mr. Young and examination of the original documents, the Court makes the following rulings for the stated reasons.

### A. NOT REGISTERED

The following signatures are stricken because the signators are not registered to vote in Butler County:

| PAGE # | LINE # |
|--------|--------|
| 170 | 2, 6, 9 |
| 238 | 4, 6, 11, 19, 22, 23, 24, 37, 42, 48, 50, 54, 71, 73, 86, 88 |
| 299 [10] | 2, 5, 6, 14, 15, 29, 41, 50, 59, 61 |
| 635 | 1, 5 |
| 748 | 5 |
| 783 | 4, 5 |
| 789 | 1, 4, 8 |
| 902 | 1 |
| 1052 | 28 |
| 1057 | 1, 2 |

10. At the time that Mr. Young testified before the Court in this matter, the original of Page

## B. NOT REGISTERED AT ADDRESS ON VOTER RECORD

The following signatures are stricken because the signators' addresses as each appears on the Nomination Papers do not correspond to the addresses found on their voter registration cards and Candidates failed to show that the signators moved before signing the Nomination Papers and that the signators' change of address notices have not yet been recorded:

| PAGE # | LINE # |
|--------|--------|
| 170 | 5, 7 |
| 238 | 18 |
| 703 | 5 |
| 748 | 6 |
| 768 | 2 |
| 789 | 10 |
| 1052 | 5, 10 |

## C. SIGNATOR REGISTERED AFTER DATE OF SIGNING

Objectors challenged 4 signatures on the basis that the signators signed the Nomination Papers before he or she became a registered voter in Butler County.[11] With respect to these 4 signators, the evidence showed as follows: (1) the signator found on line 17 of Page 170 signed the Nomination Papers on July 25, 2004 and his voter registration record shows that he was officially registered to vote in Butler County on September 2, 2004 (*See* Objectors' Exhibit 54); (2) the signator found on line 23 of Page 170 signed the Nomination Papers on July 29, 2004 and his voter registration record shows that he was officially registered to vote in Butler County on August 23, 2004 (*See* Objectors' Exhibit 55); (3) the signator found on line 9 of Page 238 signed the Nomination Papers on July 10, 2004 and his voter registration record shows that he was officially registered to vote in Butler County on August 21, 2004 (*See* Objectors' Exhibit 56); and (4) the signator found on line 18 of Page 789 signed the Nomination Papers on July 28, 2004 and his voter registration record shows that he was officially registered to vote in Butler County on August 26, 2004 (*See* Objectors' Exhibit 72).

Herein, as in Beaver County, there was no evidence offered which showed the date that the signators signed their voter registration cards or any evidence which showed when their voter registration cards/applications were received by the election officials in Butler County. Mr. Young testified that pursuant to the National Voter Registration Act, each signator would have been officially registered ten days after his office received their voter registration applications and that the applications were entered into the SURE system on the same day that each was received. However, Mr. Young could not testify as to the exact date that his office received the signators' voter registration applications. Again, since the SURE system is the official voter registration record for Butler County, absent evidence to the contrary, this Court must accept the official voter registration date as found in SURE as the date these signators were registered to vote in Butler County.

299 of the Nomination Papers was not available to the Court or the parties. However, the Court had in its possession, a Court provided copy, which the Court believed to be a true and correct copy of the original. While the Court normally would not have proceeded without the original, the Court was expressly aware of our Supreme Court's mandate, as set forth in its September 20, 2004 order in this matter, that this Court proceed immediately with expedited hearings. Therefore, this Court proceeded without the original which was later provided to the Court and to counsel for the Candidates for review albeit after the witness from Butler County was discharged. The Court notes that counsel for Candidates preserved his objections in the record.

11. *See* Footnote 2.

Accordingly, the following signatures are stricken because the signators signed the Nomination Papers prior to the date they each became a registered voter in Butler County:

| PAGE # | LINE # |
| --- | --- |
| 170 | 17, 23 |
| 238 | 9 |
| 789 | 18 |

### D. OMITTED INFORMATION

The following signatures are stricken because the signators failed to include the information required under Section 951 of the Election Code:

| PAGE # | LINE # |
| --- | --- |
| 238 | 78, 91, 92 |
| 299 | 22, 31, 56. |
| 768 | 5 |
| 783 | 3 |
| 1052 | 25 |

### E. ILLEGIBLE DATA

The following signatures are stricken due to the signators' failure to legibly print the information required by Section 951 of the Election Code:

| PAGE # | LINE # |
| --- | --- |
| 170 | 8 |
| 299 | 42 |
| 703 | 6 |
| 789 | 11 |
| 1099 | 5 |

### F. DUPLICATE SIGNATURES

The following signatures are stricken because they are duplicates of another signature on the Nomination Papers:

| PAGE # | LINE # |
| --- | --- |
| 238 | 28 (Duplicate with line 29 of Page 238) |
| 238 | 49 (Duplicate with line 50 of Page 238) |
| 1057 | 5 (Duplicate with line 4 of Page 1057) |

### G. INFORMATION WRITTEN IN THE HAND OF ANOTHER

Objectors challenged certain lines of the Nomination Papers on the basis that the signators' "place of residence" had been entered in the hand of another. In support of these challenges, Objectors presented the testimony of handwriting expert Michelle Dresvold. The Court finds Ms. Dresvold's testimony credible. Based upon Ms. Dresvold's credible testimony and the Court's review of each challenged line, the following signatures are stricken because the challenged information contained thereon was written in the hand of another:

| PAGE # | LINE # |
| --- | --- |
| 238 | 61, 64, 87 |

Accordingly, of the 316 total signatures found on the Nomination Papers circulated in Butler County, the Court finds that 74 are invalid leaving a total of 242 valid signatures.

## IV. CAMBRIA COUNTY

Mr. Fred Smith testified as to the registration records for the County of Cambria. Mr. Smith is the Director of Elections for Cambria County. Mr. Smith testified that the official voter registration records for Cambria County are the records contained in and maintained by SURE. Mr. Smith testified further that he utilized the SURE system when he conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Cambria County. This Court finds Mr. Smith's testimony credible. Based on the credible testimony of Mr. Smith and examination of the original documents, the Court makes the following rulings for the stated reasons.

### A. NOT REGISTERED

The following signature is stricken because the signator is not registered to vote in Cambria County:

| PAGE # | LINE # |
| --- | --- |
| 705 | 1 |

Accordingly, of the 5 total signatures found on the Nomination Papers circulated in Cambria County, the Court finds that 1

is invalid leaving a total of 4 valid signatures.

## V. CENTRE COUNTY

Ms. Joyce McKinley testified as to the registration records for the County of Centre. Ms. McKinley is the Director of Voter Registration and Elections for Centre County. Ms. McKinley testified that the official voter registration records for Centre County are the records contained in and maintained by SURE. Ms. McKinley testified further that she utilized the SURE system and the original voter registration cards that were utilized prior to the county's implementation of the SURE system, when she conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Centre County. This Court finds Ms. McKinley's testimony credible. Based on the credible testimony of Ms. McKinley and examination of the original documents, the Court makes the following rulings for the stated reasons.

### A. NOT REGISTERED

The following signatures are stricken because the signators are not registered to vote in Centre County:

| PAGE # | LINE # |
|--------|--------|
| 876 | 2 |
| 1120 | 8, 9 |

### B. NOT REGISTERED AT ADDRESS ON VOTER RECORD

The following signatures are stricken because the signators' addresses as each appears on the Nomination Papers do not correspond to the addresses found on their voter registration cards and Candidates failed to show that the signators moved before signing the Nomination Papers and that the signators' change of address notices have not yet been recorded:

| PAGE # | LINE # |
|--------|--------|
| 778 | 4, 6, 7 |
| 1120 | 10 |

Accordingly, of the 21 total signatures found on the Nomination Papers circulated in Centre County, the Court finds that 7 are invalid leaving a total of 14 valid signatures.

## VI. CLEARFIELD COUNTY

With respect to Clearfield County, counsel for Objectors and counsel for Candidates stipulated that line 3 of Page 1106 of the Nomination Papers is invalid because the signator is not registered to vote in Clearfield County. Therefore, the following signature is stricken as per counsel's stipulation as reflected on the record in this matter:

| PAGE # | LINE # |
|--------|--------|
| 1106 | 3 |

Accordingly, of the 6 total signatures found on the Nomination Papers circulated in Clearfield County, the Court finds that 1 is invalid leaving a total of 5 valid signatures.

## VII. FULTON COUNTY

Mr. Richard L. Wible testified as to the registration records for the County of Fulton. Mr. Wible is the Chief Registrar for Fulton County. Mr. Wible testified that the official voter registration records for Fulton County are the records contained in and maintained by SURE. Mr. Wible testified further that he utilized the SURE system when he conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Fulton County. This Court finds Mr. Wible's testimony credible. Based on the credible testimony of Mr. Wible and examination of the original documents, the Court makes the following rulings for the stated reasons.

A. NOT REGISTERED

The following signature is stricken because the signator is not registered to vote in Fulton County:

PAGE # LINE #

919 1

Accordingly, of the 1 total signature found on the Nomination Papers circulated in Fulton County, the Court finds that the signature is invalid leaving a total of 0 valid signatures.

VIII. INDIANA COUNTY

Ms. Donna Hoover testified as to the registration records for the County of Indiana. Ms. Hoover is the Chief Registrar for Indiana County. Ms. Hoover testified that the official voter registration records for Indiana County are the records contained in and maintained by SURE. Ms. Hoover testified further that she utilized the SURE system when she conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Indiana County. This Court finds Ms. Hoover's testimony credible. Based on the credible testimony of Ms. Hoover and examination of the original documents, the Court makes the following rulings for the stated reasons.

A. NOT REGISTERED AT ADDRESS ON VOTER RECORD

The following signature is stricken because the signator's address as it appears on the Nomination Papers does not correspond to the address found on her voter registration card and Candidates failed to show that the signator moved before signing the Nomination Papers and that the signator's change of address notice had not yet been recorded:

PAGE # LINE #

830 1

Accordingly, of the 9 total signatures found on the Nomination Papers circulated in Indiana County, the Court finds that 1 signature is invalid leaving a total of 8 valid signatures.

IX. SOMERSET COUNTY

Ms. Tina Pritts testified as to the registration records for the County of Somerset. Ms. Pritts is the Director of Elections for Somerset County. Ms. Pritts testified that the official voter registration records for Somerset County are the records contained in and maintained by SURE. Ms. Pritts testified further that she utilized the SURE system when she conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Somerset County. This Court finds Ms. Pritts's testimony credible. Based on the credible testimony of Ms. Pritts and examination of the original documents, the Court makes the following rulings for the stated reasons.

A. NOT REGISTERED AT ADDRESS ON VOTER RECORD

The following signature is stricken because the signator's address as it appears on the Nomination Papers does not correspond to the address found on her voter registration card and Candidates failed to show that the signator moved before signing the Nomination Papers and that the signator's change of address notice had not yet been recorded:

PAGE # LINE #

1135 1

B. SIGNATOR REGISTERED AFTER DATE OF SIGNING

Objectors challenged line 1 of Page 942 of the Nomination Papers on the basis that the signator signed the Nomination Papers before he became a registered voter in

Somerset County.[12] The evidence shows that the signator found on line 1 of Page 942 signed the Nomination Papers on July 31, 2004 and his voter registration record shows that he was officially registered to vote in Somerset County on September 18, 2004. *See* Objectors' Exhibit 23. In addition, counsel for Candidates entered into evidence a voter registration application for the signator which is dated August 27, 2004 and time stamped September 2, 2004. *See* Respondent's Exhibit 1. Therefore, based on the fact that the evidence clearly shows that the signator signed the Nomination Papers on July 31, 2004, a date well beyond the date he registered to vote in Somerset County, line 1 of Page 942 must be stricken as the signator was not registered to vote on the date he signed the Nomination Papers.

Accordingly, the following signature is stricken because the signator signed the Nomination Papers prior to the date he became a registered voter in Somerset County:

| PAGE # | LINE # |
|--------|--------|
| 942 | 1 |

Accordingly, of the 2 total signatures found on the Nomination Papers circulated in Somerset County, the Court finds that 2 signatures are invalid leaving a total of 0 valid signatures.

## X. WASHINGTON COUNTY

Mr. Larry Spahr testified as to the registration records for the County of Washington. Mr. Spahr is the Director of Elections for Washington County. Mr. Spahr testified that the official voter registration records for Washington County are the records contained in and maintained by SURE. Mr. Spahr testified further that he utilized the SURE system when he conducted a search of the names and address-es of the elector's signatures that were being challenged by Objectors in Washington County. This Court finds Mr. Spahr's testimony credible. Based on the credible testimony of Mr. Spahr and examination of the original documents, the Court makes the following rulings for the stated reasons.

### A. NOT REGISTERED

The following signatures are stricken because the signators are not registered to vote in Washington County:

| PAGE # | LINE # |
|--------|--------|
| 631 | 1, 3 |
| 669 | 4, 5, 52 |
| 680 | 12, 17, 19, 21 |
| 700 | 1, 2, 4, 8, 11 |
| 726 | 2 |
| 729 | 1 |
| 740 | 4, 10 |
| 784 | 2, 3 |
| 985 | 6 |
| 1059 | 2 |

### B. NOT REGISTERED AT ADDRESS ON VOTER RECORD

The following signatures are stricken because the signators' addresses as they appear on the Nomination Papers do not correspond to the addresses found on his or her voter registration cards and Candidates failed to show that the signators moved before signing the Nomination Papers and that the signators' change of address notices have not yet been recorded:

| PAGE # | LINE # |
|--------|--------|
| 669 | 3, 7, 51 |
| 680 | 1, 2 |

### C. SIGNATOR REGISTERED AFTER DATE OF SIGNING

Objectors challenged 2 signatures on the basis that the signators signed the Nomination Papers before he or she became a

registered voter in Washington County.[13] With respect to these 2 signators, the evidence showed as follows: (1) the signator found on line 7 of Page 700 signed the Nomination Papers on July 28, 2004 and her voter registration record shows that she was officially registered to vote in Washington County on September 30, 2004 (*See* Objectors' Exhibit 92); and (2) the signator found on line 13 of Page 700 signed the Nomination Papers on July 29, 2004 and his voter registration record shows that he was officially registered to vote in Washington County on September 18, 2004 (*See* Objectors' Exhibit 93).

Herein, as in Beaver and Butler Counties, there was no evidence offered with respect to line 13 of Page 700 which showed the date that the signator signed his voter registration card or any evidence which showed when his voter registration card/application was received by the election officials in Washington County. Mr. Spahr testified that pursuant to the National Voter Registration Act, each signator would have been officially registered ten days after his office received their voter registration applications and the applications were entered into the SURE system. However, Mr. Spahr could not testify as to the exact date that his office received this signator's voter registration application. Thus, since the SURE system is the official voter registration record for Washington County, absent evidence to the contrary, this Court must accept the official voter registration date as found in SURE as the date this signator was registered to vote in Washington County.

With respect to line 7 of Page 700, Mr. Spahr testified at the September 28, 2004 hearing that the signator originally registered to vote on August 20, 2004, but that her voter registration was on hold because an address verification notice had been sent to the signator. Mr. Spahr testified further that according to this signator's voter registration record, her registration would be active September 30, 2004 indicating, based on the ten day waiting period required by the National Voter Registration Act, that some change occurred on September 20, 2004. Finally, Mr. Spahr testified that he did not know on what date the signator's application was first processed. Therefore, based on Mr. Spahr's testimony and the signator's voter registration record, the Court finds that this signator was not registered to vote in Washington County at the time she signed the Nomination Papers on July 28, 2004.

Accordingly, the following signatures are stricken because the signators signed the Nomination Papers prior to the date they each became a registered voter in Washington County:

| PAGE # | LINE # |
| --- | --- |
| 700 | 7, 13 |

### D. OMITTED INFORMATION

The following signatures are stricken because the signators failed to include the information required under Section 951 of the Election Code:

| PAGE # | LINE # |
| --- | --- |
| 724 | 1 |
| 739 | 6, 9 |
| 985 | 4 |

Accordingly, of the 116 total signatures found on the Nomination Papers circulated in Washington County, the Court finds that 33 signatures are invalid leaving a total of 83 valid signatures.

### XI. WESTMORELAND COUNTY

Ms. Paula Pedicone testified as to the registration records for the County of Westmoreland. Ms. Pedicone is the Di-

---

**13.** *See* Footnote 2.

rector of Elections for Westmoreland County. Ms. Pedicone testified that the official voter registration records for Westmoreland County are the records contained in and maintained by SURE. Ms. Pedicone testified further that she utilized the SURE system when she conducted a search of the names and addresses of the elector's signatures that were being challenged by Objectors in Westmoreland County. This Court finds Ms. Pedicone's testimony credible. Based on the credible testimony of Ms. Pedicone and examination of the original documents, the Court makes the following rulings for the stated reasons.

### A. NOT REGISTERED

The following signatures are stricken because the signators are not registered to vote in Westmoreland County:

| PAGE # | LINE # |
|--------|--------|
| 645 | 1, 2, 23, 25 |
| 713 | 3 |
| 718 | 13 |
| 720 | 3, 15 |
| 754 | 6 |
| 774 | 5 |
| 776 | 2, 3, 4, 6, 8, 13, 18, 20, 21, 24, 28, 30, 31 |
| 945 | 3 |
| 1056 | 1, 4 |

### B. NOT REGISTERED AT ADDRESS ON VOTER RECORD

The following signatures are stricken because the signators' addresses as they appear on the Nomination Papers do not correspond to the addresses found on his or her voter registration cards and Candidates failed to show that the signators moved before signing the Nomination Papers and that the signators' change of address notices have not yet been recorded:

| PAGE # | LINE # |
|--------|--------|
| 718 | 11 |
| 720 | 5 |
| 776 | 26, 27 |

### C. SIGNATOR REGISTERED AFTER DATE OF SIGNING

Objectors challenged line 1 of Page 713 of the Nomination Papers on the basis that the signator signed the Nomination Papers before she became a registered voter in Westmoreland County.[14] The evidence shows that the signator found on line 1 of Page 713 signed the Nomination Papers on July 27, 2004 and that she was officially registered to vote in Westmoreland County on August 6, 2004. *See* Objectors' Exhibit 105. However, Ms. Pedicone credibly testified that her office received the signator's initial voter registration application on July 22, 2004. Therefore, as there was direct evidence that the election officials of Westmoreland County received the signator's voter registration application prior to her signing the Nomination Papers, this Court declines to strike the challenged signature as invalid.

### D. OMITTED INFORMATION

The following signatures are stricken because the signators failed to include the information required under Section 951 of the Election Code:

| PAGE # | LINE # |
|--------|--------|
| 645 | 22 |
| 720 | 9, 13 |
| 898 | 1, 2 |
| 946 | 2 |

### E. DUPLICATE SIGNATURES

The following signature is stricken because it is a duplicate of another signature on the Nomination Papers:

| PAGE # | LINE # |
|--------|--------|
| 774 | 7 (Duplicate with line 8 of Page 774) |

14. *See* Footnote 2.

## F. FACIALLY INVALID

Counsel for Objectors and counsel for the Candidate stipulated on the record that 3 signatures should be stricken because they are facially invalid. Therefore, the following signatures are stricken:

| PAGE # | LINE # |
| --- | --- |
| 913 | 2 |
| 945 | 2, 4 |

Accordingly, of the 181 total signatures found on the Nomination Papers circulated in Westmoreland County, the Court finds that 40 signatures are invalid leaving a total of 141 valid signatures.

## XII. CONCLUSION

Therefore, of the 891 total signatures found on the Nomination Papers circulated in the aforementioned fourteen counties, the Court finds that a total of 259 signatures are invalid leaving a total of 632 valid signatures.

## *FINDINGS AND CONCLUSIONS*

JIULIANTE, Senior Judge.

AND NOW, this 7th day of October, 2004, after hearings on September 27 and 28, 2004 regarding Petitioners' challenges to the Nomination Paper of Ralph Nader and Peter Miguel Camejo (Candidates)[1] as Candidates of an Independent Political body of President and Vice–President of the United States in the General Election scheduled for November 2, 2004, which were circulated in the Counties of Clarion, Crawford, Elk, Erie, Lawrence, Mercer, Venango and Warren, this Court finds as follows:

1) Ms. Donna Oberlander testified as to registration records for Clarion County. Ms. Oberlander is a Clarion County Commissioner and Chair of the Election Board in Clarion County. Her testimony was credible.

2) Ms. Marlene M. Robertson and Ms. Marsha Furno testified as to registration records for Crawford County. Ms. Robertson is Chief Clerk and Director of Voter Registration for Crawford County. Ms. Furno is Clerk of Elections for Crawford County Voter Services. Their testimonies were credible.

3) Ms. Kimberly Frey testified as to registration records for Elk County. Ms. Frey is Director of Elections and Voter Registration for Elk County. Her testimony was credible.

4) Ms. Sharon Drayer testified as to registration records for Erie County. Ms. Drayer is Election Director for Erie County. Her testimony was credible.

5) Ms. Maureen Gabriel testified as to registration records for Lawrence County. Ms. Gabriel is Director of Elections and Voter Registration for Lawrence County. Her testimony was credible.

6) Mr. James Bennington testified as to registration records for Mercer County. Mr. Bennington is Director of Voter Registration and Elections for Mercer County. His testimony was credible.

7) Ms. Denise W. Jones testified as to registration records for Venango County. Ms. Jones is Chief Clerk and Director of Elections for Venango County. Her testimony was credible.

8) Ms. Diane C. Bloomgren testified as to registration records for Warren County. Ms. Bloomgren is Director of Elections for Warren County. Her testimony was credible.

---

1. We note that Candidates' counsel did not appear before this Court at the hearing. Although Candidates' counsel orally requested a continuance minutes before the hearing on Monday, September 27, 2004, because he was representing Candidates in a similar hearing in Greensburg, Westmoreland County, said request was denied by this Court.

9) Based on this Court's review of the nomination papers, the documentary evidence introduced into the record and the testimony of the above-witnesses, this Court makes the following rulings for the stated reasons:

a). **Clarion County**
Total signature lines: 8
Total signatures lines to which objections raised: 5
Total signature line challenges sustained: 2
Forged alteration of affidavit 2: page 892/lines 1, 2
b). **Crawford County**
Total signature lines: 41
Total signature lines to which objections raised: 33
Total signature lines to which objections sustained: 14
Not Registered (NR) 5: page 31/lines 7, 21, 26, 33, 36
Not Registered at Address (NRA) 8: page 31/lines 1, 13, 14, 15, 20, 23, 32, 39
Not Registered on Date Signed (NRDS) 1: page 31/line 40
c). **Elk County**
Total signature lines: 3
Total signature lines to which objections raised: 3
Total signature lines to which objections sustained: 1
NR 1: page 899/line 1
d). **Erie County**
Total signature lines: 295
Total signature lines to which objections raised: 241
Total signature lines to which objections sustained: 95
Crossed-out signature lines struck by Secretary of State 16: page 124/lines 2, 8, 10, 38, 53 62; page 125/lines 6, 8, 17, 21, 23, 40, 43, 74, 107; page 126/line 13
NR 31: page 124/lines 1, 14, 27, 34, 36, 65; page 125/lines 20, 26, 28 51, 60, 66, 75, 81, 87, 89, 94, 108; page 126/lines 6, 17, 19, 27, 38, 39, 53, 66, 68, 83, 87, 88, 105; page 930/line 4

Data Omitted (D.O.) 12: page 124/lines 3, 26, 60; page 125/line 5, 76; page 126/lines 4, 15, 35, 73, 89, 100, page 930/line 2

NRA 17: page 124/lines 6, 11, 33, 35, 40, 57, 63; page 125/lines 31, 41, 90, 93, 105; page 126/line 29, 42, 47, 74, 75,

NRDS 1: page 125/line 104

Duplicate 1: page 667/line 5

Initials/nickname 11: page 125/lines 54, 55; page 126/lines 14, 31, 44, 53, 64, 91, 92, 102, 103,

Affidavit/notary incomplete 4: page 639/lines 2, 3, 4, 5
e). **Lawrence County**
Total signature lines: 23
Total signature lines to which objections raised: 20
Total signature lines to which objections sustained: 15
Forged alteration of affidavit 15: page 771/lines 1 through 15
f). **Mercer County**
Total signature lines: 22
Total signature lines to which objections raised: 16
Total signature lines to which objections sustained: 11
NRA 1: page 702/line 1
Forged alteration of affidavit 8: page 928/lines 1 though 8
Affidavit missing 2: page 637/lines 1, 2

g). **Venango County**
Total signature lines: 5
Total signature lines to which objections raised: 5
Total signature lines to which objections sustained: 5
 Forged alteration of affidavit 5: page 937/lines 1 through 5
h). **Warren County**
Total signature lines: 4
Total signature lines to which objections raised: 4
Total signature lines to which objections sustained: 1
 Forged alteration of affidavit 1: page 934/line 1
**Totals for all Eight Counties**

| | |
|---|---:|
| Total signature lines | 401 |
| Total signature lines to which objections raised | 327 |
| Total signature lines to which objections sustained: | 143 |
| Total valid signature lines | 258 |

### AMENDED FINDINGS AND CONCLUSIONS

JIULIANTE, Senior Judge.

AND NOW, this 12th day of October, 2004, after hearings on September 27 and 28, 2004 regarding Petitioners' challenges to the Nomination Paper of Ralph Nader and Peter Miguel Camejo (Candidates) [1] as Candidates of an Independent Political body of President and Vice–President of the United States in the General Election scheduled for November 2, 2004, which were circulated in the Counties of Clarion, Crawford, Elk, Erie, Lawrence, Mercer, Venango and Warren, this Court finds as follows:

1) Ms. Donna Oberlander testified as to registration records for Clarion County. Ms. Oberlander is a Clarion County Commissioner and Chair of the Election Board in Clarion County. Her testimony was credible.

2) Ms. Marlene M. Robertson and Ms. Marsha Furno testified as to registration records for Crawford County. Ms. Robertson is Chief Clerk and Director of Voter Registration for Crawford County. Ms. Furno is Clerk of Elections for Crawford County Voter Services. Their testimonies were credible.

3) Ms. Kimberly Frey testified as to registration records for Elk County. Ms. Frey is Director of Elections and Voter Registration for Elk County. Her testimony was credible.

4) Ms. Sharon Drayer testified as to registration records for Erie County. Ms. Drayer is Election Director for Erie County. Her testimony was credible.

5) Ms. Maureen Gabriel testified as to registration records for Lawrence County. Ms. Gabriel is Director of Elections and Voter Registration for Lawrence County. Her testimony was credible.

6) Mr. James Bennington testified as to registration records for Mercer County. Mr. Bennington is Director of Voter Registration and Elections for Mercer County. His testimony was credible.

7) Ms. Denise W. Jones testified as to registration records for Venango County.

---

1. We note that Candidates' counsel did not appear before this Court at the hearing. Although Candidates' counsel orally requested a continuance minutes before the hearing on Monday, September 27, 2004, because he was representing Candidates in a similar hearing in Greensburg, Westmoreland County, said request was denied by this Court.

Ms. Jones is Chief Clerk and Director of Elections for Venango County. Her testimony was credible.

8) Ms. Diane C. Bloomgen testified as to registration records for Warren County. Ms. Bloomgren is Director of Elections for Warren County. Her testimony was credible.

9) Based on this Court's review of the nomination papers, the documentary evidence introduced into the record and the testimony of the above-witnesses, this Court makes the following rulings for the stated reasons:

a). **Clarion County**
Total signature lines: 8
Total signatures lines to which objections raised: 5
Total signature line challenges sustained: 2
Forged alteration of affidavit 2: page 892/lines 1, 2
b). **Crawford County**
Total signature lines: 41
Total signature lines to which objections raised: 33
Total signature lines to which objections sustained: 14
Not Registered (NR) 5: page 31/lines 7, 21, 26, 33, 36
Not Registered at Address (NRA) 8: page 31/lines 1, 13, 14, 15, 20, 23, 32, 39
Not Registered on Date Signed (NRDS) 1: page 31/line 40
c). **Elk County**
Total signature lines: 3
Total signature lines to which objections raised: 3
Total signature lines to which objections sustained: 1
NR 1: page 899/line 1
d). **Erie County**
Total signature lines: 303
Total signature lines to which objections raised: 241
Total signature lines to which objections sustained: 94
Crossed-out signature lines struck by Secretary of State 16: page 124/lines 2, 8, 10, 38, 53 62; page 125/lines 6, 8, 17, 21, 23, 40, 43, 74, 107; page 126/line 13
 NR 32: page 124/lines 1, 14, 27, 34, 36, 65; page 125/lines 20, 26, 28 51, 60, 66, 75, 81, 87, 89, 94, 108; page 126/lines 6, 17, 19, 27, 38, 39, 53, 66, 68, 83, 87, 88, 105; page 930/line 4

 Data Omitted (D.O.) 12: page 124/lines 3, 26, 60; page 125/line 5, 76; page 126/lines 4, 15, 35, 73, 89, 100, page 930/line 2

 NRA 17: page 124/lines 6, 11, 33, 35, 40, 57, 63; page 125/lines 31, 41, 90, 93, 105; page 126/line 29, 42, 47, 74, 75,

 NRDS 1: page 125/line 104

 Duplicate 1: page 667/line 5

 Initials/nickname 11: page 125/lines 54, 55; page 126/lines 14, 31, 44, 53, 64, 91, 92, 102, 103,

 Affidavit/notary incomplete 4: page 639/lines 2, 3, 4, 5
e). **Lawrence County**
Total signature lines: 23
Total signature lines to which objections raised: 20
Total signature lines to which objections sustained: 15
Forged alteration of affidavit 15: page 771/lines 1 through 15
f). **Mercer County**
Total signature lines: 22

Total signature lines to which objections raised: 16
Total signature lines to which objections sustained: 11
 NRA 1: page 702/line 1
 Forged alteration of affidavit 8: page 928/lines 1 though 8
 Affidavit missing 2: page 637/lines 1, 2
g). **Venango County**
Total signature lines: 5
Total signature lines to which objections raised: 5
Total signature lines to which objections sustained: 5
 Forged alteration of affidavit 5: page 937/lines 1 through 5
h). **Warren County**
Total signature lines: 4
Total signature lines to which objections raised: 4
Total signature lines to which objections sustained: 1
 Forged alteration of affidavit 1: page 934/line 1
**Totals for all Eight Counties**

| | |
|---|---|
| Total signature lines | 409 |
| Total signature lines to which objections raised | 327 |
| Total signature lines to which objections sustained: | 143 |
| Total valid signature lines | 266 |

### SECOND AMENDED FINDINGS AND CONCLUSIONS

JIULIANTE, Senior Judge.

AND NOW, this 13th day of October, 2004, after hearings on September 27 and 28, 2004 regarding Petitioners' challenges to the Nomination Paper of Ralph Nader and Peter Miguel Camejo (Candidates)[1] as Candidates of an Independent Political body of President and Vice–President of the United States in the General Election scheduled for November 2, 2004, which were circulated in the Counties of Clarion, Crawford, Elk, Erie, Lawrence, Mercer, Venango and Warren, this Court finds as follows:

1) Ms. Donna Oberlander testified as to registration records for Clarion County. Ms. Oberlander is a Clarion County Commissioner and Chair of the Election Board in Clarion County. Her testimony was credible.

2) Ms. Marlene M. Robertson and Ms. Marsha Furno testified as to registration records for Crawford County. Ms. Robertson is Chief Clerk and Director of Voter Registration for Crawford County. Ms. Furno is Clerk of Elections for Crawford County Voter Services. Their testimonies were credible.

3) Ms. Kimberly Frey testified as to registration records for Elk County. Ms. Frey is Director of Elections and Voter Registration for Elk County. Her testimony was credible.

4) Ms. Sharon Drayer testified as to registration records for Erie County. Ms. Drayer is Election Director for Erie County. Her testimony was credible.

5) Ms. Maureen Gabriel testified as to registration records for Lawrence County. Ms. Gabriel is Director of Elections and Voter Registration for Lawrence County. Her testimony was credible.

---

**1.** We note that Candidates' counsel did not appear before this Court at the hearing. Although Candidates' counsel orally requested a continuance minutes before the hearing on Monday, September 27, 2004, because he was representing Candidates in a similar hearing in Greensburg, Westmoreland County, said request was denied by this Court.

6) Mr. James Bennington testified as to registration records for Mercer County. Mr. Bennington is Director of Voter Registration and Elections for Mercer County. His testimony was credible.

7) Ms. Denise W. Jones testified as to registration records for Venango County. Ms. Jones is Chief Clerk and Director of Elections for Venango County. Her testimony was credible.

8) Ms. Diane C. Bloomgen testified as to registration records for Warren County. Ms. Bloomgren is Director of Elections for Warren County. Her testimony was credible.

9) Based on this Court's review of the nomination papers, the documentary evidence introduced into the record and the testimony of the above-witnesses, this Court makes the following rulings for the stated reasons:

a). **Clarion County**
Total signature lines: 8
Total signatures lines to which objections raised: 5
Total signature line challenges sustained: 2
Forged alteration of affidavit 2: page 892/lines 1, 2
b). **Crawford County**
Total signature lines: 43
Total signature lines to which objections raised: 33
Total signature lines to which objections sustained: 14
Not Registered (NR) 5: page 31/lines 7, 21, 26, 33, 36
Not Registered at Address (NRA) 8: page 31/lines 1, 13, 14, 15, 20, 23, 32, 39
Not Registered on Date Signed (NRDS) 1: page 31/line 40
c). **Elk County**
Total signature lines: 3
Total signature lines to which objections raised: 3
Total signature lines to which objections sustained: 1
NR 1: page 899/line 1
d). **Erie County**
Total signature lines: 303
Total signature lines to which objections raised: 241
Total signature lines to which objections sustained: 94
Crossed-out signature lines struck by Secretary of State 16: page 124/lines 2, 8, 10, 38, 53 62; page 125/lines 6, 8, 17, 21, 23, 40, 43, 74, 107; page 126/line 13

NR 32: page 124/lines 1, 14, 27, 34, 36, 65; page 125/lines 20, 26, 28 51, 60, 66, 75, 81, 87, 89, 94, 108; page 126/lines 6, 17, 19, 27, 38, 39, 53, 66, 68, 83, 87, 88, 105; page 930/line 4

Data Omitted (D.O.) 12: page 124/lines 3, 26, 60; page 125/line 5, 76; page 126/lines 4, 15, 35, 73, 89, 100, page 930/line 2

NRA 17: page 124/lines 6, 11, 33, 35, 40, 57, 63; page 125/lines 31, 41, 90, 93, 105; page 126/line 29, 42, 47, 74, 75,

NRDS 1: page 125/line 104

Duplicate 1: page 667/line 5

Initials/nickname 11: page 125/lines 54, 55; page 126/lines 14, 31, 44, 53, 64, 91, 92, 102, 103,

Affidavit/notary incomplete 4: page 639/lines 2, 3, 4, 5
e). **Lawrence County**
Total signature lines: 25

Total signature lines to which objections raised: 20
Total signature lines to which objections sustained: 15
Forged alteration of affidavit 15: page 771/lines 1 through 15
f). **Mercer County**
Total signature lines: 22
Total signature lines to which objections raised: 16
Total signature lines to which objections sustained: 11
 NRA 1: page 702/line 1
Forged alteration of affidavit 8: page 928/lines 1 though 8
 Affidavit missing 2: page 637/lines 1, 2
g). **Venango County**
Total signature lines: 7
Total signature lines to which objections raised: 5
Total signature lines to which objections sustained: 5
Forged alteration of affidavit 5: page 937/lines 1 through 5
h). **Warren County**
Total signature lines: 5
Total signature lines to which objections raised: 4
Total signature lines to which objections sustained: 1
 Forged alteration of affidavit 1: page 934/line 1
**Totals for all Eight Counties**

| | |
|---|---|
| Total signature lines | 416 |
| Total signature lines to which objections raised | 327 |
| Total signature lines to which objections sustained: | 143 |
| Total valid signature lines | 273 |

### FINDINGS AND CONCLUSIONS

SIMPSON, Judge.

AND NOW, this 27th day of September, 2004, after hearing this date to nominating petitions circulated in the counties of Berks, Columbia, Cumberland, Dauphin, Bradford and Lackawanna, the Court finds as follows:

1) Mr. Steven Chiavetta testified as to registration records for the County of Dauphin. Mr. Chiavetta is the Director of the Bureau of Registration and Elections in Dauphin County. His testimony was credible.

2) Ms. Wanda S. Zeigler testified as to registration records for the County of Cumberland. Ms. Zeigler is the Election Manager for Cumberland County. Her testimony was credible.

3) Mr. Vincent Kurt Bellman testified as to registration records for the County of Berks. Mr. Bellman is the Director of Elections and Chief Clerk to the Board of Electors of Berks County. His testimony was credible.

4) Ms. Joann K. Reichart testified by telephone as to registration records for the County of Columbia. Ms. Reichart is the Chief Registrar/Director of Elections in Columbia County. Her testimony was credible.

5) The parties resolved the facts for challenges to nominating signatures in Lackawanna County by stipulation, and the challenge to nominating signatures in Bradford County was withdrawn.

6) As necessary, counsel and the Court examined the original papers.

7) Based on the credible testimony received and examination of the original documents, the Court made the following rulings for the stated reasons.

 a. Dauphin County
 Total signatures: 52;

Total signatures to which initial objections raised: 49;

Total signatures to which objections sustained: 49;

1 page 708/side 4—affidavit differed as to county of signers;

47 page 802/side 4—affidavit of circulator not notarized;

1 page 908/side 1/line 1—no date of signing.

b. Cumberland County

Total signatures: 13;

Total signatures to which initial objections raised: 12;

Total signatures to which objections sustained: 12;

11 page 803/side 4—affidavit of circulator not notarized;

1 page 925/side 1/line 1—did not reside in state.

c. Berks County

Total signatures: 33;

Total signatures to which initial objections raised: 20;

Total signatures to which objections sustained: 11;

5 page 757/side 4—affidavit differed as to county;

1 page 827/side 1/line 2—not registered;

1 page 848/side 1/line 1—affidavit inconsistent with residence;

2 page 914/side 4—affidavit executed before signatures dated;

1 page 932/side 4—affidavit altered as to county;

1 page 1184/side 2/line 7—use of initial rather than full name as registered.

d. Columbia County

Total signatures: 3;

Total signatures to which initial objections raised: 3;

Total signatures to which objections sustained: 3;

1 page 886/side 1/line 1—incorrect address, in different county;

1 page 933/side 4—affidavit altered as to county;

1 page 1062/side 4—affidavit altered as to county;

e. Lackawanna County

Total signatures: 15;

Total signatures to which initial objections raised: 11;

Total signatures to which objections sustained: 11;

3 page 738/side 4—affidavit altered as to county of signers;

1 page 823/side 1/line 1—registered at different address;

1 page 889/side 1/line 2—registered at different address;

1 page 889/side 1/line 4—registered at different address;

1 page 893/side 1/line 1—registered at different address;

1 page 963/side 1/line 1—registered at different address;

1 page 889/side 1/line 3—illegible signature and name;

1 page 893/side 1/line 2—address out of county;

1 page 1015/side 4—affidavit inconsistent with county of residence.

### FINDINGS AND CONCLUSIONS

AND NOW, this 30th day of September, 2004, after hearing on September 29, 2004 to nominating petitions circulated in the counties of York, Perry, Montour, Wyoming, Susquehanna, Pike, Northampton and Northumberland, the Court finds as follows:

1) Mr. John Vernon Scott testified as to registration records for the County of York. Mr. Scott is the Director of the

Elections and Voter Registration in York County. His testimony was credible.

2) Ms. Bonnie Delancey testified by telephone as to registration records for the County of Perry. Ms. Delancey is the Director of Voter Registration and Elections for Perry County. Her testimony was credible.

3) Ms. Holly Brandon testified by telephone as to registration records for the County of Montour. Ms. Brandon is the Chief Clerk and Director of Elections for Montour County. Her testimony was credible.

4) Ms. Celine Reich testified by telephone as to registration records for the County of Wyoming. Ms. Reich is the Director of Elections for Wyoming County. Her testimony was credible.

5) Ms. Janice DeFebo testified by telephone as to registration records for the County of Pike. Ms. DeFebo is a clerk in the Bureau of Elections Office in Pike County. Her testimony was credible.

6) Ms. Linda Arcury testified as to registration records for the County of Northampton. Ms. Arcury is the Director of the Bureau of Elections for Northampton County. Her testimony was credible.

7) Ms. Lori Weaver of the Northampton County Bureau of Elections assisted Ms. Arcury by telephone with information concerning voter registration records in Northampton County.

8) No challenges were presented to nominating signatures in the counties of Susquehanna or Northumberland.

9) As necessary, counsel and the Court examined the original papers.

10) Based on the credible testimony received and examination of the original documents, the Court made the following rulings for the stated reasons.

a. York County

Total signatures: 56;

Total signatures to which initial objections raised: 40;

Total signatures to which objections sustained: 11;

1 page 428/side 1/line 4—not registered;

1 page 428/side 1/line 5—not registered;

1 page 428/side 2/line 11—not registered;

1 page 428/side 2/line 14—not registered under name signed;

1 page 428/side 2/line 22—registered at different address;

1 page 428/side 2/line 27—not registered;

1 page 428/side 2/line 30—registered at different address;

4 page 1110/side 4—affidavit of circulator not notarized.

b. Perry County

Total signatures: 3;

Total signatures to which initial objections raised: 3;

Total signatures to which objections sustained: 0.

c. Montour County

Total signatures: 2;

Total signatures to which initial objections raised: 2;

Total signatures to which objections sustained: 1;

1 page 832/side 1/line 1—not registered.

d. Wyoming County

Total signatures: 6;

Total signatures to which initial objections raised: 2;

Total signatures to which objections sustained: 1;

1 page 881/side 1/line 3—not registered on date signed.

e. Pike County

Total signatures: 2;

Total signatures to which initial objections raised: 2;

Total signatures to which objections sustained: 0.

f. Northampton County

Total signatures: 70;

Total signatures to which initial objections raised: 46;

Total signatures to which objections sustained: 21;

1 page 132/side 1/line 5—not registered;

1 page 132/side 1/line 6—not registered;

1 page 132/side 2/line 13—not registered;

1 page 132/side 2/line 15—not registered;

1 page 132/side 2/line 16—not registered;

1 page 132/side 2/line 22—not registered;

1 page 132/side 2/line 27—not registered;

1 page 692/side 1/line 2—not registered;

1 page 692/side 2/line 8—not registered;

3 page 804/side 4—no affidavit by circulator; affidavit of circulator not notarized;

1 page 894/side 4—affidavit altered as to county;

1 page 1019/side 1/line 1—not registered;

1 page 1019/side 1/line 2—not registered;

1 page 1151/side 1/line 2—not registered;

1 page 1151/side 1/line 5—not registered;

1 page 1151/side 1/line 6—not registered;

1 page 1151/side 2/line 8—not registered;

1 page 1151/side 2/line 9—not registered;

1 page 1151/side 2/line 12—not registered on date signed.

## *FINDINGS AND CONCLUSIONS*

COHN JUBELIRER, Judge.

■■■ AND NOW, this 8th day of October, 2004 [1], after a hearing held on September 28, 2004 [1], on the Petition to Set Aside the Nomination Paper of Ralph Nader and Peter Miguel Camejo as Candidates of an Independent Political Body for President and Vice–President of the United States regarding nominating papers circulated in the counties of Adams, Lancaster, Lebanon, Lehigh, Luzerne, Lycoming, Monroe and Schuylkill, the Court finds as follows:

1. The Petitioners presented testimony from the following witnesses:

 a.) Ms. Mary Z. Stehman testified as to registration records for the County of Lancaster. Ms. Stehman is the Chief Registrar of Voter Registration. Her testimony was credible.

 b.) Ms. Elaine F. Ludwig testified as to registration records via the telephone for the County of Lebanon. Ms. Ludwig is the Chief Clerk of Elections and Voter Registration. Her testimony was credible.

---

1. The Hearing was scheduled to begin at 9:30 a.m. Counsel for Petitioners filed a Motion for Continuance of Hearing Time to allow for the substitution of counsel due to a medical emergency, which was granted by the Court, and the Hearing commenced at 11:30 a.m.

c.) Ms. Elizabeth A. Hillwig testified as to registration records for the County of Lehigh. Ms. Hillwig is the Chief Clerk of Voter Registration and Election Bureau. Her testimony was credible.

d.) Mr. Leonard C Piazza, III testified as to registration records for the County of Luzerne. Mr. Piazza is the Director of Elections. His testimony was credible.

e.) Ms. Alice Bair testified as to registration records via the telephone for the County of Lycoming. Ms. Bair is the Assistant Voter Registrar. Her testimony was credible.

f.) Ms. Gina Taylor testified as to registration records for the County of Monroe. Ms. Taylor is the Acting Director of the Voter Registration/Elections. Her testimony was credible.

2. The nomination papers attributed to the counties of Adams, Lancaster, Lebanon, Lehigh, Luzerne, Lycoming, Monroe and Schuylkill and assigned for my review contained a total of 210 signatures. The Petition to Set Aside contained both Individual Line Challenges and "Global" challenges to an entire nominating paper. As necessary, counsel, witnesses and the Court examined the original papers and exhibits prepared by the witnesses.

3. With regard to signatures or pages which the Secretary of State had preliminarily stricken, Petitioners had to include all such signatures or pages, in their Petition to Set Aside the Nominating Papers, in accordance with the opinion of the Supreme Court in *Nomination Papers of Ralph and Peter Miguel Camejo*, —— Pa. ——, ——–——, 858 A.2d 1167, 1184–85, 2004 WL 2185351 (154 M.A.P. 2004, filed September 29, 2004) (hereinafter "Supreme Court Opinion"). Where Petitioners did not object to such signatures or pages, this Court will not strike them.

4. The Global Challenges to entire nominating papers involve allegations that the Circulators' Affidavits are invalid because they either are blank, do not contain a notarization, or contain a mistake in line 1 ("County of Nomination Paper Signers' Residence"). This Court will strike affidavits which are blank or do not contain a notarization. At the Hearing, the Candidates orally made a Motion to Amend the Defects in the Circulators' Affidavits, which the Court orally granted. The Court advised the parties that it would accept notarized affidavits from the circulators whose affidavits contain a mistake in line 1 that is apparent from the face of the nomination paper, and also those whose affidavits contain a correction of that mistake. Amendment by affidavit was previously permitted by this Court in *In re: Nomination Petition of Victor R. Delle Donne*, 779 A.2d 1 (Pa.Cmwlth.2001), *affirmed per curiam*, 565 Pa. 561, 777 A.2d 412 (2001), when faced with the same challenge to a circulator's affidavit as presented here. Here, the circulator placed the county of his or her residence, rather than that of the signatories to the petition, on line 1 of the affidavit. As in *Delle Donne*, because the mistake is apparent on the face of the paper, the Court here permitted amendment by allowing the circulator to submit an affidavit indicating that he or she had incorrectly filled out line 1 of the circulator's affidavit by mistakenly filling in his or her county of residence rather than the county of residence of those persons who had signed the nomination paper. All affidavits had to be filed

no later than 12:00 noon, on Friday, October 1, 2004. Where the Court received such affidavits, the Global challenge to the paper was not sustained.

5. Some of the Individual Line Challenges involve allegations that the signers were not registered to vote. Candidates argued at the hearing that the signers of nomination papers did not need to be registered to vote to be a "qualified elector" under Section 951 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2911(d), because the definition for "qualified elector" in Section 101 of the Pennsylvania Election Code, 25 P.S. § 2602, does not specifically contain a registration requirement. In support of their argument, Candidates cited *Morrill v. Weaver,* 224 F.Supp.2d 882 (E.D.Pa. 2002), where the district court held that under Section 951(d) of the Pennsylvania Election Code, to be a "qualified elector," circulator/affiants did not have to be registered voters. *Id.* at 900. Mr. Justice Saylor specifically directed this Court "to separately review, with respect to each signature and affidavit, whether the signature or affidavit meets the requirements imposed by law assuming that voter registration is not required." *In re Nomination Paper of Ralph Nader,* (No. 171 MM 2004, filed October 1, 2004)(Saylor, J., concurring). Therefore, I will separately tally and discuss, with respect to each signature and affidavit that is stricken due to lack of registration, whether the signature would otherwise meet the requirements imposed by law.

6. Based on the credible testimony received, examination of the original documents, Petitioners' Exhibits entered without objection, and circulators' affidavits, the Court makes the following rulings for the stated reasons: [2]

a. *Global Challenge—Blank Affidavit:* 15 lines are stricken because the Circulators' Affidavit is blank.

b. *Global Challenge—Lack of Notarization:* 3 lines are stricken because the Circulators' Affidavit was not notarized.

c. *Global Challenge—County of Signers is Incorrect on Affidavit:* 4 lines are stricken because of the incorrect county. The Court received an affidavit amending the defect for page 666, and on page 846 the County was corrected and the correction initialed with the circulator's initials. Thus, the signatures on pages 666 and 846 are not stricken.

d. *Not registered*—12 of the signature lines listed an address, but the name did not match that of any registered voter in the county. Those lines are stricken. However, all signatures were dated August 1, 2004 or earlier. Therefore, since there was no evidence to suggest that the addresses listed were inaccurate, all signers resided in the state more than 90 days immediately preceding the election. While it would seem unlikely that very many were non-citizens or minors, no evidence was presented as to the age or citizenship of any of them, other than the affiants' affidavits stating that the signers are qualified electors. To the extent that the burden of persuasion lies with Petitioners to estab-

---

2. I am indebted to my colleague, Judge Leadbetter, for the legal analysis in her *Findings and Conclusions re: Challenges to Montgomery County Nomination Papers,* on which I rely.

lish that the signers are not qualified electors, they have established only that the signers are not registered to vote, but have failed to establish that they lack the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution. To the extent that lack of registration is deemed to satisfy Petitioners' prima facie case, candidates have failed to rebut that case with evidence that the signers nonetheless possess the age and citizenship qualifications of Article VII, Section 1.

e. *Not registered at address*—4 signers were not registered to vote at the address at which they signed the paper, although they were registered to vote at another address in the county. Those signatures are stricken. However, since these 4 signers were registered to vote in the county, albeit at another address, I find that they possess the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution.

f. *Registered after date of signing*—1 signer registered to vote after the date of signing, and therefore must be stricken. However, since this signer was registered to vote in the county, albeit after the date of signing, I find that the signer possesses the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution.

g. *Registered in Another County*—1 signer's registration had been transferred from Lebanon County to Allegheny County prior to the paper being signed. Therefore, this signature is stricken. However, with regard to whether the signers possess the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution, the analysis in section 6(d) applies.

h. *The Address of Signer is located in another County*—4 signatures on these nomination papers, challenged on the basis that the signers were not registered, were of persons listing an address within the Commonwealth in a county other than the one listed on the paper. Therefore, those signatures are stricken. However, no other evidence was presented on whether these individuals are registered in the county in which their address is located. Thus, I find that there is no evidence as to whether or not these possess the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution.

i. *Signature illegible*—1 signature is illegible and is therefore stricken.

j. *Mismatched signatures*—6 signatures were challenged on the basis that they were forged and 1 on the basis that it was printed. No expert testimony was presented on this issue. Candidates objected to Mr. Piazza, the Director of Elections of Luzerne County, offering expert testimony regarding whether specific signatures on the affidavits were forgeries. Based upon Mr. Piazza's testimony that he has had no training in handwriting analysis and did not know what a handwriting expert would do to determine whether the signatures were forgeries, I sustain the objection and do not accept Mr. Piazza as an expert in handwriting analysis. Based on my review, I find that 3 signatures are not in the handwriting of the signer and are therefore stricken.

7. Based upon the foregoing, of the 210 signatures on the nomination petitions circulated in the Counties of Adams, Lancaster, Lebanon, Lehigh, Luzerne,

Lycoming, Monroe and Schuylkill, 48 must be stricken upon grounds specifically stated in the Objections to the Nomination Papers. They are itemized in the attached Appendix. 162 valid signatures remain in support of Candidates' nomination. The Objectors had challenged 87 signatures.

## APPENDIX

| COUNTY | PARAGRAPH | CATEGORY | PAGE | LINE |
|--------|-----------|----------|------|------|
| Monroe | 6a | Global Challenge—Blank Affidavit | 1132 | 1-14 |
| Schuylkill | | | 819 | 1 |
| Adams | 6b | Global Challenge—Lack of Notarization | 857 | 1, 2 |
| Lancaster | | | 801 | 1 |
| Lancaster | 6c | Global Challenge—County of Signors Incorrect on Affidavit | 1010 | 1, 2 |
| Lehigh | | | 626 | 1 |
| | | | 653 | 1 |
| Lancaster | 6d | Not Registered | 644 | 1 |
| | | | 759 | 1 |
| | | | 1186 | 4 |
| Lehigh | | | 614 | 1 |
| | | | 845 | 1 |
| | | | 846 | 2, 9 |
| | | | 859 | 1 |
| | | | 1105 | 3 |
| Luzerne | | | 880 | 13 |
| Lycoming | | | 1107 | 1 |
| Monroe | | | 825 | 1 |
| Lancaster | 6e | Not Registered at Address | 869 | 1 |
| | | | 938 | 1 |
| Lehigh | | | 846 | 4 |
| Monroe | | | 811 | 1 |
| Lehigh | 6f | Registered After Date of Signing | 846 | 1 |
| Lebanon | 6g | Registered in Another County | 927 | 1 |
| Lancaster | 6h | Address in Another County | 958 | 1 |
| Lehigh | | | 846 | 3 |
| | | | 1006 | 1 |
| | | | 1139 | 4 |
| Lancaster | 6i | Illegible | 731 | 1 |
| Luzerne | 6j | Mismatched Signature | 554 | 2 |
| | | | 880 | 2, 15 |

### AMENDING ORDER

COHN JUBELIRER, Judge.

AND NOW, this 12th day of October, 2004, the citation appearing on page 3, line 2, of the above-captioned opinion, filed October 8, 2004, is hereby amended as follows:

FROM: *Nomination Papers of Ralph and Peter Miguel Camejo,* —— Pa. ——, —————, 858 A.2d 1167, 1184–85, 2004 WL 2185351 (154 M.A.P. 2004, filed September 29, 2004).

TO: *Nomination Papers of Ralph Nader and Peter Miguel Camejo,* —— Pa. ——, —————, 858 A.2d 1167, 1184–85, 2004 WL 2185351 (154 M.A.P. 2004, filed September 29, 2004).

Heard Sept. 30, 2004

### FINDINGS AND CONCLUSIONS

### RE: CHALLENGES TO DELAWARE AND CHESTER COUNTY NOMINATION PETITIONS

FLAHERTY, Senior Judge.

AND NOW, this 8th day of October, 2004, after a hearing before the undersigned (Trial Court) on the validity of signatures on the nominating papers circulated in Delaware and Chester counties in Pennsylvania to place the names of Ralph Nader and Peter Miguel Camejo (collectively, Candidate) on the November 4, 2004 ballot as independent candidates for the offices of President of the United States and Vice President of the United States, respectively, Trial Court finds as follows:

Candidate filed nominating papers with the Secretary of the Commonwealth that included signatures of electors from, inter alia, Chester and Delaware counties. Objectors Serody, Sweets, Bergman, Tinclisti, Cohen–Scott, Brown and O'Connell (collectively, Objectors) filed timely objections to the nominating papers, which Trial Court has managed by assigning the two counties of Chester and Delaware to this Trial Court for a hearing on the matter of the validity of the signatures challenged by Objectors.

Candidate filed 388 signatures from Delaware County and 565 signatures from Chester County for a total of 953 signature lines submitted to this Trial Court for adjudication of the 723 line-by-line objections and numerous other affidavit objections.

Ms. Mary Jo Headley testified as to the registration records for the County of Delaware as custodian of the voter registration records in her capacity as the Director of Voter Registration Commission in Delaware County. Her testimony was found to be credible. Ms. Linda Cummings testified as to the registration records for the County of Chester as the custodian of the voter records in her capacity as Director of Voter Registration in Chester County. Her testimony was found to be credible. Both Objector and Candidate had their respective counsel present.

Court was convened, matters were discussed on the record, and then the hearing was recessed to give Objector and Candidate an opportunity to meet with the election officials and reach stipulations. Counsel and Court examined the original nomination papers, which were present and available in the courtroom. Trial Court noticed red marks made on the

original nomination papers and Trial Court noted that Trial Court had made NO marks on the original nominating papers and no admissible evidence was offered as to where those marks originated.

Court was reconvened and a hearing held on the record. Other opinions in Trial Court and the Supreme Court have held that the parties (both sides) as represented in other courtrooms have been uncooperative with the court and have presented stall tactics. It is essential to assure all involved that the attorneys and public officials who presented themselves in these proceedings for Delaware and Chester counties were a most professional, cooperative group in coming to stipulations and in attempting to resolve the legal matters presented so as NOT to tax the resources of Trial Court or the citizens of the Commonwealth. They are hereby commended and appreciated.

Based upon the stipulations of the parties and the evidence presented, Trial Court made the following findings of fact, based upon the law as stated, as demonstrated in detail in the tables attached.

388 signatures were collected and submitted from Delaware County. 565 signatures were collected and submitted from Chester County for a total of 953 signatures. Of these, Objectors challenged and

Trial Court reviewed 723 signature lines. Of these 723 signatures with objections, 364 were stipulated or found to be not registered at all and were struck for being not registered.[1] One (1) signature was registered after the date of signing and was struck for being not registered on the date of signing.[2] Twenty-two (22) signatures were registered at an address differently from that on the voter registration card and were struck for being not registered at the voting address. Twenty-seven (27) lines were struck for having line information which was required, but omitted. Three (3) signatures were struck for having a printed signature. Fourteen (14) otherwise valid lines were struck on nomination papers where the circulator affidavits were held to be invalid and therefore invalidated the entire nomination paper.

Therefore, 431 lines were struck from the nomination papers, leaving 522 valid signatures collected from Delaware and Chester counties.

### CONCLUSIONS OF LAW RELIED UPON

■■■■ This particular hearing was held on September 30, 2004, giving Trial Court the benefit of following the majority of Pennsylvania's Supreme Court's September 29, 2004 opinion in the instant case at *In re Nomination Papers of Nader*, ——

---

1. Of the 364 not registered voters, it should be noted that in accordance with the accompanying line-by-line tabulation, thirty-five (35) voters signed with addresses outside the county indicated on the respective affidavit. Their voter registration was not able to be determined because only the two counties under scrutiny in Trial Court (Delaware and Chester) had officials present in the courtroom with voter records. In addition, however, Trial Court ruled (in accordance with the Election Code, as provided, *supra*) that out-of-county electors signing on a petition or nomination paper which is not labeled for that county are invalid signatures. *See out of county discussion, infra.*

2. The parties stipulated between themselves and Trial Court accepted their stipulation that those electors whose registrations were entered on the books of the registrar of elections within ten (10) days of signing the nomination paper would be counted as valid elector signatures (permitting 10 days for processing). Such stipulations are the equivalent of withdrawing the objections to that line. Electors who registered after the ten day grace period would be counted as invalid. Only one signature was litigated in this regard, and it was stipulated to being invalid by the candidate during the hearing.

Pa. ——, 858 A.2d 1167, 2004 WL 2185351, 2004 Pa. LEXIS 2241 (Newman, Justice at 154 MAP 2004, J–176–2004, filed September 29, 2004) filed in the case *sub judice*. Based on that majority opinion, we must consider the longstanding and overriding policy in our Commonwealth to protect the elective franchise. *See Weiskerger Appeal*, 447 Pa. 418, 419–421, 290 A.2d 108, 109 (1972). In promoting that policy, Trial Court has made clear that the Election Code must be liberally construed in order to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice. *In re Nomination Petition of Flaherty*, 564 Pa. 671, 679, 770 A.2d 327, 331 (2001). Furthermore, nomination petitions are presumed to be valid and an objector has the burden of proving that a nomination petition is invalid. See *In re Nomination Petition of Driscoll*, 577 Pa. 501, 508, 847 A.2d 44, 49 (2004), *see also* Section 977 of the Election Code, 25 P.S. § 2937.

Because the Supreme Court continues to direct Trial Court to construe the Pennsylvania Election Code liberally in order to protect a candidate's right to run for office and the voters' rights to elect the candidate of their choice, a party alleging defects in a nominating petition has the burden of proving those defects. Where a court is not convinced that the challenged signatures (or in this case, other information) are other than genuine, the challenge is to be resolved in favor of the candidate. *In re Petition to Set Aside Nomination of Fitzpatrick*, 822 A.2d 867 (Pa.Cmwlth. 2003). In this case, there were no handwriting experts proffered from either side.

## LINE CHALLENGES

Trial Court followed the direction of the Supreme Court in *Nader (9/29/2004)* to adhere to the stringent signature requirement outlined in *In re Nomination Petition of Silcox*, 543 Pa. 647, 674 A.2d 224 (1996) (where an elector who signs a nomination petition must personally write his occupation, place of residence and date on the petition). Additionally, the stringent signature requirements of *Flaherty* will be upheld (printing is not permitted where a signature is required, names and addresses must match the voters' registration cards, circulators must be present when the elector signs the petition). Collectively, the Supreme Court has now adopted a 'stringent signature requirement' as outlined in *Nader (9/29/2004)*, which Trial Court followed.

Where the Supreme Court did not opine directly on the invalidity of the signatures stricken by the Secretary of the Commonwealth, the Supreme Court did take notice that the Election Code requires the Secretary of the Commonwealth to strike those signatures that are "material errors or defects apparent on their face, or on the face of the appended or accompanying affidavits...."[3] In the instant case, the parties stipulated that the signatures struck by the Secretary of the Commonwealth are invalid based on the defect appearing on the face of the nomination paper and Trial Court acknowledged the defects and struck the signatures.

After a hearing on the evidence, Trial Court acknowledges that the Candidate's position is that electors who may be qualified electors from one county and signed on a nomination paper for a county other than their county of residence should be considered valid signators.[4] Trial

---

3. Section 976 of the Election Code, 25 P.S. § 2936(a).

4. Candidate made a global objection on the record as to the veracity of out-of-county electors being valid signatures. That objec-

Court disagrees. Section 951(d) of the Election Code, 25 P.S. 2911(d) clearly states that, "Nomination papers may be on one or more sheets and different sheets must be used for signers resident in different counties [emphasis added]." Therefore, signatures were stricken where the electors resided in a county outside of Delaware County for the Delaware petitions and Chester County for the Chester petitions.

■ Where the only objection to the line was that ditto marks were used to indicate that the elector intended the same address, municipality or date, contrary to some previously published single-judge opinions of this court, today Trial Court struck all signatures using ditto marks for omitted line information.[5]

■ Objectors attempted to indicate that some signatures were "forgeries." The word "forgery" is a term of art in the criminal code of Pennsylvania and is beyond the scope of Trial Court's inquiry. Trial Court was willing to accept that a signature or a line may have been penned by a person other than the registered elector and that line was stricken as a 'signature signed by another' person other than the elector. No consideration of the concept of "forgery" was considered. Except for provisions for elderly or disabled persons unable to write, as outlined in *Petition to Set Aside Nomination of Fitzpatrick,* 822 A.2d 867 (Pa.Cmwlth.2003), *appeal denied,* 573 Pa. 700, 825 A.2d 1262 (2003), entries made in whole or in part by someone other than the registered voter

must be stricken. *Petition of Thompson,* 102 Pa.Cmwlth. 110, 516 A.2d 1278 (1984).

■ Signatures may have been stricken as 'line signed by another', indicating that some piece of the line information (including printed name) was signed by a person other than the registered elector which is not permitted as a valid signature under the Supreme Court's 'stringent signature requirement'. *Nader (9/28/2004); Thompson.*

■ Signatures may have been stricken for having 'incomplete or omitted line information' under the Supreme Court's 'stringent signature requirement'. *Nader (9/29/2004).* These lines had obvious defects on their face of missing information required to be entered by the elector under Section 908 of the Election Code, 25 P.S. § 2868.

■ Signatures were stricken for having initials or nicknames instead of the signature as presented by the elector's voter registration card. *Flaherty.* Signatures using nicknames or initials that differ from voter registration cards are not valid. It is a curable defect and requires direct evidence that the signer intended the initial to be a substitute for the first name in the signature, but where the only evidence is the voter registration card with a full name, the signature with initial is invalid. *In re Petition for Agenda Initiative,* 821 A.2d 203 (Pa.Cmwlth.2003). Because the Candidate offered no rehabilitation or cure for the defects, the signatures were stricken.

tion is noted and is overruled in accordance with the Election Code provisions as designated herein, *supra.*

**5.** In the past, the Supreme Court has upheld, *per curiam,* failure to strike signatures where ditto marks were used for the signer's address. *See September 29, 2004 slip opinion of*

*Pa. Supreme Court, supra; Flaherty, Silcox,* and *Thompson. Contra, In re Nomination Petition of Delle Donne,* 779 A.2d 1 (Pa.Cmwlth.2001)(*single judge opinion affirmed per curiam* 565 Pa. 561, 777 A.2d 412 (2001); *contra also, In re Nomination Petition of Brown,* 846 A.2d 783 (Pa.Cmwlth.2004).

Signatures were stricken for having illegible signatures or illegible line information in contravention of Section 908 of the Election Code, 25 P.S. § 2868. *See also, Elliot Nomination Petition,* 26 Pa. Cmwlth. 20, 362 A.2d 438 (1976), *aff'd,* 466 Pa. 463, 353 A.2d 446 (1976).

### CIRCULATOR AFFIDAVIT CHALLENGES

In addition, there were numerous challenges to the affidavits required to be notarized and attached to each nomination paper. The court reviewed the challenges presented and overruled the objection to a number of challenges where the information on the affidavit had been crossed-out and re-written and where there was no extrinsic evidence presented to indicate where, when or how the strike-out and re-writing took place. Without evidence (proof) that the affiant did not make the notation, the objector failed to meet its burden of proof and the affidavit was upheld.

To the contrary, where the affidavit was defective on its face (as in the case of the incorrect county being entered in affidavit portion of the nomination paper), the need for extrinsic evidence was not necessary for the objector to carry its burden of proving that the circulator affidavit was invalid. This instance occurred in three factual situations.

First, the circulator affidavit was found to be invalid where the information on the affidavit required to be written by the circulator was the county of the electors and the affiant wrote the county of his own residence instead. This is contrary to Section 951 of the Election Code at 25 P.S. § 2911(d)(5), which requires the county of the electors to be indicated on this line in the affidavit.[6] Since this is a material defect on the face, the circulator's affidavit was invalidated and any remaining valid signature lines which Objector had put on notice of a line-by-line challenge on that nomination paper were stricken.

Second, where the notary failed to use their stamp to notarize the affidavit, Trial Court found that the notarization was unable to be authenticated under 57 P.S. § 158, Section 6 of the Notary Public Law of 1953, *as amended,*[7] which requires notaries to use a one-inch by three-and-one-half-inch rubber stamp indicating their name and commission information in order to authenticate instruments.[8] Therefore, on the pages where the notary failed to use the notarial stamp, the circulator's affidavit was deemed invalid for failure to be

---

6. "....Each sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth ... (5) that they all reside in the county named in the affidavit; ....'' 25 P.S. § 2911(d)(5).

7. The Notary Public Law of 1953 is the Act of August 21, 1953, P.L. 1323, *as amended,* Dec. 9, 2002, P.L. 1269, No. 151 § 6, *effective* July 1, 2003. Only in the case of electronic instruments is there any exception to using a rubber stamp to notarize a document.

8. 25 P.S. § 158. (*regarding the Notarial Seal*) provides:
 (a) A notary public shall provide and keep an official seal which shall be used to authenticate all the acts, instruments and attestations of the notary. The seal shall be a rubber stamp and shall show clearly in the following order: the words "Notarial Seal''; the name and surname of the notary and the words "Notary Public''; the name of the municipality and county in which the notary maintains an office; and the date the notary's commission expires.
 (b) The seal shall have a maximum height of one (1) inch and width of three and one-half (3 ½) inches, with a plain border. It shall be stamped in a prominent place on the official notarial certificate near the notary's signature in such a manner as to be capable of photographic reproduction.

properly notarized and any additional valid signature lines which Objector had put on notice of a line-by-line challenge on that nomination paper was struck as invalid.

## TABLES REGARDING SPECIFIC FINDINGS

### FINDINGS OF FACT REGARDING CIRCULATOR AFFIDAVITS

| PAGE NO. | COUNTY | CHALLENGE | DEFECT NOTED BY COURT | AFFIDAVIT VALID OR INVALID | ADDT'L LINES STRUCK BY COURT PAGE. LINE |
|---|---|---|---|---|---|
| 148 | CHESTER | Forged all signatures—no evidence presented | None | Valid | None |
| 638 | CHESTER | Affidavit forgery—no evidence presented | None | Valid | None |
| 760 | CHESTER | Affidavit forgery—no evidence presented | None | Valid | None |
| 799 | CHESTER | Affidavit forgery—no evidence presented | None | Valid | None |
| 818 | CHESTER | Defective Affidavit Information | Montgomery County entered instead of Chester County | Invalid as to all signatures on nomination paper | 818.01 |
| 847 | CHESTER | Defective Affidavit Information | Philadelphia County entered instead of Chester County | Invalid as to all signatures on nomination paper | 847.01 |
| 849 | CHESTER | Affidavit forgery—no evidence presented | None | Valid | None |
| 851 | CHESTER | Defective Affidavit Information | Delaware County entered instead of Chester County | Invalid as to all signatures on nomination paper | 851.02 851.04 |
| 84 | CHESTER | Defective Notary Seal | No Notary Stamp | Invalid as to all signatures on | None |

| PAGE NO. | COUNTY | CHALLENGE | DEFECT NOTED BY COURT | AFFIDAVIT VALID OR INVALID | ADDT'L LINES STRUCK BY COURT PAGE. LINE |
|---|---|---|---|---|---|
| | | | | nomination paper | |
| 862 | CHESTER | Affidavit forgery—no evidence presented | None | Valid | None |
| 1016 | CHESTER | Affidavit forgery—no evidence presented | None | Valid | None |
| 1172 | CHESTER | Defective Affidavit Information | Montgomery County entered instead of Chester County | Invalid as to all signatures on nomination paper | None |
| 616 | DELAWARE | Defective Notary Seal | No Notary Stamp | Invalid as to all signatures on nomination paper | 616.01 616.03 |
| 622 | DELAWARE | Defective Affidavit Information | Philadelphia County entered instead of Chester County | Invalid as to all signatures on nomination paper | None |
| 628 | DELAWARE | Defective Affidavit Information | Philadelphia County entered instead of Chester County | Invalid as to all signatures on nomination paper | None |
| 685 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 736 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 737 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 742 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 758 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |

| PAGE NO. | COUNTY | CHALLENGE | DEFECT NOTED BY COURT | AFFIDAVIT VALID OR INVALID | ADDT'L LINES STRUCK BY COURT PAGE. LINE |
|---|---|---|---|---|---|
| 800 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 824 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 826 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 843 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 844 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 891 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 972 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 972 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 998 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 1045 | DELAWARE | Affidavit forgery—no evidence presented | None | Valid | None |
| 1119 | DELAWARE | Defective Affidavit Information | Philadelphia County entered instead of Chester County | Invalid as to all signatures on nomination paper | 1119.01 1119.02 1119.03 1119.04 1119.05 |
| 1133 | DELAWARE | Defective Notary Seal | No Notary Stamp | Invalid as to all signatures on nomination paper | 1133.01 |

| PAGE NO. | COUNTY | CHALLENGE | DEFECT NOTED BY COURT | AFFIDAVIT VALID OR INVALID | ADDT'L LINES STRUCK BY COURT PAGE. LINE |
|---|---|---|---|---|---|
| 1154 | DELAWARE | Defective Affidavit Information | Philadelphia County entered instead of Chester County | Invalid as to all signatures on nomination paper | 1154.01 1154.02 |

TOTAL NUMBER OF ADDITIONAL SIGNATURES STRICKEN 14

*FINDINGS OF FACT REGARDING THE LINE CHALLENGES (includes the lines stricken from papers with affidavit problems invalidating page)*

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 144.02 | VALID |
| | Chester | 144.03 | VALID |
| | Chester | 144.05 | VALID |
| | Chester | 144.10 | VALID |
| | Chester | 144.13 | VALID |
| | Chester | 144.14 | VALID |
| | Chester | 144.15 | VALID |
| | Chester | 144.16 | VALID |
| | Chester | 144.17 | VALID |
| | Chester | 144.21 | VALID |
| | Chester | 144.24 | VALID |
| | Chester | 144.30 | VALID |
| | Chester | 144.31 | VALID |
| | Chester | 144.33 | VALID |
| | Chester | 145.03 | VALID |
| | Chester | 145.06 | VALID |
| | Chester | 145.08 | VALID |
| | Chester | 145.09 | VALID |
| | Chester | 145.14 | VALID |
| | Chester | 145.15 | VALID |
| | Chester | 145.16 | VALID |
| | Chester | 145.18 | VALID |
| | Chester | 145.22 | VALID |
| | Chester | 145.25 | VALID |
| | Chester | 145.31 | VALID |
| | Chester | 145.33 | VALID |
| | Chester | 145.35 | VALID |
| | Chester | 145.37 | VALID |
| | Chester | 145.38 | VALID |
| | Chester | 145.39 | VALID |
| | Chester | 145.43 | VALID |
| | Chester | 145.45 | VALID |
| | Chester | 145.47 | VALID |
| | Chester | 145.56 | VALID |
| | Chester | 145.57 | VALID |
| | Chester | 146.02 | VALID |
| | Chester | 146.03 | VALID |
| | Chester | 146.05 | VALID |
| | Chester | 146.06 | VALID |
| | Chester | 146.11 | VALID |
| | Chester | 146.16 | VALID |
| | Chester | 146.17 | VALID |
| | Chester | 146.19 | VALID |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 146.21 | VALID |
| | Chester | 146.23 | VALID |
| | Chester | 146.24 | VALID |
| | Chester | 146.25 | VALID |
| | Chester | 146.26 | VALID |
| | Chester | 146.27 | VALID |
| | Chester | 146.30 | VALID |
| | Chester | 146.33 | VALID |
| | Chester | 146.35 | VALID |
| | Chester | 146.36 | VALID |
| | Chester | 146.37 | VALID |
| | Chester | 146.38 | VALID |
| | Chester | 146.39 | VALID |
| | Chester | 146.43 | VALID |
| | Chester | 146.47 | VALID |
| | Chester | 146.49 | VALID |
| | Chester | 146.50 | VALID |
| | Chester | 146.51 | VALID |
| | Chester | 146.52 | VALID |
| | Chester | 146.57 | VALID |
| | Chester | 146.58 | VALID |
| | Chester | 146.61 | VALID |
| | Chester | 146.65 | VALID |
| | Chester | 147.04 | VALID |
| | Chester | 147.05 | VALID |
| | Chester | 147.08 | VALID |
| | Chester | 147.13 | VALID |
| | Chester | 147.16 | VALID |
| | Chester | 147.17 | VALID |
| | Chester | 147.19 | VALID |
| | Chester | 147.20 | VALID |
| | Chester | 147.21 | VALID |
| | Chester | 147.25 | VALID |
| | Chester | 147.26 | VALID |
| | Chester | 147.28 | VALID |
| | Chester | 147.29 | VALID |
| | Chester | 147.31 | VALID |
| | Chester | 148.01 | VALID |
| | Chester | 148.03 | VALID |
| | Chester | 148.04 | VALID |
| | Chester | 148.05 | VALID |
| | Chester | 148.06 | VALID |
| | Chester | 148.07 | VALID |
| | Chester | 148.10 | FINDING |
| | Chester | 148.11 | VALID |
| | Chester | 148.12 | VALID |
| | Chester | 148.13 | VALID |
| | Chester | 148.14 | VALID |
| | Chester | 148.15 | VALID |
| | Chester | 148.17 | VALID |
| | Chester | 148.18 | VALID |
| | Chester | 148.19 | VALID |
| | Chester | 148.20 | VALID |
| | Chester | 148.21 | VALID |
| | Chester | 148.22 | VALID |
| | Chester | 148.24 | VALID |
| | Chester | 148.26 | VALID |
| | Chester | 148.27 | VALID |
| | Chester | 148.28 | VALID |

| TOTALS | COUNTY | PAGE, LINE | FINDINGS |
| --- | --- | --- | --- |
| | Chester | 148.29 | VALID |
| | Chester | 148.30 | VALID |
| | Chester | 148.32 | VALID |
| | Chester | 148.33 | VALID |
| | Chester | 148.34 | VALID |
| | Chester | 148.35 | VALID |
| | Chester | 148.37 | VALID |
| | Chester | 148.39 | VALID |
| | Chester | 148.41 | VALID |
| | Chester | 148.41 | VALID |
| | Chester | 148.42 | VALID |
| | Chester | 148.43 | VALID |
| | Chester | 148.44 | VALID |
| | Chester | 232.06 | VALID |
| | Chester | 232.09 | VALID |
| | Chester | 232.10 | VALID |
| | Chester | 232.10 | VALID |
| | Chester | 232.101 | VALID |
| | Chester | 232.103 | VALID |
| | Chester | 232.105 | VALID |
| | Chester | 232.11 | VALID |
| | Chester | 232.12 | VALID |
| | Chester | 232.13 | VALID |
| | Chester | 232.19 | VALID |
| | Chester | 232.23 | VALID |
| | Chester | 232.27 | VALID |
| | Chester | 232.30 | VALID |
| | Chester | 232.33 | VALID |
| | Chester | 232.34 | VALID |
| | Chester | 232.42 | VALID |
| | Chester | 232.45 | VALID |
| | Chester | 232.51 | VALID |
| | Chester | 232.54 | VALID |
| | Chester | 232.55 | VALID |
| | Chester | 232.64 | VALID |
| | Chester | 232.80 | VALID |
| | Chester | 232.81 | VALID |
| | Chester | 232.82 | VALID |
| | Chester | 232.88 | VALID |
| | Chester | 232.89 | VALID |
| | Chester | 232.91 | VALID |
| | Chester | 232.92 | VALID |
| | Chester | 232.93 | VALID |
| | Chester | 232.95 | FINDINGS |
| | Chester | 232.96 | VALID |
| | Chester | 232.97 | VALID |
| | Chester | 638.01 | VALID |
| | Chester | 744.04 | VALID |
| | Chester | 744.07 | VALID |
| | Chester | 744.10 | VALID |
| | Chester | 744.11 | VALID |
| | Chester | 744.12 | VALID |
| | Chester | 760.01 | VALID |
| | Chester | 760.02 | VALID |
| | Chester | 760.03 | VALID |
| | Chester | 799.01 | VALID |
| | Chester | 813.01 | VALID |
| | Chester | 813.02 | VALID |
| | Chester | 862.01 | VALID |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 872.03 | VALID |
| | Chester | 872.04 | VALID |
| | Chester | 872.05 | VALID |
| | Chester | 872.06 | VALID |
| | Chester | 872.07 | VALID |
| | Chester | 872.08 | VALID |
| | Chester | 872.09 | VALID |
| | Chester | 872.13 | VALID |
| | Chester | 872.15 | VALID |
| | Chester | 872.22 | VALID |
| | Chester | 872.23 | VALID |
| | Chester | 872.24 | VALID |
| | Chester | 872.25 | VALID |
| | Chester | 873.01 | VALID |
| | Chester | 875.02 | VALID |
| | Chester | 875.03 | VALID |
| | Chester | 875.05 | VALID |
| | Chester | 875.06 | VALID |
| | Chester | 875.07 | VALID |
| | Chester | 877.05 | VALID |
| | Chester | 877.15 | VALID |
| | Chester | 877.22 | VALID |
| | Chester | 877.23 | VALID |
| | Chester | 884.01 | VALID |
| | Chester | 884.02 | VALID |
| | Chester | 884.04 | VALID |
| | Chester | 884.05 | VALID |
| | Chester | 884.10 | VALID |
| | Chester | 926.01 | VALID |
| | Chester | 926.02 | VALID |
| | Chester | 960.01 | VALID |
| | Chester | 960.02 | VALID |
| | Chester | 1005.01 | VALID |
| | Chester | 1016.01 | VALID |
| | Chester | 1016.02 | VALID |
| | Chester | 1016.04 | VALID |
| | Chester | 1016.05 | VALID |
| | Chester | 1016.06 | VALID |
| | Chester | 1017.07 | VALID |
| | Chester | 1017.08 | VALID |
| | Chester | 1017.09 | VALID |
| | Chester | 1049.01 | VALID |
| | Chester | 1175.01 | VALID |
| | Chester | 1175.02 | VALID |
| | Chester | 1175.03 | VALID |
| **Chester Valid** | 206 | | |
| | Delaware | 233.01 | VALID |
| | Delaware | 233.02 | VALID |
| | Delaware | 233.03 | VALID |
| | Delaware | 233.05 | VALID |
| | Delaware | 233.10 | VALID |
| | Delaware | 233.12 | VALID |
| | Delaware | 233.13 | VALID |
| | Delaware | 233.16 | VALID |
| | Delaware | 233.18 | VALID |
| | Delaware | 233.20 | VALID |
| | Delaware | 233.21 | VALID |
| | Delaware | 233.23 | VALID |
| | Delaware | 233.24 | VALID |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Delaware | 233.25 | VALID |
| | Delaware | 233.26 | VALID |
| | Delaware | 233.27 | VALID |
| | Delaware | 233.30 | VALID |
| | Delaware | 233.32 | VALID |
| | Delaware | 233.40 | VALID |
| | Delaware | 233.41 | VALID |
| | Delaware | 233.42 | VALID |
| | Delaware | 233.43 | VALID |
| | Delaware | 233.50 | VALID |
| | Delaware | 233.51 | VALID |
| | Delaware | 233.53 | VALID |
| | Delaware | 604.01 | VALID |
| | Delaware | 604.02 | VALID |
| | Delaware | 605.01 | VALID |
| | Delaware | 609.02 | VALID |
| | Delaware | 622.01 | VALID |
| | Delaware | 685.02 | VALID |
| | Delaware | 736.01 | VALID |
| | Delaware | 736.02 | VALID |
| | Delaware | 736.03 | VALID |
| | Delaware | 737.01 | VALID |
| | Delaware | 742.01 | VALID |
| | Delaware | 742.02 | VALID |
| | Delaware | 742.04 | VALID |
| | Delaware | 742.05 | VALID |
| | Delaware | 742.06 | VALID |
| | Delaware | 758.01 | VALID |
| | Delaware | 758.03 | VALID |
| | Delaware | 758.05 | VALID |
| | Delaware | 800.01 | VALID |
| | Delaware | 834.01 | VALID |
| | Delaware | 844.01 | VALID |
| | Delaware | 868.01 | VALID |
| | Delaware | 879.01 | VALID |
| | Delaware | 921.01 | VALID |
| | Delaware | 972.01 | VALID |
| | Delaware | 972.02 | VALID |
| | Delaware | 974.01 | VALID |
| | Delaware | 974.03 | VALID |
| | Delaware | 974.04 | VALID |
| | Delaware | 974.05 | VALID |
| | Delaware | 974.07 | VALID |
| | Delaware | 974.09 | VALID |
| | Delaware | 974.10 | VALID |
| | Delaware | 974.11 | VALID |
| | Delaware | 974.12 | VALID |
| | Delaware | 974.13 | VALID |
| | Delaware | 974.14 | VALID |
| | Delaware | 974.16 | VALID |
| | Delaware | 974.17 | VALID |
| | Delaware | 974.18 | VALID |
| | Delaware | 974.19 | VALID |
| | Delaware | 974.20 | VALID |
| | Delaware | 974.22 | VALID |
| | Delaware | 974.24 | VALID |
| | Delaware | 974.25 | VALID |
| | Delaware | 974.27 | VALID |
| | Delaware | 975.01 | VALID |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Delaware | 975.02 | VALID |
| | Delaware | 981.01 | VALID |
| | Delaware | 1027.03 | VALID |
| | Delaware | 1027.04 | VALID |
| | Delaware | 1045.01 | VALID |
| | Delaware | 1045.02 | VALID |
| | Delaware | 1045.03 | VALID |
| | Delaware | 1113.01 | VALID |
| | Delaware | 1113.02 | VALID |
| | Delaware | 1130.03 | VALID |
| | Delaware | 1144.01 | VALID |
| | Delaware | 1144.02 | VALID |
| | Delaware | 1144.05 | VALID |
| | Delaware | 1150.02 | VALID |
| Delaware Valid | 86 | | |
| TOTAL VALID | | | 292 |

## SIGNATURES STRUCK THROUGH STIPULATION OR LITIGATION
*Signature was stipulated as invalid unless noted as litigated.
Litigated was struck by Court at hearing after testimony

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 144.06 | REGISTERED LATE Litigated |
| Chester Registered Late | 1 | | |
| TOTAL REGISTERED LATE | | | 1 |
| | Chester | 232.62 | PRINTING |
| | Chester | 232.99 | PRINTING |
| | Chester | 147.10 | PRINTING LITIGATED |
| Chester Printing | 3 | | |
| TOTAL PRINTING | | | 3 |
| | Chester | 144.07 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 144.08 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 144.20 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 144.36 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 145.11 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 145.21 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 145.27 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 854.01 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 854.10 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 854.20 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 854.26 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 872.12 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 872.26 | OUT OF COUNTY NOT REGISTERED Litigated |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 900.02 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.04 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.07 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.09 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.10 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.11 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.12 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.14 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.15 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.19 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.20 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.21 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.22 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.23 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 900.24 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 952.01 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 983.02 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 1013.04 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 1013.05 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 1013.07 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 1013.09 | OUT OF COUNTY NOT REGISTERED Litigated |
| | Chester | 1162.01 | OUT OF COUNTY NOT REGISTERED Litigated |
| **Chester Out of County** | 35 | | |
| **TOTAL OUT OF COUNTY** | | | 35 |
| | Chester | 144.04 | NOT REGISTERED |
| | Chester | 144.25 | NOT REGISTERED |
| | Chester | 144.27 | NOT REGISTERED |
| | Chester | 144.28 | NOT REGISTERED |
| | Chester | 144.29 | NOT REGISTERED |
| | Chester | 144.32 | NOT REGISTERED |
| | Chester | 144.34 | NOT REGISTERED |
| | Chester | 144.35 | NOT REGISTERED |
| | Chester | 145.04 | NOT REGISTERED |
| | Chester | 145.19 | NOT REGISTERED |
| | Chester | 145.19 | NOT REGISTERED |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 145.24 | NOT REGISTERED |
| | Chester | 145.34 | NOT REGISTERED |
| | Chester | 145.48 | NOT REGISTERED |
| | Chester | 145.51 | NOT REGISTERED |
| | Chester | 146.12 | NOT REGISTERED |
| | Chester | 146.31 | NOT REGISTERED |
| | Chester | 146.41 | NOT REGISTERED |
| | Chester | 146.54 | NOT REGISTERED |
| | Chester | 146.56 | NOT REGISTERED |
| | Chester | 146.59 | NOT REGISTERED |
| | Chester | 147.11 | NOT REGISTERED |
| | Chester | 147.18 | NOT REGISTERED |
| | Chester | 148.08 | NOT REGISTERED |
| | Chester | 148.09 | NOT REGISTERED |
| | Chester | 148.16 | NOT REGISTERED |
| | Chester | 148.23 | NOT REGISTERED |
| | Chester | 148.25 | NOT REGISTERED |
| | Chester | 148.36 | NOT REGISTERED |
| | Chester | 148.40 | NOT REGISTERED |
| | Chester | 232.01 | NOT REGISTERED |
| | Chester | 232.04 | NOT REGISTERED |
| | Chester | 232.05 | NOT REGISTERED |
| | Chester | 232.08 | NOT REGISTERED |
| | Chester | 232.102 | NOT REGISTERED |
| | Chester | 232.16 | NOT REGISTERED |
| | Chester | 232.17 | NOT REGISTERED |
| | Chester | 232.21 | NOT REGISTERED |
| | Chester | 232.24 | NOT REGISTERED |
| | Chester | 232.26 | NOT REGISTERED |
| | Chester | 232.29 | NOT REGISTERED |
| | Chester | 232.31 | NOT REGISTERED |
| | Chester | 232.50 | NOT REGISTERED |
| | Chester | 232.52 | NOT REGISTERED |
| | Chester | 232.61 | NOT REGISTERED |
| | Chester | 232.63 | NOT REGISTERED |
| | Chester | 232.78 | NOT REGISTERED |
| | Chester | 744.01 | NOT REGISTERED |
| | Chester | 744.02 | NOT REGISTERED |
| | Chester | 744.03 | NOT REGISTERED |
| | Chester | 744.08 | NOT REGISTERED |
| | Chester | 744.09 | NOT REGISTERED |
| | Chester | 849.01 | NOT REGISTERED |
| | Chester | 849.02 | NOT REGISTERED |
| | Chester | 849.03 | NOT REGISTERED |
| | Chester | 851.01 | NOT REGISTERED |
| | Chester | 854.02 | NOT REGISTERED |
| | Chester | 854.03 | NOT REGISTERED |
| | Chester | 854.04 | NOT REGISTERED |
| | Chester | 854.05 | NOT REGISTERED |
| | Chester | 854.06 | NOT REGISTERED |
| | Chester | 854.07 | NOT REGISTERED |
| | Chester | 854.08 | NOT REGISTERED |
| | Chester | 854.09 | NOT REGISTERED |
| | Chester | 854.11 | NOT REGISTERED |
| | Chester | 854.12 | NOT REGISTERED |
| | Chester | 854.13 | NOT REGISTERED |
| | Chester | 854.15 | NOT REGISTERED |
| | Chester | 854.16 | NOT REGISTERED |
| | Chester | 854.17 | NOT REGISTERED |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 854.18 | NOT REGISTERED |
| | Chester | 854.19 | NOT REGISTERED |
| | Chester | 854.21 | NOT REGISTERED |
| | Chester | 854.22 | NOT REGISTERED |
| | Chester | 854.23 | NOT REGISTERED |
| | Chester | 854.24 | NOT REGISTERED |
| | Chester | 854.25 | NOT REGISTERED |
| | Chester | 872.01 | NOT REGISTERED |
| | Chester | 872.16 | NOT REGISTERED |
| | Chester | 872.17 | NOT REGISTERED |
| | Chester | 872.18 | NOT REGISTERED |
| | Chester | 872.21 | NOT REGISTERED |
| | Chester | 884.06 | NOT REGISTERED |
| | Chester | 884.08 | NOT REGISTERED |
| | Chester | 900.01 | NOT REGISTERED |
| | Chester | 900.03 | NOT REGISTERED |
| | Chester | 900.05 | NOT REGISTERED |
| | Chester | 900.08 | NOT REGISTERED |
| | Chester | 900.13 | NOT REGISTERED |
| | Chester | 900.16 | NOT REGISTERED |
| | Chester | 900.17 | NOT REGISTERED |
| | Chester | 900.18 | NOT REGISTERED |
| | Chester | 900.25 | NOT REGISTERED |
| | Chester | 900.26 | NOT REGISTERED |
| | Chester | 952.02 | NOT REGISTERED |
| | Chester | 952.03 | NOT REGISTERED |
| | Chester | 952.04 | NOT REGISTERED |
| | Chester | 952.04 | NOT REGISTERED |
| | Chester | 952.05 | NOT REGISTERED |
| | Chester | 952.07 | NOT REGISTERED |
| | Chester | 952.08 | NOT REGISTERED |
| | Chester | 952.09 | NOT REGISTERED |
| | Chester | 952.10 | NOT REGISTERED |
| | Chester | 952.11 | NOT REGISTERED |
| | Chester | 952.12 | NOT REGISTERED |
| | Chester | 952.13 | NOT REGISTERED |
| | Chester | 952.14 | NOT REGISTERED |
| | Chester | 952.15 | NOT REGISTERED |
| | Chester | 960.04 | NOT REGISTERED |
| | Chester | 983.01 | NOT REGISTERED |
| | Chester | 983.03 | NOT REGISTERED |
| | Chester | 1013.01 | NOT REGISTERED |
| | Chester | 1013.02 | NOT REGISTERED |
| | Chester | 1013.03 | NOT REGISTERED |
| | Chester | 1013.06 | NOT REGISTERED |
| | Chester | 1013.08 | NOT REGISTERED |
| | Chester | 1013.10 | NOT REGISTERED |
| | Chester | 1013.11 | NOT REGISTERED |
| | Chester | 1172.01 | NOT REGISTERED |
| | Chester | 1172.02 | NOT REGISTERED |
| | Chester | 232.35 | NOT REGISTERED—Litigated |
| | Chester | 232.41 | NOT REGISTERED—Litigated |
| | Chester | 851.03 | NOT REGISTERED—Litigated |
| | Chester | 884.03 | NOT REGISTERED—Litigated |
| **Chester Not Registered** | 124 | | |
| | Delaware | 233.06 | NOT REGISTERED |
| | Delaware | 233.08 | NOT REGISTERED |
| | Delaware | 233.09 | NOT REGISTERED |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Delaware | 233.14 | NOT REGISTERED |
| | Delaware | 233.22 | NOT REGISTERED |
| | Delaware | 233.28 | NOT REGISTERED |
| | Delaware | 233.29 | NOT REGISTERED |
| | Delaware | 233.31 | NOT REGISTERED |
| | Delaware | 233.34 | NOT REGISTERED |
| | Delaware | 233.35 | NOT REGISTERED |
| | Delaware | 233.36 | NOT REGISTERED |
| | Delaware | 233.37 | NOT REGISTERED |
| | Delaware | 233.39 | NOT REGISTERED |
| | Delaware | 233.44 | NOT REGISTERED |
| | Delaware | 233.45 | NOT REGISTERED |
| | Delaware | 233.46 | NOT REGISTERED |
| | Delaware | 233.48 | NOT REGISTERED |
| | Delaware | 233.49 | NOT REGISTERED |
| | Delaware | 233.52 | NOT REGISTERED |
| | Delaware | 233.54 | NOT REGISTERED |
| | Delaware | 233.55 | NOT REGISTERED |
| | Delaware | 233.56 | NOT REGISTERED |
| | Delaware | 233.74 | NOT REGISTERED |
| | Delaware | 291.23 | NOT REGISTERED |
| | Delaware | 291.24 | NOT REGISTERED |
| | Delaware | 602.01 | NOT REGISTERED |
| | Delaware | 605.02 | NOT REGISTERED |
| | Delaware | 605.03 | NOT REGISTERED |
| | Delaware | 616.02 | NOT REGISTERED |
| | Delaware | 616.04 | NOT REGISTERED |
| | Delaware | 616.05 | NOT REGISTERED |
| | Delaware | 616.06 | NOT REGISTERED |
| | Delaware | 622.02 | NOT REGISTERED |
| | Delaware | 628.01 | NOT REGISTERED |
| | Delaware | 628.02 | NOT REGISTERED |
| | Delaware | 655.01 | NOT REGISTERED |
| | Delaware | 655.04 | NOT REGISTERED |
| | Delaware | 655.05 | NOT REGISTERED |
| | Delaware | 655.06 | NOT REGISTERED |
| | Delaware | 655.07 | NOT REGISTERED |
| | Delaware | 685.01 | NOT REGISTERED |
| | Delaware | 685.03 | NOT REGISTERED |
| | Delaware | 685.04 | NOT REGISTERED |
| | Delaware | 685.05 | NOT REGISTERED |
| | Delaware | 742.03 | NOT REGISTERED |
| | Delaware | 758.02 | NOT REGISTERED |
| | Delaware | 758.04 | NOT REGISTERED |
| | Delaware | 824.01 | NOT REGISTERED |
| | Delaware | 824.02 | NOT REGISTERED |
| | Delaware | 824.03 | NOT REGISTERED |
| | Delaware | 824.04 | NOT REGISTERED |
| | Delaware | 824.05 | NOT REGISTERED |
| | Delaware | 824.06 | NOT REGISTERED |
| | Delaware | 824.06 | NOT REGISTERED |
| | Delaware | 824.07 | NOT REGISTERED |
| | Delaware | 824.08 | NOT REGISTERED |
| | Delaware | 824.09 | NOT REGISTERED |
| | Delaware | 824.11 | NOT REGISTERED |
| | Delaware | 824.12 | NOT REGISTERED |
| | Delaware | 824.13 | NOT REGISTERED |
| | Delaware | 824.14 | NOT REGISTERED |
| | Delaware | 824.15 | NOT REGISTERED |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Delaware | 824.16 | NOT REGISTERED |
| | Delaware | 824.18 | NOT REGISTERED |
| | Delaware | 824.19 | NOT REGISTERED |
| | Delaware | 824.20 | NOT REGISTERED |
| | Delaware | 824.21 | NOT REGISTERED |
| | Delaware | 824.22 | NOT REGISTERED |
| | Delaware | 824.23 | NOT REGISTERED |
| | Delaware | 824.24 | NOT REGISTERED |
| | Delaware | 824.25 | NOT REGISTERED |
| | Delaware | 824.26 | NOT REGISTERED |
| | Delaware | 824.27 | NOT REGISTERED |
| | Delaware | 824.28 | NOT REGISTERED |
| | Delaware | 826.01 | NOT REGISTERED |
| | Delaware | 826.02 | NOT REGISTERED |
| | Delaware | 826.03 | NOT REGISTERED |
| | Delaware | 826.04 | NOT REGISTERED |
| | Delaware | 826.05 | NOT REGISTERED |
| | Delaware | 826.06 | NOT REGISTERED |
| | Delaware | 826.07 | NOT REGISTERED |
| | Delaware | 826.08 | NOT REGISTERED |
| | Delaware | 826.09 | NOT REGISTERED |
| | Delaware | 826.10 | NOT REGISTERED |
| | Delaware | 843.01 | NOT REGISTERED |
| | Delaware | 843.02 | NOT REGISTERED |
| | Delaware | 843.03 | NOT REGISTERED |
| | Delaware | 843.04 | NOT REGISTERED |
| | Delaware | 843.05 | NOT REGISTERED |
| | Delaware | 843.06 | NOT REGISTERED |
| | Delaware | 843.07 | NOT REGISTERED |
| | Delaware | 843.08 | NOT REGISTERED |
| | Delaware | 843.09 | NOT REGISTERED |
| | Delaware | 844.02 | NOT REGISTERED |
| | Delaware | 844.03 | NOT REGISTERED |
| | Delaware | 868.02 | NOT REGISTERED |
| | Delaware | 878.00 | NOT REGISTERED |
| | Delaware | 878.01 | NOT REGISTERED |
| | Delaware | 878.02 | NOT REGISTERED |
| | Delaware | 878.04 | NOT REGISTERED |
| | Delaware | 882.01 | NOT REGISTERED |
| | Delaware | 891.01 | NOT REGISTERED |
| | Delaware | 891.02 | NOT REGISTERED |
| | Delaware | 891.03 | NOT REGISTERED |
| | Delaware | 891.04 | NOT REGISTERED |
| | Delaware | 891.05 | NOT REGISTERED |
| | Delaware | 891.06 | NOT REGISTERED |
| | Delaware | 891.07 | NOT REGISTERED |
| | Delaware | 891.08 | NOT REGISTERED |
| | Delaware | 891.09 | NOT REGISTERED |
| | Delaware | 891.10 | NOT REGISTERED |
| | Delaware | 891.11 | NOT REGISTERED |
| | Delaware | 891.12 | NOT REGISTERED |
| | Delaware | 891.13 | NOT REGISTERED |
| | Delaware | 891.14 | NOT REGISTERED |
| | Delaware | 891.15 | NOT REGISTERED |
| | Delaware | 891.16 | NOT REGISTERED |
| | Delaware | 891.17 | NOT REGISTERED |
| | Delaware | 891.18 | NOT REGISTERED |
| | Delaware | 891.19 | NOT REGISTERED |
| | Delaware | 891.20 | NOT REGISTERED |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|--------|--------|-----------|----------|
| | Delaware | 891.21 | NOT REGISTERED |
| | Delaware | 891.22 | NOT REGISTERED |
| | Delaware | 891.25 | NOT REGISTERED |
| | Delaware | 891.26 | NOT REGISTERED |
| | Delaware | 891.27 | NOT REGISTERED |
| | Delaware | 920.19 | NOT REGISTERED |
| | Delaware | 950.01 | NOT REGISTERED |
| | Delaware | 950.02 | NOT REGISTERED |
| | Delaware | 950.03 | NOT REGISTERED |
| | Delaware | 950.04 | NOT REGISTERED |
| | Delaware | 950.05 | NOT REGISTERED |
| | Delaware | 950.06 | NOT REGISTERED |
| | Delaware | 950.07 | NOT REGISTERED |
| | Delaware | 950.08 | NOT REGISTERED |
| | Delaware | 950.09 | NOT REGISTERED |
| | Delaware | 950.10 | NOT REGISTERED |
| | Delaware | 950.11 | NOT REGISTERED |
| | Delaware | 950.12 | NOT REGISTERED |
| | Delaware | 950.13 | NOT REGISTERED |
| | Delaware | 950.14 | NOT REGISTERED |
| | Delaware | 950.15 | NOT REGISTERED |
| | Delaware | 950.16 | NOT REGISTERED |
| | Delaware | 950.17 | NOT REGISTERED |
| | Delaware | 950.18 | NOT REGISTERED |
| | Delaware | 950.20 | NOT REGISTERED |
| | Delaware | 950.21 | NOT REGISTERED |
| | Delaware | 950.22 | NOT REGISTERED |
| | Delaware | 950.23 | NOT REGISTERED |
| | Delaware | 950.24 | NOT REGISTERED |
| | Delaware | 950.25 | NOT REGISTERED |
| | Delaware | 950.26 | NOT REGISTERED |
| | Delaware | 950.27 | NOT REGISTERED |
| | Delaware | 954.01 | NOT REGISTERED |
| | Delaware | 954.02 | NOT REGISTERED |
| | Delaware | 954.03 | NOT REGISTERED |
| | Delaware | 954.04 | NOT REGISTERED |
| | Delaware | 954.05 | NOT REGISTERED |
| | Delaware | 954.06 | NOT REGISTERED |
| | Delaware | 954.07 | NOT REGISTERED |
| | Delaware | 954.08 | NOT REGISTERED |
| | Delaware | 954.09 | NOT REGISTERED |
| | Delaware | 954.10 | NOT REGISTERED |
| | Delaware | 954.11 | NOT REGISTERED |
| | Delaware | 954.12 | NOT REGISTERED |
| | Delaware | 954.13 | NOT REGISTERED |
| | Delaware | 954.14 | NOT REGISTERED |
| | Delaware | 954.15 | NOT REGISTERED |
| | Delaware | 954.16 | NOT REGISTERED |
| | Delaware | 954.17 | NOT REGISTERED |
| | Delaware | 954.18 | NOT REGISTERED |
| | Delaware | 954.19 | NOT REGISTERED |
| | Delaware | 954.20 | NOT REGISTERED |
| | Delaware | 974.02 | NOT REGISTERED |
| | Delaware | 974.06 | NOT REGISTERED |
| | Delaware | 974.08 | NOT REGISTERED |
| | Delaware | 974.15 | NOT REGISTERED |
| | Delaware | 974.21 | NOT REGISTERED |
| | Delaware | 974.23 | NOT REGISTERED |
| | Delaware | 974.26 | NOT REGISTERED |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Delaware | 974.28 | NOT REGISTERED |
| | Delaware | 975.04 | NOT REGISTERED |
| | Delaware | 975.05 | NOT REGISTERED |
| | Delaware | 975.06 | NOT REGISTERED |
| | Delaware | 998.01 | NOT REGISTERED |
| | Delaware | 998.02 | NOT REGISTERED |
| | Delaware | 1060.01 | NOT REGISTERED |
| | Delaware | 1060.02 | NOT REGISTERED |
| | Delaware | 1060.03 | NOT REGISTERED |
| | Delaware | 1060.04 | NOT REGISTERED |
| | Delaware | 1060.05 | NOT REGISTERED |
| | Delaware | 1060.07 | NOT REGISTERED |
| | Delaware | 1060.08 | NOT REGISTERED |
| | Delaware | 1060.09 | NOT REGISTERED |
| | Delaware | 1060.10 | NOT REGISTERED |
| | Delaware | 1060.11 | NOT REGISTERED |
| | Delaware | 1060.12 | NOT REGISTERED |
| | Delaware | 1060.13 | NOT REGISTERED |
| | Delaware | 1060.14 | NOT REGISTERED |
| | Delaware | 1060.15 | NOT REGISTERED |
| | Delaware | 1060.16 | NOT REGISTERED |
| | Delaware | 1060.17 | NOT REGISTERED |
| | Delaware | 1113.03 | NOT REGISTERED |
| | Delaware | 1130.02 | NOT REGISTERED |
| | Delaware | 1144.06 | NOT REGISTERED |
| **Delaware Not Registered** | 205 | | |
| **TOTAL NOT REGISTERED** | | | 329 |
| | Chester | 144.22 | LINE INFORMATION INVALID |
| | Chester | 144.23 | LINE INFORMATION INVALID |
| | Chester | 146.55 | LINE INFORMATION INVALID |
| | Chester | 232.32 | LINE INFORMATION INVALID |
| | Chester | 232.73 | LINE INFORMATION INVALID |
| | Chester | 744.05 | LINE INFORMATION INVALID |
| | Chester | 877.02 | LINE INFORMATION INVALID—Litigated |
| | Chester | 877.04 | LINE INFORMATION INVALID—Litigated |
| | Chester | 877.13 | LINE INFORMATION INVALID—Litigated |
| | Chester | 877.14 | LINE INFORMATION INVALID—Litigated |
| | Chester | 877.16 | LINE INFORMATION INVALID—Litigated |
| | Chester | 877.17 | LINE INFORMATION INVALID—Litigated |
| | Chester | 877.18 | LINE INFORMATION INVALID—Litigated |
| **Chester Line Information** | 13 | | |
| **TOTAL LINE INFORMATION** | | | 13 |
| | Delaware | 233.33 | INITIALS |
| | Delaware | 233.19 | INITIALS—Litigated |
| **Delaware Initials** | 2 | | |
| | Chester | 146.42 | INITIALS—Litigated |
| | Chester | 147.32 | INITIALS—Litigated |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Chester | 147.35 | INITIALS—Litigated |
| | Chester | 147.36 | INITIALS—Litigated |
| | Chester | 148.31 | INITIALS—Litigated |
| | Chester | 232.14 | INITIALS—Litigated |
| | Chester | 232.46 | INITIALS—Litigated |
| | Chester | 232.48 | INITIALS—Litigated |
| | Chester | 232.71 | INITIALS—Litigated |
| | Chester | 884.07 | INITIALS—Litigated |
| | Chester | 960.03 | INITIALS—Litigated |
| | Chester | 960.05 | INITIALS—Litigated |
| Chester Initials | 12 | | |
| TOTAL INITIALS | | | 14 |
| | Chester | 144.09 | DIFFERENT ADDRESS—Litigated |
| | Chester | 145.02 | DIFFERENT ADDRESS—Litigated |
| | Chester | 145.05 | DIFFERENT ADDRESS—Litigated |
| | Chester | 145.41 | DIFFERENT ADDRESS—Litigated |
| | Chester | 145.42 | DIFFERENT ADDRESS—Litigated |
| | Chester | 145.46 | DIFFERENT ADDRESS—Litigated |
| | Chester | 145.55 | DIFFERENT ADDRESS—Litigated |
| | Chester | 45.58 | DIFFERENT ADDRESS—Litigated |
| | Chester | 146.01 | DIFFERENT ADDRESS—Litigated |
| | Chester | 146.10 | DIFFERENT ADDRESS—Litigated |
| | Chester | 146.28 | DIFFERENT ADDRESS—Litigated |
| | Chester | 146.67 | DIFFERENT ADDRESS—Litigated |
| | Chester | 147.03 | DIFFERENT ADDRESS—Litigated |
| | Chester | 148.02 | DIFFERENT ADDRESS—Litigated |
| | Chester | 232.25 | DIFFERENT ADDRESS—Litigated |
| | Chester | 232.28 | DIFFERENT ADDRESS—Litigated |
| | Chester | 232.39 | DIFFERENT ADDRESS—Litigated |
| | Chester | 232.66 | DIFFERENT ADDRESS—Litigated |
| | Chester | 232.70 | DIFFERENT ADDRESS—Litigated |
| | Chester | 608.01 | DIFFERENT ADDRESS—Litigated |
| | Chester | 847.02 | DIFFERENT ADDRESS—Litigated |
| | Chester | 875.01 | DIFFERENT ADDRESS—Litigated |
| Chester Count | 22 | | |
| TOTAL DIFFERENT ADDRESS | | | 22 |
| | Chester | 818.01 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Chester | 847.01 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Chester | 851.02 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Chester | 851.04 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| Chester Affidavit | 4 | | |
| | Delaware | 1119.01 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Delaware | 1119.02 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Delaware | 1119.03 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Delaware | 1119.04 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Delaware | 1119.05 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| | Delaware | 1154.01 | COUNTY LINE WRONG ON IAFFIDAVIT—Litigated |

| TOTALS | COUNTY | PAGE. LINE | FINDINGS |
|---|---|---|---|
| | Delaware | 1154.02 | COUNTY LINE WRONG ON AFFIDAVIT—Litigated |
| Delaware Affidavit | 7 | | |
| TOTAL AFFIDAVIT | | | 11 |
| | Delaware | 616.01 | AFFIDAVIT MISSING NOTARY STAMP—Litigated |
| | Delaware | 616.03 | AFFIDAVIT MISSING NOTARY STAMP—Litigated |
| | Delaware | 1133.01 | AFFIDAVIT MISSING NOTARY STAMP—Litigated |
| Delaware Notary Stamp | 3 | | |
| TOTAL NOTARY STAMP | | | 3 |

### TOTALS OF ALL SIGNATURES

| | |
|---|---|
| Signatures Collected Delaware | 388 |
| Signatures Collected Chester | 565 |
| TOTAL SIGNATURES COLLECTED | 953 |
| TOTAL LITIGATED | 723 |
| TOTAL STRUCK | 522 |
| TOTAL VALID | 431 |

## CORRECTED FINDINGS AND CONCLUSIONS

### RE: CHALLENGES TO DELAWARE AND CHESTER COUNTY NOMINATION PETITIONS

FLAHERTY, Senior Judge.

AND NOW, this 13th day of October, 2004, the Findings and Conclusions filed on October 8th, 2004 in this matter are hereby WITHDRAWN and REPLACED by these corrected Findings and Conclusions.

After a hearing before the undersigned (Trial Court) on the validity of signatures on the nominating papers circulated in Delaware and Chester counties in Pennsylvania to place the names of Ralph Nader and Peter Miguel Camejo (collectively, Candidate) on the November 4, 2004 ballot as independent candidates for the offices of President of the United States and Vice President of the United States, respectively, Trial Court finds as follows:

Candidate filed nominating papers with the Secretary of the Commonwealth that included signatures of electors from, inter alia, Chester and Delaware counties. Objectors Serody, Sweets, Bergman, Tinclisti, Cohen–Scott, Brown and O'Connell (collectively, Objectors) filed timely objections to the nominating papers, which Trial Court has managed by assigning the two counties of Chester and Delaware to this Trial Court for a hearing on the matter of the validity of the signatures challenged by Objectors.

Candidate filed 388 signatures from Delaware County and 565 signatures from Chester County for a total of 953 signature lines submitted to this Trial Court for adjudication of the 723 line-by-line objections and numerous other affidavit objections.

Ms. Mary Jo Headley testified as to the registration records for the County of Delaware as custodian of the voter registration records in her capacity as the Director of Voter Registration Commission in Delaware County. Her testimony was found to be credible. Ms. Linda Cummings testified as to the registration records for the

County of Chester as the custodian of the voter records in her capacity as Director of Voter Registration in Chester County. Her testimony was found to be credible. Both Objector and Candidate had their respective counsel present.

Court was convened, matters were discussed on the record, and then the hearing was recessed to give Objector and Candidate an opportunity to meet with the election officials and reach stipulations. Counsel and Court examined the original nomination papers, which were present and available in the courtroom. Trial Court noticed red marks made on the original nomination papers and Trial Court noted that Trial Court had made NO marks on the original nominating papers and no admissible evidence was offered as to where those marks originated.

Court was reconvened and a hearing held on the record. Other opinions in Trial Court and the Supreme Court have held that the parties (both sides) as represented in other courtrooms have been uncooperative with the court and have presented stall tactics. It is essential to assure all involved that the attorneys and public officials who presented themselves in these proceedings for Delaware and Chester counties were a most professional, cooperative group in coming to stipulations and in attempting to resolve the legal matters presented so as NOT to tax the resources of Trial Court or the citizens of the Commonwealth. They are hereby commended and appreciated.

Based upon the stipulations of the parties and the evidence presented, Trial Court made the following findings of fact, based upon the law as stated, as demonstrated in detail in the attached appendices (Summary Appendix, Appendix A and Appendix B).

Therefore, 430 lines were struck from the nomination papers, leaving 523 valid signatures collected from Delaware and Chester counties. The numbers are more accurately broken down, by county (at the request of the candidate), in the attached appendices.

## CONCLUSIONS OF LAW RELIED UPON

This particular hearing was held on September 30, 2004, giving Trial Court the benefit of following the majority of Pennsylvania's Supreme Court's September 29, 2004 opinion in the instant case at *In re Nomination Papers of Nader*, —— Pa. ——, 858 A.2d 1167, 2004 WL 2185351, 2004 Pa. LEXIS 2241 (Newman, Justice at 154 MAP 2004, J–176–2004, filed September 29, 2004) filed in the case *sub judice*. Based on that majority opinion, we must consider the longstanding and overriding policy in our Commonwealth to protect the elective franchise. *See Weiskerger Appeal*, 447 Pa. 418, 419–421, 290 A.2d 108, 109 (1972). In promoting that policy, Trial Court has made clear that the Election Code must be liberally construed in order to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice. *In re Nomination Petition of Flaherty*, 564 Pa. 671, 679, 770 A.2d 327, 331 (Pa.2001). Furthermore, nomination petitions are presumed to be valid and an objector has the burden of proving that a nomination petition is invalid. See *In re Nomination Petition of Driscoll*, 577 Pa. 501, 508, 847 A.2d 44, 49 (2004), *see also* Section 977 of the Election Code, 25 P.S. § 2937.

Because the Supreme Court continues to direct Trial Court to construe the Pennsylvania Election Code liberally in order to protect a candidate's right to run for office and the voters' rights to elect the candidate of their choice, a party alleging defects in a nominating petition has the burden of proving those defects. Where a

court is not convinced that the challenged signatures (or in this case, other information) are other than genuine, the challenge is to be resolved in favor of the candidate. *In re Petition to Set Aside Nomination of Fitzpatrick,* 822 A.2d 867 (Pa.Cmwlth. 2003). In this case, there were no handwriting experts proffered from either side.

## LINE CHALLENGES

Trial Court followed the direction of the Supreme Court in *Nader (9/29/2004)* to adhere to the stringent signature requirement outlined in *In re Nomination Petition of Silcox,* 543 Pa. 647, 674 A.2d 224 (1996) (where an elector who signs a nomination petition must personally write his occupation, place of residence and date on the petition). Additionally, the stringent signature requirements of *Flaherty* will be upheld (printing is not permitted where a signature is required, names and addresses must match the voters' registration cards, circulators must be present when the elector signs the petition). Collectively, the Supreme Court has now adopted a 'stringent signature requirement' as outlined in *Nader (9/29/2004)*, which Trial Court followed.

Where the Supreme Court did not opine directly on the invalidity of the signatures stricken by the Secretary of the Commonwealth, the Supreme Court did take notice that the Election Code requires the Secretary of the Commonwealth to strike those signatures that are "material errors or defects apparent on their face, or on the face of the appended or accompanying affidavits...."[1] In the instant case, the parties stipulated that the signatures struck by the Secretary of the Commonwealth are invalid based on the defect appearing on the face of the nomination paper and Trial Court acknowledged the defects and struck the signatures.

After a hearing on the evidence, Trial Court acknowledges that the Candidate's position is that electors who may be qualified electors from one county and signed on a nomination paper for a county other than their county of residence should be considered valid signators.[2] Trial Court disagrees. Section 951(d) of the Election Code, 25 P.S. 2911(d) clearly states that, "Nomination papers may be on one or more sheets and different sheets must be used for signers resident in different counties [emphasis added]." Therefore, signatures were stricken where the electors resided in a county outside of Delaware County for the Delaware petitions and Chester County for the Chester petitions.

Where the only objection to the line was that ditto marks were used to indicate that the elector intended the same address, municipality or date, contrary to some previously published single-judge opinions of this court, today Trial Court struck all signatures using ditto marks for omitted line information.[3]

Objectors attempted to indicate that some signatures were "forgeries." The word "forgery" is a term of art in the

---

1. Section 976 of the Election Code, 25 P.S. § 2936(a).

2. Candidate made a global objection on the record as to the veracity of out-of-county electors being valid signatures. That objection is noted and is overruled in accordance with the Election Code provisions as designated herein, *supra.*

3. In the past, the Supreme Court has upheld, *per curiam,* failure to strike signatures where ditto marks were used for the signer's address. *See September 29, 2004 slip opinion of Pa. Supreme Court, supra; Flaherty, Silcox,* and *Thompson. Contra, In re Nomination Petition of Delle Donne,* 779 A.2d 1 (Pa.Cmwlth.2001)(*single judge opinion affirmed per curiam* 565 Pa. 561, 777 A.2d 412 (2001); *contra also, In re Nomination Petition of Brown,* 846 A.2d 783 (Pa.Cmwlth.2004).

criminal code of Pennsylvania and is beyond the scope of Trial Court's inquiry. Trial Court was willing to accept that a signature or a line may have been penned by a person other than the registered elector and that line was stricken as a 'signature signed by another' person other than the elector. No consideration of the concept of "forgery" was considered. Except for provisions for elderly or disabled persons unable to write, as outlined in *Petition to Set Aside Nomination of Fitzpatrick,* 822 A.2d 867 (Pa.Cmwlth.2003), *appeal denied,* 573 Pa. 700, 825 A.2d 1262 (2003), entries made in whole or in part by someone other than the registered voter must be stricken. *Petition of Thompson,* 102 Pa.Cmwlth. 110, 516 A.2d 1278 (1984).

Signatures may have been stricken as 'line signed by another', indicating that some piece of the line information (including printed name) was signed by a person other than the registered elector which is not permitted as a valid signature under the Supreme Court's 'stringent signature requirement'. *Nader (9/28/2004); Thompson.*

Signatures may have been stricken for having 'incomplete or omitted line information' under the Supreme Court's 'stringent signature requirement'. *Nader (9/29/2004).* These lines had obvious defects on their face of missing information required to be entered by the elector under Section 908 of the Election Code, 25 P.S. § 2868.

Signatures were stricken for having initials or nicknames instead of the signature as presented by the elector's voter registration card. *Flaherty.* Signatures using nicknames or initials that differ from voter registration cards are not valid. It is a curable defect and requires direct evidence that the signer intended the initial to be a substitute for the first name in the signature, but where the only evidence is the

voter registration card with a full name, the signature with initial is invalid. *In re Petition for Agenda Initiative,* 821 A.2d 203 (Pa.Cmwlth.2003). Because the Candidate offered no rehabilitation or cure for the defects, the signatures were stricken.

Signatures were stricken for having illegible signatures or illegible line information in contravention of Section 908 of the Election Code, 25 P.S. § 2868. *See also, Elliot Nomination Petition,* 26 Pa. Cmwlth. 20, 362 A.2d 438 (1976), *aff'd,* 466 Pa. 463, 353 A.2d 446 (1976).

## CIRCULATOR AFFIDAVIT CHALLENGES

In addition, there were numerous challenges to the affidavits required to be notarized and attached to each nomination paper. The court reviewed the challenges presented and overruled the objection to a number of challenges where the information on the affidavit had been crossed-out and re-written and where there was no extrinsic evidence presented to indicate where, when or how the strike-out and re-writing took place. Without evidence (proof) that the affiant did not make the notation, the objector failed to meet its burden of proof and the affidavit was upheld.

To the contrary, where the affidavit was defective on its face (as in the case of the incorrect county being entered in affidavit portion of the nomination paper), the need for extrinsic evidence was not necessary for the objector to carry its burden of proving that the circulator affidavit was invalid. This instance occurred in three factual situations.

First, the circulator affidavit was found to be invalid where the information on the affidavit required to be written by the circulator was the county of the electors and the affiant wrote the county of his own residence instead. This is contrary to Sec-

tion 951 of the Election Code at 25 P.S. § 2911(d)(5), which requires the county of the electors to be indicated on this line in the affidavit.[4] Since this is a material defect on the face, the circulator's affidavit was invalidated and any remaining valid signature lines which Objector had put on notice of a line-by-line challenge on that nomination paper were stricken.

Second, where the notaries failed to use their respective stamp to notarize the affidavit, Trial Court found that the notarization was unable to be authenticated under 57 P.S. § 158, Section 6 of the Notary Public Law of 1953, *as amended*,[5] which requires notaries to use a one-inch by three-and-one-half-inch rubber stamp indicating their name and commission information in order to authenticate instruments.[6] Therefore, on the pages where the notary failed to use the notarial stamp, the circulator's affidavit was deemed invalid for failure to be properly notarized and any additional valid signature lines which Objector had put on notice of a line-by-line challenge on that nomination paper was struck as invalid.

Therefore, with the inclusion of the attached appendices, these Findings of Facts and Conclusions of Law are hereby respectfully submitted.

4. " .... Each sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth ... (5) that they all reside in the county named in the affidavit; .... " 25 P.S. § 2911(d)(5).

5. The Notary Public Law of 1953 is the Act of August 21, 1953, P.L. 1323, *as amended*, Dec. 9, 2002, P.L. 1269, No. 151 § 6, *effective* July 1, 2003. Only in the case of electronic instruments is there any exception to using a rubber stamp to notarize a document.

6. 25 P.S. § 158. (*regarding the Notarial Seal*) provides:
 (a) A notary public shall provide and keep an official seal which shall be used to authenticate all the acts, instruments and attestations of the notary. The seal shall be a rubber stamp and shall show clearly in the following order: the words "Notarial Seal"; the name and surname of the notary and the words "Notary Public"; the name of the municipality and county in which the notary maintains an office; and the date the notary's commission expires.
 (b) The seal shall have a maximum height of one (1) inch and width of three and one-half (3 ½) inches, with a plain border. It shall be stamped in a prominent place on the official notarial certificate near the notary's signature in such a manner as to be capable of photographic reproduction.

| ADJUDICATION | CHESTER | DELAWARE | TOTAL |
|---|---|---|---|
| VALID SIGNATURES | 206 | 87 | 293 |
| STRIKE DEFECTIVE AFFIDAVIT | 4 | 10 | 14 |
| STRIKE DIFFERENT ADDRESS | 23 | 0 | 23 |
| STRIKE INTIALS | 12 | 0 | 12 |
| STRIKE LINE INFORMATION INVLAID | 13 | 5 | 18 |
| STRIKE NOT REGISTERED | 121 | 200 | 321 |
| STRIKE OUT OF COUNTY ADDRESS (not registered) | 37 | 0 | 37 |
| STRIKE PRINTING | 3 | 0 | 3 |
| STRIKE LATE REGISTRATION | 1 | 0 | 1 |
| STRIKE USED NICKNAME | | 1 | 1 |
| TOTAL LINES STRICKEN | 214 | 216 | 430 |
| TOTAL SIGNATURES SUBMITTED | 565 | 388 | 953 |
| LESS TOTAL LINES STRICKEN FROM ABOVE | -214 | -216 | -430 |
| TOTAL VALID SIGNATURES SUBMITTED | 351 | 172 | 523 |

SUMMARY APPENDIX

Page 1

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| **BEGIN CHESTER COUNTY** | | | | |
| Chester | 818.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Chester | 847.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Chester | 851.02 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Chester | 851.04 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| **Chester Strike Defective Affidavit County Line** | | | 4 | |
| Chester | 144.09 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.02 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.05 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.41 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.42 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.46 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.55 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.58 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.01 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.10 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.28 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.67 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 147.03 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 148.02 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.21 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.25 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.28 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.39 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.66 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.70 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 608.01 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 847.02 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 875.01 | STRIKE | DIFFERENT ADDRESS | Litigated |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester Strike Different Address | | | 23 | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 146.42 | STRIKE | INITIALS | Litigated |
| Chester | 147.32 | STRIKE | INITIALS | Litigated |
| Chester | 147.35 | STRIKE | INITIALS | Litigated |
| Chester | 147.36 | STRIKE | INITIALS | Litigated |
| Chester | 148.31 | STRIKE | INITIALS | Litigated |
| Chester | 232.46 | STRIKE | INITIALS | Litigated |
| Chester | 232.48 | STRIKE | INITIALS | Litigated |
| Chester | 232.47 | STRIKE | INITIALS | Litigated |
| Chester | 232.71 | STRIKE | INITIALS | |
| Chester | 884.07 | STRIKE | INITIALS | Litigated |
| Chester | 960.03 | STRIKE | INITIALS | Litigated |
| Chester | 960.05 | STRIKE | INITIALS | Litigated |
| **Chester Strike Initials** | | | 12 | |
| Chester | 144.22 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 144.23 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 146.55 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 232.32 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 232.73 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 744.05 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 877.02 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.04 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.13 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.14 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.16 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.17 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.18 | STRIKE | LINE INFORMATION INVALID | Litigated |
| **Chester Strike Invalid Line Information** | | | 13 | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 144.04 | STRIKE | NOT REGISTERED | |
| Chester | 144.25 | STRIKE | NOT REGISTERED | |
| Chester | 144.27 | STRIKE | NOT REGISTERED | |
| Chester | 144.28 | STRIKE | NOT REGISTERED | |
| Chester | 144.29 | STRIKE | NOT REGISTERED | |
| Chester | 144.32 | STRIKE | NOT REGISTERED | |
| Chester | 144.34 | STRIKE | NOT REGISTERED | |
| Chester | 144.35 | STRIKE | NOT REGISTERED | |
| Chester | 145.04 | STRIKE | NOT REGISTERED | |
| Chester | 145.19 | STRIKE | NOT REGISTERED | |
| Chester | 145.24 | STRIKE | NOT REGISTERED | |
| Chester | 145.34 | STRIKE | NOT REGISTERED | |
| Chester | 145.48 | STRIKE | NOT REGISTERED | |
| Chester | 145.49 | STRIKE | NOT REGISTERED | |
| Chester | 145.51 | STRIKE | NOT REGISTERED | |
| Chester | 146.12 | STRIKE | NOT REGISTERED | |
| Chester | 146.31 | STRIKE | NOT REGISTERED | |
| Chester | 146.41 | STRIKE | NOT REGISTERED | |
| Chester | 146.51 | STRIKE | NOT REGISTERED | |
| Chester | 146.56 | STRIKE | NOT REGISTERED | |
| Chester | 146.59 | STRIKE | NOT REGISTERED | |
| Chester | 147.11 | STRIKE | NOT REGISTERED | |
| Chester | 147.18 | STRIKE | NOT REGISTERED | |
| Chester | 148.08 | STRIKE | NOT REGISTERED | |
| Chester | 148.09 | STRIKE | NOT REGISTERED | |
| Chester | 148.16 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 148.23 | STRIKE | NOT REGISTERED | |
| Chester | 148.25 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 148.36 | STRIKE | NOT REGISTERED | |
| Chester | 148.39 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 232.01 | STRIKE | NOT REGISTERED | |
| Chester | 232.04 | STRIKE | NOT REGISTERED | |
| Chester | 232.05 | STRIKE | NOT REGISTERED | |
| Chester | 232.08 | STRIKE | NOT REGISTERED | |
| Chester | 232.102 | STRIKE | NOT REGISTERED | |
| Chester | 232.16 | STRIKE | NOT REGISTERED | |
| Chester | 232.17 | STRIKE | NOT REGISTERED | |
| Chester | 232.24 | STRIKE | NOT REGISTERED | |
| Chester | 232.26 | STRIKE | NOT REGISTERED | |
| Chester | 232.29 | STRIKE | NOT REGISTERED | |
| Chester | 232.31 | STRIKE | NOT REGISTERED | |
| Chester | 232.41 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 232.50 | STRIKE | NOT REGISTERED | |
| Chester | 232.52 | STRIKE | NOT REGISTERED | |
| Chester | 232.61 | STRIKE | NOT REGISTERED | |
| Chester | 232.63 | STRIKE | NOT REGISTERED | |
| Chester | 232.78 | STRIKE | NOT REGISTERED | |
| Chester | 744.01 | STRIKE | NOT REGISTERED | |
| Chester | 744.02 | STRIKE | NOT REGISTERED | |
| Chester | 744.03 | STRIKE | NOT REGISTERED | |
| Chester | 744.08 | STRIKE | NOT REGISTERED | |
| Chester | 744.09 | STRIKE | NOT REGISTERED | |
| Chester | 849.01 | STRIKE | NOT REGISTERED | |
| Chester | 849.02 | STRIKE | NOT REGISTERED | |
| Chester | 849.03 | STRIKE | NOT REGISTERED | |
| Chester | 851.01 | STRIKE | NOT REGISTERED | |
| Chester | 851.03 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 854.02 | STRIKE | NOT REGISTERED | |
| Chester | 854.03 | STRIKE | NOT REGISTERED | |
| Chester | 854.04 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 854.05 | STRIKE | NOT REGISTERED | |
| Chester | 854.06 | STRIKE | NOT REGISTERED | |
| Chester | 854.07 | STRIKE | NOT REGISTERED | |
| Chester | 854.08 | STRIKE | NOT REGISTERED | |
| Chester | 854.09 | STRIKE | NOT REGISTERED | |
| Chester | 854.11 | STRIKE | NOT REGISTERED | |
| Chester | 854.12 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 854.13 | STRIKE | NOT REGISTERED | |
| Chester | 854.15 | STRIKE | NOT REGISTERED | |
| Chester | 854.16 | STRIKE | NOT REGISTERED | |
| Chester | 854.17 | STRIKE | NOT REGISTERED | |
| Chester | 854.18 | STRIKE | NOT REGISTERED | |
| Chester | 854.19 | STRIKE | NOT REGISTERED | |
| Chester | 854.21 | STRIKE | NOT REGISTERED | |
| Chester | 854.22 | STRIKE | NOT REGISTERED | |
| Chester | 854.23 | STRIKE | NOT REGISTERED | |
| Chester | 854.24 | STRIKE | NOT REGISTERED | |
| Chester | 854.25 | STRIKE | NOT REGISTERED | |
| Chester | 872.01 | STRIKE | NOT REGISTERED | |
| Chester | 872.16 | STRIKE | NOT REGISTERED | |
| Chester | 872.17 | STRIKE | NOT REGISTERED | |
| Chester | 872.18 | STRIKE | NOT REGISTERED | |
| Chester | 872.21 | STRIKE | NOT REGISTERED | |
| Chester | 884.06 | STRIKE | NOT REGISTERED | |
| Chester | 884.08 | STRIKE | NOT REGISTERED | |
| Chester | 900.01 | STRIKE | NOT REGISTERED | |
| Chester | 900.03 | STRIKE | NOT REGISTERED | |
| Chester | 900.05 | STRIKE | NOT REGISTERED | |
| Chester | 900.08 | STRIKE | NOT REGISTERED | |
| Chester | 900.13 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 900.16 | STRIKE | NOT REGISTERED | |
| Chester | 900.17 | STRIKE | NOT REGISTERED | |
| Chester | 900.18 | STRIKE | NOT REGISTERED | |
| Chester | 900.25 | STRIKE | NOT REGISTERED | |
| Chester | 900.26 | STRIKE | NOT REGISTERED | |
| Chester | 952.02 | STRIKE | NOT REGISTERED | |
| Chester | 952.03 | STRIKE | NOT REGISTERED | |
| Chester | 952.04 | STRIKE | NOT REGISTERED | |
| Chester | 952.04 | STRIKE | NOT REGISTERED | |
| Chester | 952.05 | STRIKE | NOT REGISTERED | |
| Chester | 952.07 | STRIKE | NOT REGISTERED | |
| Chester | 952.08 | STRIKE | NOT REGISTERED | |
| Chester | 952.09 | STRIKE | NOT REGISTERED | |
| Chester | 952.10 | STRIKE | NOT REGISTERED | |
| Chester | 952.11 | STRIKE | NOT REGISTERED | |
| Chester | 952.12 | STRIKE | NOT REGISTERED | |
| Chester | 952.13 | STRIKE | NOT REGISTERED | |
| Chester | 952.14 | STRIKE | NOT REGISTERED | |
| Chester | 952.15 | STRIKE | NOT REGISTERED | |
| Chester | 960.04 | STRIKE | NOT REGISTERED | |
| Chester | 983.01 | STRIKE | NOT REGISTERED | |
| Chester | 983.03 | STRIKE | NOT REGISTERED | |
| Chester | 1013.01 | STRIKE | NOT REGISTERED | |
| Chester | 1013.02 | STRIKE | NOT REGISTERED | |
| Chester | 1013.03 | STRIKE | NOT REGISTERED | |
| Chester | 1013.06 | STRIKE | NOT REGISTERED | |
| Chester | 1013.08 | STRIKE | NOT REGISTERED | |
| Chester | 1013.10 | STRIKE | NOT REGISTERED | |
| Chester | 1013.11 | STRIKE | NOT REGISTERED | |
| Chester | 1172.01 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Chester | 1172.02 | STRIKE | NOT REGISTERED | |
| | | | 121 | |

Chester Strike Not Registered

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 144.07 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 144.08 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 144.20 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 144.36 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 145.11 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 145.21 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 145.27 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 232.35 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 854.01 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 854.10 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 854.20 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 854.26 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 872.12 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 872.26 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 884.03 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.02 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.04 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.07 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.09 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.10 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.11 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.12 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.14 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.15 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.19 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.20 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.21 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.22 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.23 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.24 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 952.01 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 983.02 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.04 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.05 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.07 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.09 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1162.01 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| **Chester Strike Out of County Not Registered** | | | 37 | |
| Chester | 232.62 | STRIKE | PRINTING | |
| Chester | 232.99 | STRIKE | PRINTING | |
| Chester | 147.10 | STRIKE | PRINTING | Litigated |
| **Chester Strike Printing** | | | 3 | |
| Chester | 144.06 | STRIKE | REGISTERED LATE | Litigated |
| **Chester Strike Registered Late** | | | 1 | |
| **Chester Total Stricken** | | 214 | | |
| Chester | 144.02 | VALID | VALID | |
| Chester | 144.03 | VALID | VALID | |
| Chester | 144.05 | VALID | VALID | |
| Chester | 144.10 | VALID | VALID | |
| Chester | 144.13 | VALID | VALID | |
| Chester | 144.14 | VALID | VALID | |
| Chester | 144.15 | VALID | VALID | |
| Chester | 144.16 | VALID | VALID | |
| Chester | 144.17 | VALID | VALID | |
| Chester | 144.21 | VALID | VALID | Litigated |
| Chester | 144.24 | VALID | VALID | |
| Chester | 144.30 | VALID | VALID | |
| Chester | 144.31 | VALID | VALID | |
| Chester | 144.33 | VALID | VALID | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Chester | 145.03 | VALID | VALID | |
| Chester | 145.06 | VALID | VALID | |
| Chester | 145.08 | VALID | VALID | |
| Chester | 145.09 | VALID | VALID | |
| Chester | 145.14 | VALID | VALID | |
| Chester | 145.15 | VALID | VALID | |
| Chester | 145.16 | VALID | VALID | Litigated |
| Chester | 145.18 | VALID | VALID | |
| Chester | 145.22 | VALID | VALID | |
| Chester | 145.25 | VALID | VALID | |
| Chester | 145.31 | VALID | VALID | |
| Chester | 145.33 | VALID | VALID | |
| Chester | 145.35 | VALID | VALID | |
| Chester | 145.37 | VALID | VALID | |
| Chester | 145.38 | VALID | VALID | |
| Chester | 145.39 | VALID | VALID | |
| Chester | 145.43 | VALID | VALID | |
| Chester | 145.45 | VALID | VALID | |
| Chester | 145.47 | VALID | VALID | |
| Chester | 145.56 | VALID | VALID | |
| Chester | 145.57 | VALID | VALID | Signature Not Litigated |
| Chester | 146.02 | VALID | VALID | |
| Chester | 146.03 | VALID | VALID | |
| Chester | 146.05 | VALID | VALID | |
| Chester | 146.06 | VALID | VALID | |
| Chester | 146.11 | VALID | VALID | |
| Chester | 146.16 | VALID | VALID | |
| Chester | 146.17 | VALID | VALID | |
| Chester | 146.19 | VALID | VALID | |
| Chester | 146.21 | VALID | VALID | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 146.23 | VALID | VALID | |
| Chester | 146.24 | VALID | VALID | |
| Chester | 146.25 | VALID | VALID | |
| Chester | 146.26 | VALID | VALID | |
| Chester | 146.27 | VALID | VALID | |
| Chester | 146.30 | VALID | VALID | |
| Chester | 146.33 | VALID | VALID | |
| Chester | 146.35 | VALID | VALID | |
| Chester | 146.36 | VALID | VALID | |
| Chester | 146.37 | VALID | VALID | Litigated |
| Chester | 146.38 | VALID | VALID | |
| Chester | 146.39 | VALID | VALID | |
| Chester | 146.43 | VALID | VALID | |
| Chester | 146.47 | VALID | VALID | |
| Chester | 146.49 | VALID | VALID | Litigated |
| Chester | 146.50 | VALID | VALID | |
| Chester | 146.52 | VALID | VALID | |
| Chester | 146.54 | VALID | VALID | |
| Chester | 146.57 | VALID | VALID | |
| Chester | 146.58 | VALID | VALID | |
| Chester | 146.61 | VALID | VALID | |
| Chester | 146.65 | VALID | VALID | |
| Chester | 147.04 | VALID | VALID | |
| Chester | 147.05 | VALID | VALID | |
| Chester | 147.08 | VALID | VALID | |
| Chester | 147.13 | VALID | VALID | |
| Chester | 147.16 | VALID | VALID | |
| Chester | 147.17 | VALID | VALID | |
| Chester | 147.19 | VALID | VALID | |
| Chester | 147.20 | VALID | VALID | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 147.21 | VALID | VALID | |
| Chester | 147.25 | VALID | VALID | |
| Chester | 147.26 | VALID | VALID | |
| Chester | 147.28 | VALID | VALID | Litigated |
| Chester | 147.29 | VALID | VALID | |
| Chester | 147.31 | VALID | VALID | |
| Chester | 148.01 | VALID | VALID | |
| Chester | 148.03 | VALID | VALID | Litigated |
| Chester | 148.04 | VALID | VALID | Litigated |
| Chester | 148.05 | VALID | VALID | Litigated |
| Chester | 148.06 | VALID | VALID | Litigated |
| Chester | 148.07 | VALID | VALID | Litigated |
| Chester | 148.10 | VALID | VALID | Litigated |
| Chester | 148.11 | VALID | VALID | Litigated |
| Chester | 148.12 | VALID | VALID | Litigated |
| Chester | 148.13 | VALID | VALID | Litigated |
| Chester | 148.14 | VALID | VALID | Litigated |
| Chester | 148.15 | VALID | VALID | Litigated |
| Chester | 148.17 | VALID | VALID | Litigated |
| Chester | 148.18 | VALID | VALID | Litigated |
| Chester | 148.19 | VALID | VALID | Litigated |
| Chester | 148.20 | VALID | VALID | Litigated |
| Chester | 148.21 | VALID | VALID | Litigated |
| Chester | 148.22 | VALID | VALID | Litigated |
| Chester | 148.24 | VALID | VALID | Litigated |
| Chester | 148.26 | VALID | VALID | Litigated |
| Chester | 148.27 | VALID | -VALID | Litigated |
| Chester | 148.28 | VALID | VALID | Litigated |
| Chester | 148.29 | VALID | VALID | Litigated |
| Chester | 148.30 | VALID | VALID | Litigated |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Chester | 148.32 | VALID | VALID | Litigated |
| Chester | 148.33 | VALID | VALID | Litigated |
| Chester | 148.34 | VALID | VALID | Litigated |
| Chester | 148.35 | VALID | VALID | Litigated |
| Chester | 148.37 | VALID | VALID | Litigated |
| Chester | 148.38 | VALID | VALID | Litigated |
| Chester | 148.40 | VALID | VALID | Litigated |
| Chester | 148.41 | VALID | VALID | Litigated |
| Chester | 148.42 | VALID | VALID | Litigated |
| Chester | 148.43 | VALID | VALID | Litigated |
| Chester | 148.44 | VALID | VALID | Litigated |
| Chester | 232.06 | VALID | VALID | |
| Chester | 232.09 | VALID | VALID | |
| Chester | 232.10 | VALID | VALID | |
| Chester | 232.100 | VALID | VALID | |
| Chester | 232.101 | VALID | VALID | |
| Chester | 232.103 | VALID | VALID | |
| Chester | 232.105 | VALID | VALID | |
| Chester | 232.11 | VALID | VALID | |
| Chester | 232.12 | VALID | VALID | |
| Chester | 232.13 | VALID | VALID | |
| Chester | 232.19 | VALID | VALID | |
| Chester | 232.23 | VALID | VALID | |
| Chester | 232.30 | VALID | VALID | |
| Chester | 232.33 | VALID | VALID | |
| Chester | 232.34 | VALID | VALID | |
| Chester | 232.42 | VALID | VALID | |
| Chester | 232.45 | VALID | VALID | |
| Chester | 232.51 | VALID | VALID | |
| Chester | 232.54 | VALID | VALID | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 232.55 | VALID | VALID | |
| Chester | 232.57 | VALID | VALID | |
| Chester | 232.64 | VALID | VALID | |
| Chester | 232.80 | VALID | VALID | |
| Chester | 232.81 | VALID | VALID | |
| Chester | 232.82 | VALID | VALID | |
| Chester | 232.88 | VALID | VALID | |
| Chester | 232.89 | VALID | VALID | |
| Chester | 232.91 | VALID | VALID | |
| Chester | 232.92 | VALID | VALID | |
| Chester | 232.93 | VALID | VALID | |
| Chester | 232.95 | VALID | VALID | |
| Chester | 232.96 | VALID | VALID | |
| Chester | 232.97 | VALID | VALID | |
| Chester | 638.01 | VALID | VALID | Litigated |
| Chester | 744.04 | VALID | VALID | |
| Chester | 744.07 | VALID | VALID | |
| Chester | 744.10 | VALID | VALID | |
| Chester | 744.11 | VALID | VALID | |
| Chester | 744.12 | VALID | VALID | |
| Chester | 760.01 | VALID | VALID | Litigated |
| Chester | 760.02 | VALID | VALID | Litigated |
| Chester | 760.03 | VALID | VALID | Litigated |
| Chester | 799.01 | VALID | VALID | Litigated |
| Chester | 813.01 | VALID | VALID | |
| Chester | 813.02 | VALID | VALID | |
| Chester | 862.01 | VALID | -VALID | Litigated |
| Chester | 872.03 | VALID | VALID | |
| Chester | 872.04 | VALID | VALID | |
| Chester | 872.05 | VALID | VALID | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 872.06 | VALID | VALID | |
| Chester | 872.07 | VALID | VALID | |
| Chester | 872.08 | VALID | VALID | |
| Chester | 872.09 | VALID | VALID | |
| Chester | 872.13 | VALID | VALID | |
| Chester | 872.15 | VALID | VALID | |
| Chester | 872.22 | VALID | VALID | |
| Chester | 872.23 | VALID | VALID | |
| Chester | 872.24 | VALID | VALID | |
| Chester | 872.25 | VALID | VALID | |
| Chester | 873.01 | VALID | VALID | |
| Chester | 875.02 | VALID | VALID | |
| Chester | 875.03 | VALID | VALID | |
| Chester | 875.05 | VALID | VALID | |
| Chester | 875.06 | VALID | VALID | |
| Chester | 875.07 | VALID | VALID | |
| Chester | 877.05 | VALID | VALID | |
| Chester | 877.15 | VALID | VALID | |
| Chester | 877.22 | VALID | VALID | |
| Chester | 877.23 | VALID | VALID | |
| Chester | 884.01 | VALID | VALID | |
| Chester | 884.02 | VALID | VALID | |
| Chester | 884.04 | VALID | VALID | |
| Chester | 884.05 | VALID | VALID | Litigated |
| Chester | 884.10 | VALID | VALID | |
| Chester | 926.01 | VALID | VALID | |
| Chester | 926.02 | VALID | VALID | |
| Chester | 960.01 | VALID | VALID | |
| Chester | 960.02 | VALID | VALID | |
| Chester | 1005.01 | VALID | VALID | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 1016.01 | VALID | VALID | |
| Chester | 1016.02 | VALID | VALID | |
| Chester | 1016.04 | VALID | VALID | |
| Chester | 1016.05 | VALID | VALID | |
| Chester | 1016.06 | VALID | VALID | |
| Chester | 1017.07 | VALID | VALID | |
| Chester | 1017.08 | VALID | VALID | |
| Chester | 1017.09 | VALID | VALID | |
| Chester | 1049.01 | VALID | VALID | |
| Chester | 1175.01 | VALID | VALID | |
| Chester | 1175.02 | VALID | VALID | |
| Chester | 1175.03 | VALID | VALID | |
| **Chester Total Valid** | | | 206 | |
| | | | | |
| **Chester Total Objections** | | | | 420 |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| **BEGIN DELAWARE COUNTY** | | | | |
| Delaware | 1119.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.02 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.03 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.04 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.05 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1154.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1154.02 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| **Delaware Strike Defective Affidavit County Line** | | | 7 | |
| Delaware | 616.01 | STRIKE | AFFIDAVIT - NOTARY | Litigated |
| Delaware | 616.03 | STRIKE | AFFIDAVIT - NOTARY | Litigated |
| Delaware | 1133.01 | STRIKE | AFFIDAVIT - NOTARY | Litigated |
| **Delaware Strike Defective Affidavit Notary Box** | | | 3 | |
| Delaware | 233.09 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 233.28 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 233.29 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 233.33 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 974.06 | STRIKE | LINE INFORMATION INVALID | |
| **Delaware Strike Line Information Invalid** | | | 5 | |
| Delaware | 233.06 | STRIKE | NOT REGISTERED | |
| Delaware | 233.07 | STRIKE | NOT REGISTERED | |
| Delaware | 233.08 | STRIKE | NOT REGISTERED | |
| Delaware | 233.13 | STRIKE | NOT REGISTERED | |
| Delaware | 233.22 | STRIKE | NOT REGISTERED | |
| Delaware | 233.31 | STRIKE | NOT REGISTERED | |
| Delaware | 233.34 | STRIKE | NOT REGISTERED | |
| Delaware | 233.35 | STRIKE | NOT REGISTERED | |
| Delaware | 233.36 | STRIKE | NOT REGISTERED | |
| Delaware | 233.37 | STRIKE | NOT REGISTERED | |
| Delaware | 233.39 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 233.44 | STRIKE | NOT REGISTERED | |
| Delaware | 233.45 | STRIKE | NOT REGISTERED | |
| Delaware | 233.46 | STRIKE | NOT REGISTERED | |
| Delaware | 233.48 | STRIKE | NOT REGISTERED | |
| Delaware | 233.49 | STRIKE | NOT REGISTERED | |
| Delaware | 233.52 | STRIKE | NOT REGISTERED | |
| Delaware | 233.54 | STRIKE | NOT REGISTERED | |
| Delaware | 233.55 | STRIKE | NOT REGISTERED | |
| Delaware | 233.56 | STRIKE | NOT REGISTERED | |
| Delaware | 602.01 | STRIKE | NOT REGISTERED | |
| Delaware | 605.02 | STRIKE | NOT REGISTERED | |
| Delaware | 605.03 | STRIKE | NOT REGISTERED | |
| Delaware | 616.02 | STRIKE | NOT REGISTERED | |
| Delaware | 616.04 | STRIKE | NOT REGISTERED | |
| Delaware | 616.05 | STRIKE | NOT REGISTERED | |
| Delaware | 616.06 | STRIKE | NOT REGISTERED | |
| Delaware | 622.02 | STRIKE | NOT REGISTERED | |
| Delaware | 628.01 | STRIKE | NOT REGISTERED | |
| Delaware | 628.02 | STRIKE | NOT REGISTERED | |
| Delaware | 655.01 | STRIKE | NOT REGISTERED | |
| Delaware | 655.04 | STRIKE | NOT REGISTERED | |
| Delaware | 655.05 | STRIKE | NOT REGISTERED | |
| Delaware | 655.06 | STRIKE | NOT REGISTERED | |
| Delaware | 655.07 | STRIKE | NOT REGISTERED | |
| Delaware | 685.01 | STRIKE | NOT REGISTERED | |
| Delaware | 685.03 | STRIKE | NOT REGISTERED | |
| Delaware | 685.04 | STRIKE | NOT REGISTERED | |
| Delaware | 685.05 | STRIKE | NOT REGISTERED | |
| Delaware | 742.03 | STRIKE | NOT REGISTERED | |
| Delaware | 758.02 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Delaware | 758.04 | STRIKE | NOT REGISTERED | |
| Delaware | 824.01 | STRIKE | NOT REGISTERED | |
| Delaware | 824.02 | STRIKE | NOT REGISTERED | |
| Delaware | 824.03 | STRIKE | NOT REGISTERED | |
| Delaware | 824.04 | STRIKE | NOT REGISTERED | |
| Delaware | 824.05 | STRIKE | NOT REGISTERED | |
| Delaware | 824.06 | STRIKE | NOT REGISTERED | |
| Delaware | 824.07 | STRIKE | NOT REGISTERED | |
| Delaware | 824.08 | STRIKE | NOT REGISTERED | |
| Delaware | 824.09 | STRIKE | NOT REGISTERED | |
| Delaware | 824.11 | STRIKE | NOT REGISTERED | |
| Delaware | 824.12 | STRIKE | NOT REGISTERED | |
| Delaware | 824.13 | STRIKE | NOT REGISTERED | |
| Delaware | 824.14 | STRIKE | NOT REGISTERED | |
| Delaware | 824.15 | STRIKE | NOT REGISTERED | |
| Delaware | 824.16 | STRIKE | NOT REGISTERED | |
| Delaware | 824.18 | STRIKE | NOT REGISTERED | |
| Delaware | 824.19 | STRIKE | NOT REGISTERED | |
| Delaware | 824.20 | STRIKE | NOT REGISTERED | |
| Delaware | 824.21 | STRIKE | NOT REGISTERED | |
| Delaware | 824.22 | STRIKE | NOT REGISTERED | |
| Delaware | 824.23 | STRIKE | NOT REGISTERED | |
| Delaware | 824.24 | STRIKE | NOT REGISTERED | |
| Delaware | 824.25 | STRIKE | NOT REGISTERED | |
| Delaware | 824.26 | STRIKE | NOT REGISTERED | |
| Delaware | 824.27 | STRIKE | NOT REGISTERED | |
| Delaware | 824.28 | STRIKE | NOT REGISTERED | |
| Delaware | 826.01 | STRIKE | NOT REGISTERED | |
| Delaware | 826.02 | STRIKE | NOT REGISTERED | |
| Delaware | 826.03 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 826.04 | STRIKE | NOT REGISTERED | |
| Delaware | 826.05 | STRIKE | NOT REGISTERED | |
| Delaware | 826.06 | STRIKE | NOT REGISTERED | |
| Delaware | 826.07 | STRIKE | NOT REGISTERED | |
| Delaware | 826.08 | STRIKE | NOT REGISTERED | |
| Delaware | 826.09 | STRIKE | NOT REGISTERED | |
| Delaware | 826.10 | STRIKE | NOT REGISTERED | |
| Delaware | 843.01 | STRIKE | NOT REGISTERED | |
| Delaware | 843.02 | STRIKE | NOT REGISTERED | |
| Delaware | 843.03 | STRIKE | NOT REGISTERED | |
| Delaware | 843.04 | STRIKE | NOT REGISTERED | |
| Delaware | 843.05 | STRIKE | NOT REGISTERED | |
| Delaware | 843.06 | STRIKE | NOT REGISTERED | |
| Delaware | 843.07 | STRIKE | NOT REGISTERED | |
| Delaware | 843.08 | STRIKE | NOT REGISTERED | |
| Delaware | 843.09 | STRIKE | NOT REGISTERED | |
| Delaware | 844.02 | STRIKE | NOT REGISTERED | |
| Delaware | 844.03 | STRIKE | NOT REGISTERED | |
| Delaware | 868.02 | STRIKE | NOT REGISTERED | |
| Delaware | 878.01 | STRIKE | NOT REGISTERED | |
| Delaware | 878.02 | STRIKE | NOT REGISTERED | |
| Delaware | 878.03 | STRIKE | NOT REGISTERED | |
| Delaware | 878.04 | STRIKE | NOT REGISTERED | |
| Delaware | 882.01 | STRIKE | NOT REGISTERED | |
| Delaware | 891.01 | STRIKE | NOT REGISTERED | |
| Delaware | 891.02 | STRIKE | NOT REGISTERED | |
| Delaware | 891.03 | STRIKE | NOT REGISTERED | |
| Delaware | 891.04 | STRIKE | NOT REGISTERED | |
| Delaware | 891.05 | STRIKE | NOT REGISTERED | |
| Delaware | 891.06 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Delaware | 891.07 | STRIKE | NOT REGISTERED | |
| Delaware | 891.08 | STRIKE | NOT REGISTERED | |
| Delaware | 891.09 | STRIKE | NOT REGISTERED | |
| Delaware | 891.10 | STRIKE | NOT REGISTERED | |
| Delaware | 891.11 | STRIKE | NOT REGISTERED | |
| Delaware | 891.12 | STRIKE | NOT REGISTERED | |
| Delaware | 891.13 | STRIKE | NOT REGISTERED | |
| Delaware | 891.14 | STRIKE | NOT REGISTERED | |
| Delaware | 891.15 | STRIKE | NOT REGISTERED | |
| Delaware | 891.16 | STRIKE | NOT REGISTERED | |
| Delaware | 891.17 | STRIKE | NOT REGISTERED | |
| Delaware | 891.18 | STRIKE | NOT REGISTERED | |
| Delaware | 891.19 | STRIKE | NOT REGISTERED | |
| Delaware | 891.20 | STRIKE | NOT REGISTERED | |
| Delaware | 891.21 | STRIKE | NOT REGISTERED | |
| Delaware | 891.22 | STRIKE | NOT REGISTERED | |
| Delaware | 891.23 | STRIKE | NOT REGISTERED | |
| Delaware | 891.24 | STRIKE | NOT REGISTERED | |
| Delaware | 891.25 | STRIKE | NOT REGISTERED | |
| Delaware | 891.26 | STRIKE | NOT REGISTERED | |
| Delaware | 891.27 | STRIKE | NOT REGISTERED | |
| Delaware | 950.01 | STRIKE | NOT REGISTERED | |
| Delaware | 950.02 | STRIKE | NOT REGISTERED | |
| Delaware | 950.03 | STRIKE | NOT REGISTERED | |
| Delaware | 950.04 | STRIKE | NOT REGISTERED | |
| Delaware | 950.05 | STRIKE | NOT REGISTERED | |
| Delaware | 950.06 | STRIKE | NOT REGISTERED | |
| Delaware | 950.07 | STRIKE | NOT REGISTERED | |
| Delaware | 950.08 | STRIKE | NOT REGISTERED | |
| Delaware | 950.09 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Delaware | 950.10 | STRIKE | NOT REGISTERED | |
| Delaware | 950.11 | STRIKE | NOT REGISTERED | |
| Delaware | 950.12 | STRIKE | NOT REGISTERED | |
| Delaware | 950.13 | STRIKE | NOT REGISTERED | |
| Delaware | 950.14 | STRIKE | NOT REGISTERED | |
| Delaware | 950.15 | STRIKE | NOT REGISTERED | |
| Delaware | 950.16 | STRIKE | NOT REGISTERED | |
| Delaware | 950.17 | STRIKE | NOT REGISTERED | |
| Delaware | 950.18 | STRIKE | NOT REGISTERED | |
| Delaware | 950.19 | STRIKE | NOT REGISTERED | |
| Delaware | 950.20 | STRIKE | NOT REGISTERED | |
| Delaware | 950.21 | STRIKE | NOT REGISTERED | |
| Delaware | 950.22 | STRIKE | NOT REGISTERED | |
| Delaware | 950.23 | STRIKE | NOT REGISTERED | |
| Delaware | 950.24 | STRIKE | NOT REGISTERED | |
| Delaware | 950.25 | STRIKE | NOT REGISTERED | |
| Delaware | 950.26 | STRIKE | NOT REGISTERED | |
| Delaware | 950.27 | STRIKE | NOT REGISTERED | |
| Delaware | 954.01 | STRIKE | NOT REGISTERED | |
| Delaware | 954.02 | STRIKE | NOT REGISTERED | |
| Delaware | 954.03 | STRIKE | NOT REGISTERED | |
| Delaware | 954.04 | STRIKE | NOT REGISTERED | |
| Delaware | 954.05 | STRIKE | NOT REGISTERED | |
| Delaware | 954.06 | STRIKE | NOT REGISTERED | |
| Delaware | 954.07 | STRIKE | NOT REGISTERED | |
| Delaware | 954.08 | STRIKE | NOT REGISTERED | |
| Delaware | 954.09 | STRIKE | NOT REGISTERED | |
| Delaware | 954.10 | STRIKE | NOT REGISTERED | |
| Delaware | 954.11 | STRIKE | NOT REGISTERED | |
| Delaware | 954.12 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 954.13 | STRIKE | NOT REGISTERED | |
| Delaware | 954.14 | STRIKE | NOT REGISTERED | |
| Delaware | 954.15 | STRIKE | NOT REGISTERED | |
| Delaware | 954.16 | STRIKE | NOT REGISTERED | |
| Delaware | 954.17 | STRIKE | NOT REGISTERED | |
| Delaware | 954.18 | STRIKE | NOT REGISTERED | |
| Delaware | 954.19 | STRIKE | NOT REGISTERED | |
| Delaware | 954.20 | STRIKE | NOT REGISTERED | |
| Delaware | 974.02 | STRIKE | NOT REGISTERED | |
| Delaware | 974.08 | STRIKE | NOT REGISTERED | |
| Delaware | 974.15 | STRIKE | NOT REGISTERED | |
| Delaware | 974.21 | STRIKE | NOT REGISTERED | |
| Delaware | 974.23 | STRIKE | NOT REGISTERED | |
| Delaware | 974.26 | STRIKE | NOT REGISTERED | |
| Delaware | 974.28 | STRIKE | NOT REGISTERED | |
| Delaware | 975.04 | STRIKE | NOT REGISTERED | |
| Delaware | 975.05 | STRIKE | NOT REGISTERED | |
| Delaware | 975.06 | STRIKE | NOT REGISTERED | |
| Delaware | 998.01 | STRIKE | NOT REGISTERED | |
| Delaware | 998.02 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.01 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.02 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.03 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.04 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.05 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.07 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.08 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.09 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.10 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.11 | STRIKE | NOT REGISTERED | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 1060.12 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.13 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.14 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.15 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.16 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.17 | STRIKE | NOT REGISTERED | |
| Delaware | 1113.03 | STRIKE | NOT REGISTERED | |
| Delaware | 1130.02 | STRIKE | NOT REGISTERED | |
| Delaware | 1150.02 | STRIKE | NOT REGISTERED | Litigated |
| **Delaware Strike Not Registered** | | | **200** | |
| Delaware | 233.19 | STRIKE | USED NICKNAME | Litigated |
| **Delaware Strike Used Strike Used Nickname** | | | **1** | |
| **Delaware Total Stricken** | | **216** | | |
| Delaware | 233.01 | VALID | VALID | |
| Delaware | 233.02 | VALID | VALID | |
| Delaware | 233.03 | VALID | VALID | |
| Delaware | 233.05 | VALID | VALID | |
| Delaware | 233.10 | VALID | VALID | |
| Delaware | 233.11 | VALID | VALID | |
| Delaware | 233.12 | VALID | VALID | |
| Delaware | 233.14 | VALID | VALID | |
| Delaware | 233.16 | VALID | VALID | |
| Delaware | 233.18 | VALID | VALID | |
| Delaware | 233.20 | VALID | VALID | |
| Delaware | 233.21 | VALID | VALID | |
| Delaware | 233.23 | VALID | VALID | |
| Delaware | 233.24 | VALID | VALID | |
| Delaware | 233.25 | VALID | VALID | |
| Delaware | 233.26 | VALID | VALID | |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 233.27 | VALID | VALID | |
| Delaware | 233.30 | VALID | VALID | |
| Delaware | 233.32 | VALID | VALID | |
| Delaware | 233.40 | VALID | VALID | |
| Delaware | 233.41 | VALID | VALID | |
| Delaware | 233.42 | VALID | VALID | |
| Delaware | 233.43 | VALID | VALID | |
| Delaware | 233.50 | VALID | VALID | |
| Delaware | 233.51 | VALID | VALID | |
| Delaware | 233.53 | VALID | VALID | |
| Delaware | 604.01 | VALID | VALID | |
| Delaware | 604.02 | VALID | VALID | |
| Delaware | 605.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 609.02 | VALID | VALID | |
| Delaware | 622.01 | VALID | VALID | |
| Delaware | 685.02 | VALID | VALID | Signature Not Litigated |
| Delaware | 736.01 | VALID | VALID | Litigated |
| Delaware | 736.02 | VALID | VALID | Litigated |
| Delaware | 736.03 | VALID | VALID | Litigated |
| Delaware | 737.01 | VALID | VALID | Litigated |
| Delaware | 742.01 | VALID | VALID | Litigated |
| Delaware | 742.02 | VALID | VALID | Litigated |
| Delaware | 742.04 | VALID | VALID | Litigated |
| Delaware | 742.05 | VALID | VALID | Litigated |
| Delaware | 742.06 | VALID | VALID | Litigated |
| Delaware | 758.01 | VALID | VALID | Litigated |
| Delaware | 758.03 | VALID | VALID | Litigated |
| Delaware | 758.05 | VALID | VALID | Litigated |
| Delaware | 800.01 | VALID | VALID | Litigated |
| Delaware | 834.01 | VALID | VALID | Litigated |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Delaware | 844.01 | VALID | VALID | |
| Delaware | 868.01 | VALID | VALID | |
| Delaware | 879.01 | VALID | VALID | |
| Delaware | 921.01 | VALID | VALID | |
| Delaware | 972.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 972.02 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.03 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.04 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.05 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.07 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.09 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.10 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.11 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.12 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.13 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.14 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.16 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.17 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.18 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.19 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.20 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.22 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.24 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.25 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.27 | VALID | VALID | Signature Not Litigated |
| Delaware | 975.01 | VALID | VALID | |
| Delaware | 975.03 | VALID | VALID | |
| Delaware | 981.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 1027.03 | VALID | VALID | Signature Not Litigated |

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 1027.04 | VALID | VALID | |
| Delaware | 1045.01 | VALID | VALID | |
| Delaware | 1045.02 | VALID | VALID | |
| Delaware | 1045.03 | VALID | VALID | |
| Delaware | 1113.01 | VALID | VALID | |
| Delaware | 1113.02 | VALID | VALID | |
| Delaware | 1130.03 | VALID | VALID | |
| Delaware | 1144.01 | VALID | VALID | |
| Delaware | 1144.02 | VALID | VALID | |
| Delaware | 1144.05 | VALID | VALID | |
| Delaware | 1144.06 | VALID | VALID | |
| Delaware Valid | | 87 | | |
| Delaware Objections Total | | | | 303 |
| | | | | |
| TOTAL OBJECTIONS | | | | 723 |

END OF APPENDIX

APPENDIX A

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| BEGIN CHESTER COUNTY | | | | |
| Chester | 144.02 | VALID | VALID | |
| Chester | 144.03 | VALID | VALID | |
| Chester | 144.04 | STRIKE | NOT REGISTERED | |
| Chester | 144.05 | VALID | VALID | |
| Chester | 144.06 | STRIKE | REGISTERED LATE | Litigated |
| Chester | 144.07 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 144.08 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 144.09 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 144.10 | VALID | VALID | |
| Chester | 144.13 | VALID | VALID | |
| Chester | 144.14 | VALID | VALID | |
| Chester | 144.15 | VALID | VALID | |
| Chester | 144.16 | VALID | VALID | |
| Chester | 144.17 | VALID | VALID | |
| Chester | 144.20 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 144.21 | VALID | VALID | Litigated |
| Chester | 144.22 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 144.23 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 144.24 | VALID | VALID | |
| Chester | 144.25 | STRIKE | NOT REGISTERED | |
| Chester | 144.27 | STRIKE | NOT REGISTERED | |
| Chester | 144.28 | STRIKE | NOT REGISTERED | |
| Chester | 144.29 | STRIKE | NOT REGISTERED | |
| Chester | 144.30 | VALID | VALID | |
| Chester | 144.31 | VALID | VALID | |
| Chester | 144.32 | STRIKE | NOT REGISTERED | |
| Chester | 144.33 | VALID | VALID | |
| Chester | 144.34 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 144.35 | STRIKE | NOT REGISTERED | |
| Chester | 144.36 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 145.02 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.03 | VALID | VALID | |
| Chester | 145.04 | STRIKE | NOT REGISTERED | |
| Chester | 145.05 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.06 | VALID | VALID | |
| Chester | 145.08 | VALID | VALID | |
| Chester | 145.09 | VALID | VALID | |
| Chester | 145.11 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 145.14 | VALID | VALID | |
| Chester | 145.15 | VALID | VALID | |
| Chester | 145.16 | VALID | VALID | Litigated |
| Chester | 145.18 | VALID | VALID | |
| Chester | 145.19 | STRIKE | NOT REGISTERED | |
| Chester | 145.21 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 145.22 | VALID | VALID | |
| Chester | 145.24 | STRIKE | NOT REGISTERED | |
| Chester | 145.25 | VALID | VALID | |
| Chester | 145.27 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 145.31 | VALID | VALID | |
| Chester | 145.33 | VALID | VALID | |
| Chester | 145.34 | STRIKE | NOT REGISTERED | |
| Chester | 145.35 | VALID | VALID | |
| Chester | 145.37 | VALID | VALID | |
| Chester | 145.38 | VALID | VALID | |
| Chester | 145.39 | VALID | VALID | |
| Chester | 145.41 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.42 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.43 | VALID | VALID | |

APPENDIX B

Page 2

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 145.45 | VALID | VALID | |
| Chester | 145.46 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.47 | VALID | VALID | |
| Chester | 145.48 | STRIKE | NOT REGISTERED | |
| Chester | 145.49 | STRIKE | NOT REGISTERED | |
| Chester | 145.51 | STRIKE | NOT REGISTERED | |
| Chester | 145.55 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 145.56 | VALID | VALID | |
| Chester | 145.57 | VALID | VALID | Signature Not Litigated |
| Chester | 145.58 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.01 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.02 | VALID | VALID | |
| Chester | 146.03 | VALID | VALID | |
| Chester | 146.05 | VALID | VALID | |
| Chester | 146.06 | VALID | VALID | |
| Chester | 146.10 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.11 | VALID | VALID | |
| Chester | 146.12 | STRIKE | NOT REGISTERED. | |
| Chester | 146.16 | VALID | VALID | |
| Chester | 146.17 | VALID | VALID | |
| Chester | 146.19 | VALID | VALID | |
| Chester | 146.21 | VALID | VALID | |
| Chester | 146.23 | VALID | VALID | |
| Chester | 146.24 | VALID | VALID | |
| Chester | 146.25 | VALID | VALID | |
| Chester | 146.26 | VALID | VALID | |
| Chester | 146.27 | VALID | -VALID | |
| Chester | 146.28 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 146.30 | VALID | VALID | |
| Chester | 146.31 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 146.33 | VALID | VALID | |
| Chester | 146.35 | VALID | VALID | |
| Chester | 146.36 | VALID | VALID | |
| Chester | 146.37 | VALID | VALID | Litigated |
| Chester | 146.38 | VALID | VALID | |
| Chester | 146.39 | VALID | VALID | |
| Chester | 146.41 | STRIKE | NOT REGISTERED | |
| Chester | 146.42 | STRIKE | INITIALS | Litigated |
| Chester | 146.43 | VALID | VALID | |
| Chester | 146.47 | VALID | VALID | |
| Chester | 146.49 | VALID | VALID | Litigated |
| Chester | 146.50 | VALID | VALID | |
| Chester | 146.51 | STRIKE | NOT REGISTERED | |
| Chester | 146.52 | VALID | VALID | |
| Chester | 146.54 | VALID | VALID | |
| Chester | 146.55 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 146.56 | STRIKE | NOT REGISTERED | |
| Chester | 146.57 | VALID | VALID | |
| Chester | 146.58 | VALID | VALID | |
| Chester | 146.59 | STRIKE | NOT REGISTERED | |
| Chester | 146.61 | VALID | VALID | |
| Chester | 146.65 | VALID | VALID | |
| Chester | 146.67 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 147.03 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 147.04 | VALID | VALID | |
| Chester | 147.05 | VALID | VALID | |
| Chester | 147.08 | VALID | VALID | |
| Chester | 147.10 | STRIKE | PRINTING | Litigated |
| Chester | 147.11 | STRIKE | NOT REGISTERED | |
| Chester | 147.13 | VALID | VALID | |

Page 4

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 147.16 | VALID | VALID | |
| Chester | 147.17 | VALID | VALID | |
| Chester | 147.18 | STRIKE | NOT REGISTERED | |
| Chester | 147.19 | VALID | VALID | |
| Chester | 147.20 | VALID | VALID | |
| Chester | 147.21 | VALID | VALID | |
| Chester | 147.25 | VALID | VALID | |
| Chester | 147.26 | VALID | VALID | |
| Chester | 147.28 | VALID | VALID | Litigated |
| Chester | 147.29 | VALID | VALID | |
| Chester | 147.31 | VALID | VALID | |
| Chester | 147.32 | STRIKE | INITIALS | Litigated |
| Chester | 147.35 | STRIKE | INITIALS | Litigated |
| Chester | 147.36 | STRIKE | INITIALS | Litigated |
| Chester | 148.01 | VALID | VALID | |
| Chester | 148.02 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 148.03 | VALID | VALID | Litigated |
| Chester | 148.04 | VALID | VALID | Litigated |
| Chester | 148.05 | VALID | VALID | Litigated |
| Chester | 148.06 | VALID | VALID | Litigated |
| Chester | 148.07 | VALID | VALID | Litigated |
| Chester | 148.08 | STRIKE | NOT REGISTERED | |
| Chester | 148.09 | STRIKE | NOT REGISTERED | |
| Chester | 148.10 | VALID | VALID | Litigated |
| Chester | 148.11 | VALID | VALID | Litigated |
| Chester | 148.12 | VALID | VALID | Litigated |
| Chester | 148.13 | VALID | VALID | Litigated |
| Chester | 148.14 | VALID | VALID | Litigated |
| Chester | 148.15 | VALID | VALID | Litigated |
| Chester | 148.16 | STRIKE | NOT REGISTERED | Litigated |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 148.17 | VALID | VALID | Litigated |
| Chester | 148.18 | VALID | VALID | Litigated |
| Chester | 148.19 | VALID | VALID | Litigated |
| Chester | 148.20 | VALID | VALID | Litigated |
| Chester | 148.21 | VALID | VALID | Litigated |
| Chester | 148.22 | VALID | VALID | Litigated |
| Chester | 148.23 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 148.24 | VALID | VALID | Litigated |
| Chester | 148.25 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 148.26 | VALID | VALID | Litigated |
| Chester | 148.27 | VALID | VALID | Litigated |
| Chester | 148.28 | VALID | VALID | Litigated |
| Chester | 148.29 | VALID | VALID | Litigated |
| Chester | 148.30 | VALID | VALID | Litigated |
| Chester | 148.31 | STRIKE | INITIALS | Litigated |
| Chester | 148.32 | VALID | VALID | Litigated |
| Chester | 148.33 | VALID | VALID | Litigated |
| Chester | 148.34 | VALID | VALID | Litigated |
| Chester | 148.35 | VALID | VALID | Litigated |
| Chester | 148.36 | STRIKE | NOT REGISTERED | |
| Chester | 148.37 | VALID | VALID | Litigated |
| Chester | 148.38 | VALID | VALID | Litigated |
| Chester | 148.39 | STRIKE | NOT REGISTERED | |
| Chester | 148.40 | VALID | VALID | Litigated |
| Chester | 148.41 | VALID | VALID | Litigated |
| Chester | 148.42 | VALID | VALID | Litigated |
| Chester | 148.43 | VALID | VALID | Litigated |
| Chester | 148.44 | VALID | VALID | Litigated |
| Chester | 232.01 | STRIKE | NOT REGISTERED | |
| Chester | 232.04 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 232.05 | STRIKE | NOT REGISTERED | |
| Chester | 232.06 | VALID | VALID | |
| Chester | 232.08 | STRIKE | NOT REGISTERED | |
| Chester | 232.09 | VALID | VALID | |
| Chester | 232.10 | VALID | VALID | |
| Chester | 232.100 | VALID | VALID | |
| Chester | 232.101 | VALID | VALID | |
| Chester | 232.102 | STRIKE | NOT REGISTERED | |
| Chester | 232.103 | VALID | VALID | |
| Chester | 232.105 | VALID | VALID | |
| Chester | 232.11 | VALID | VALID | |
| Chester | 232.12 | VALID | VALID | |
| Chester | 232.13 | VALID | VALID | |
| Chester | 232.16 | STRIKE | NOT REGISTERED | |
| Chester | 232.17 | STRIKE | NOT REGISTERED | |
| Chester | 232.19 | VALID | VALID | |
| Chester | 232.21 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.23 | VALID | VALID | |
| Chester | 232.24 | STRIKE | NOT REGISTERED | |
| Chester | 232.25 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.26 | STRIKE | NOT REGISTERED | |
| Chester | 232.28 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.29 | STRIKE | NOT REGISTERED | |
| Chester | 232.30 | VALID | VALID | |
| Chester | 232.31 | STRIKE | NOT REGISTERED | |
| Chester | 232.32 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 232.33 | VALID | -VALID | |
| Chester | 232.34 | VALID | VALID | |
| Chester | 232.35 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 232.39 | STRIKE | DIFFERENT ADDRESS | Litigated |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|-----------|--------------|--------------|-----------|
| Chester | 232.41 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 232.42 | VALID | VALID | |
| Chester | 232.45 | VALID | VALID | |
| Chester | 232.46 | STRIKE | INITIALS | Litigated |
| Chester | 232.47 | STRIKE | INITIALS | Litigated |
| Chester | 232.48 | STRIKE | INITIALS | Litigated |
| Chester | 232.50 | STRIKE | NOT REGISTERED | |
| Chester | 232.51 | VALID | VALID | |
| Chester | 232.52 | STRIKE | NOT REGISTERED | |
| Chester | 232.54 | VALID | VALID | |
| Chester | 232.55 | VALID | VALID | |
| Chester | 232.57 | VALID | VALID | |
| Chester | 232.61 | STRIKE | NOT REGISTERED | |
| Chester | 232.62 | STRIKE | PRINTING | |
| Chester | 232.63 | STRIKE | NOT REGISTERED | |
| Chester | 232.64 | VALID | VALID | |
| Chester | 232.66 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.70 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 232.71 | STRIKE | INITIALS | |
| Chester | 232.73 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 232.78 | STRIKE | NOT REGISTERED | |
| Chester | 232.80 | VALID | VALID | |
| Chester | 232.81 | VALID | VALID | |
| Chester | 232.82 | VALID | VALID | |
| Chester | 232.88 | VALID | VALID | |
| Chester | 232.89 | VALID | VALID | |
| Chester | 232.91 | VALID | VALID | |
| Chester | 232.92 | VALID | VALID | |
| Chester | 232.93 | VALID | VALID | |
| Chester | 232.95 | VALID | VALID | |

APPENDIX B

236

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 232.96 | VALID | VALID | |
| Chester | 232.97 | VALID | VALID | |
| Chester | 232.99 | STRIKE | PRINTING | |
| Chester | 608.01 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 638.01 | VALID | VALID | Litigated |
| Chester | 744.01 | STRIKE | NOT REGISTERED | |
| Chester | 744.02 | STRIKE | NOT REGISTERED | |
| Chester | 744.03 | STRIKE | NOT REGISTERED | |
| Chester | 744.04 | VALID | VALID | |
| Chester | 744.05 | STRIKE | LINE INFORMATION INVALID | |
| Chester | 744.07 | VALID | VALID | |
| Chester | 744.08 | STRIKE | NOT REGISTERED | |
| Chester | 744.09 | STRIKE | NOT REGISTERED | |
| Chester | 744.10 | VALID | VALID | |
| Chester | 744.11 | VALID | VALID | |
| Chester | 744.12 | VALID | VALID | |
| Chester | 760.01 | VALID | VALID | Litigated |
| Chester | 760.02 | VALID | VALID | Litigated |
| Chester | 760.03 | VALID | VALID | Litigated |
| Chester | 799.01 | VALID | VALID | Litigated |
| Chester | 813.01 | VALID | VALID | |
| Chester | 813.02 | VALID | VALID | |
| Chester | 818.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Chester | 847.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Chester | 847.02 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 849.01 | STRIKE | NOT REGISTERED | |
| Chester | 849.02 | STRIKE | NOT REGISTERED | |
| Chester | 849.03 | STRIKE | NOT REGISTERED | |
| Chester | 851.01 | STRIKE | NOT REGISTERED | |
| Chester | 851.02 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 851.03 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 851.04 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Chester | 854.01 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 854.02 | STRIKE | NOT REGISTERED | |
| Chester | 854.03 | STRIKE | NOT REGISTERED | |
| Chester | 854.04 | STRIKE | NOT REGISTERED | |
| Chester | 854.05 | STRIKE | NOT REGISTERED | |
| Chester | 854.06 | STRIKE | NOT REGISTERED | |
| Chester | 854.07 | STRIKE | NOT REGISTERED | |
| Chester | 854.08 | STRIKE | NOT REGISTERED | |
| Chester | 854.09 | STRIKE | NOT REGISTERED | |
| Chester | 854.10 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 854.11 | STRIKE | NOT REGISTERED | |
| Chester | 854.12 | STRIKE | NOT REGISTERED | Litigated |
| Chester | 854.13 | STRIKE | NOT REGISTERED | |
| Chester | 854.15 | STRIKE | NOT REGISTERED | |
| Chester | 854.16 | STRIKE | NOT REGISTERED | |
| Chester | 854.17 | STRIKE | NOT REGISTERED | |
| Chester | 854.18 | STRIKE | NOT REGISTERED | |
| Chester | 854.19 | STRIKE | NOT REGISTERED | |
| Chester | 854.20 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 854.21 | STRIKE | NOT REGISTERED | |
| Chester | 854.22 | STRIKE | NOT REGISTERED | |
| Chester | 854.23 | STRIKE | NOT REGISTERED | |
| Chester | 854.24 | STRIKE | NOT REGISTERED | |
| Chester | 854.25 | STRIKE | NOT REGISTERED | |
| Chester | 854.26 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 862.01 | VALID | VALID | Litigated |
| Chester | 872.01 | STRIKE | NOT REGISTERED | |
| Chester | 872.03 | VALID | VALID | |

APPENDIX B

238

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 872.04 | VALID | VALID | |
| Chester | 872.05 | VALID | VALID | |
| Chester | 872.06 | VALID | VALID | |
| Chester | 872.07 | VALID | VALID | |
| Chester | 872.08 | VALID | VALID | |
| Chester | 872.09 | VALID | VALID | |
| Chester | 872.12 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 872.13 | VALID | VALID | |
| Chester | 872.15 | VALID | VALID | |
| Chester | 872.16 | STRIKE | NOT REGISTERED | |
| Chester | 872.17 | STRIKE | NOT REGISTERED | |
| Chester | 872.18 | STRIKE | NOT REGISTERED | |
| Chester | 872.21 | STRIKE | NOT REGISTERED | |
| Chester | 872.22 | VALID | VALID | |
| Chester | 872.23 | VALID | VALID | |
| Chester | 872.24 | VALID | VALID | |
| Chester | 872.25 | VALID | VALID | |
| Chester | 872.26 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 873.01 | VALID | VALID | |
| Chester | 875.01 | STRIKE | DIFFERENT ADDRESS | Litigated |
| Chester | 875.02 | VALID | VALID | |
| Chester | 875.03 | VALID | VALID | |
| Chester | 875.05 | VALID | VALID | |
| Chester | 875.06 | VALID | VALID | |
| Chester | 875.07 | VALID | VALID | |
| Chester | 877.02 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.04 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.05 | VALID | VALID | |
| Chester | 877.13 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.14 | STRIKE | LINE INFORMATION INVALID | Litigated |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 877.15 | VALID | VALID | |
| Chester | 877.16 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.17 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.18 | STRIKE | LINE INFORMATION INVALID | Litigated |
| Chester | 877.22 | VALID | VALID | |
| Chester | 877.23 | VALID | VALID | |
| Chester | 884.01 | VALID | VALID | |
| Chester | 884.02 | VALID | VALID | |
| Chester | 884.03 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 884.04 | VALID | VALID | |
| Chester | 884.05 | VALID | VALID | Litigated |
| Chester | 884.06 | STRIKE | NOT REGISTERED | |
| Chester | 884.07 | STRIKE | INITIALS | Litigated |
| Chester | 884.08 | STRIKE | NOT REGISTERED | |
| Chester | 884.10 | VALID | VALID | |
| Chester | 900.01 | STRIKE | NOT REGISTERED | |
| Chester | 900.02 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.03 | STRIKE | NOT REGISTERED | |
| Chester | 900.04 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.05 | STRIKE | NOT REGISTERED | |
| Chester | 900.07 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.08 | STRIKE | NOT REGISTERED | |
| Chester | 900.09 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.10 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.11 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.12 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.13 | STRIKE | NOT REGISTERED | |
| Chester | 900.14 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.15 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.16 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 900.17 | STRIKE | NOT REGISTERED | |
| Chester | 900.18 | STRIKE | NOT REGISTERED | |
| Chester | 900.19 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.20 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.21 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.22 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.23 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.24 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 900.25 | STRIKE | NOT REGISTERED | |
| Chester | 900.26 | STRIKE | NOT REGISTERED | |
| Chester | 926.01 | VALID | VALID | |
| Chester | 926.02 | VALID | VALID | |
| Chester | 952.01 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 952.02 | STRIKE | NOT REGISTERED | |
| Chester | 952.03 | STRIKE | NOT REGISTERED | |
| Chester | 952.04 | STRIKE | NOT REGISTERED | |
| Chester | 952.04 | STRIKE | NOT REGISTERED | |
| Chester | 952.05 | STRIKE | NOT REGISTERED | |
| Chester | 952.07 | STRIKE | NOT REGISTERED | |
| Chester | 952.08 | STRIKE | NOT REGISTERED | |
| Chester | 952.09 | STRIKE | NOT REGISTERED | |
| Chester | 952.10 | STRIKE | NOT REGISTERED | |
| Chester | 952.11 | STRIKE | NOT REGISTERED | |
| Chester | 952.12 | STRIKE | NOT REGISTERED | |
| Chester | 952.13 | STRIKE | NOT REGISTERED | |
| Chester | 952.14 | STRIKE | NOT REGISTERED | |
| Chester | 952.15 | STRIKE | NOT REGISTERED | |
| Chester | 960.01 | VALID | VALID | |
| Chester | 960.02 | VALID | VALID | |
| Chester | 960.03 | STRIKE | INITIALS | Litigated |

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Chester | 960.04 | STRIKE | NOT REGISTERED | |
| Chester | 960.05 | STRIKE | INITIALS | Litigated |
| Chester | 983.01 | STRIKE | NOT REGISTERED | |
| Chester | 983.02 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 983.03 | STRIKE | NOT REGISTERED | |
| Chester | 1005.01 | VALID | VALID | |
| Chester | 1013.01 | STRIKE | NOT REGISTERED | |
| Chester | 1013.02 | STRIKE | NOT REGISTERED | |
| Chester | 1013.03 | STRIKE | NOT REGISTERED | |
| Chester | 1013.04 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.05 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.06 | STRIKE | NOT REGISTERED | |
| Chester | 1013.07 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.08 | STRIKE | NOT REGISTERED | |
| Chester | 1013.09 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1013.10 | STRIKE | NOT REGISTERED | |
| Chester | 1013.11 | STRIKE | NOT REGISTERED | |
| Chester | 1016.01 | VALID | VALID | |
| Chester | 1016.02 | VALID | VALID | |
| Chester | 1016.04 | VALID | VALID | |
| Chester | 1016.05 | VALID | VALID | |
| Chester | 1016.06 | VALID | VALID | |
| Chester | 1017.07 | VALID | VALID | |
| Chester | 1017.08 | VALID | VALID | |
| Chester | 1017.09 | VALID | VALID | |
| Chester | 1049.01 | VALID | VALID | |
| Chester | 1162.01 | STRIKE | OUT OF COUNTY NOT REGISTERED | Litigated |
| Chester | 1172.01 | STRIKE | NOT REGISTERED | |
| Chester | 1172.02 | STRIKE | NOT REGISTERED | |
| Chester | 1175.01 | VALID | VALID | |

APPENDIX B

| COUNTY | PAGELINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|--------|----------|--------------|--------------|-----------|
| Chester | 1175.02 | VALID | VALID | |
| Chester | 1175.03 | VALID | VALID | |
| Chester Count | | 420 | | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| **BEGIN DELAWARE COUNTY** | | | | |
| Delaware | 233.01 | VALID | VALID | |
| Delaware | 233.02 | VALID | VALID | |
| Delaware | 233.03 | VALID | VALID | |
| Delaware | 233.05 | VALID | VALID | |
| Delaware | 233.06 | STRIKE | NOT REGISTERED | |
| Delaware | 233.07 | STRIKE | NOT REGISTERED | |
| Delaware | 233.08 | STRIKE | NOT REGISTERED | |
| Delaware | 233.09 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 233.10 | VALID | VALID | |
| Delaware | 233.11 | VALID | VALID | |
| Delaware | 233.12 | VALID | VALID | |
| Delaware | 233.13 | STRIKE | NOT REGISTERED | |
| Delaware | 233.14 | VALID | VALID | |
| Delaware | 233.16 | VALID | VALID | |
| Delaware | 233.18 | VALID | VALID | |
| Delaware | 233.19 | STRIKE | USED NICKNAME | Litigated |
| Delaware | 233.20 | VALID | VALID | |
| Delaware | 233.21 | VALID | VALID | |
| Delaware | 233.22 | STRIKE | NOT REGISTERED | |
| Delaware | 233.23 | VALID | VALID | |
| Delaware | 233.24 | VALID | VALID | |
| Delaware | 233.25 | VALID | VALID | |
| Delaware | 233.26 | VALID | VALID | |
| Delaware | 233.27 | VALID | VALID | |
| Delaware | 233.28 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 233.29 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 233.30 | VALID | VALID | |
| Delaware | 233.31 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 233.32 | VALID | VALID | |
| Delaware | 233.33 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 233.34 | STRIKE | NOT REGISTERED | |
| Delaware | 233.35 | STRIKE | NOT REGISTERED | |
| Delaware | 233.36 | STRIKE | NOT REGISTERED | |
| Delaware | 233.37 | STRIKE | NOT REGISTERED | |
| Delaware | 233.39 | STRIKE | NOT REGISTERED | |
| Delaware | 233.40 | VALID | VALID | |
| Delaware | 233.41 | VALID | VALID | |
| Delaware | 233.42 | VALID | VALID | |
| Delaware | 233.43 | VALID | VALID | |
| Delaware | 233.44 | STRIKE | NOT REGISTERED | |
| Delaware | 233.45 | STRIKE | NOT REGISTERED | |
| Delaware | 233.46 | STRIKE | NOT REGISTERED | |
| Delaware | 233.48 | STRIKE | NOT REGISTERED | |
| Delaware | 233.49 | STRIKE | NOT REGISTERED | |
| Delaware | 233.50 | VALID | VALID | |
| Delaware | 233.51 | VALID | VALID | |
| Delaware | 233.52 | STRIKE | NOT REGISTERED | |
| Delaware | 233.53 | VALID | VALID | |
| Delaware | 233.54 | STRIKE | NOT REGISTERED | |
| Delaware | 233.55 | STRIKE | NOT REGISTERED | |
| Delaware | 233.56 | STRIKE | NOT REGISTERED | |
| Delaware | 602.01 | STRIKE | NOT REGISTERED | |
| Delaware | 604.01 | VALID | VALID | |
| Delaware | 604.02 | VALID | VALID | |
| Delaware | 605.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 605.02 | STRIKE | NOT REGISTERED | |
| Delaware | 605.03 | STRIKE | NOT REGISTERED | |
| Delaware | 609.02 | VALID | VALID | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 616.01 | STRIKE | AFFIDAVIT - NOTARY | Litigated |
| Delaware | 616.02 | STRIKE | NOT REGISTERED | |
| Delaware | 616.03 | STRIKE | AFFIDAVIT - NOTARY | Litigated |
| Delaware | 616.04 | STRIKE | NOT REGISTERED | |
| Delaware | 616.05 | STRIKE | NOT REGISTERED | |
| Delaware | 616.06 | STRIKE | NOT REGISTERED | |
| Delaware | 622.01 | VALID | VALID | |
| Delaware | 622.02 | STRIKE | NOT REGISTERED | |
| Delaware | 628.01 | STRIKE | NOT REGISTERED | |
| Delaware | 628.02 | STRIKE | NOT REGISTERED | |
| Delaware | 655.01 | STRIKE | NOT REGISTERED | |
| Delaware | 655.04 | STRIKE | NOT REGISTERED | |
| Delaware | 655.05 | STRIKE | NOT REGISTERED | |
| Delaware | 655.06 | STRIKE | NOT REGISTERED | |
| Delaware | 655.07 | STRIKE | NOT REGISTERED | |
| Delaware | 685.01 | STRIKE | NOT REGISTERED | |
| Delaware | 685.02 | VALID | VALID | Signature Not Litigated |
| Delaware | 685.03 | STRIKE | NOT REGISTERED | |
| Delaware | 685.04 | STRIKE | NOT REGISTERED | |
| Delaware | 685.05 | STRIKE | NOT REGISTERED | |
| Delaware | 736.01 | VALID | VALID | Litigated |
| Delaware | 736.02 | VALID | VALID | Litigated |
| Delaware | 736.03 | VALID | VALID | Litigated |
| Delaware | 737.01 | VALID | VALID | Litigated |
| Delaware | 742.01 | VALID | VALID | Litigated |
| Delaware | 742.02 | VALID | VALID | Litigated |
| Delaware | 742.03 | STRIKE | NOT REGISTERED | |
| Delaware | 742.04 | VALID | VALID | Litigated |
| Delaware | 742.05 | VALID | VALID | Litigated |
| Delaware | 742.06 | VALID | VALID | Litigated |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 758.01 | VALID | VALID | Litigated |
| Delaware | 758.02 | STRIKE | NOT REGISTERED | |
| Delaware | 758.03 | VALID | VALID | Litigated |
| Delaware | 758.04 | STRIKE | NOT REGISTERED | |
| Delaware | 758.05 | VALID | VALID | Litigated |
| Delaware | 800.01 | VALID | VALID | Litigated |
| Delaware | 824.01 | STRIKE | NOT REGISTERED | |
| Delaware | 824.02 | STRIKE | NOT REGISTERED | |
| Delaware | 824.03 | STRIKE | NOT REGISTERED | |
| Delaware | 824.04 | STRIKE | NOT REGISTERED | |
| Delaware | 824.05 | STRIKE | NOT REGISTERED | |
| Delaware | 824.06 | STRIKE | NOT REGISTERED | |
| Delaware | 824.07 | STRIKE | NOT REGISTERED | |
| Delaware | 824.08 | STRIKE | NOT REGISTERED | |
| Delaware | 824.09 | STRIKE | NOT REGISTERED | |
| Delaware | 824.11 | STRIKE | NOT REGISTERED | |
| Delaware | 824.12 | STRIKE | NOT REGISTERED | |
| Delaware | 824.13 | STRIKE | NOT REGISTERED | |
| Delaware | 824.14 | STRIKE | NOT REGISTERED | |
| Delaware | 824.15 | STRIKE | NOT REGISTERED | |
| Delaware | 824.16 | STRIKE | NOT REGISTERED | |
| Delaware | 824.18 | STRIKE | NOT REGISTERED | |
| Delaware | 824.19 | STRIKE | NOT REGISTERED | |
| Delaware | 824.20 | STRIKE | NOT REGISTERED | |
| Delaware | 824.21 | STRIKE | NOT REGISTERED | |
| Delaware | 824.22 | STRIKE | NOT REGISTERED | |
| Delaware | 824.23 | STRIKE | NOT REGISTERED | |
| Delaware | 824.24 | STRIKE | NOT REGISTERED | |
| Delaware | 824.25 | STRIKE | NOT REGISTERED | |
| Delaware | 824.26 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 824.27 | STRIKE | NOT REGISTERED | |
| Delaware | 824.28 | STRIKE | NOT REGISTERED | |
| Delaware | 826.01 | STRIKE | NOT REGISTERED | |
| Delaware | 826.02 | STRIKE | NOT REGISTERED | |
| Delaware | 826.03 | STRIKE | NOT REGISTERED | |
| Delaware | 826.04 | STRIKE | NOT REGISTERED | |
| Delaware | 826.05 | STRIKE | NOT REGISTERED | |
| Delaware | 826.06 | STRIKE | NOT REGISTERED | |
| Delaware | 826.07 | STRIKE | NOT REGISTERED | |
| Delaware | 826.08 | STRIKE | NOT REGISTERED | |
| Delaware | 826.09 | STRIKE | NOT REGISTERED | |
| Delaware | 826.10 | STRIKE | NOT REGISTERED | |
| Delaware | 834.01 | VALID | VALID | |
| Delaware | 843.01 | STRIKE | NOT REGISTERED | |
| Delaware | 843.02 | STRIKE | NOT REGISTERED | |
| Delaware | 843.03 | STRIKE | NOT REGISTERED | |
| Delaware | 843.04 | STRIKE | NOT REGISTERED | |
| Delaware | 843.05 | STRIKE | NOT REGISTERED | |
| Delaware | 843.06 | STRIKE | NOT REGISTERED | |
| Delaware | 843.07 | STRIKE | NOT REGISTERED | |
| Delaware | 843.08 | STRIKE | NOT REGISTERED | |
| Delaware | 843.09 | STRIKE | NOT REGISTERED | |
| Delaware | 844.01 | VALID | VALID | |
| Delaware | 844.02 | STRIKE | NOT REGISTERED | |
| Delaware | 844.03 | STRIKE | NOT REGISTERED | |
| Delaware | 868.01 | VALID | VALID | |
| Delaware | 868.02 | STRIKE | NOT REGISTERED | |
| Delaware | 878.01 | STRIKE | NOT REGISTERED | |
| Delaware | 878.02 | STRIKE | NOT REGISTERED | |
| Delaware | 878.03 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 878.04 | STRIKE | NOT REGISTERED | |
| Delaware | 879.01 | VALID | VALID | |
| Delaware | 882.01 | STRIKE | NOT REGISTERED | |
| Delaware | 891.01 | STRIKE | NOT REGISTERED | |
| Delaware | 891.02 | STRIKE | NOT REGISTERED | |
| Delaware | 891.03 | STRIKE | NOT REGISTERED | |
| Delaware | 891.04 | STRIKE | NOT REGISTERED | |
| Delaware | 891.05 | STRIKE | NOT REGISTERED | |
| Delaware | 891.06 | STRIKE | NOT REGISTERED | |
| Delaware | 891.07 | STRIKE | NOT REGISTERED | |
| Delaware | 891.08 | STRIKE | NOT REGISTERED | |
| Delaware | 891.09 | STRIKE | NOT REGISTERED | |
| Delaware | 891.10 | STRIKE | NOT REGISTERED | |
| Delaware | 891.11 | STRIKE | NOT REGISTERED | |
| Delaware | 891.12 | STRIKE | NOT REGISTERED | |
| Delaware | 891.13 | STRIKE | NOT REGISTERED | |
| Delaware | 891.14 | STRIKE | NOT REGISTERED | |
| Delaware | 891.15 | STRIKE | NOT REGISTERED | |
| Delaware | 891.16 | STRIKE | NOT REGISTERED | |
| Delaware | 891.17 | STRIKE | NOT REGISTERED | |
| Delaware | 891.18 | STRIKE | NOT REGISTERED | |
| Delaware | 891.19 | STRIKE | NOT REGISTERED | |
| Delaware | 891.20 | STRIKE | NOT REGISTERED | |
| Delaware | 891.21 | STRIKE | NOT REGISTERED | |
| Delaware | 891.22 | STRIKE | NOT REGISTERED | |
| Delaware | 891.23 | STRIKE | NOT REGISTERED | |
| Delaware | 891.24 | STRIKE | NOT REGISTERED | |
| Delaware | 891.25 | STRIKE | NOT REGISTERED | |
| Delaware | 891.26 | STRIKE | NOT REGISTERED | |
| Delaware | 891.27 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 921.01 | VALID | VALID | |
| Delaware | 950.01 | STRIKE | NOT REGISTERED | |
| Delaware | 950.02 | STRIKE | NOT REGISTERED | |
| Delaware | 950.03 | STRIKE | NOT REGISTERED | |
| Delaware | 950.04 | STRIKE | NOT REGISTERED | |
| Delaware | 950.05 | STRIKE | NOT REGISTERED | |
| Delaware | 950.06 | STRIKE | NOT REGISTERED | |
| Delaware | 950.07 | STRIKE | NOT REGISTERED | |
| Delaware | 950.08 | STRIKE | NOT REGISTERED | |
| Delaware | 950.09 | STRIKE | NOT REGISTERED | |
| Delaware | 950.10 | STRIKE | NOT REGISTERED | |
| Delaware | 950.11 | STRIKE | NOT REGISTERED | |
| Delaware | 950.12 | STRIKE | NOT REGISTERED | |
| Delaware | 950.13 | STRIKE | NOT REGISTERED | |
| Delaware | 950.14 | STRIKE | NOT REGISTERED | |
| Delaware | 950.15 | STRIKE | NOT REGISTERED | |
| Delaware | 950.16 | STRIKE | NOT REGISTERED | |
| Delaware | 950.17 | STRIKE | NOT REGISTERED | |
| Delaware | 950.18 | STRIKE | NOT REGISTERED | |
| Delaware | 950.19 | STRIKE | NOT REGISTERED | |
| Delaware | 950.20 | STRIKE | NOT REGISTERED | |
| Delaware | 950.21 | STRIKE | NOT REGISTERED | |
| Delaware | 950.22 | STRIKE | NOT REGISTERED | |
| Delaware | 950.23 | STRIKE | NOT REGISTERED | |
| Delaware | 950.24 | STRIKE | NOT REGISTERED | |
| Delaware | 950.25 | STRIKE | NOT REGISTERED | |
| Delaware | 950.26 | STRIKE | NOT REGISTERED | |
| Delaware | 950.27 | STRIKE | NOT REGISTERED | |
| Delaware | 954.01 | STRIKE | NOT REGISTERED | |
| Delaware | 954.02 | STRIKE | NOT REGISTERED | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 954.03 | STRIKE | NOT REGISTERED | |
| Delaware | 954.04 | STRIKE | NOT REGISTERED | |
| Delaware | 954.05 | STRIKE | NOT REGISTERED | |
| Delaware | 954.06 | STRIKE | NOT REGISTERED | |
| Delaware | 954.07 | STRIKE | NOT REGISTERED | |
| Delaware | 954.08 | STRIKE | NOT REGISTERED | |
| Delaware | 954.09 | STRIKE | NOT REGISTERED | |
| Delaware | 954.10 | STRIKE | NOT REGISTERED | |
| Delaware | 954.11 | STRIKE | NOT REGISTERED | |
| Delaware | 954.12 | STRIKE | NOT REGISTERED | |
| Delaware | 954.13 | STRIKE | NOT REGISTERED | |
| Delaware | 954.14 | STRIKE | NOT REGISTERED | |
| Delaware | 954.15 | STRIKE | NOT REGISTERED | |
| Delaware | 954.16 | STRIKE | NOT REGISTERED | |
| Delaware | 954.17 | STRIKE | NOT REGISTERED | |
| Delaware | 954.18 | STRIKE | NOT REGISTERED | |
| Delaware | 954.19 | STRIKE | NOT REGISTERED | |
| Delaware | 954.20 | STRIKE | NOT REGISTERED | |
| Delaware | 972.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 972.02 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.02 | STRIKE | NOT REGISTERED | |
| Delaware | 974.03 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.04 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.05 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.06 | STRIKE | LINE INFORMATION INVALID | |
| Delaware | 974.07 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.08 | STRIKE | NOT REGISTERED | |
| Delaware | 974.09 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.10 | VALID | VALID | Signature Not Litigated |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 974.11 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.12 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.13 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.14 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.15 | STRIKE | NOT REGISTERED | |
| Delaware | 974.16 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.17 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.18 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.19 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.20 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.21 | STRIKE | NOT REGISTERED | |
| Delaware | 974.22 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.23 | STRIKE | NOT REGISTERED | |
| Delaware | 974.24 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.25 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.26 | STRIKE | NOT REGISTERED | |
| Delaware | 974.27 | VALID | VALID | Signature Not Litigated |
| Delaware | 974.28 | STRIKE | NOT REGISTERED | |
| Delaware | 975.01 | VALID | VALID | |
| Delaware | 975.03 | VALID | VALID | |
| Delaware | 975.04 | STRIKE | NOT REGISTERED | |
| Delaware | 975.05 | STRIKE | NOT REGISTERED | |
| Delaware | 975.06 | STRIKE | NOT REGISTERED | |
| Delaware | 981.01 | VALID | VALID | Signature Not Litigated |
| Delaware | 998.01 | STRIKE | NOT REGISTERED | |
| Delaware | 998.02 | STRIKE | NOT REGISTERED | |
| Delaware | 1027.03 | VALID | VALID | Signature Not Litigated |
| Delaware | 1027.04 | VALID | VALID | |
| Delaware | 1045.01 | VALID | VALID | |
| Delaware | 1045.02 | VALID | VALID | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 1045.03 | VALID | VALID | |
| Delaware | 1060.01 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.02 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.03 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.04 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.05 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.07 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.08 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.09 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.10 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.11 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.12 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.13 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.14 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.15 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.16 | STRIKE | NOT REGISTERED | |
| Delaware | 1060.17 | STRIKE | NOT REGISTERED | |
| Delaware | 1113.01 | VALID | VALID | |
| Delaware | 1113.02 | VALID | VALID | |
| Delaware | 1113.03 | STRIKE | NOT REGISTERED | |
| Delaware | 1119.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.02 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.03 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.04 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1119.05 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1130.02 | STRIKE | NOT REGISTERED | |
| Delaware | 1130.03 | VALID | - VALID | |
| Delaware | 1133.01 | STRIKE | AFFIDAVIT - NOTARY | Litigated |
| Delaware | 1144.01 | VALID | VALID | |
| Delaware | 1144.02 | VALID | VALID | |

APPENDIX B

| COUNTY | PAGE.LINE | VALID/STRIKE | ADJUDICATION | LITIGATED |
|---|---|---|---|---|
| Delaware | 1144.05 | VALID | VALID | |
| Delaware | 1144.06 | VALID | VALID | |
| Delaware | 1150.02 | STRIKE | NOT REGISTERED | Litigated |
| Delaware | 1154.01 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| Delaware | 1154.02 | STRIKE | AFFIDAVIT - COUNTY LINE | Litigated |
| **Delaware Count** | | **303** | | |
| | | | | |
| **TOTAL OBJECTIONS** | | **723** | | |

APPENDIX B

Oct. 8, 2004.

## FINDINGS AND CONCLUSIONS RE: CHALLENGES TO BUCKS COUNTY NOMINATION PAPERS

FRIEDMAN, Judge.

Linda S. Serody, Roderick J. Sweets, Ronald Bergman, Richard Trinclisti, Terry Trinclisti, Bernie Cohen–Scott, Donald G. Brown and Julia A. O'Connell (Objectors) have filed objections to the Nomination Papers of Ralph Nader and Peter Miguel Camejo (Candidates) as Candidates of an Independent Political Body for President and Vice President of the United States in the General Election scheduled for November 2, 2004. This opinion disposes of challenges to nomination papers circulated in Bucks County.

The Candidates circulated sixty-six nomination papers in Bucks County, collecting 1,149 signatures. Objectors filed a petition challenging a substantial number of the Bucks County signatures. A hearing was conducted on Monday, September 27, 2004, in Bucks County to determine the validity of those signatures.

 The objectors have the burden of proving alleged defects in a nomination petition and that the petition does not contain the statutorily required number of signatures. *In re Nomination of Flaherty*, 564 Pa. 671, 770 A.2d 327 (2001). Where a court is not convinced that challenged signatures are other than genuine, the challenge is to be resolved in favor of the candidate. *Id.*

### I. Not Registered

At the September 27, 2004, hearing, Objectors challenged numerous signatures as invalid because they were signed by persons not registered to vote in Bucks County.[1] Here, in support of their challenges,

---

1. Section 951(a) of the Pennsylvania Election Code (Election Code), Act of June 3, 1937. P.L. 1333, *as amended*, 25 P.S, § 2911(a), which relates to nominations by political bodies, requires that nomination papers be signed by "qualified electors" of the state. The words "qualified elector" mean "any person [1] who shall possess all of the qualifications for voting [which are] now or hereafter prescribed by the Constitution of this Commonwealth, or [2] who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election." Section 102(t) of the Election Code, 25 P.S. § 2602(t) (emphasis added).

The qualifications for voting prescribed by the Constitution of this Commonwealth are set forth in Article VII, Section 1, which states that every citizen twenty-one years of age, possessing the specified citizenship and residency qualifications, shall be entitled to vote "subject ... to such laws *requiring and regulating the registration of electors* as the General Assembly may enact." Pa. Const., art. VII, § 1 (emphasis added). Thus, to be a "qualified elector" under the Election Code, a person must be registered to vote *or* must register to vote before the ensuing election

pursuant to the Pennsylvania Voter Registration Act (Voter Registration Act), 25 Pa.C.S. §§ 1101–3302.

Although the Election Code appears to allow non-registered persons to sign a nomination paper as long as they register to vote before the next ensuing election, our supreme court has pointed out that, if non-registered persons were permitted to sign a petition based on an assumption that they will eventually register to vote, there would be no way of ascertaining at the time the petition is filed whether the requisite number of signers are electors. *Aukamp v. Diehm*, 336 Pa. 118, 8 A.2d 400 (1939). Thus, our supreme court has held that the signing of a nomination paper must occur "after or simultaneous with voter registration." *In re Nomination Papers of Nader*, —— Pa. ——, ——, 858 A.2d 1167, 1182, 2004 WL 2185351 (No. 154 MAP 2004, filed September 29, 2004).

Justice Saylor's concurring and dissenting opinion had not been issued at the time of the hearing. *See In re Nomination Papers of Nader*, (No. 171 MM 2004, filed October 1, 2004) (Saylor, J., concurring). Thus, the only evidence presented by Objectors was whether, consistent with their challenges, the signers were registered. Because the validity of *Mor-*

Objectors offered the testimony of Deena K. Dean, Director of the Bucks County Board of Elections and Voter Registration (Director). Based on her credible testimony that the signers were not registered to vote in Bucks County, this court struck the following 183 signatures on Candidates' nomination papers:

| PAGE # | LINE # |
|--------|--------|
| 30 | 5, 11 |
| 32 | 1, 2, 11, 18, 20, 26, 31, 35, 38 |
| 33 | 16, 24, 25, 26 |
| 86 | 2, 4, 5, 8, 13, 17, 22, 24, 26, 27, 29 |
| 133 | 5, 12, 15, 33, 34, 46 |
| 134 | 3 |
| 135 | 1 |
| 140 | 11, 17, 18, 24, 36, 44, 52, 56, 58, 64, 70 |
| 141 | 13, 21, 29, 32, 37, 52, 61, 62 |
| 375 | 32 |
| 579 | 1 |
| 613 | 1, 2, 3, 4 |
| 615 | 9 |
| 660 | 9, 10, 11, 23, 27, 28, 32, 33, 38, 41, 44, 47 |
| 670 | 2 |

| PAGE # | LINE # |
|--------|--------|
| 672 | 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 |
| 673 | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 |
| 676 | 1 |
| 764 | 1, 5 |
| 779 | 8, 12 |
| 805 | 4, 7, 9, 10, 11, 12 |
| 815 | 1, 4 |
| 821 | 3 |
| 835 | 4, 7, 9 |
| 837 | 4, 7, 12, 19, 27, 28 |
| 839 | 2 |
| 840 | 1, 2, 3, 4, 5, 6, 7, 8, 9 |
| 841 | 1 |
| 866 | 1, 2, 3, 4, 5, 7, 8, 9, 10 |
| 870 | 1 |
| 890 | 1, 3, 4, 5, 6, 8, 9, 10, 11 |
| 959 | 2 |
| 986 | 2 |
| 1007 | 6, 9, 15, 21 |
| 1044 | 4 |
| 1098 | 1 |
| 1100 | 1 |
| 1115 | 3, 6, 12, 57, 58 |
| 1117 | 5, 12, 13, 21, 22, 26 |
| 1141 | 5 |
| 1179 | 6 |

## II. Not Registered on Date of Signing

Objectors challenged certain signatures because, although the signer is now registered to vote in Bucks County, the signer was not registered to vote in Bucks County on the date he or she signed the nomination paper.[2] Here, Objectors challenged nine (9) signatures as persons who, although now registered to vote in Bucks County, were not registered at the time they signed the nomination papers. At the hearing, this court struck the following signatures on this basis:

| PAGE # | LINE # |
|--------|--------|
| 32 | 7, 12 |
| 33 | 5, 31 |
| 86 | 3 |
| 140 | 34 |
| 141 | 35 |
| 375 | 49 |
| 1179 | 17[3] |

*rill v. Weaver,* 224 F.Supp.2d 882, (E.D.Pa. 2002), as suggested by Justice Saylor, was not before this court, Objectors offered no evidence with respect to whether these signers would otherwise be qualified electors.

**2.** In *Brumbach v. Weaver,* 105 Pa.Cmwlth. 526, 525 A.2d 15 (1987), this court stated that the signer of a nomination petition must be a registered voter at the time he or she signed the petition. Moreover, our supreme court

has reaffirmed that requirement in this case. *In re Nomination Papers of Nader.*

**3.** Pursuant to the direction of Justice Saylor in his concurring and dissenting opinion in this case, *see In re Nomination Papers of Nader,* (Saylor, J., concurring and dissenting), if this court were to accept *Morrill* as controlling law, these signers would be qualified electors because they are currently registered to vote in Bucks County.

### III. Not Registered at Address

Objectors challenged certain signatures because the address given by the signer did not match the address shown on the voter registration card.[4] Here, in support of their challenges, Objectors offered the testimony of the Director. Candidates were not represented at the hearing while the court was considering these challenges. Thus, Candidates did not object to these challenges. Accordingly, this court struck the following twenty-two (22) signatures:

| PAGE # | LINE # |
|--------|--------|
| 32 | 36, 37 |
| 33 | 12 |
| 86 | 11, 20, 25 |
| 140 | 41 |
| 141 | 54, 67, 75, 91 |
| 615 | 3 |
| 805 | 2 |
| 815 | 2 |
| 890 | 2, 7 |
| 986 | 1 |
| 1007 | 13 |
| 1115 | 16 |

| PAGE # | LINE # |
|--------|--------|
| 1141 | 6 |
| 1171 | 13 |
| 1179 | 12 [5] |

### IV. Missing Information

Objectors challenged certain signature lines because the signer omitted certain required information.[6] Here, the court struck the following three (3) signatures on this basis:

| PAGE # | LINE # |
|--------|--------|
| 32 | 32 |
| 743 | 1 |
| 1115 | 13 |

Moreover, the parties stipulated that certain signatures should be stricken because of missing information. The court strikes the following six (6) signatures on this basis:

| PAGE # | LINE # |
|--------|--------|
| 134 | 6 |
| 140 | 19, 31, 51, 75 |
| 615 | 12 [7] |

---

4. With respect to a residence challenge, our supreme court stated in *Flaherty,* that, absent extraordinary circumstances, electors who declare a residence at an address different from the address listed on the registration card are not qualified electors at the time they sign a nomination petition, unless they have completed the removal notice required by statute. *Flaherty.* Moreover, our supreme court has reaffirmed that principle in this case. *See In re Nomination Papers of Nader.*

5. We have been additionally directed to consider whether the signatures meet the requirements imposed by law assuming voter registration is not required. *In re Nomination Papers of Nader* (Saylor, J., concurring and dissenting). We have no evidence that the four (4) persons who signed on page 141, line 91; page 805, line 2; page 1141, line 6; and page 1171, line 13 are registered and, thus, are qualified electors. The remaining eighteen (18) signers reside at addresses within Bucks County and, inasmuch as they had been registered there in the past, they would be qualified electors were it not for the registration requirement.

6. Section 951(c) of the Election Code states that each signer "shall add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers." 25 P.S. § 2911(c). This language clearly *requires* the elector to add the information, and when the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *In re Silcox;* section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

7. Although the parties stipulated that the following forty-two (42) additional signatures should be stricken for missing information, the court did not strike these signatures because Objectors either failed to challenge them with specificity in Exhibits 1 and 3 to their petition or did not raise a challenge based on missing information.

| PAGE# | LINE # |
|-------|--------|
| 32 | 17, 34 |
| 33 | 22 |

## V. Handwriting Challenges

 Objectors challenged a number of signatures alleging that some of the information on the signature line was written in the hand of someone other than the signer.[8] Here, the court struck the following thirteen (13) signatures because information on the signature line was in the hand of someone other than the signer:

| PAGE # | LINE # |
|--------|--------|
| 33 | 4 |
| 135 | 2, 3, 4, 5, 6 |
| 140 | 16, 65 |
| 375 | 20 |
| 579 | 4 |
| 837 | 15 |
| 1007 | 10 |
| 1117 | 23 |

## VI. Illegible

 Objectors challenged certain signatures alleging that the signature or other information is so illegible as to preclude verification.[9] Here, the court struck the following four (4) signatures as illegible:

| PAGE # | LINE # |
|--------|--------|
| 140 | 35 |
| 766 | 4, 5, 6 |

## VII. Conclusion

| | | |
|---|---|---|
| TOTAL SIGNATURES | | 1149 |
| STRICKEN SIGNATURES | | |
| Not Registered | 183 | |
| Not Registered on Date of Signing | 9 | |
| Not Registered at Address | 22 | |
| Missing Information | 9 | |
| Handwriting Challenges | 13 | |
| Illegibility | 4 | |
| TOTAL STRICKEN | | - 240 |
| TOTAL VALID SIGNATURES | | 909 |

ADDENDUM 1
TO THE OPINION FILED OCTOBER 8, 2004 BY
THE HONORABLE
ROCHELLE S. FRIEDMAN

| 133 | 9, 17, 32 |
| 134 | 5, 41, 64 |
| 136 | 1, 7, 27, 41 |
| 137 | 13, 35 |
| 140 | 54, 77 |
| 141 | 25, 26, 51, 92, 96 |
| 375 | 54 |
| 660 | 3, 5, 15, 22, 26, 30, 48, 50 |
| 672 | 6 |
| 673 | 11 |
| 837 | 9, 16, 21, 22, 29 |
| 852 | 1 |
| 866 | 6 |
| 1171 | 18 |
| 1179 | 19 |

8. Section 951(c) of the Election Code states that each signer "shall add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers." 25 P.S. § 2911(c). Where someone other than the elector adds the residence or date of signing, the signature is invalid. *In re Silcox*, 543

Pa. 647, 674 A.2d 224 (1996); *Petition of Thompson*, 102 Pa.Cmwlth. 110, 516 A.2d 1278 (1984). However, if a signer is elderly and disabled and would have difficulty in writing the information, someone other·than the signer may add the address and date of signing. *Petition to Set Aside Nomination of Fitzpatrick*, 822 A.2d 867 (Pa.Cmwlth.2003), *appeal denied*, 573 Pa. 700, 825 A.2d 1262 (2003).

9. Signatures which are not sufficiently legible as to be capable of identification and hence cannot be associated with the signatures and/or addresses of a registered voter are invalid. *Elliott*. The signature must be so illegible as to preclude verification. *In re Nomination Petition of Delle Donne*, 779 A.2d 1 (Pa.Cmwlth.2001). An address that is so illegible that it cannot be identified with a registered voter also invalidates the signature. *Cooper*. An illegible signature or address is not an amendable defect. *Cooper*.

IN RE NOMINATION PAPER OF RALPH NADER
NO. 568 M.D. 2004

BUCKS COUNTY SIGNATURE TOTALS BY TYPE OF CHALLENGE

| Challenge | Number Stricken | Running Total of Valid Signatures |
|---|---|---|
| | | 1149 |
| Not Registered | 183 | 966 |
| Not Registered on Date of Signing | 9 | 957 |
| Not Registered at Address | 22 | 935 |
| Missing Information | 3 | 932 |
| Missing Information (Stipulated) | 6 | 926 |
| Handwriting Challenges | 13 | 913 |
| Illegible | 4 | 909 |
| Total | 240 | 909 |

ADDENDUM 2
TO THE OPINION FILED OCTOBER 8, 2004 BY
THE HONORABLE
ROCHELLE S. FRIEDMAN

IN RE NOMINATION PAPER OF RALPH NADER
NO. 568 M.D. 2004

BUCKS COUNTY SIGNATURE TOTALS BY PAGE

| | Page | Sign. Lines | Stricken | Valid |
|---|---|---|---|---|
| 1 | 30 | 39 | -2 | 37 |
| 2 | 32 | 39 | -14 | 25 |
| 3 | 33 | 33 | -8 | 25 |
| 4 | 86 | 30 | -15 | 15 |
| 5 | 133 | 47 | -6 | 41 |
| 6 | 134 | 79 | -2 | 77 |
| 7 | 135 | 69 | -6 | 63 |
| 8 | 136 | 69 | 0 | 69 |
| 9 | 137 | 36 | 0 | 36 |
| 10 | 140 | 91 | -20 | 71 |
| 11 | 141 | 106 | -13 | 93 |
| 12 | 375 | 61 | -3 | 58 |
| 13 | 441 | 25 | 0 | 25 |
| 14 | 579 | 5 | -2 | 3 |
| 15 | 613 | 4 | -4 | 0 |
| 16 | 615 | 13 | -3 | 10 |
| 17 | 660 | 51 | -12 | 39 |
| 18 | 664 | 6 | 0 | 6 |

| | Page | Sign. Lines | Stricken | Valid |
|---|---|---|---|---|
| 19 | 668 | 2 | 0 | 2 |
| 20 | 670 | 2 | -1 | 1 |
| 21 | 671 | 1 | 0 | 1 |
| 22 | 672 | 12 | -11 | 1 |
| 23 | 673 | 25 | -24 | 1 |
| 24 | 676 | 2 | -1 | 1 |
| 25 | 743 | 6 | -1 | 5 |
| 26 | 764 | 6 | -2 | 4 |
| 27 | 766 | 6 | -3 | 3 |
| 28 | 779 | 12 | -2 | 10 |
| 29 | 805 | 12 | -7 | 5 |
| 30 | 815 | 4 | -3 | 1 |
| 31 | 821 | 10 | -1 | 9 |
| 32 | 828 | 2 | 0 | 2 |
| 33 | 835 | 9 | -3 | 6 |
| 34 | 836 | 2 | 0 | 2 |
| 35 | 837 | 30 | -7 | 23 |
| 36 | 839 | 2 | -1 | 1 |
| 37 | 840 | 9 | -9 | 0 |
| 38 | 841 | 2 | -1 | 1 |
| 39 | 852 | 2 | 0 | 2 |
| 40 | 853 | 1 | 0 | 1 |
| 41 | 860 | 1 | 0 | 1 |
| 42 | 861 | 1 | 0 | 1 |
| 43 | 866 | 10 | -9 | 1 |
| 44 | 870 | 1 | -1 | 0 |
| 45 | 890 | 11 | -11 | 0 |
| 46 | 924 | 2 | 0 | 2 |
| 47 | 951 | 5 | 0 | 5 |
| 48 | 959 | 2 | -1 | 1 |
| 49 | 964 | 2 | 0 | 2 |
| 50 | 973 | 1 | 0 | 1 |
| 51 | 986 | 2 | -2 | 0 |
| 52 | 1004 | 3 | 0 | 3 |
| 53 | 1007 | 21 | -6 | 15 |
| 54 | 1044 | 4 | -1 | 3 |
| 55 | 1068 | 1 | 0 | 1 |
| 56 | 1082 | 1 | 0 | 1 |
| 57 | 1098 | 1 | -1 | 0 |
| 58 | 1100 | 1 | -1 | 0 |
| 59 | 1115 | 21 | -7 | 14 |
| 60 | 1117 | 26 | -7 | 19 |

| | Page | Sign. Lines | Stricken | Valid |
|---|---|---|---|---|
| 61 | 1121 | 13 | 0 | 13 |
| 62 | 1141 | 12 | -2 | 10 |
| 63 | 1152 | 1 | 0 | 1 |
| 64 | 1160 | 2 | 0 | 2 |
| 65 | 1171 | 22 | -1 | 21 |
| 66 | 1179 | 20 | -3 | 17 |
| **TOTALS:** | | 1149 | -240 | 909 |

Oct. 4, 2004

### FINDINGS AND CONCLUSIONS RE: CHALLENGES TO MONTGOMERY COUNTY NOMINATION PAPERS

LEADBETTER, Judge.

On September 27, 2004, a hearing was held to rule on challenges to nomination petitions circulated in Montgomery County on behalf of the candidacies of Ralph Nader and Peter Miguel Camejo. In addition to written notice of the scheduled hearing, several days before the hearing, the court contacted counsel for both sides requesting the name of the attorney who would represent their respective clients. Candidates did not supply the court with this information and neither they nor counsel on their behalf attended the hearing. Prior to proceeding, the court requested counsel for objectors, Ira Lefton, to again contact counsel for the candidates to determine their intentions. The first attorney, Pennsylvania counsel of record, referred Lefton to a Washington, D.C. attorney. The Washington, D.C. attorney referred Lefton to yet a third lawyer who was not in his office. At this point, the court directed that the hearing proceed.

Counsel for objectors called as a witness Mr. Joseph Passarella, Department Head of Voter Services for Montgomery County, who testified and identified documents. Pursuant to this court's order of September 20, 2004 [9/20 Order], Mr. Passarella and three staff members of Voter Services working under his supervision compared challenged signature lines on nomination papers against the Montgomery County voter registration records with respect to the categories listed in the 9/20 Order. He identified one tally sheet for each challenged page of the nomination papers, which set forth the results of his examination as to each challenged line, and entered a total for each category. Where particular voter registration records were relevant, copies of those records were attached to the tally sheet. Mr Passarella was found to be credible, and based upon his testimony, I found that the documents accurately reflected the results of his examination of copies of the nomination papers and the original Montgomery County voter registration records. Accordingly, the documents were admitted into evidence. In each instance where Montgomery County Voter Services found a line to be defective, I have personally examined the original nomination papers at issue, as well as the documents introduced and the Objections to the Nomination Papers, in order to make independent rulings. In addition to review of the lines found defective by Montgomery County Voter Services, rulings were made from the bench on several additional lines raised at the hearing by counsel for objectors.

Based upon the testimony presented and my review as described above, I find the following:

1. The nomination papers attributed to Montgomery County and assigned for my review contained a total of 990 signatures.

2. 342 of those signature lines listed an address in Montgomery County, but the name did not match that of any registered voter in the county. These lines must be stricken.

3. 16 of those signature lines listed an address in Montgomery County, and an elector by that name was registered in the county, but at a different address. Examination of the registration records of those electors did not reflect that any of them had ever lived at the address on the nomination paper. Further, no evidence was proffered that the registered elector and the person signing the nomination paper were the same, let alone that (s)he had moved from one address to the other and was within the statutory window to notify Voter Services of the change. These lines must be stricken. *In re Nomination Papers of Nader,* —— Pa. ——, —— - ——, 858 A.2d 1167, 1182–84 (2004) (No. 154 MAP 2004, filed September 29, 2004) (2004 WL 2185351, *12–13); *In re Nomination Petition of Flaherty,* 564 Pa. 671, 682, 770 A.2d 327, 333 (2001).

4. 3 of those signature lines were signed by persons who were registered voters at a different address in Montgomery County on the date of signing the nomination paper, but before the hearing had notified Voter Services of a change of address to that stated on the nomination papers in compliance with the Voter Registration Act.[1] These persons were qualified electors, and their signatures will not be stricken.

5. 13 of the signature lines were signed by persons who first registered to vote in Montgomery County after signing the nomination papers. No evidence was presented as to the date that any of them postmarked or delivered an application to register. I therefore find that these persons were not qualified electors when they signed the nomination papers and, therefore, these lines must be stricken. *Nader,* —— Pa. at —— - ——, 858 A.2d at 1182–83 (2004 WL 2185351, *12).

6. 5 lines on the nomination papers had printed signatures and must be stricken. *Nader,* —— Pa. at ——, 858 A.2d at 1183–84 (2004 WL 2185351, *13); *Flaherty,* 564 Pa. at 679, 770 A.2d at 332; *In re Nomination Petition of Silcox,* 543 Pa. 647, 650, 674 A.2d 224, 225 (1996).

7. 21 lines on the nomination papers omitted information required by the Election Code,[2] and therefore must be stricken. Section 951 of the Election Code, *as amended,* 25 P.S. § 2911.[3]

8. 5 lines on the nomination papers were so illegible that Voter Services was unable to ascertain whether they were signed by qualified electors. These must be stricken. *In re Nomination*

---

1. In 2002, the legislature enacted a new Voter Registration Act, 25 Pa.C.S. §§ 1101—3302. Section 1501(b) provides for the process to be used where an elector changes address. *See* 25 Pa.C.S. § 1501.

2. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600—3591.

3. Section 951 of the Election Code directs that a qualified elector signing a nomination paper "shall add to his signature his legibly printed name and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers...."

*Petition of Delle Donne,* 779 A.2d 1, 11—12 (Pa.Cmwlth.2001).

9. Page 235, line 11 was challenged on the ground that the elector's city of residence was forged, but no expert testimony was presented on this issue. Upon review, it did not appear that the printing of this entry was significantly different from the printing of the name and street address. Therefore, I was unable to determine that the entry was other than that of the elector, and denied the motion to strike.

10. Pages 54 and 354 were challenged on the ground that the affiant had listed an address different from the address listed by an elector of the same name signing line 2 on page 54. Counsel argued that, therefore, one address must have been false. Although the name was the same, neither the printed name nor the cursive signature on line 2 of page 54 appeared to be in the same hand as those on the affidavits, and the address was entirely different.[4] I find it most likely that the affiant on pages 54 and 354 and the signer of page 54, line 2 are different persons with the same name and, therefore, the address difference is of no moment. There is no basis to strike pages 54 and 354.

11. At the hearing, counsel for objectors asked that multiple lines on page 303 be stricken. Although these signatures had not been challenged in the Objections to the Nomination Papers, counsel asserted that they had already been stricken by the Secretary of State, thus abrogating the rule that lines not challenged within seven days of filing of the nomination papers may not be challenged later. *In*

*re Nomination Petition of Bryant,* 578 Pa. 421, 852 A.2d 1193 (2004). While I note the presence of red circles and "x" marks adjacent to these lines, there was no agreement of counsel as to who made these notations or when they were made. Further, I can find no statute, regulation or other information of which I can take judicial notice that such marks represent strikes by the Secretary of State, and no evidence was presented upon which I could base such a finding. Moreover, even *assuming* that these marks represent his strikes, the lack of any requirement that the Secretary memorialize his actions and the reasons for them in some more formal way strongly suggests that his strikes are intended to be for his administrative use in carrying out his duties under Section 976 of the Election Code, *as amended,* 25 P.S. § 2936, and that once he accepts nomination papers for filing, our review of any objections to the papers is de novo. Finally, in remanding this matter, our Supreme Court has addressed this issue, albeit in the context of a different argument. "Because the Objectors [included the signatures already rejected by the Secretary in their Objections to the Nomination Papers], the Candidates had notice of the stricken signatures, and the Objectors assumed the Secretary's burden to prove the invalidity of the signatures.... Here, the procedure that was used, and approved, by the court provided for the Candidates to be advised of the signatures that the Secretary had rejected, thereby giving them an opportunity to rebut

4. I later discovered that page 418, line 9 appears to have been signed by the affiant on pages 54 and 354.

the arguments and evidence presented by the Objectors in support of the Secretary's striking of the signatures. Accordingly, the requirements of due process were met ...." *Nader,* —— Pa. at ——–——, 858 A.2d at 1185 (2004 WL 2185351, *14). In the particular instance before me, the lines at issue were not challenged in the Objections ,to the Nomination Papers, but were first challenged by Objectors at the hearing. These challenges will be denied as untimely.

12. Finally, 53 signatures on these nomination papers, challenged on the basis that the signers were not qualified electors, were of persons listing an address within the Commonwealth but in a county other than Montgomery. Accordingly, the Montgomery County Voter Services had no way of ascertaining whether or not they were registered voters, and made no attempt to do so. No other evidence was presented on the point, and I find that objectors have failed to establish a prima facie case that these persons are not qualified electors. Counsel for Objectors bases his argument upon Section 951 of the Election Code, which provides, in pertinent part, that: "different sheets [of the nomination papers] must be used for signers resident in different counties." *See* 25 P.S. § 2911(d). These out-of-county signatures appeared on pages which purport, in both the Preamble and the concluding Affidavit, to contain signatures of persons residing in Montgomery County. I need not decide here, however, whether a violation of Section 2911 invalidates all out of county signatures, as Objectors argue, or even the entire page on the ground that the affidavit is false. No objection on any such ground was made in the Objections to the Nomination Papers; the lines were challenged, if at all, only on the ground that the signer was not registered.[5] Objectors failed to meet their burden of proof on this ground.

13. Based upon the following, of the 990 signatures on the nomination petitions *circulated* in Montgomery County, 402 must be stricken upon grounds specifically stated in the Objections to the Nomination Papers. They are itemized in the attached Appendix. 588 valid signatures remain in support of Candidates' nomination.

An order will follow in due course.

## APPENDIX

| Paragraph | Category | Page | Line(s) |
|---|---|---|---|
| 2 | Not Registered | 29 | 2 |
| | | 54 | 1-3, 5, 7-13, 15-16, 20-21, 23-25, 30, 32, 33, 35-36, 38-45, 48-49, 51, 54, 56-63, 65-68, 71-72, 75-75, 77, 81-82, 84-89, 94-99, 101-02, 104, 107-08, 110 |

**5.** Our Supreme Court has "uniformly held that new substantive objections are barred by the expiration of the seven-day time period [established in Section 977 of the Election Code, 25 P.S. § 2937], despite the timely filing of a challenge based upon substantively distinct grounds to set aside a nomination petition." *In re Nomination Petition of Bryant,* 578 Pa. 421, 424 n. 4, 852 A.2d 1193, 1195 n. 4 (2004).

| Paragraph | Category | Page | Line(s) |
|---|---|---|---|
| | | 60 | 1, 3-6, 9-12, 14, 18-20, 22-23, 25-29, 31-33, 35-38, 41-46 |
| | | 76 | 5, 7 |
| | | 235 | 4, 10, 31 |
| | | 250 | 1, 6, 17, 28, 32, 37-38, 41-42 |
| | | 354 | 1, 3-7, 9-10, 13-16, 18-19, 21-24, 26-33, 36-39, 41-42, 44-46, 50, 52-55, 57-58, 61-70, 72-82, 84-92 |
| | | 394 | 1, 4, 8, 11, 14, 22, 42 |
| | | 418 | 2-7, 11-12, 15-16, 18, 20-21, 24-27, 30—31, 34-35, 37-38, 40, 42, 44, 46, 48, 50-62, 64, 67, 75 |
| | | 553 | 3 |
| | | 563 | 1-2 |
| | | 648 | 5 |
| | | 651 | 3-9, 11-14 |
| | | 657 | 2 |
| | | 662 | 3 |
| | | 675 | 2, 13, 14 |
| | | 745 | 2, 8, 10, 17 |
| | | 761 | 6, 8, 9, 11 |
| | | 772 | 2, 13, 14 |
| | | 787 | 3, 7, 9, 11-13, 17, 27 |
| | | 807 | 2 |
| | | 864 | 1-3, 5-14, 16-24 |
| | | 874 | 1 |
| | | 887 | 1-11, 13-18 |
| | | 903 | 10, 14, 23 |
| | | 957 | 3, 4 |
| | | 962 | 5, 12 |
| | | 997 | 1 |
| | | 1011 | 1-3 |
| | | 1046 | 2 |
| | | 1111 | 2 |
| | | 1124 | 1, 6 |
| | | 1167 | 1 |
| | | 1170 | 1-3 |
| 3 | Not registered at address | 29 | 10 |
| | | 54 | 4, 17, 46, 53, 93 |
| | | 60 | 15 |
| | | 394 | 27-28 |
| | | 418 | 13, 29 |
| | | 553 | 1 |
| | | 787 | 6 |

| Paragraph | Category | Page | Line(s) |
|---|---|---|---|
| | | 1046 | 1 |
| | | 1131 | 5, 20 |
| 5 | Not registered on date signed papers | 54 | 37, 70, 83, 109 |
| | | 250 | 5 |
| | | 354 | 25 |
| | | 394 | 9, 29, 43 |
| | | 418 | 68, 74 |
| | | 761 | 4 |
| | | 903 | 9 |
| 6 | Printed signatures | 29 | 17 |
| | | 54 | 22, 34 |
| | | 354 | 56 |
| | | 394 | 38 |
| 7 | Missing required information | 54 | 78-79 |
| | | 60 | 24 |
| | | 235 | 32 |
| | | 250 | 7 |
| | | 418 | 49, 70-73 |
| | | 675 | 5 |
| | | 745 | 11 |
| | | 816 | 13 |
| | | 865 | 6 |
| | | 903 | 1, 12 |
| | | 956 | 3 |
| | | 962 | 3 |
| | | 976 | 3, 4 |
| | | 997 | 2 |
| 8 | Illegible | 418 | 8, 47 |
| | | 553 | 2 |
| | | 611 | 1 |
| | | 962 | 17 |

## ADDENDUM

LEADBETTER, Judge.

In light of the admonition of Mr. Justice Saylor [1] that we keep account of whether, as to signatures or affidavits stricken because of registration requirements, the signers or affiants otherwise possess the

1. See In re Nomination Paper of Ralph Nader, (No. 171 MM 2004, filed October 1, 2004)(Saylor, J., concurring).

constitutional and legal qualifications of electors set forth in Article VII, Section 1 of our Pennsylvania Constitution and incorporated by reference in Section 102(t) of the Election Code,[2] 25 P.S. § 2602(t), this addendum is attached to my earlier findings and conclusions.

Paragraph 1: No additional findings necessary.

Paragraph 2: All signatures were dated August 1, 2004, or earlier. Therefore, since there was no evidence to suggest that the Montgomery County addresses listed were inaccurate, all signers resided in the state more than 90 days immediately preceding the election. While it would seem unlikely that very many were non-citizens or minors, no evidence was presented as to the age or citizenship of any of them, other than the affiants' affidavits stating that the signers are qualified electors. To the extent that the burden of persuasion lies with objectors to establish that the signers are not qualified electors, they have established only that the signers are not registered to vote, but have failed to establish that they lack the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution. To the extent that lack of registration is deemed to satisfy objectors' *prima facie* case, candidates have failed to rebut that case with evidence that the signers nonetheless possess the age and citizenship qualifications of Article VII, Section 1.

Paragraph 3: Since these 16 signers were registered to vote in the county, albeit at another address, I find that they possess the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution.

Paragraph 4: No additional findings necessary.

Paragraph 5: Since these 13 signers were registered to vote in the county, albeit after the date of signing, I find that they possess the qualifications enumerated in Article VII, Section 1 of our Pennsylvania Constitution.

Paragraphs 6–13: No additional findings necessary.

---

**2.** Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2602(t).